Form NTCTWAP

# UNITED STATES BANKRUPTCY COURT
## California Northern Bankruptcy Court

| | |
|---|---|
| In Re:<br>PG&E Corporation Debtor(s) | Bankruptcy Case No.: 19−30088<br>Chapter: 11 |
| JH Kelly, LLC Plaintiff(s)<br>vs.<br>AECOM Technical Services, Inc. Defendant(s) | Adversary No. 20−03019 |

## TRANSMITTAL OF DOCUMENTS: WITHDRAW OF REFERENCE

Pursuant to Bankruptcy Local Rule 5011−2(a), copies of the following documents are hereby transmitted to the District Court for the above referenced adversary proceeding:

☑ Motion to Withdraw the Reference
☑ Memorandum in Support of Motion to Withdraw the Reference
☐ Declaration in Support of Motion to Withdraw the Reference
☑ Bankruptcy Docket Sheet
☐ Recommendation of Bankruptcy Judge pursuant to B.L.R. 5011−2(b)
☐ Certification pursuant to B.L.R. 9015−2(b) − Jury trial demand
☐ Certification pursuant to B.L.R. 9015−2(d) − Personal injury tort/wrongful death claim
☐ Adversary Proceeding Complaint

☑ Other: Order Approving Stipulation to Consolidate Adversary Proceeding No. 19−3008 with Adversary Proceeding No. 20−3019

> **FILED**
>
> Aug 04 2020
>
> SUSAN Y. SOONG
> CLERK, U.S. DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
> OAKLAND

***Please acknowledge receipt of this Transmittal by returning a copy to the Bankruptcy Court showing the District Court case number.***

Dated: 7/30/20

Edward J. Emmons
Clerk of Court
United States Bankruptcy Court

By: DaWana Chambers
Deputy Clerk

---

For District Court Use Only

DISTRICT COURT CASE NUMBER: **4:20-cv-05381-HSG**

Date: **08/04/2020**

By: **Jessie Mosley, Deputy Clerk**

1   ERIC A. GRASBERGER (*pro hac vice*)        DAVID B. LEVANT (*pro hac vice*)
    eric.grasberger@stoel.com                  david.levant@stoel.com
2   MARIO R. NICHOLAS (SB #273122)             STOEL RIVES LLP
    mario.nicholas@stoel.com                   101 S. Capitol Boulevard, Suite 1900
3   STOEL RIVES LLP                            Boise, ID 83702
    760 SW Ninth Avenue, Suite 3000            Telephone: 208.389.9000
4   Portland, OR  97205                        Facsimile: 208.389.9040
    Telephone:  503.224.3380
5   Facsimile:  503.220.2480

6   *Attorneys for JH Kelly, LLC*

7

8

9                       **UNITED STATES BANKRUPTCY COURT**

10                      **NORTHERN DISTRICT OF CALIFORNIA**

11                            **SAN FRANCISCO DIVISION**

12  In re                                      Bankruptcy Case No. 19-30088 (DM)

13  PG&E CORPORATION                           Chapter 11
                                               (Lead Case)
14        – and –                              (Jointly Administered)

    PACIFIC GAS AND ELECTRIC
15  COMPANY,                                   Adversary Case No. 20-03019 (DM)

16        Debtors.
                                               Adversary Case No. 19-03008 (DM)
17  JH KELLY, LLC, a Washington limited
    liability company,                         **JOINT MOTION FOR PERMISSIVE**
18                                             **WITHDRAWAL OF THE REFERENCE**
          Plaintiff,                           **OF CONSOLIDATED PG&E**
19                                             **ADVERSARY PROCEEDING**
          v.
20  AECOM TECHNICAL SERVICES, a
    purported California Corporation, and
21  DOES 1 through 10, inclusive,

          Defendants.
22
    JH KELLY, LLC, a Washington limited
23  liability company,

24        Plaintiff,

25        v.

    PACIFIC GAS AND ELECTRIC
26  COMPANY, and DOES 1 through 10,
    inclusive,
27
          Defendants.
28

-1-

1    Defendant, Third-Party Defendant, Debtor and Debtor-in-Possession Pacific Gas & Electric

2  Company ("**PG&E**"), Plaintiff and Counter-Defendant JH Kelly, LLC, and Defendant, Counter-

3  Claimant, and Third-Party Plaintiff AECOM Technical Services, hereby jointly move the United

4  States District Court for the District of Northern California pursuant to 28 U.S.C. § 157(d) and Fed.

5  R. Bankr. Proc. 5011(a) to withdraw the reference of the above-captioned consolidated adversary

6  proceedings (the "**Consolidated Adversary Proceeding**") from the United States Bankruptcy Court

7  for the District of Northern California.

8    This Motion is based on the pleadings in the Consolidated Adversary Proceeding, filings

9  related to PG&E's bankruptcy case, and the *Memorandum in Support of Joint Motion for*

10  *Permissive Withdrawal of the Reference of Consolidated PG&E Adversary Proceeding* filed

11  concurrently herewith.

12  *[signatures on next page]*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*[Signature page of Joint Motion for Permissive Withdrawal*

*of the Consolidated PG&E Adversary Proceeding]*

Dated:  July 28, 2020

**STOEL RIVES LLP**

By:   /s/ David B. Levant
David B. Levant
Eric A. Grasberger
Mario R. Nicholas

*Attorneys for Plaintiff and Counter-Defendant JH Kelly, LLC*

Dated:  July 28, 2020

**WEIL, GOTSHAL & MANGES LLP**

**KELLER BENVENUTTI KIM LLP**

By:   /s/ Peter J. Benvenutii
Theodore E. Tsekerides
Peter J. Benvenutti

*Attorneys for the Debtors and Debtors in Possession, as Defendant and Third-Party Defendant*

Dated:  July 28, 2020

**REED SMITH LLP**

**PEPPER HAMILTON LLP**

By:   /s/ Marsha A. Houston
Marsha A. Houston
Christopher O. Rivas
Marion T. Hack
Luke N. Eaton

*Attorneys for AECOM Technical Services, Inc.*

-3-

Entered on Docket
June 29, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  WEIL, GOTSHAL & MANGES LLP
   Stephen Karotkin (*pro hac vice*)
2  (stephen.karotkin@weil.com)
   Theodore Tsekerides (*pro hac vice*)
3  (theodore.tsekerides@weil.com)
   Jessica Liou (*pro hac vice*)
4  (jessica.liou@weil.com)
   Matthew Goren (*pro hac vice*)
5  (matthew.goren@weil.com)
   767 Fifth Avenue
6  New York, NY 10153-0119
   Tel: 212 310 8000
7  Fax: 212 310 8007

8  KELLER BENVENUTTI KIM LLP
   Tobias S. Keller (#151445)
9  (tkeller@kbkllp.com)
   Peter J. Benvenutti (#60566)
10 (pbenvenutti@kbkllp.com)
   Jane Kim (#298192)
11 (jkim@kbkllp.com)
   650 California Street, Suite 1900
12 San Francisco, CA 94108
   Tel: 415 496 6723
13 Fax: 650 636 9251

14 *Attorneys for Debtors and Debtors in
   Possession*

Signed and Filed: June 29, 2020

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

15                **UNITED STATES BANKRUPTCY COURT**
16                **NORTHERN DISTRICT OF CALIFORNIA**
                  **SAN FRANCISCO DIVISION**

17 In re                              | Bankruptcy Case No. 19-30088 (DM)

18 PG&E CORPORATION                    | Chapter 11
19                                     | (Lead Case)
   - and -                            | (Jointly Administered)
20
   PACIFIC GAS AND ELECTRIC            | Adversary Proceeding No. 20-03019 (DM)
21 COMPANY,
22        Debtors.

23 JH KELLY, LLC, a Washington limited | **ORDER APPROVING STIPULATION TO**
   liability company,                  | **CONSOLIDATE ADVERSARY**
24                                     | **PROCEEDING NO. 19-03008 WITH**
          Plaintiff,                   | **ADVERSARY PROCEEDING**
25                                     | **NO. 20-03019**
          v.
26
   AECOM TECHNICAL SERVICES, a
27 purported California Corporation, and DOES
   1 through 10, inclusive,
28
          Defendants.

*(left margin, vertical)* Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

JH KELLY, LLC, a Washington limited
liability company,

        Plaintiff,

        v.

PACIFIC GAS AND ELECTRIC
COMPANY, and DOES 1 through 10,
inclusive,

        Defendants.

The Court having considered the *Stipulation to Consolidate Adversary Proceeding No. 19-03008 with Adversary Proceeding No. 20-03019*, dated June 26, 2020 [Dkt. No. 15] (the "**Stipulation**"),[1] entered into by and between Pacific Gas and Electric Company (the "**Utility**" or the "**Debtor**"), as debtor and debtor in possession, JH Kelly, LLC, a Washington limited liability company ("**JH Kelly**"), and AECOM Technical Services, Inc., a California corporation ("**AECOM**"); and pursuant to such Stipulation and agreement of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.     The Stipulation is approved.

2.     The Adversary Proceedings are consolidated for all purposes, including discovery, pretrial proceedings and trial.

3.     The Transferred Adversary Proceeding (No. 20-03019) is the lead action (the "**Consolidated Adversary Proceeding**").

4.     All issues relating to the AECOM Mechanic's Lien, the AECOM POC and the JH Kelly POC shall be addressed and resolved in the context of the Consolidated Adversary Proceeding.

5.     Any allowed claims against the Utility resulting from the outcome or resolution of the Consolidated Adversary Proceeding shall be treated in accordance with the Debtors' plan of reorganization as confirmed by this Court on June 21, 2020 in these Chapter 11 Cases.  *See* Case No. 19-30088, Dkt. No. 8053 and 8053-1.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

6.      The Stipulation is without prejudice to any aspect of the merits of the Adversary Proceedings, and nothing therein shall be construed to be a waiver by any of the Parties of any claims, defenses, or arguments with respect thereto.

7.      The Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter thereof and supersedes all prior agreements and understandings relating to the subject matter thereof.

8.      The Court shall retain jurisdiction to resolve any disputes or controversies arising from the Stipulation or this Order.

Dated:  June 26, 2020

**STOEL RIVES LLP**

By:   /s/ *David B. Levant*
         David B. Levant
         Eric A. Grasberger
         Mario R. Nicholas

*Attorneys for JH Kelly, LLC*

Dated:  June 26, 2020

**REED SMITH LLP**

**PEPPER HAMILTON LLP**

By:   /s/ *Marsha A. Houston*
         Marsha A. Houston
         Christopher O. Rivas
         Marion T. Hack
         Luke N. Eaton

*Attorneys for AECOM Technical Services, Inc.*

*** END OF ORDER ***

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153-0119

1   ERIC A. GRASBERGER (*pro hac vice*)      DAVID B. LEVANT (*pro hac vice*)
    eric.grasberger@stoel.com                david.levant@stoel.com
2   MARIO R. NICHOLAS (SB #273122)           STOEL RIVES LLP
    mario.nicholas@stoel.com                 101 S. Capitol Boulevard, Suite 1900
3   STOEL RIVES LLP                          Boise, ID 83702
    760 SW Ninth Avenue, Suite 3000          Telephone: 208.389.9000
4   Portland, OR  97205                      Facsimile: 208.389.9040
    Telephone:  503.224.3380
5   Facsimile:  503.220.2480

6   *Attorneys for JH Kelly, LLC*

7

8

9                    **UNITED STATES BANKRUPTCY COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                       **SAN FRANCISCO DIVISION**

12

| | |
|---|---|
| 13  In re | Bankruptcy Case No. 19-30088 (DM) |
| 14  PG&E CORPORATION | Chapter 11 |
|         – and – | (Lead Case) |
| 15  PACIFIC GAS AND ELECTRIC | (Jointly Administered) |
| COMPANY, | Adversary Case No. 20-03019 (DM) |
| 16       Debtors. | |
| 17  ─────────────────────── | Adversary Case No. 19-03008 (DM) |
| JH KELLY, LLC, a Washington limited | |
| 18  liability company, | **MEMORANDUM IN SUPPORT OF** |
|         Plaintiff, | **JOINT MOTION FOR PERMISSIVE** |
| 19 | **WITHDRAWAL OF THE REFERENCE** |
|         v. | **OF CONSOLIDATED PG&E** |
| 20  AECOM TECHNICAL SERVICES, a | **ADVERSARY PROCEEDING** |
| purported California Corporation, and | |
| 21  DOES 1 through 10, inclusive, | |
| 22       Defendants. | |
| 23  ─────────────────────── | |
| JH KELLY, LLC, a Washington limited | |
|     liability company, | |
| 24       Plaintiff, | |
| 25       v. | |
| PACIFIC GAS AND ELECTRIC | |
| 26  COMPANY, and DOES 1 through 10, | |
|     inclusive, | |
| 27       Defendants. | |
| 28 | |

-1-

1   Defendant, Third-Party Defendant, and a Debtor and Reorganized Debtor in the above-

2   captioned bankruptcy cases (the "***Chapter 11 Cases***"), Pacific Gas & Electric Company ("***PG&E***"),

3   Plaintiff and Counter-Defendant JH Kelly, LLC ("***JH Kelly***"), and Defendant, Counter-Claimant,

4   and Third-Party Plaintiff AECOM Technical Services ("***AECOM***," and together with PG&E and

5   JH Kelly, the "***Parties***") respectfully submit this Memorandum in support of their *Joint Motion for*

6   *Permissive Withdrawal of the Reference of the Consolidated PG&E Adversary Proceeding* (the

7   "***Joint Motion***").  In the Joint Motion, the Parties request that the United States District Court for

8   the District of Northern California (the "***District Court***") withdraw the reference of the above-

9   captioned consolidated adversary proceeding (the "***Consolidated Adversary Proceeding***") from the

10   United States Bankruptcy Court for the District of Northern California (the "***Bankruptcy Court***")

11   pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a).  This District Court has original

12   jurisdiction over the subject claims pursuant to 28 U.S.C. § 1334(b), and although the Consolidated

13   Adversary Proceeding is appropriately before the Bankruptcy Court by referral of the District Court,

14   the reference should be withdrawn as to all of the claims in the Consolidated Adversary Proceeding

15   in the interest of efficiency and judicial economy because non-core issues of state law predominate.

16   **I.   BACKGROUND**

17   **A.  The Project**

18   The claims in the Consolidated Adversary Proceeding arise out of a construction project

19   (the "***Project***") at a PG&E compressor station located near the town of Burney in Shasta County,

20   California (the "***Property***") that compresses natural gas to help move it through pipelines that run

21   from Oregon to California.  The Project involved the replacement of a gas compressor unit, various

22   upgrades to the compression station, and limited demolition of existing equipment and facilities at

23   the Project site.

24   PG&E hired AECOM as the EPC contractor on the Project pursuant to an "Engineering,

25   Procurement, and Construction of Natural Gas & Electric Transmission and Distribution Facilities

26   Agreement" dated February 11, 2016 (the "***EPC Agreement***"). The EPC Agreement provided that

27   AECOM was responsible for designing and constructing the Project.

28

-2-

1    AECOM hired JH Kelly as a subcontractor on the Project pursuant to an "Agreement

2    Between Design-Builder and Subcontractor (Where Subcontractor Does Not Provide Design

3    Services), Subcontract No. 60482831-SC-001" dated October 21, 2016 (the "**Subcontract**").  After

4    AECOM and JH Kelly entered into the Subcontract, disputes arose between and among PG&E,

5    AECOM and JH Kelly regarding Project deadlines, delays, payment obligations and related issues.

6    The Parties dispute responsibility for the Project delays, cost overruns and related issues

7    and the extent of liability for any damages arising therefrom.  JH Kelly believes it is not responsible

8    for any Project delays or damages and seeks compensation for its work on the Project from AECOM

9    and, on the basis of a mechanic's lien, PG&E.  AECOM believes it is not responsible for any Project

10   delays or damages and seeks compensation from PG&E and JH Kelly.  PG&E denies any

11   responsibility for Project delays or damages, or liability for AECOM's and JH Kelly's alleged

12   damages.  PG&E also contends that it is entitled to damages from AECOM for delays and

13   defective/incomplete design, procurement and construction with respect to the Project.

14   **B.  Subsequent Litigation and Bankruptcy Events**

15   Following these events, JH Kelly and AECOM filed mechanic's liens against the Project

16   and JH Kelly commenced a lien foreclosure action against PG&E in California state court; PG&E

17   and its parent (PG&E Corporation) filed these Chapter 11 Cases; on January 29, 2019; JH Kelly

18   and AECOM asserted claims against each other in California state court; and both JH Kelly and

19   AECOM asserted claims against PG&E in the Bankruptcy Court, all as more specifically described

20   in the following paragraphs:

21   **1.  Actions Previously Pending in Case No. 20-03019**

22   • *JH Kelly v. PG&E* (the "**Foreclosure Action**") – On January 25, 2019, JH Kelly

23   filed a *Complaint for Foreclosure of Mechanics Lien*, initiating the Foreclosure
     Action against PG&E in the Superior Court of the State of California, County of

24   Shasta (the "**State Court**").  In the Foreclosure Action, JH Kelly alleges it has
     not received payment for labor, services, materials, and equipment provided for

25   the Project, and that it filed and recorded a Claim of Mechanics Lien against the
     Property as document number 2018-0030534 in the official records of Shasta

26   County on November 1, 2018.

27   By stipulation of the Parties, on May 5, 2020, the State Court entered an order

28   consolidating the Foreclosure Action with the JH Kelly-AECOM Action,

-3-

described below.  On May 15, 2020, PG&E filed a Notice of Removal removing the Foreclosure Action and the JH Kelly-AECOM Action to the United States Bankruptcy Court for the Eastern District of California (the "***Eastern District Bankruptcy Court***").  As jointly requested by the Parties, the Eastern District Bankruptcy Court then transferred venue of the removed actions to the Bankruptcy Court on May 19, 2020.

- *JH Kelly v. AECOM* (the "***JH Kelly-AECOM Action***") – On January 29, 2019, JH Kelly filed a separate complaint in the State Court initiating an action against AECOM (Case No. 19CV0172) (the "***JH Kelly Subcontract Action***").  In its complaint, JH Kelly asserts various claims against AECOM in connection with the Project, including breach of contract arising from AECOM's alleged failure to remit payments owed to JH Kelly for work it performed on the Project.  On March 1, 2019, AECOM removed the JH Kelly Subcontract Action to the Eastern District Bankruptcy Court, the venue of which was then transferred to the Bankruptcy Court, establishing adversary proceeding No. 19-03008.  On April 16, 2019, JH Kelly filed a motion to remand the JH Kelly Subcontract Action to State Court, which was granted by the Bankruptcy Court on June 10, 2019.

  On June 28, 2019, while the JH Kelly Subcontract Action was pending in State Court, AECOM filed a Cross-Complaint pleading affirmative actions against JH Kelly for breach of contract, breach of the covenants of good faith and fair dealing, negligence and indemnity, and declaratory judgment (the "***AECOM Cross-Complaint***", and together with the JH Kelly Subcontract Action, the "***JH Kelly-AECOM Action***").

  As noted above, on May 5, 2020, the State Court entered an order consolidating the Foreclosure Action with the JH Kelly-AECOM Action, described below.  On May 15, 2020, PG&E filed a Notice of Removal removing the Foreclosure Action and the JH Kelly-AECOM Action to the Eastern District Bankruptcy Court.  The Eastern District Bankruptcy Court then transferred venue of the removed actions to the Bankruptcy Court on May 19, 2020.

    **2.  Action Previously Pending in Case No. 19-03008**

- *AECOM v. PG&E* (the "***Third-Party Complaint***") – On March 22, 2019, while the JH Kelly Subcontract Action was pending in the Bankruptcy Court, AECOM filed its *Third-Party Complaint Against Pacific Gas and Electric Company*.  The Third-Party Complaint has remained pending in the Bankruptcy Court since that time and is now part of the Consolidated Adversary Proceeding.

    **3.  Claims Pending in the Chapter 11 Cases in Case No. 19-30088**

- *AECOM's Mechanic's Lien* (the "***Mechanic's Lien Claim***") – On March 22, 2019, AECOM filed its Notice of Continued Perfection of Lien in the Bankruptcy Court, attaching thereto its mechanic's lien against the Property in

-4-

the amount of $23,535,812.89.  The Mechanic's Lien Claim has remained pending in the Chapter 11 Cases since its filing and, by stipulation of the Parties, will now be resolved in the context of the Consolidated Adversary Proceeding.

- *AECOM's Proof of Claim* (the "**AECOM POC**") – On October 16, 2019, AECOM filed a proof of claim in the Chapter 11 Cases.  AECOM asserts therein that PG&E owes AECOM an outstanding and unpaid balance of $34,750,867 for work it performed on the Project.  The AECOM POC has remained pending in the Chapter 11 Cases since its filing and, by stipulation of the Parties, will now be resolved in the context of the Consolidated Adversary Proceeding.

- *JH Kelly's Proof of Claim* (the "**JH Kelly POC**") – On October 21, 2019, JH Kelly filed a proof of claim in the Chapter 11 Cases.  The JH Kelly POC asserts a secured claim for the full amount of JH Kelly's alleged mechanic's lien in the Foreclosure Action, as well as interest on such claim.  Like the AECOM POC, the JH Kelly POC has remained pending in the Chapter 11 Cases since its filing and, by stipulation of the Parties, will now be resolved in the context of the Consolidated Adversary Proceeding.

On June 29, 2020, pursuant to a stipulation among the Parties, the Bankruptcy Court consolidated Case No. 20-03019 and Case No. 19-3008, into the Consolidated Adversary Proceeding, with Case No. 20-03019 as the lead case pursuant to its *Order Approving Stipulation to Consolidate Adversary Proceeding No. 19-03008 With Adversary Proceeding No. 20-03019* [Dkt. No. 16].  As contemplated by their prior stipulation, the Parties now jointly seek to withdraw the reference of the Consolidated Adversary Proceeding to the District Court.

## II.    LEGAL STANDARDS: WITHDRAWAL OF THE BANKRUPTCY REFERENCE

### A. Withdrawal of the Bankruptcy Reference Generally

Bankruptcy courts are not Article III courts and derive their limited jurisdiction from the United States district courts' referral of bankruptcy matters.  Specifically, under 28 U.S.C. § 1334(b), United States district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  Under 28 U.S.C. § 157(a), "[e]ach district court may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  Here, the referral of bankruptcy proceedings to the Bankruptcy Court is made pursuant to the District Court's *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges and*

1  *Authorizing Bankruptcy Appeals to be Decided by the Ninth Circuit Bankruptcy Appellate Panel*,

2  General Order No. 24, issued on February 22, 2016.

3       Because the Bankruptcy Court acquires jurisdiction only by reference from the District

4  Court under 28 U.S.C. § 157(d) and the District Court's General Order, the District Court may

5  "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion,

6  or on timely motion of any party, for cause shown."  Such discretionary withdrawal by the District

7  Court is referred to as "permissive withdrawal".  The party or parties seeking permissive

8  withdrawal of the reference bear the burden of demonstrating cause.  *See  Everett v. Art Brand*

9  *Studios, LLC*, 556 B.R. 437, 442 (N.D. Cal. 2016) (quoting *Green v. FDIC (In re Tamalpais*

10  *Bancorp)*, 451 B.R. 6, 9 (N.D. Cal. 2011)).

11      **B.  Cause for Permissive Withdrawal; the *Orion* Factors and Jury Rights**

12       In determining whether "cause" exists for permissive withdrawal, "a district court should

13  consider the efficient use of judicial resources, delay and costs to the parties, uniformity of

14  bankruptcy administration, the prevention of forum shopping and other related factors."  *See*

15  *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999,

16  1008 (9th Cir. 1997) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)) (adopting

17  the so-called *Orion* factors for determining cause for withdrawal of reference and explaining that

18  withdrawal is appropriate where non-core issues predominate); *see also Tamalpais*, 451 B.R. at 10

19  (adopting the *Orion* factors).

20      **1.  Efficiency and Core vs. Non-Core Matters**

21       The United States Constitution limits the ability of bankruptcy judges to enter final

22  judgments solely with respect to issues that are at the core of the bankruptcy power.  *In re Harris*,

23  590 F.3d 730, 737 (9th Cir. 2009).  Core proceedings arise "in a bankruptcy case or under Title 11"

24  and include proceedings related to "matters concerning the administration of the estate" under the

25  "catch-all" provision of 28 U.S.C. § 157(b)(2)(A).  *Stern v. Marshall*, 564 U.S. 462, 476 (2011).

26  The Ninth Circuit narrowly interprets this "catch-all" provision. *See In re Castlerock Props.*, 781

27  F.2d 159, 162 (9th Cir. 1986) ("[S]tate law contract claims that do not specifically fall within the

28  categories of core proceedings enumerated in 28 U.S.C. §§ 157(b)(2)(B)–(N) are related

-6-

1    proceedings under § 157(c) even if they arguably fit within the literal wording of §§ 157(b)(2)(A)

2    and (O).”); *see also Harris*, 590 F.3d at 740 (holding that the “catch-all” provision should be

3    “interpreted narrowly”).

4         In contrast, non-core matters are “[a]ctions that do not depend on bankruptcy law for their

5    existence and that could proceed in another court[.]” *Security Farms*, 124 F.3d at 1008. An action

6    is non-core when it is not created by title 11 and does not arise only in title 11 cases, even though

7    the action may affect the administration of the estate. *Everett*, 556 B.R. at 443 (citing *In re Eastport

8    Assocs.*, 935 F.2d 1071, 1077 (9th Cir. 1991)).  As to non-core matters, a bankruptcy judge may

9    only make proposed findings of fact and conclusions of law to the district judge, who reviews all

10   non-core matters *de novo*. 28 U.S.C. § 157(c)(1).

11        To assess efficiency in assessing whether to withdraw the reference, district courts consider

12   whether the issues over the which the bankruptcy court has core jurisdiction predominate with

13   respect to the underlying claims.  *See Security Farms*, 124 F.3d at 1008. “If the claims sought to be

14   withdrawn are non-core and the Bankruptcy Court cannot enter final judgment, then efficiency

15   generally favors withdrawing the reference.” *Everett*, 556 B.R. at 443 (citing *In re Rosales*, No. 13-

16   CV-01316-LHK, 2013 WL 5962007, at *3 (N.D. Cal. Nov. 7, 2013)).

17                    **2.  Other *Orion* Factors**

18        Apart from efficiency, courts will also look at other factors, including the length of the delay

19   caused by withdrawal, associated costs, whether any party appears to be forum shopping, and the

20   uniform administration of the bankruptcy estate. *See Security Farms*, 124 F.3d at 1008. Many of

21   these factors are indirectly related to efficiency and whether the claims are core or non-core.  For

22   example, forum shopping is not a concern where the district court is the only court with the power

23   to enter final judgment on a claim. *See Everett*, 556 B.R. at 445-46 (explaining that “forum

24   shopping is not a concern here as only this Court has the power to enter final judgment . . . even if

25   the Bankruptcy Court were to adjudicate those claims, this Court would have to conduct *de novo*

26   review” in the event of objections). Along similar lines, because district courts have authority to

27   enter final judgments on non-core claims, hearing such claims in district court from the outset

28   prevents delay and minimizes costs.  *Id.* at 445 (citing *Rosales*, 2013 WL 5962007, at *7).

### 3.   Jury Trial Rights

Finally, a party's right to a jury trial constitutes "cause" for withdrawal of the reference. *See In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007).

### III.   THE DISTRICT COURT SHOULD WITHDRAW THE REFERENCE OF THE CONSOLIDATED ADVERSARY PROCEEDING AT THIS TIME

Applying the legal standards for permissive withdrawal of the reference to the facts of the Consolidated Adversary Proceeding and their Joint Motion, the Parties respectfully submit that cause exists for withdrawal of the reference in this case, and that withdrawal of the reference should occur at this time, with no further proceedings in the Bankruptcy Court relating to the merits of the claims to be addressed and resolved in the Consolidated Adversary Proceeding.

### A.   Withdrawal of the Reference is Appropriate in this Case

### 1.   Withdrawal of the Reference Would Promote Efficiency

Withdrawal of the reference would promote efficiency because the claims pending in the Consolidated Adversary Proceeding do not depend on bankruptcy law for their existence and are non-core matters merely related to the title 11 case that do not arise in or under title 11. *See Everett*, 556 B.R. at 437 (holding that withdrawal of the reference is appropriate for non-core, state law claims that are not dependent on bankruptcy law for their existence and could have been brought in state or federal district court).  All of the claims in the Consolidated Adversary Proceeding arise out of state law contract and property disputes among the Parties related to the Project and must be decided by applying California law.  The Foreclosure Action, the JH Kelly-AECOM Action, and the Third-Party Complaint are strictly related to state law issues regarding rights to payment under the EPC Agreement and the Subcontract. Resolution of the AECOM Mechanic's Lien Claim, the AECOM POC, and the JH Kelly POC also involve the same substantive California state law issues that must be litigated in the Foreclosure Action, the JH Kelly-AECOM Action, and the Third-Party Complaint.  Accordingly, all of the issues in dispute between the Parties to be resolved in the context of the Consolidated Adversary Proceeding relate to non-core, state law matters. A

1  consolidated proceeding in an Article III court empowered to enter a final judgment on all of the

2  involved claims is the most efficient way to decide these disputes.

3  **2.  The Other *Orion* Factors Support Withdrawal of the Reference**

4  The other *Orion* factors also favor withdrawal of the reference.  None of the actions in the

5  Consolidated Adversary proceeding have been scheduled for trial so allowing the actions to proceed

6  in the District Court will not cause any undue delay.  Withdrawal of the reference also will avoid

7  excessive costs because any decision by the Bankruptcy Court would be subject to *de novo* review

8  by the District Court.  In this case, as in *Everett v. Art Brand Studios*, "withdrawal will prevent

9  delay and added costs to the parties by placing the non-core claims in [the district] court, which can

10  render final judgment." *Everett*, 556 B.R. at 437.

11  Forum shopping is not a concern here because all of the Parties have joined in the Motion

12  for withdrawal of the reference, and because the District Court is the only court empowered to enter

13  final judgment on the claims. *See Tamalpais Bancorp*, 451 B.R. at 9 (explaining that a decision on

14  withdrawal of the reference cannot facilitate forum shopping because a district court will need to

15  address the issues either initially or on *de novo* review of a bankruptcy court decision).

16  Lastly, withdrawal of the reference will not affect the uniform administration of the Chapter

17  11 Cases. Under the terms of PG&E's confirmed bankruptcy plan, the outcome of the actions in

18  the Consolidated Adversary Proceedings will not affect distributions to creditors of the bankruptcy

19  estate nor will it disturb the administration of the estate, given that PG&E has already emerged

20  from bankruptcy.  The *Orion* factors thus support permissive withdrawal of the reference.

21  **3.  Jury Rights Support Withdrawal of the Reference**

22  The District Court also should withdraw the reference in this case to preserve the parties'

23  rights to a jury trial.  For example, JH Kelly previously timely and properly made a jury demand in

24  the JH Kelly-AECOM Action, where JH Kelly asserts a substantial claim between two non-debtor

25  parties that exists independently from the PG&E bankruptcy case.  AECOM agrees with JH Kelly,

26  who also timely made a jury demand, that this case should be tried by a jury.  Neither JH Kelly nor

27  AECOM agree to have the Bankruptcy Court enter final judgment on their claims or to conduct the

28  jury trial.

-9-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B. The Court Should Withdraw the Reference at this Time

Finally, the Parties submit that withdrawal of the reference should occur at this time, with no further proceedings in the Bankruptcy Court.  No purpose would be served by further proceedings in the Bankruptcy Court.  As previously noted, PG&E has confirmed its Plan of Reorganization and exited chapter 11, so the Chapter 11 Cases will not be affected in any manner by the outcome of the Consolidated Adversary Proceeding.

Not only would delay in withdrawal of the reference serve no purpose, it would burden the Bankruptcy Court with a large, fact intensive construction litigation case at a time when, as a result of the COVID-19 pandemic, the Bankruptcy Court's docket is likely to be strained by a wave of new bankruptcy filings.  Delay in withdrawal of the reference also would require that two judges—both Bankruptcy Judge Montali and the District Court Judge to whom the Consolidated Adversary Proceeding is ultimately assigned—become familiar with the facts of the case and the parties.  By withdrawing the reference immediately, the District Court can enhance its knowledge of the case and better assist the Parties in their preparation for trial.

### IV.   CONCLUSION

For the foregoing reasons, the Parties respectfully join in requesting that the District Court exercise its discretion to withdraw the reference of the Consolidated Adversary Proceeding at this time.  Withdrawal of the reference will promote efficiency, provide the Parties with their preferred forum, and protect the right to a jury trial without causing any delay or costs, affecting the uniformity of the administration of the bankruptcy estate, or burdening the Bankruptcy Court with a complex trial that turns on state law and will have no effect on the PG&E bankruptcy estate.

1   Dated:  July 28, 2020

2                                                    **STOEL RIVES LLP**

3                                                    By:   /s/ David B. Levant
                                                         David B. Levant
4                                                        Eric A. Grasberger
                                                         Mario R. Nicholas
5
                                                     *Attorneys for Plaintiff and Counter-*
6                                                    *Defendant JH Kelly, LLC*

7

8   Dated:  July 28, 2020

9                                                    **WEIL, GOTSHAL & MANGES LLP**

10                                                   **KELLER BENVENUTTI KIM LLP**

11                                                   By:   /s/ Peter J. Benvenutii
                                                         Theodore E. Tsekerides
12                                                       Peter J. Benvenutti

13                                                   *Attorneys for the Debtors and Debtors in*
                                                     *Possession, as Defendant and Third-Party*
14                                                   *Defendant*

15  Dated:  July 28, 2020

16                                                   **REED SMITH LLP**

17                                                   **TROUTMAN PEPPER HAMILTON
                                                     SANDERS LLP**

18
                                                     By:   /s/ Marsha A. Houston
19                                                       Marsha A. Houston
                                                         Christopher O. Rivas
20                                                       Marion T. Hack
                                                         Luke N. Eaton
21
                                                     *Attorneys for AECOM Technical Services,*
22                                                   *Inc.*

23

24

25

26

27

28

-11-

**CONS, WDREF, TRNSFD-IN**

**U.S. Bankruptcy Court**
**California Northern Bankruptcy Court (San Francisco)**
**Adversary Proceeding #: 20-03019**

*Assigned to:* Judge Dennis Montali
*Lead BK Case:* 19-30088
*Lead BK Title:* PG&E Corporation
*Lead BK Chapter:* 11
*Demand:*

*Date Filed:* 05/15/20
*Date Transferred:* 05/21/20

*Nature[s] of Suit:*  02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)

### Plaintiff
----------------------
**JH Kelly, LLC,** *a Washington limited liability company*

represented by **Eric A. Grasberger**
Stoel Rives LLP
760 SW 9th Ave., #3000
Portland, OR 97205
(503) 224-3380
Email: eric.grasberger@stoel.com
*LEAD ATTORNEY*

**Mario R. Nicholas**
Stoel Rives LLP
760 SW 9th Ave., #3000
Portland, OR 97205
(503) 294-9510
Email: mario.nicholas@stoel.com

V.

### Defendant
----------------------
**AECOM Technical Services, Inc.**

represented by **Luke N. Eaton**
Pepper Hamilton LLP
350 S. Grand Ave.
Two California Plaza, #3400
Los Angeles, CA 90071
213-928-9838
Email: eatonl@pepperlaw.com

**Marion T. Hack**
Pepper Hamilton LLP
350 S. Grand Ave.
Two California Plaza, #3400
Los Angeles, CA 90071
(310) 552-3400
Email: eatonl@pepperlaw.com

**Marsha Houston**
Reed Smith LLP
355 S Grand Ave. #3900
Los Angeles, CA 90071
(213) 457-8067
Email: mhouston@reedsmith.com

**Christopher O. Rivas**
Reed Smith LLP
355 S Grand Ave. #2900
Los Angeles, CA 90071
(213) 457-8019
Email: crivas@reedsmith.com
*LEAD ATTORNEY*

### Defendant
----------------------

**PG&E Corporation**
77 Beale Street
PO Box 770000
San Francisco, CA 94177
(929) 333-8977
Tax ID / EIN: 94-3234914

represented by **Peter J. Benvenutti**
Keller Benvenutti Kim LLP
650 California St. 19th Fl.
San Francisco, CA 94108
(415) 364-6798
Email: pbenvenutti@kbkllp.com
*LEAD ATTORNEY*

**Thomas B. Rupp**
Keller Benvenutti Kim LLP
650 California Street, Suite 1900
San Francisco, CA 94108
415-636-9015
Email: trupp@kbkllp.com

*Defendant*

-----------------------
**Pacific Gas and Electric Company**
77 Beale Street
32nd Floor
San Francisco, CA 94105

represented by **Peter J. Benvenutti**
(See above for address)
*LEAD ATTORNEY*

**Thomas B. Rupp**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 05/15/2020 | 📄1 (202 pgs; 9 docs) | Adversary case 20-03019. 02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)) Complaint by JH Kelly, LLC against AECOM Technical Services, Inc. , PG&E Corporation , Pacific Gas and Electric Company . Fee Amount $350.00 . (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit C- Part 2 # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G) (dc) (Entered: 05/21/2020) |
| 05/15/2020 | 📄2 (2 pgs) | Adversary Cover Sheet (RE: related document(s)1 Complaint filed by Plaintiff JH Kelly, LLC). (dc) (Entered: 05/21/2020) |
| 05/18/2020 | 📄3 (2 pgs) | Notice of Status Conference. (dc) (Entered: 05/21/2020) |
| 05/18/2020 | 📄4 (2 pgs) | Amended Notice of Status Conference. (dc) (Entered: 05/21/2020) |
| 05/18/2020 | 📄5 (7 pgs) | Stipulation Regarding Transfer of Venue of Removed Action to Northern District Bankruptcy Court Pursuant to 28 U.S.C. 1404 and 1412 Filed by Defendants AECOM Technical Services, Inc. , PG&E Corporation , Pacific Gas and Electric Company , Plaintiff JH Kelly, LLC (RE: related document(s)1 Complaint filed by Plaintiff JH Kelly, LLC) . (dc) (Entered: 05/21/2020) |
| 05/19/2020 | 📄6 (3 pgs) | Order Transferring Venue of Removed Action (RE: related document(s)5 Stipulation Regarding Transfer of Venue of Removed Action to Northern District Bankruptcy Court Pursuant to 28 U.S.C. 1404 and 141, filed by Defendant Pacific Gas and Electric Company, Defendant PG&E Corporation, Defendant AECOM Technical Services, Inc., Plaintiff JH Kelly, LLC). (dc) (Entered: 05/21/2020) |
| 05/20/2020 | 📄7 (1 pg) | Transmittal Memorandum for a Transferred Case(RE: related document(s)1 Complaint). (dc) (Entered: 05/21/2020) |
| 05/20/2020 | 📄8 (2 pgs) | Docket Report- Eastern District of California (Sacramento) Adversary Proceeding (RE: related document(s)1 Complaint, 2 Adversary Cover Sheet, 4 Notice, 5 Stipulation for Miscellaneous Relief, 6 Order on Stipulation, 7 Document). (dc) (Entered: 05/21/2020) |
| 05/21/2020 | 📄9 (2 pgs; 2 docs) | Notice of Transferred Adversary Proceeding No. 20-02099-CDJ. The case was transferred from Eastern District of California (Sacramento). (dc) (Entered: 05/21/2020) |
| 05/21/2020 | 📄10 (1 pg) | Notice of Status Conference In A Case Removed to Bankruptcy Court **Status Conference scheduled for 7/21/2020 at 10:00 AM at San Francisco Courtroom 17 - Montali.** . (dc) (Entered: 05/21/2020) |
| 05/23/2020 | 📄11 (2 pgs) | BNC Certificate of Mailing - Ntc of Transfer of Case. (RE: related document(s) 9 Notice of Transferred Case). Notice Date 05/23/2020. (Admin.) (Entered: 05/23/2020) |
| 05/26/2020 | 📄12 | Corrected Order Transferring Venue of Removed Action to Northern District Bankruptcy Court Pursuant to |

|  |  |  |
|---|---|---|
|  | (11 pgs) | 28 U.S.C 1404 and 1412 (RE: related document(s)6 Stipulation Regarding Transfer of Venue of Removed Action to Northern District Bankruptcy Court Pursuant to 28 U.S.C. 1404 and 141). (dc) (Entered: 05/26/2020) |
| 06/05/2020 | 13 (2 pgs) | Notice Regarding *Substitution of Counsel* Filed by Defendant AECOM Technical Services, Inc.. (Rivas, Christopher) (Entered: 06/05/2020) |
| 06/05/2020 | 14 (3 pgs) | Certificate of Service *of Notice of Substitution of Counsel* (RE: related document(s)13 Notice). Filed by Defendant AECOM Technical Services, Inc. (Rivas, Christopher) (Entered: 06/05/2020) |
| 06/08/2020 |  | Returned Mail: Mail originally sent on 05/23/2020 returned as undeliverable. Returned Mail: The following order sent to AECOM Technical Services, Inc. 111 Pine St. San Leandro, CA 94578 on 05/23/2020 was returned as undeliverable: Notice of Transferred Case (ADI Administrator court); Returned Mail: The following order sent to JH Kelly, LLC 111 Pine St. San Leandro, CA 94578 on 05/23/2020 was returned as undeliverable: Notice of Transferred Case (ADI Administrator court); (Entered: 06/08/2020) |
| 06/26/2020 | 15 (5 pgs) | Stipulation, *to Consolidate Adversary Proceeding No. 19-03008 with Adversary Proceeding No. 20-03019* Filed by Defendants PG&E Corporation, Pacific Gas and Electric Company. (Rupp, Thomas) (Entered: 06/26/2020) |
| 06/29/2020 | 16 (3 pgs) | Order Approving Stipulation to Consolidate Adversary Proceeding No. 19-03008 With Adversary Proceeding No. 20-03019 (RE: related document(s)15 Stipulation for Miscellaneous Relief filed by Defendant Pacific Gas and Electric Company, Defendant PG&E Corporation). (lp) (Entered: 06/29/2020) |
| 07/10/2020 | 17 (4 pgs) | Stipulation, *to Adjourn July 21, 2020 Status Conference* Filed by Defendants PG&E Corporation, Pacific Gas and Electric Company. (Rupp, Thomas). Related document(s) 10 Notice of Status Conference. Modified on 7/13/2020 (myt). (Entered: 07/10/2020) |
| 07/13/2020 | 18 (3 pgs) | Order Approving Stipulation to Adjourn July 21, 2020 Status Conference (RE: related document(s)17 Stipulation for Miscellaneous Relief filed by Defendant Pacific Gas and Electric Company, Defendant PG&E Corporation). (myt) (Entered: 07/13/2020) |
| 07/28/2020 | 19 (3 pgs) | Joint Motion for Withdrawal of Reference *(Joint Motion for Permissive Withdrawal of the Reference of Consolidated PG&E Adversary Proceeding)* Fee Amount $181. Filed by Plaintiff JH Kelly, LLC. (Nicholas, Mario) (Entered: 07/28/2020) |
| 07/28/2020 | 20 (11 pgs) | Brief/Memorandum in support of *Joint Motion for Permissive Withdrawal of the Reference of Consolidated PG&E Adversary Proceeding* (RE: related document(s)19 Motion for Withdrawal of Reference). Filed by Plaintiff JH Kelly, LLC (Nicholas, Mario) (Entered: 07/28/2020) |
| 07/28/2020 |  | Receipt of filing fee for Motion for Withdrawal of Reference(20-03019) [motion,mwdref] ( 181.00). Receipt number 30669268, amount $ 181.00 (re: Doc# 19 Joint Motion for Withdrawal of Reference *(Joint Motion for Permissive Withdrawal of the Reference of Consolidated PG&E Adversary Proceeding)* Fee Amount $181.) (U.S. Treasury) (Entered: 07/28/2020) |