| | |
|---|---|
| Eric A. Grasberger (*pro hac vice*) <br> eric.grasberger@stoel.com <br> Mario R. Nicholas (SB #273122) <br> mario.nicholas@stoel.com <br> Stoel Rives LLP <br> 760 SW Ninth Avenue, Suite 3000 <br> Portland, OR 97205 <br> Telephone:  503.224.3380 <br> Facsimile:  503.220.2480 | Marion T. Hack (SB #179216) <br> marion.hack@troutman.com <br> Luke Nicholas Eaton (SB #280387) <br> Luke.eaton@troutman.com <br> Troutman Pepper Hamilton Sanders LLP <br> 350 South Grand Avenue, Suite 3400 <br> Los Angeles, CA 90071 <br> Telephone:  213.928.9800 <br> Facsimile:  213.928.9850 |
| *Attorneys for JH Kelly, LLC* | *Attorneys for AECOM Technical Services, Inc.* |
| Aaron R. Gruber (SB #209509) <br> agruber@rallsgruber.com <br> Ralls Gruber & Niece LLP <br> 1700 S. El Camino Real, Suite 150 <br> San Mateo, CA 94402 <br> Telephone:  650.445.0543 <br> Facsimile:  650.240.2250 | Henry A. Wirta, Jr. (SB #110097) <br> hwirta@hfdclaw.com <br> Harrington Foxx Dubrow & Canter, LLP <br> 601 Montgomery Street, Suite 800 <br> San Francisco, CA 94111 <br> Telephone:  415.288.6600 <br> Facsimile:  415.288.6618 |
| *Attorneys for Pacific Gas and Electric Company* | *Attorneys for Ed Staub & Sons Petroleum, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re <br><br> PG&E CORPORATION <br><br> v. <br><br> AECOM TECHNICAL SERVICES, INC. | Case No. 4:20-cv-05381-HSG (Lead Case) <br><br> (Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and Adv. Proc. No. 19-03008) <br><br> (Consolidated with Case No. 3:20-cv-08463-EMC) <br><br> **STIPULATED PROTECTIVE ORDER** |

     This Stipulated Protective Order ("Protective Order") is made, entered into, and effective as of the date of entry by the Court (the "Effective Date") by and between JH Kelly, LLC ("Kelly"), AECOM Technical Services, Inc. ("AECOM"),  Pacific Gas and Electric Company ("PG&E"), and Ed Staub & Sons Petroleum, Inc. ("Staub") (individually referred to as a "Party" and collectively "the Parties" for purposes of this Protective Order).  The Parties have requested or will request the production of documents or information that at least one Party considers to be

or to contain confidential information, and that are subject to protection under the California Code of Civil Procedure, as applicable, Federal Rule of Civil Procedure 26(c), and/or common law.

The Parties agree that good cause exists to protect the confidential nature of the information contained in documents, responses to requests for admission, responses to interrogatories, or deposition testimony. This action will likely involve discovery of the Parties' confidential corporate policies, operations, business plans, commercial information, proprietary information, financial information, and trade secrets. The dissemination of such confidential information to the public and/or the Parties' competitors would potentially seriously harm the producing or designating Party. The Parties agree that the entry of this Protective Order is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the Parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the Parties in this case and labeled "Confidential" or "Highly Confidential-Attorney's Eyes Only" (collectively "Confidential Information") shall be used only in this litigation.

2. Use of any information or documents labeled "Confidential" or "Highly Confidential-Attorney's Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any Party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving Party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden of proof shall be on the Party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The Parties, and third parties subpoenaed by one of the Parties, may designate as "Confidential" documents, testimony, transcripts, written responses, or other materials produced in this case if they contain information that the designating Party has a good faith basis for asserting its confidentiality under the applicable legal standards. The designating Party shall

designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4. The Parties, and third parties subpoenaed by one of the Parties, may designate as "Highly Confidential-Attorney's Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the designating Party has a good faith basis for asserting its confidentiality under the applicable legal standards, and has a reasonable belief that disclosure to persons other than those identified in paragraph 12 below, or authorized by agreement of the Parties, is substantially likely to cause injury to the designating Party. The designating Party shall designate each page of the document with a stamp identifying it as "Highly Confidential-Attorney's Eyes Only," if practical to do so.

5. If Confidential Information is lodged in Court or used during depositions or during the course of any other hearing, it shall not lose its "Confidential" status through such use, and counsel for the Parties shall take all steps reasonably required to protect its confidentiality during such use and regarding any subsequent transcription of the proceeding.

6. Where any Confidential Information is included in any motion or other proceeding governed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and/or the local rules of the Court, the Party shall follow those rules.

7. [Intentionally deleted.]

8. Nothing in this Protective Order shall be construed to preclude a Party from asserting in good faith that certain Confidential Information requires additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

9. Any Party (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties, to modify or grant relief from any provision of this Protective Order.

10. Within thirty (30) days after receipt of the final transcript of the deposition of any Party or witness in this case, a Party or the witness may designate as "Confidential" or "Highly Confidential-Attorney's Eyes Only" any portion of the transcript that the Party or witness contends discloses Confidential Information. If a transcript containing any such material is filed

with the Court, the filing Party shall follow the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and/or the local rules of the Court, as applicable. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the 30-day period.

11. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the Parties, and outside counsel's administrative staff, paralegals, clerical and secretarial staff, and subordinate law clerks to whom it is reasonable that the material be shown for purposes of this litigation;

b. In-house counsel for the Parties, and each in-house counsel's administrative staff, paralegals, clerical and secretarial staff, and subordinate law clerks to whom it is reasonable that the material be shown for purposes of this litigation;

c. Every employee, director, officer, principal, agent, or manager of the Parties, but only to the extent necessary to further the interest of the Parties in this litigation;

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the Parties in this litigation;

e. The Court;

f. The authors and the original recipients of the documents so long as the author(s)/original recipient(s) have signed the agreement attached as Exhibit A and are not given possession of materials marked "Confidential";

g. Any reporter or videographer or similar technician at a deposition or Court proceeding;

h. Employees of copy services, microfilming or database services, trial support firms, translators, and/or other third party vendors who are engaged by the Parties during the litigation of this action for organizing, filing, copying, coding, converting, sorting, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and

i. Any other person with the prior written consent of the designating Party.

12. Use of any information, documents, or portions of documents marked "Highly Confidential – Attorney's Eyes Only" including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a. Outside counsel of record for the Parties, and outside counsel's administrative staff, paralegals, clerical and secretarial staff, and subordinate law clerks to whom it is reasonable that the material be shown for purposes of this litigation;

   b. In-house counsel for the Parties;

   c. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a Party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the Parties in this litigation;

   d. The Court;

   e. The authors and the original recipients of the documents so long as the author(s)/original recipient(s) have signed the agreement attached as Exhibit A and are not given possession of materials marked "Highly Confidential –Attorney's Eyes Only;"

   f. Any reporter or videographer or similar technician at a deposition or Court proceeding;

   g. Employees of copy services, microfilming or database services, trial support firms, translators, and/or other third party vendors who are engaged by the Parties during the litigation of this action for organizing, filing, copying, coding, converting, sorting, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; and

   h. Any other person with the prior written consent of the designating Party.

13. Prior to being shown any documents produced by another Party marked "Confidential" or "Highly Confidential – Attorney's Eyes Only," any person listed under paragraphs 11(d), 11(f), or 12(e), shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

14. Whenever information designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to this Protective Order is to be discussed by a Party or disclosed in a deposition, hearing, or pretrial proceeding, the designating Party may, with prior or contemporaneous permission of the Court, exclude from the room any person, other than persons designated in paragraph 11 or paragraph 12, as appropriate, for that portion of the deposition, hearing, or pretrial proceeding.  Upon request of any Party, with permission of the Court, the portions of the transcript of any such proceeding, along with associated exhibits, concerning information or documents subject to this Protective Order shall be sealed and kept confidential pursuant to the provisions of this Protective Order.

15. The Parties shall meet and confer regarding the procedures for use of Confidential Information at trial and shall move the Court for entry of an appropriate order.

16. Each Party reserves the right to dispute the confidential status claimed by any other Party or subpoenaed party in accordance with this Protective Order.  If a Party believes that any documents or materials have been inappropriately designated by another Party or subpoenaed party, that Party shall confer with counsel for the designating Party.  As part of that conferral, the designating Party must assess whether redaction is a viable alternative to complete non-disclosure.  If the Parties are unable to resolve the matter informally, a Party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute, and, the designating Party will, if necessary, present unredacted copies of the same materials to the Court for *in camera* review.  Regardless of which Party files the motion, the Party seeking to protect a document from disclosure, or from a change in designation from "Highly Confidential – Attorney's Eyes Only" to "Confidential", bears the burden of establishing good cause for why the document should not be disclosed or why the designation should not be changed.  A Party who disagrees with another Party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the Parties or by order of the Court.

17. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any person to seek judicial review or to pursue

other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information.

18. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Highly Confidential – Attorney's Eyes Only" prior to disclosure shall not operate as a waiver of the designating Party's right to later designate the document, testimony, or other material as "Confidential" or "Highly Confidential – Attorney's Eyes Only." The receiving Party or its counsel shall not disclose such documents or materials if that Party or counsel knows or reasonably should know that a claim of confidentiality would be made by the designating Party. Promptly after receiving notice from the designating Party of a claim of confidentiality, the receiving Party or its counsel shall inform the designating Party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

19. Designation by either Party of information or documents as "Confidential," "Highly Confidential – Attorney's Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither Party may introduce into evidence in any proceeding between the Parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other Party designated or failed to designate information or documents as "Confidential" or "Highly Confidential – Attorney's Eyes Only".

20. Upon the request of the designating Party or third party, within 60 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the Parties to resolve amicably and settle this case, the Parties and any person authorized by this Protective Order to receive Confidential Information shall return to the designating Party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The Party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a Party may retain archival copies of confidential documents.

21. This Protective Order shall not constitute a waiver of any Party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

22. Nothing in this Protective Order shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of Confidential Information, or other modifications, subject to order by the Court.

23. The restrictions on disclosure and use of Confidential Information shall survive the conclusion of this action and the Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

24. This Protective Order is in addition to, and does not limit, any nondisclosure agreement or other confidentiality agreements between the Parties.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: 2/9/2021

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

**IT IS SO STIPULATED:**

DATED: February 2, 2021    **STOEL RIVES LLP**

By: /s/ Mario R. Nicholas
ERIC A. GRASBERGER
MARIO R. NICHOLAS

Attorneys for JH Kelly, LLC

DATED: February 2, 2021    **TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ Luke N. Eaton
MARION T. HACK
LUKE N. EATON

Attorneys for AECOM Technical Services, Inc.

DATED: February 2, 2021    **RALLS GRUBER & NIECE LLP**

By: /s/ Aaron R. Gruber
AARON R. GRUBER

Attorneys for Defendant Pacific Gas and Electric Company

DATED: February 2, 2021    **HARRINGTON FOXX DUBROW & CANTER, LLP**

By: /s/ Henry A. Wirta, Jr.
HENRY A. WIRTA, JR.

Attorneys for Ed Staub & Sons Petroleum, Inc.

1 | I, <u>Mario R. Nicholas</u>, am the ECF user whose ID and password are being used to file this Stipulation in compliance with Civil L.R. 5-1(i)(3). I hereby attest that the concurrence of the filing of this document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this document.

DATED: February 2, 2021

                                              */s/ Mario R. Nicholas*

**EXHIBIT A**

CERTIFICATE OF AGREEMENT

I, ________________________________________, hereby certify that I have been given a copy of the Stipulated Protective Order in the matter of *In re PG&E Corporation v. AECOM Technical Services, Inc.; JH Kelly, LLC v. AECOM Technical Services, Inc.*, Case No. 4:20-cv-05381-HSG. I agree to the following limitations upon the use and disclosure of all CONFIDENTIAL information or material that I am being provided thereunder:

That I will not disclose or divulge any of the information or material or the content thereof to any person;

That any use of the information or material or the content thereof shall be restricted solely to use in connection with the litigation of this case and shall not be used outside this case for any business, commercial, competitive, or other purpose; and

That upon request, I will return the material that I have been provided, and all copies, extracts, abstracts, charts, notes, and summaries thereof, immediately to the attorney who provided the material to me.

I understand and recognize that violation of any of the provisions of this Certificate of Agreement may subject me to liability for violation of the Stipulated Protective Order and will potentially result in the immediate and irreparable harm of the designating Party. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California with respect to the enforcement of any obligation hereunder.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ______ day of __________, 2021, at ________________.

____________________________________

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing STIPULATED PROTECTIVE ORDER on the following named person(s) on the date indicated below by:

☒  mailing with postage prepaid

☐  hand delivery

☐  overnight delivery

☒  email

☒  notice of electronic filing using the CM/ECF system (if person(s) is/are registered with CM/ECF system)

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

| | |
|---|---|
| Aaron R. Gruber<br>agruber@rallsgruber.com<br>Ralls Gruber & Niece LLP<br>1700 S. El Camino Real, Suite 150<br>San Mateo, CA 94402<br><br>Theodore Tselerodes<br>Weil, Gotshal & Manges<br>767 Fifth Avenue<br>New York, NY 10153<br><br>*Attorneys for Pacific Gas and Electric Company*<br><br>Marsha Ann Houston<br>Katten Muchin Zavis<br>2029 Century Park E #2600<br>Los Angeles, CA 90067-3012<br><br>*Attorneys for AECOM Technical Services, Inc.* | Henry A. Wirta, Jr.<br>hwirta@hfdclaw.com<br>Harrington Foxx Dubrow & Canter, LLP<br>601 Montgomery Street, Suite 800<br>San Francisco, CA 94111<br><br>*Attorneys for Ed Staub & Sons Petroleum, Inc.* |

DATED: February 2, 2021.

                                          STOEL RIVES LLP

                                        By:  */s/ Mario R. Nicholas*
                                            MARIO R. NICHOLAS (SB #273122)
                                            mario.nicholas@stoel.com
                                            Attorneys for Plaintiff