UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JH KELLY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AECOM TECHNICAL SERVICES, INC..,<br>et al.,<br><br>Defendants. | Case No. 20-cv-05381-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIM FOR FORECLOSURE OF MECHANICS LIEN**<br><br>Re: Dkt. No. 24 |

Pending before the Court is Defendant Pacific Gas & Electric Company's ("PG&E") motion to dismiss Plaintiff JH Kelly's claim for Foreclosure of Mechanics Lien. Dkt. No. 24 ("Mot."). JH Kelly opposes the motion. Dkt. No. 41 ("Opp."). A hearing was held on April 29, 2021. Dkt. No. 54. For the following reasons, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**.

## I. BACKGROUND

This construction dispute arises out of the Burney K2 Replacement Project ("Project"), which involved the replacement of a natural gas compressor unit and various upgrades at the compressor station near Burnley, California. Dkt. No. 18 ("FAC") ¶ 11. The Burney Compressor Station is part of PG&E's natural gas distribution system that supplies natural gas to the surrounding area and allows compressed gas to continue traveling through pipelines from Oregon to consumers in California. *Id.* PG&E's natural gas distribution system provides service to around 4.2 million customers from Bakersfield, California to the Oregon border. *Id.*

In February 2016, PG&E contracted with Defendant AECOM Technical Services, Inc. ("AECOM") to act as the prime contractor for the Project. *Id.* ¶ 19. AECOM then contracted with JH Kelly to perform certain construction work related to the Project with a contract price of

1  $14,341,281. *Id.* ¶¶ 15, 25. According to the FAC, the Project was characterized by delays and mismanagement. *Id.* ¶¶ 29-47. JH Kelly demobilized from the Project site on June 28, 2018. *Id.* ¶ 49.

JH Kelly alleges that AECOM owes it approximately $37,504,464.95 for invoiced contract amounts, pending change order requests, and various other impacts and damages. ¶ 48. Following its demobilization, JH Kelly recorded a mechanics lien against the Project property, generally located at 37667 Highway 299, Burney, CA 96013 (the "Property"). *Id.* ¶ 51, 54. The Property is owned by PG&E. *Id.* ¶¶ 1, 51. JH Kelly claimed a mechanics lien of $15,881,776.21 on the Property and now brings a claim for foreclosure of the mechanics lien against PG&E and AECOM. *Id.* ¶¶ 50-56. JH Kelly also brings breach of contract and other claims against AECOM. *Id.* ¶¶ 57-90.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

The current motion to dismiss presents a discrete legal issue in the midst of an otherwise sprawling construction contract dispute. PG&E moves to dismiss only one of JH Kelly's claims: the claim for foreclosure of mechanics lien against the Property. Mot. at 5. PG&E argues that JH Kelly's mechanics lien against the Property constitutes an unlawful encumbrance of a public utility's property in violation of California Public Utility Code § 851 ("Section 851") with the consequence that the mechanics lien is void. *Id.* at 5-6. JH Kelly disputes the applicability and interpretation of Section 851, contending that the mechanics lien is valid and its claim for foreclosure should be allowed to proceed. Opp. at 7.

Section 851 provides in relevant part:

> A public utility . . . shall not sell, lease, assign, mortgage, or otherwise dispose of, or encumber the whole or any part of its . . . plant, system, or other property necessary or useful in the performance of its duties to the public, or any franchise or permit or any right thereunder . . . without first having either secured an order from the commission authorizing it to do so . . . Every sale, lease, assignment, mortgage, disposition, encumbrance, merger, or consolidation made other than in accordance with the advice letter and approval from the commission authorizing it is void. . . .

Cal. Pub. Util. Code § 851 (West).

PG&E argues that "Section 851 generally prohibits: (i) the encumbrance of (ii) any part of a public utility's (iii) system or property necessary or useful in the performance of duties to the public, (iv) without first having secured prior authorization from the Public Utilities Commission (Commission)." Mot. at 5. The parties do not dispute that the Property is an integral part of PG&E's natural gas distribution system and therefore necessary and useful in the performance of PG&E's duties to the public. *See* FAC ¶ 11; Mot. at 13-14. Nor do the parties dispute that JH Kelly has not received authorization from the Commission for its mechanics lien. Mot. at 14;

3

Opp. at 17 ("There will be more than adequate time for PG&E and Kelly to seek Commission authorization, if necessary, prior to that sale."). Therefore, the dispositive question is whether Section 851 in fact applies to JH Kelly's mechanics lien and precludes the current foreclosure claim. JH Kelly responds that the plain language of Section 851 applies only to an encumbrance by the public utility itself and does not address actions by third parties that may affect public utility property. Opp. at 9-13. JH Kelly further argues that adopting PG&E's broader interpretation would lead to absurd results. Opp. at 13-19.

"In a case requiring a federal court to apply California law, the court 'must apply the law as it believes the California Supreme Court would apply it.'" *Kairy v. SuperShuttle Int'l*, 660 F.3d 1146, 1150 (9th Cir. 2011). "In the absence of a controlling California Supreme Court decision, the panel must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids." *Id.*

Unfortunately, there is no California Supreme Court decision that directly addresses whether Section 851 bars the foreclosure of a mechanics lien on public utility property. Both parties instead cite to California Court of Appeal and Public Utility Commission decisions that discuss the relationship of Section 851 and various types of encumbrances on public utility property. In *Hosford v. Henry*, the California Court of Appeal considered whether a trial court could order reformation of a contract that expanded a lien on public utility property. 107 Cal. App. 2d 765 (Cal. Ct. App. 1951). The Commission had approved the earlier contract, but the Court of Appeal determined that the trial court could not order a reformation that granted and foreclosed an expanded lien not approved by the Commission:

> We think it beyond the power of a court of equity to do by reformation what the parties are forbidden to do themselves and that, even though the trial court justifiably found that the security instrument must be reformed in order to coincide with the parties' intentions, nevertheless having so determined it could not itself decree a lien and enforce the same until and unless the Commission had consented that the lien be imposed.

*Id.* at 775. The court emphasized the necessity of Commission approval before an encumbrance can be valid: "The act specifically declares that any encumbrance[s] upon operative properties of

4

utilities made without the prior permission of the Commission are void." *Id.* The court made clear that the Commission retained its prerogative of approval without regard to the trial court's determination on the merits of the disputed lien: "Until and unless such consent has been obtained it is beyond the power of the trial court to place a lien upon the utility properties." *Id.* at 776. The *Hosford* court also addressed arguments like those made by JH Kelly, Opp. at 19-22, that a party would lack recourse if its lien were found invalid. As the *Hosford* court explained, if the Commission withholds permission, then "the parties must be left where their own mistake has placed them" or must seek "action for damages."[1] *Id.*

JH Kelly argues that the broad principle articulated in *Hosford*—that "any encumbrance[s] upon operative properties of utilities made without the prior permission of the Commission are void"—does not apply to the current case because the encumbrance in *Hosford* was agreed to by the utility and was not a mechanics lien. Opp. at 18-19. In support of its interpretation, JH Kelly relies on another California Court of Appeal decision that explains that "the plain language of section 851 itself indicates that it was designed to regulate the actions of a public utility in its own dealings with property which has been appropriated to public use and is affected by the public interest." *People By Pub. Utilities Comm'n v. City of Fresno*, 254 Cal. App. 2d 76, 82 (Cal. Ct. App. 1967) ("*City of Fresno*"). But that decision dealt with the exercise of eminent domain by a local government, and the court made clear that its interpretation of Section 851 was restricted to that context. *Id.* ("It is therefore manifest that the crucial question is whether Public Utilities Code section 851 regulates the otherwise unrestricted power of the city to condemn public utility property . . . by requiring the consent of the commission before the superior court may enter a final judgment of condemnation."). Section 851's scope was limited by the holding that "eminent domain is an attribute of sovereignty and must not be restricted by judicial interpretation in the absence of a clear legislative intent to so restrict." *Id.* at 83. JH Kelly's mechanics lien, in contrast, does not implicate any sovereign interests that run counter to Section 851's applicability

---

[1] In the current case, JH Kelly brings seven other claims for relief against AECOM that if successful will allow it to recover in full. FAC ¶¶ 57-90.

5

to "the disposition of public utility property in general." *Id.* at 84.[2]

The clearest statement about mechanics liens in the Section 851 case law is found in dicta in a 1989 Court of Appeal decision, *Automatic Sprinkler Corp. v. S. Cal. Edison Co.*, 216 Cal. App. 3d 627, 636–37 (Cal. Ct. App. 1989):

> Finally, raising the issue for the first time in its appellant's reply brief, Automatic argues that Public Utilities Code section 851 "precludes the recording and enforcement of a mechanic's lien against SONGS." Although we need not consider this argument, we point out that it is not meritorious. The plain terms of Public Utilities Code section 851 permit an encumbrance if, among other things, the Public Utilities Commission first issues an authorizing order. Thus, the section does not "preclude" a mechanic's lien.

*Id.* at 636-637 (citations and footnotes omitted). Although dicta, this is a clear statement that a mechanics lien may be recorded if, but only if, it is first authorized by the Commission. Considering *Hosford*, *City of Fresno*, and *Automatic Sprinkler* together, the Court concludes that Section 851 applies to the attempt by a private party, like JH Kelly, to foreclose on a lien against necessary and useful public utility property.

This conclusion is also supported by the Commission's administrative decision in *In Re Golconda Utilities Company*, which held that Section 851 requires Commission authorization before a lien may be foreclosed. 59 Cal. P.U.C. 174 (1965) ("The question before the Commission is whether a Sheriff's Sale resulting from foreclosure on a mechanic's lien must first be authorized by this Commission to make it valid. . . . It is clear from [the language of Public Utilities Code section 851] that the transfer, voluntary or otherwise, of a well site, wells and pumps which have been dedicated to public use and are the sole source of water supply for a public utility system is void without prior Commission authorization."). JH Kelly argues that *In Re Golconda* is distinguishable because that case considered the actual transfer of the property

---

[2] Moreover, the court also recognized that Section 851 applies to involuntary as well as voluntary encumbrances. *Id.* at 82 ("The section simply provides that '(n)o public utility (meaning a private company or individual) shall sell, lease, assign, mortgage, or otherwise dispose of or encumber (meaning by its own action **whether voluntary or involuntary**) the whole or any part of its * * * property necessary or useful in the performance of its duties to the public (recognizing the public character of the property) * * * without first having secured from the commission an order authorizing it so to do.'" (emphasis added)).

6

without authorization as opposed to the current claim for foreclosure, which JH Kelly contends does not require the sale of public utility property. Opp. at 12-13, 16-8. But JH Kelly's argument is belied by its own complaint, which demands a judgment "[o]rdering that Kelly's Claim of Mechanics Lien be foreclosed and that the usual judgment be made for the sale of the Property according to law." FAC at 22; *see also Withington v. Shay*, 47 Cal. App. 2d 68, 73 (Cal. Ct. App. 1941) ("The code provisions relating to the foreclosure of mechanics' liens provide no mode of enforcing a judgment other than by a sale of the property and docketing a deficiency judgment against the defendant who may be liable therefor."); Cal. Civ. Code § 8466 ("If there is a deficiency of proceeds from the *sale of property* on a judgment for enforcement of a lien, a deficiency judgment may be entered against a party personally liable for the deficiency in the same manner and with the same effect as in an action to foreclose a mortgage." (emphasis added)).

In summary, the weight of California authority supports the position that an encumbrance on necessary and useful public utility property must first be authorized by the Commission before it may be foreclosed by a court. Because the Property is necessary and useful for PG&E to perform its duties and because JH Kelly's mechanics lien has not been authorized by the Commission, the Court finds that the claim for foreclosure of the mechanics lien fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's decision is based on the legal conclusion that Section 851 applies to JH Kelly's mechanics lien and the undisputed facts that the Property is necessary and useful and that the mechanics lien has not been authorized.[3] Therefore, the Court also finds that this legal deficiency could not be cured by the allegation of other facts and leave to amend need not be granted. *See Lopez*, 203 F.3d at 1127. Accordingly, the claim for foreclosure of mechanics lien against PG&E is **DISMISSED**

---

[3] JH Kelly also argues that their foreclosure claim should be allowed to proceed because there would be adequate time for PG&E and JH Kelly to seek Commission authorization prior to the sale. Opp. at 16-17. But Section 851 provides that an unauthorized encumbrance, like JH Kelly's mechanics lien, is "void." ("Every sale, lease, assignment, mortgage, disposition, encumbrance, merger, or consolidation made other than in accordance with the advice letter and approval from the commission authorizing it is void."). The fact that there are intermediate steps before the Property would be sold does not give this Court power to order foreclosure based on a mechanics lien that was unauthorized in the first place under Section 851.

**WITHOUT LEAVE TO AMEND**.[4]

## IV. CONCLUSION

The Court **GRANTS** PG&E's motion to dismiss. JH Kelly's claim for foreclosure of mechanics lien against PG&E is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: 4/30/2021

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] JH Kelly also argues that it should be permitted to seek discovery regarding PG&E's prior handling of mechanics liens on its properties. Opp. at 22. But information about PG&E's prior handling of mechanics liens would not alter the Court's legal conclusion that Section 851 applies to JH Kelly's mechanics lien. Accordingly, JH Kelly's request for discovery is also **DENIED**.

8