1    ERIC A. GRASBERGER (admitted *pro hac vice*)
     eric.grasberger@stoel.com
2    MARIO R. NICHOLAS (SB #141663)
     mario.nicholas@stoel.com
3    STOEL RIVES LLP
     760 SW Ninth Avenue, Suite 3000
4    Portland, OR  97205
     Telephone:  503.224.3380
5    Facsimile:  503.220.2480

6    Attorneys for Plaintiff
     JH Kelly, LLC

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11   | In Re | Case No. 4:20-cv-05381-HSG (Lead Case) |
     |---|---|
12   | PG&E CORPORATION | |
13   | | (Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and Adv. Proc. No. 19-03008) |
14   | v. | |
15   | AECOM TECHNICAL SERVICES, INC. | (Consolidated with Case No. 3:20-cv-08463-EMC) |
16   | | **JH KELLY LLC'S ANSWER TO AECOM TECHNICAL SERVICES, INC.'S SECOND AMENDED COUNTERCLAIM** |
17   | | |
18   | | |
19   | | **DEMAND FOR JURY TRIAL** |

20         Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Plaintiff,

21   Counterclaim-Defendant and Third-Party Plaintiff JH Kelly, LLC ("Kelly") hereby responds to

22   Defendant and Counterclaim-Plaintiff AECOM Technical Services, Inc's ("AECOM") Second

23   Amended Counterclaim ("Counterclaim") as follows:

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                    -1-                    4:20-CV-05381-HSG

111819269.5 0034592- 00012

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

1.       The allegations in paragraph 1 of the Counterclaim contain legal conclusions that require no response.[1]  To the extent a response is required, Kelly admits that Pacific Gas & Electric Company ("PG&E") filed for Chapter 11 bankruptcy on or around January 29, 2019.

2.       The allegations contained in paragraph 2 contain legal conclusions that require no response.

3.       The allegations contained in paragraph 3 contain legal conclusions that require no response.

**THE PARTIES**

4.       In answer to paragraph 4, Kelly is informed and believes that AECOM is a California corporation.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 4, and on that basis, denies the remaining allegations.

5.       In answer to paragraph 5, Kelly is informed and believes that PG&E is a California corporation and the owner of the real property at issue generally known as the Burney K2 Replacement Project (the "Project").  Kelly states that the allegation regarding its "complain[t]s" is overly broad, vague, ambiguous and unspecific and, as such, require no response.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 5, and on that basis, denies the remaining allegations.

6.       In answer to paragraph 6, Kelly admits that it is a Washington limited liability company with its principal place of business in Longview, Washington.  Kelly denies that the quote in paragraph 6 is a quote from the website referenced in footnote 1 of the Counterclaim. Kelly also denies the relevance of the quote in paragraph 6.  Kelly's website describes it as "one of the largest industrial mechanical contractors in the Pacific Northwest."[2]

---

[1] All paragraph references herein are to the paragraphs of the Counterclaim unless stated otherwise.
[2] JH Kelly, https://www.jhkelly.com/industrial-construction-services/ (last visited Aug. 2, 2021).

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-2-

4:20-CV-05381-HSG

1

## INTRODUCTION

2       7.      In answer to paragraph 7, Kelly states that this lawsuit involves claims related to

3   the Project.  To the extent that a further response is required, Kelly denies the remaining

4   allegations in paragraph 7.

5       8.      Kelly admits the allegations in paragraph 8 on information and belief.

6       9.      In answer to paragraph 9, Kelly states that AECOM and PG&E entered into a

7   contract (the "EPC Agreement") for work on the Project and that AECOM and Kelly entered into

8   a contract (the "Subcontract") for work on the Project.  Kelly states that a copy of the Subcontract

9   without exhibits is attached as Exhibit A to Kelly's First Amended Complaint ("First Amended

10  Complaint").  The EPC Agreement and the Subcontract speak for themselves and no answer is

11  required as to the contents of either agreement.

12      10.     In response to paragraph 10, Kelly states that EPC Agreement and the Subcontract

13  speak for themselves and no answer is required as to the contents of either agreement.  To the

14  extent that a further response is required, Kelly denies the remaining allegations in paragraph 10.

15      11.     In response to paragraph 11, Kelly states the EPC Agreement and the Subcontract

16  speak for themselves and no answer is required as to the contents of either agreement.  Further,

17  Kelly states that it lacks sufficient knowledge or information to form a basis for belief as to the

18  truth of the allegations in the second and third sentences of paragraph 11, and on that basis, denies

19  the remaining allegations.  Kelly states that the Project contemplated demobilization from

20  November 2016 through February 2017 during which time Kelly would perform certain work off-

21  site for the Project.  Kelly further admits that the Project contemplated re-mobilization in March

22  2017 and completion by December 2017.  To the extent that a further response is required, Kelly

23  denies the remaining allegations in paragraph 11.

24      12.     In response to paragraph 12, Kelly states that its First Amended Complaint speaks

25  for itself.  Kelly admits that the Project was complete more than a year later than expected.  To

26  the extent that a further response is required, Kelly denies the remaining allegations in paragraph

27  12.

28

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                    -3-                    4:20-CV-05381-HSG

111819269.5 0034592- 00012

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13.     In response to paragraph 13, Kelly states that its First Amended Complaint speaks for itself.  To the extent that a further response is required, Kelly denies the remaining allegations in paragraph 13.

14.     In response to paragraph 14, Kelly admits that changes to design on the Project by AECOM and/or PG&E caused Kelly to suffer substantial damages.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 14, and on that basis, denies the remaining allegations.

15.     In response to paragraph 15, Kelly admits that changes on the Project including changes to the electrical design, changes to building designs, and the addition of structures.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 15, and on that basis, denies the remaining allegations.

16.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 16, and on that basis, denies the allegations.

17.     In response to paragraph 17, Kelly admits that it was forced to work through the 2017-2018 winter season at an accelerated rate, increasing the time, cost and safety risks of performance.  Kelly further admits that AECOM directed Kelly to increase its workforce and work overtime.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 17, and on that basis, denies the allegations.

18.     In response to paragraph 18, Kelly states that AECOM is required to pay Kelly pursuant to the terms of the Subcontract and that PG&E's alleged failure to compensate AECOM is not a basis for AECOM's failure to timely pay Kelly pursuant to the terms of the Subcontract. Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 18, and on that basis, denies the allegations.

19.     In response to paragraph 19, Kelly states that the EPC Agreement speaks for itself. Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 19, and on that basis, denies the allegations.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-4-

4:20-CV-05381-HSG

20.     The allegations in paragraph 20 are argumentative, overly broad, vague, ambiguous and unspecific and, as such, require no response.  To the extent a response is required, Kelly denies the allegations in paragraph 20.

21.     Kelly denies the allegations in paragraph 21.

22.     Kelly denies the allegations in paragraph 22.

23.     In response to paragraph 23, Kelly denies that it consistently failed to follow proper safety practices on site.  Kelly further denies that its conduct resulted in the "Valve Strike" incident, which incident is the sole or primary responsibility of Third-Party Defendant Ed Staub & Sons Petroleum, Inc. ("Staub").  On information and belief, PG&E and/or AECOM may also be partially responsible for the Valve Strike incident by allowing Staub to enter the Project site unsupervised and failing to install bollards around the V-35 valve.  Kelly further denies that it failed to indemnify AECOM and PG&E for the damages associated with the Valve Strike incident.  Kelly denies the remaining allegations in paragraph 23.

24.     In response to paragraph 24, Kelly states that AECOM failed to cooperate with Kelly in presenting and prosecuting Kelly's claims on the Project as required by the Subcontract.  Kelly denies the remaining allegations in paragraph 24.

25.     In response to paragraph 25, Kelly states that the Subcontract speaks for itself.  Kelly further states that the allegations contained in paragraph 25 contain legal conclusions that require no response.

26.     In answer to paragraph 26, Kelly is informed and believes that PG&E solicited a competitive bid from AECOM and other contractors by way of a Request for Proposal ("RFP") for the Project.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 26, and on that basis, denies the remaining allegations.

27.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 27, and on that basis, denies the allegations.

28.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 28, and on that basis, denies the allegations.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM          -5-          4:20-CV-05381-HSG

111819269.5 0034592- 00012

1   29.   Kelly lacks sufficient knowledge or information to form a basis for belief as to the

2   truth of the allegations in paragraph 29, and on that basis, denies the allegations.

3   30.   Kelly lacks sufficient knowledge or information to form a basis for belief as to the

4   truth of the allegations in paragraph 30, and on that basis, denies the allegations.

5   31.   Kelly lacks sufficient knowledge or information to form a basis for belief as to the

6   truth of the allegations in paragraph 31, and on that basis, denies the allegations.

7   32.   Kelly lacks sufficient knowledge or information to form a basis for belief as to the

8   truth of the allegations in paragraph 32, and on that basis, denies the allegations.

9   33.   Kelly lacks sufficient knowledge or information to form a basis for belief as to the

10   truth of the allegations in paragraph 33, and on that basis, denies the allegations.

11   34.   In response to paragraph 34, Kelly states that the Project's scope and anticipated

12   design changes affected, among other things, the price of the construction work on the Project,

13   the change order processes, and the schedule.  Kelly lacks sufficient knowledge or information to

14   form a basis for belief as to the truth of the remaining allegations in paragraph 34, and on that

15   basis, denies the remaining allegations.

16   35.   In response to paragraph 35, Kelly states that the RFP speaks for itself.  To the

17   extent that a further response is required, Kelly denies the remaining allegations in paragraph 35.

18   36.   In response to paragraph 36, Kelly states that AECOM provided it with a copy of

19   the RFP and that Kelly developed its bid package for the Project based on the information and

20   direction from AECOM, which was not limited to the RFP.  To the extent that a further response

21   is required, Kelly denies the remaining allegations in paragraph 36.

22   37.   In response to paragraph 37, Kelly states that the EPC Agreement and the

23   Subcontract speak for themselves and no answer is required as to the contents of either

24   agreement.  To the extent that a further response is required, Kelly denies the remaining

25   allegations in paragraph 37.

26   38.   Kelly lacks sufficient knowledge or information to form a basis for belief as to the

27   truth of the allegations in paragraph 38, and on that basis, denies the allegations.

28

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                -6-                4:20-CV-05381-HSG

111819269.5 0034592- 00012

1    39.    In response to paragraph 39, Kelly admits that PG&E awarded the Project to

2    AECOM.

3    40.    Kelly lacks sufficient knowledge or information to form a basis for belief as to the

4    truth of the allegations in paragraph 40, and on that basis, denies the allegations.

5    41.    In response to paragraph 41, Kelly states that the EPC Agreement speaks for itself.

6    42.    Kelly admits the allegations in paragraph 42.

7    43.    In response to paragraph 43, Kelly states that the EPC Agreement speaks for itself.

8    44.    In response to paragraph 44, Kelly states that the EPC Agreement speaks for itself.

9    45.    Kelly lacks sufficient knowledge or information to form a basis for belief as to the

10    truth of the allegations in paragraph 45, and on that basis, denies the allegations.

11    46.    Kelly lacks sufficient knowledge or information to form a basis for belief as to the

12    truth of the allegations in paragraph 46, and on that basis, denies the allegations.

13    47.    Kelly lacks sufficient knowledge or information to form a basis for belief as to the

14    truth of the allegations in paragraph 47, and on that basis, denies the allegations.

15    48.    Kelly lacks sufficient knowledge or information to form a basis for belief as to the

16    truth of the allegations in paragraph 48, and on that basis, denies the allegations.

17    49.    Kelly lacks sufficient knowledge or information to form a basis for belief as to the

18    truth of the allegations in paragraph 49, and on that basis, denies the allegations.

19    50.    Kelly lacks sufficient knowledge or information to form a basis for belief as to the

20    truth of the allegations in paragraph 50, and on that basis, denies the allegations.

21    51.    In response to paragraph 51, Kelly admits that it performed construction work for

22    an entirely different project than the Project contemplated by the Subcontract.  Kelly lacks

23    sufficient knowledge or information to form a basis for belief as to the truth of the remaining

24    allegations in paragraph 51, and on that basis, denies the remaining allegations.

25    52.    The allegations in paragraph 52 contain legal conclusions that require no response.

26    To the extent a response is required, Kelly lacks sufficient knowledge or information to form a

27    basis for belief as to the truth of the allegations in paragraph 52, and on that basis, denies the

28    allegations.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-7-

4:20-CV-05381-HSG

1   53. Kelly lacks sufficient knowledge or information to form a basis for belief as to the

2 truth of the allegations in paragraph 53, and on that basis, denies the allegations.

3   54. Kelly lacks sufficient knowledge or information to form a basis for belief as to the

4 truth of the allegations in paragraph 54, and on that basis, denies the allegations.

5   55. Kelly lacks sufficient knowledge or information to form a basis for belief as to the

6 truth of the allegations in paragraph 55, and on that basis, denies the allegations.

7   56. In response to paragraph 56, Kelly admits that the scope of the Project increased as

8 a result of, among other things, the addition of new buildings to be constructed and the expansion

9 of the footprint of other buildings.  Kelly lacks sufficient knowledge or information to form a

10 basis for belief as to the truth of the remaining allegations in paragraph 56, and on that basis,

11 denies the remaining allegations.

12   57. Kelly lacks sufficient knowledge or information to form a basis for belief as to the

13 truth of the allegations in paragraph 57, and on that basis, denies the allegations.

14   58. Kelly lacks sufficient knowledge or information to form a basis for belief as to the

15 truth of the allegations in paragraph 58, and on that basis, denies the allegations.

16   59. Kelly lacks sufficient knowledge or information to form a basis for belief as to the

17 truth of the allegations in paragraph 59, and on that basis, denies the allegations.

18   60. Kelly lacks sufficient knowledge or information to form a basis for belief as to the

19 truth of the allegations in paragraph 60, and on that basis, denies the allegations.

20   61. In response to paragraph 61, Kelly states that changes to the design of the Project

21 increased the number of conduits and the amount of underground conduit, which, among other

22 things, directly impacted the scope and cost of the work and the time it took to construct the

23 Project.  Kelly further admits that changes to the design of the Project resulted in unanticipated

24 conflicts during construction with the as-built conditions.  To the extent that a further response is

25 required, Kelly denies the remaining allegations in paragraph 61.

26   62. Kelly lacks sufficient knowledge or information to form a basis for belief as to the

27 truth of the allegations in paragraph 62, and on that basis, denies the allegations.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM -8- 4:20-CV-05381-HSG

111819269.5 0034592- 00012

63.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 63, and on that basis, denies the allegations.

64.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 64, and on that basis, denies the allegations.

65.     In response to paragraph 65, Kelly denies that AECOM moved forward with the design and construction of the Project in good faith in its dealings with Kelly.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 65, and on that basis, denies the remaining allegations.

66.     In response to paragraph 66, Kelly states that changes and delays to the release of the electrical design of the Project delayed the start of multiple construction activities on the Project, including without limitation the activities set forth in paragraph 66.

67.     In response to paragraph 67, Kelly states that its First Amended Complaint speaks for itself.

68.     Kelly admits the allegations in paragraph 68.

69.     In response to paragraph 69, Kelly responds that the EPC Agreement speaks for itself.  To the extent that a further response is required, Kelly denies the remaining allegations in paragraph 69.

70.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 70, and on that basis, denies the allegations.

71.     In response to paragraph 71, Kelly responds that pausing construction during the winter months would have avoided safety risks and inefficient working conditions commonly associated with construction in winter weather.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 71, and on that basis, denies the remaining allegations.

72.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 72, and on that basis, denies the allegations.

73.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 73, and on that basis, denies the allegations.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-9-

4:20-CV-05381-HSG

74.     In response to paragraph 74, Kelly responds that AECOM directed it to implement an accelerated schedule.  Kelly further responds that its First Amended Complaint speaks for itself.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 74, and on that basis, denies the remaining allegations.

75.     Kelly is informed and believes that PG&E imposed withholdings in the amount of $1.5 million from AECOM based on alleged liquidated damages incurred by PG&E.  Kelly further states that AECOM is wrongfully withholding $750,000 from Kelly based on PG&E's assessment of $1.5 million in liquidated damages, and $1,414,500 from Kelly based on delay damages allegedly attributable to Kelly, among other wrongful withholdings.

76.     In response to paragraph 76, Kelly states that its First Amended Complaint speaks for itself.

77.     In response to paragraph 77, Kelly states that its First Amended Complaint speaks for itself.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 77, and on that basis, denies the remaining allegations.

78.     In response to paragraph 78, Kelly states that contrary to AECOM's instructions at the time Kelly submitted its proposal for the Project, Kelly was directed to use hydro-vacuum excavation in place of mechanical excavation, which directly impacted the progress, sequence and cost of construction.  Kelly further states that the use of low-pressure water and suction excavation as compared to mechanical excavation is inefficient and time-consuming.  Kelly further states that it has not been compensated for these additional expenses.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 78, and on that basis, denies the remaining allegations.

79.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 79, and on that basis, denies the allegations.

80.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 80, and on that basis, denies the allegations.

81.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 81, and on that basis, denies the allegations.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                    -10-                    4:20-CV-05381-HSG
111819269.5 0034592- 00012

82.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 82, and on that basis, denies the allegations.

83.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 83, and on that basis, denies the allegations.

84.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 84, and on that basis, denies the allegations.

85.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 85, and on that basis, denies the allegations.

86.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 86, and on that basis, denies the allegations.

87.     In response to paragraph 87, Kelly states that it is informed and believes that PG&E assessed liquidated damages against AECOM for failing to achieve substantial completion by November 17, 2017.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 87, and on that basis, denies the remaining allegations.

88.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 88, and on that basis, denies the allegations.

89.     In response to paragraph 89, Kelly states that PG&E and/or AECOM adopted a practice of delaying approval of changes.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 89, and on that basis, denies the remaining allegations.

90.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 90, and on that basis, denies the allegations.

91.     In response to paragraph 91, Kelly states that it is informed and believes that PG&E withheld amounts from AECOM as a result of Staub negligently causing the Valve Strike incident.  Kelly further responds that the EPC Agreement speaks for itself.  Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the remaining allegations in paragraph 91, and on that basis, denies the remaining allegations.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                    -11-                    4:20-CV-05381-HSG

111819269.5 0034592- 00012

92.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 92, and on that basis, denies the allegations.

93.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 93, and on that basis, denies the allegations.

94.     Kelly lacks sufficient knowledge or information to form a basis for belief as to the truth of the allegations in paragraph 94, and on that basis, denies the allegations.

95.     Kelly admits the allegations in paragraph 95.

96.     Kelly denies the allegations in paragraph 96.

97.     In response to paragraph 97, Kelly responds that AECOM's Claim of Lien speaks for itself.

## FIRST CAUSE OF ACTION

## (DETERMINATION OF PRIORITY AND EXTENT OF AECOM'S VALID MECHANIC'S LIEN AGAINST ALL COUNTER-DEFENDANTS)

98.     In response to paragraph 98, Kelly incorporates its answer to paragraphs 1-97 above.

99.     In response to paragraph 99, Kelly admits that the Court dismissed AECOM's First Cause of Action with prejudice.  The remaining allegations in paragraph 99 contain legal conclusions that require no response.  To the extent a further response is required, Kelly denies the remaining allegations in paragraph 99.

## SECOND CAUSE OF ACTION

## (BREACH OF CONTRACT AGAINST COUNTER-DEFENDANT PG&E)

100.     In response to paragraph 100, Kelly incorporates its answer to paragraphs 1-99 above.

101.     The allegations in paragraph 101 are not asserted against Kelly and, therefore, require no response from Kelly.

102.     The allegations in paragraph 102 are not asserted against Kelly and, therefore, require no response from Kelly.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-12-

4:20-CV-05381-HSG

103.    The allegations in paragraph 103 contain legal conclusions that require no response.  To the extent a response is required, the allegations in paragraph 103 are not asserted against Kelly and, therefore, require no response from Kelly.

104.    The allegations in paragraph 104 contain legal conclusions that require no response.  To the extent a response is required, the allegations in paragraph 104 are not asserted against Kelly and, therefore, require no response from Kelly.

105.    The allegations in paragraph 105 are not asserted against Kelly and, therefore, require no response from Kelly.

## THIRD CAUSE OF ACTION

### (BREACH OF IMPLIED WARRANTY OF ADEQUACY OF PLANS AND SPECIFICATIONS AGAINST COUNTER-DEFENDANT PG&E)

106.    In response to paragraph 106, Kelly incorporates its answer to paragraphs 1-105 above.

107.    The allegations in paragraph 107 are not asserted against Kelly and, therefore, require no response from Kelly.

108.    The allegations in paragraph 108 are not asserted against Kelly and, therefore, require no response from Kelly.

109.    The allegations in paragraph 109 are not asserted against Kelly and, therefore, require no response from Kelly.

110.    In response to paragraph 110, Kelly states that its pleadings in this lawsuit speak for themselves and no answer is required as to the contents of such pleadings.  The remaining allegations in paragraph 110 contain legal conclusions that require no response.  To the extent a further response is required, the remaining allegations in paragraph 110 are not asserted against Kelly and, therefore, require no response from Kelly.

111.    The allegations in paragraph 111 are not asserted against Kelly and, therefore, require no response from Kelly.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-13-

4:20-CV-05381-HSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH CAUSE OF ACTION**

**(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**AGAINST COUNTER-DEFENDANT PG&E)**

112. In response to paragraph 112, Kelly incorporates its answer to paragraphs 1-111 above.

113. The allegations in paragraph 113 are not asserted against Kelly and, therefore, require no response from Kelly.

114. The allegations in paragraph 114 are not asserted against Kelly and, therefore, require no response from Kelly.

115. The allegations in paragraph 115 are not asserted against Kelly and, therefore, require no response from Kelly.

116. The allegations in paragraph 116 are not asserted against Kelly and, therefore, require no response from Kelly.

117. The allegations in paragraph 117 are not asserted against Kelly and, therefore, require no response from Kelly.

118. The allegations in paragraph 118 are not asserted against Kelly and, therefore, require no response from Kelly.

119. The allegations in paragraph 119 are not asserted against Kelly and, therefore, require no response from Kelly.

120. The allegations in paragraph 120 are not asserted against Kelly and, therefore, require no response from Kelly.

121. The allegations in paragraph 121 are not asserted against Kelly and, therefore, require no response from Kelly.

122. The allegations in paragraph 122 are not asserted against Kelly and, therefore, require no response from Kelly.

123. The allegations in paragraph 123 are not asserted against Kelly and, therefore, require no response from Kelly.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                    -14-                    4:20-CV-05381-HSG

111819269.5 0034592- 00012

124.     The allegations in paragraph 124 are not asserted against Kelly and, therefore, require no response from Kelly.

125.     In response to paragraph 125, Kelly states that its pleadings in this lawsuit speak for themselves and no answer is required as to the contents of such pleadings.  The remaining allegations in paragraph 125 contain legal conclusions that require no response.  To the extent a further response is required, the remaining allegations in paragraph 125 are not asserted against Kelly and, therefore, require no response from Kelly.

126.     The allegations in paragraph 126 are not asserted against Kelly and, therefore, require no response from Kelly.

**FIFTH CAUSE OF ACTION**

**(NEGLIGENT MISREPRESENTATION AGAINST COUNTER-DEFENDANT PG&E)**

127.     In response to paragraph 127, Kelly incorporates its answer to paragraphs 1-126 above.

128.     The allegations in paragraph 128 are not asserted against Kelly and, therefore, require no response from Kelly.

129.     The allegations in paragraph 129 are not asserted against Kelly and, therefore, require no response from Kelly.

130.     The allegations in paragraph 130 are not asserted against Kelly and, therefore, require no response from Kelly.

131.     The allegations in paragraph 131 are not asserted against Kelly and, therefore, require no response from Kelly.

132.     The allegations in paragraph 132 are not asserted against Kelly and, therefore, require no response from Kelly.

133.     The allegations in paragraph 133 are not asserted against Kelly and, therefore, require no response from Kelly.

134.     The allegations in paragraph 134 are not asserted against Kelly and, therefore, require no response from Kelly.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-15-

4:20-CV-05381-HSG

1    135.    The allegations in paragraph 135 are not asserted against Kelly and, therefore,

2    require no response from Kelly.

3    136.    The allegations in paragraph 136 are not asserted against Kelly and, therefore,

4    require no response from Kelly.

5    137.    The allegations in paragraph 137 are not asserted against Kelly and, therefore,

6    require no response from Kelly.

7    138.    The allegations in paragraph 138 are not asserted against Kelly and, therefore,

8    require no response from Kelly.

9    **SIXTH CAUSE OF ACTION**

10    **(FRAUDULENT INDUCEMENT AGAINST COUNTER-DEFENDANT PG&E)**

11    139.    In response to paragraph 139, Kelly incorporates its answer to paragraphs 1-138

12    above.

13    140.    The allegations in paragraph 140 are not asserted against Kelly and, therefore,

14    require no response from Kelly.

15    141.    The allegations in paragraph 141 are not asserted against Kelly and, therefore,

16    require no response from Kelly.

17    142.    The allegations in paragraph 142 are not asserted against Kelly and, therefore,

18    require no response from Kelly.

19    143.    The allegations in paragraph 143 are not asserted against Kelly and, therefore,

20    require no response from Kelly.

21    144.    The allegations in paragraph 144 are not asserted against Kelly and, therefore,

22    require no response from Kelly.

23    145.    The allegations in paragraph 145 are not asserted against Kelly and, therefore,

24    require no response from Kelly.

25    146.    The allegations in paragraph 146 are not asserted against Kelly and, therefore,

26    require no response from Kelly.

27    147.    The allegations in paragraph 147 are not asserted against Kelly and, therefore,

28    require no response from Kelly.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM          -16-                    4:20-CV-05381-HSG

111819269.5 0034592- 00012

148.    The allegations in paragraph 148 are not asserted against Kelly and, therefore, require no response from Kelly.

149.    The allegations in paragraph 149 are not asserted against Kelly and, therefore, require no response from Kelly.

150.    The allegations in paragraph 150 are not asserted against Kelly and, therefore, require no response from Kelly.

151.    The allegations in paragraph 151 are not asserted against Kelly and, therefore, require no response from Kelly.

152.    The allegations in paragraph 152 are not asserted against Kelly and, therefore, require no response from Kelly.

153.    The allegations in paragraph 153 are not asserted against Kelly and, therefore, require no response from Kelly.

## SEVENTH CAUSE OF ACTION

### (QUANTUM MERUIT AGAINST COUNTER-DEFENDANT PG&E)

154.    In response to paragraph 154, Kelly incorporates its answer to paragraphs 1-153 above.

155.    The allegations in paragraph 155 are not asserted against Kelly and, therefore, require no response from Kelly.

156.    The allegations in paragraph 156 are not asserted against Kelly and, therefore, require no response from Kelly.

157.    The allegations in paragraph 157 are not asserted against Kelly and, therefore, require no response from Kelly.

158.    In response to paragraph 158, Kelly states that its pleadings in this lawsuit speak for themselves and no answer is required as to the contents of such pleadings.  The remaining allegations in paragraph 158 are not asserted against Kelly and, therefore, require no response from Kelly.

159.    The allegations in paragraph 159 are not asserted against Kelly and, therefore, require no response from Kelly.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-17-

4:20-CV-05381-HSG

160.    The allegations in paragraph 160 are not asserted against Kelly and, therefore, require no response from Kelly.

161.    The allegations in paragraph 161 are not asserted against Kelly and, therefore, require no response from Kelly.

162.    The allegations in paragraph 162 are not asserted against Kelly and, therefore, require no response from Kelly.

## EIGHTH CAUSE OF ACTION

### (VIOLATIONS OF CALIFORNIA PROMPT PAYMENT ACT

### AGAINST COUNTER-DEFENDANT PG&E)

163.    In response to paragraph 163, Kelly incorporates its answer to paragraphs 1-162 above.

164.    The allegations in paragraph 164 are not asserted against Kelly and, therefore, require no response from Kelly.

165.    The allegations in paragraph 165 are not asserted against Kelly and, therefore, require no response from Kelly.

166.    The allegations in paragraph 166 are not asserted against Kelly and, therefore, require no response from Kelly.

## NINTH CAUSE OF ACTION

### (IMPLIED CONTRACTUAL INDEMNITY AGAINST COUNTER-DEFENDANT PG&E)

167.    In response to paragraph 167, Kelly incorporates its answer to paragraphs 1-166 above.

168.    The allegations in paragraph 168 are not asserted against Kelly and, therefore, require no response from Kelly.

169.    The allegations in paragraph 169 are not asserted against Kelly and, therefore, require no response from Kelly.

170.    The allegations in paragraph 170 are not asserted against Kelly and, therefore, require no response from Kelly.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-18-

4:20-CV-05381-HSG

171.     The allegations in paragraph 171 are not asserted against Kelly and, therefore, require no response from Kelly.

172.     The allegations in paragraph 172 are not asserted against Kelly and, therefore, require no response from Kelly.

173.     The allegations in paragraph 173 are not asserted against Kelly and, therefore, require no response from Kelly.

**TENTH CAUSE OF ACTION**

**(BREACH OF CONTRACT AGAINST COUNTER-DEFENDANT JH KELLY)**

174.     In response to paragraph 174, Kelly incorporates its answer to paragraphs 1-173 above.

175.     Kelly admits the allegations in paragraph 175.

176.     In response to paragraph 176 and subsections (i)-(viii) thereof, Kelly states that the Subcontract speaks for itself.

177.     In response to paragraph 177, Kelly states that the Subcontract speaks for itself.

178.     In response to paragraph 178, Kelly states that the Subcontract speaks for itself. To the extent a further response is required, Kelly denies the allegations in paragraph 178.

179.     The allegations in paragraph 179 contain legal conclusions that require no response.  To the extent a response is required, Kelly states that the Subcontract speaks for itself. To the extent a further response is required, Kelly denies the remaining allegations in paragraph 179.

180.     The allegations in paragraph 180 contain legal conclusions that require no response.  To the extent a response is required, Kelly states that the Subcontract speaks for itself. To the extent a further response is required, Kelly denies the remaining allegations in paragraph 180.

181.     The allegations in paragraph 181 contain legal conclusions that require no response.  To the extent a response is required, Kelly states that the Subcontract speaks for itself. To the extent a further response is required, Kelly denies the remaining allegations in paragraph 181.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM

-19-

4:20-CV-05381-HSG

111819269.5 0034592- 00012

1   182.   In response to paragraph 182, Kelly states that the Subcontract speaks for itself.

2   183.   In response to paragraph 183, Kelly states that the Subcontract speaks for itself.

3   184.   In response to paragraph 184, Kelly states that the Subcontract speaks for itself.

4   185.   In response to paragraph 185, Kelly states that the Subcontract speaks for itself.

5   186.   In response to paragraph 186, Kelly states that the Subcontract speaks for itself.

6   187.   Kelly denies the allegations in paragraph 187.

7   188.   Kelly denies the allegations in paragraph 188.

8   189.   In response to paragraph 189, Kelly states that the Subcontract speaks for itself.

9   Kelly denies the remaining allegations in paragraph 189.

10   190.   Kelly denies the allegations in paragraph 190.

11   191.   In response to paragraph 191, Kelly states that Staub negligently struck the V-35

12   valve at the Project.  Kelly further states that the allegations in paragraph 191 contain legal

13   conclusions that require no response.  To the extent a response is required, Kelly states that the

14   Subcontract speaks for itself.  To the extent a further response is required, Kelly denies the

15   remaining allegations in paragraph 191.

16   192.   Kelly denies the allegations in paragraph 192.

17   193.   In response to paragraph 193, Kelly states that the Subcontract speaks for itself.

18   To the extent a further response is required, Kelly denies the remaining allegations in paragraph

19   193.

20   194.   Kelly denies the allegations in paragraph 194.

21   195.   Kelly states that the allegations in paragraph 195 contain legal conclusions that

22   require no response.  To the extent a response is required, Kelly denies the allegations in

23   paragraph 195.

24   196.   Kelly denies the allegations in paragraph 196.

25   197.   Kelly denies the allegations in paragraph 197.

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM        -20-                4:20-CV-05381-HSG
111819269.5 0034592- 00012

1

**ELEVENTH CAUSE OF ACTION**

2

**(BREACH OF EXPRESS COVENANTS OF GOOD FAITH AND FAIR DEALING**

3

**AGAINST COUNTER-DEFENDANT JH KELLY)**

4          198.    In response to paragraph 198, Kelly incorporates its answer to paragraphs 1-197

5    above.

6          199.    In response to paragraph 199, Kelly states that the Subcontract speaks for itself.

7          200.    Kelly denies the allegations in paragraph 200.

8          201.    Kelly denies the allegations in paragraph 201.

9

**TWELFTH CAUSE OF ACTION**

10

**(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

11

**AGAINST COUNTER-DEFENDANT JH KELLY)**

12          202.    In response to paragraph 202, Kelly incorporates its answer to paragraphs 1-201

13    above.

14          203.    The allegations in paragraph 203 contain legal conclusions that require no

15    response.  To the extent a response is required, Kelly denies the allegations in paragraph 203.

16          204.    Kelly denies the allegations in paragraph 204.

17          205.    Kelly denies the allegations in paragraph 205.

18

**THIRTEENTH CAUSE OF ACTION**

19

**(EXPRESS INDEMNITY AGAINST COUNTER-DEFENDANT JH KELLY)**

20          206.    In response to paragraph 206, Kelly incorporates its answer to paragraphs 1-205

21    above.  Kelly further states that PG&E's Counterclaim speaks for itself.  Kelly further denies any

22    obligation to respond to the specific allegations in PG&E's Counterclaim based on AECOM's

23    purported incorporation by reference of PG&E's Counterclaim.

24          207.    In response to paragraph 207, Kelly states that the Subcontract speaks for itself.

25          208.    In response to paragraph 208, Kelly admits that PG&E has withheld amounts from

26    AECOM and has alleged additional costs related to the Valve Strike incident.  Kelly denies the

27    remaining allegations in paragraph 208.

28          209.    Kelly denies the allegations in paragraph 209.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-21-

4:20-CV-05381-HSG

210.    In response to paragraph 210, Kelly admits that AECOM has put Kelly on notice of its alleged duty to defend and indemnity AECOM from certain claims asserted by PG&E.

211.    In response to paragraph 211, Kelly states that the allegations in the first sentence of paragraph 211 contain legal conclusions that require no response, and, to the extent a response is required, Kelly denies the allegations in the first sentence of paragraph 211.  Kelly further states that the remaining allegations in paragraph 211 are vague, ambiguous and unspecific and, as such, require no response, because AECOM does not specify the claims it is tendering for defense and indemnity.

212.    Kelly denies the allegations in paragraph 212.

213.    Kelly denies the allegations in paragraph 213.

**FOURTEENTH CAUSE OF ACTION**

**(EQUITABLE INDEMNITY AGAINST COUNTER-DEFENDANT JH KELLY)**

214.    In response to paragraph 214, Kelly incorporates its answer to paragraphs 1-213 above.  Kelly further states that PG&E's Counterclaim speaks for itself.  Kelly further denies any obligation to respond to the specific allegations in PG&E's Counterclaim based on AECOM's purported incorporation by reference of PG&E's Counterclaim.

215.    In response to paragraph 215, Kelly admits that PG&E has withheld amounts from AECOM and has alleged additional costs related to the Valve Strike incident.  Kelly denies the remaining allegations in paragraph 215.

**FIFTEENTH CAUSE OF ACTION**

**(DECLARATORY JUDGMENT AGAINST COUNTER-DEFENDANT JH KELLY)**

216.    In response to paragraph 216, Kelly incorporates its answer to paragraphs 1-215 above.

217.    Kelly states that the allegations in paragraph 217 contain legal conclusions that require no response.  To the extent a response is required, Kelly denies the allegations in paragraph 217.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-22-

4:20-CV-05381-HSG

218.    Kelly states that the allegations in paragraph 218 contain legal conclusions that require no response.  To the extent a response is required, Kelly denies the allegations in paragraph 218.

219.    Kelly states that the allegations in paragraph 219 contain legal conclusions that require no response.  To the extent a response is required, Kelly denies the allegations in paragraph 219.

220.    Kelly states that the allegations in paragraph 220 contain legal conclusions that require no response.  To the extent a response is required, Kelly denies the allegations in paragraph 200.

## SIXTEENTH CAUSE OF ACTION

## (CONTRIBUTION/APPORTIONMENT AGAINST ALL COUNTER-DEFENDANTS)

221.    In response to paragraph 221, Kelly incorporates its answer to paragraphs 1-220 above.

222.    Kelly states that the allegations in paragraph 222 contain legal conclusions that require no response.  To the extent a response is required, Kelly denies the allegations in paragraph 222.

223.    Kelly states that the allegations in paragraph 223 contain legal conclusions that require no response.  To the extent a response is required, Kelly denies the allegations in paragraph 223.

224.    Kelly states that the allegations in paragraph 224 contain legal conclusions that require no response.  To the extent a response is required, Kelly denies the allegations in paragraph 224.

## AFFIRMATIVE DEFENSES

Without agreeing or conceding that it has the burden of proof or burden of persuasion as to any of these issues, Kelly alleges the affirmative defenses set forth below.  All such defenses are pled in the alternative and do not constitute an admission of liability or that AECOM is entitled to any relief whatsoever.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                 -23-                    4:20-CV-05381-HSG
111819269.5 0034592- 00012

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

225.    AECOM fails to state facts in its Counterclaim sufficient to constitute a cause of action against Kelly.

## SECOND AFFIRMATIVE DEFENSE

### (Breach of Contract)

226.    AECOM breached the Subcontract and therefore is not entitled to recovery against Kelly.  Kelly incorporates those facts and allegations set out in its First Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Causation)

227.    Any purported loss, damage or injury suffered by AECOM was not caused by any act or omission, wrongful or otherwise, of Kelly, which acted in good faith at all times in connection with the matters alleged in the Counterclaim.  Kelly incorporates those facts and allegations set out in its First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

228.    AECOM's Counterclaim, and each and every cause of action asserted therein, is barred because AECOM is estopped from complaining of the acts or conduct alleged in the Counterclaim.  Based on AECOM's communications with PG&E, Shasta County and third-party contractors and suppliers, AECOM knew the status of the design work on the Project, the status of procurement, the status of permitting, the status of payments from PG&E, and other information of which Kelly was ignorant.  AECOM directed Kelly to perform work on the Project while restricting Kelly's communications with PG&E and failing to inform Kelly of the true state of the facts.  Kelly relied on AECOM's conduct to its detriment as alleged in Kelly's First Amended Complaint.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-24-

4:20-CV-05381-HSG

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

229.     AECOM's Counterclaim, and each and every cause of action asserted therein, is barred due to the doctrine of waiver.  AECOM had knowledge of the terms of the Subcontract and intentionally failed to act in accordance with the terms of the Subcontract by, without limitation, failing to properly and timely process Kelly's change order requests, pay Kelly undisputed contract amounts, cooperate with and assist Kelly in presenting request for additional compensation to PG&E, proceed on the basis of trust and good faith, and act in a timely manner. AECOM further caused unreasonable delay and interference with Kelly's performance of its obligations under the Subcontract.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

230.     AECOM's Counterclaim, and each and every cause of action asserted therein, is barred due to the doctrine of unclean hands.  AECOM is responsible for damages resulting from its own acts or omissions, including without limitation those acts and omissions set forth in Kelly's First Amended Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

231.     AECOM's Counterclaim, and each and every cause of action asserted therein, is barred due to the doctrine of laches.  AECOM failed to comply with its obligations under the Subcontract to, among other things, resolve disputes or disagreements in an amicable, professional and expeditious manner so as to avoid unnecessary losses, delays and disruptions to the work at the Project.  Among other things, AECOM failed to properly and timely process Kelly's change order requests, pay Kelly undisputed contract amounts, cooperate with and assist Kelly in presenting request for additional compensation to PG&E, and act in a timely manner. AECOM's delays in asserting its rights or claims caused prejudice to Kelly.

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-25-

4:20-CV-05381-HSG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EIGHTH AFFIRMATIVE DEFENSE**

**(Reasonableness and Good Faith)**

232.   AECOM's Counterclaim, and each and every cause of action asserted therein, is barred because, at all times complained of, Kelly acted without malice and in good faith, and all actions taken by Kelly were taken for lawful reasons.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

233.   AECOM has failed and neglected to use reasonable care to minimize and mitigate losses, injury and damages complained of, if any, and has knowingly and deliberately engaged in conduct that would have aggravated its purported damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

234.   AECOM's counterclaims, in whole or in part, are barred because it seeks relief that would result in unjust enrichment of AECOM.  AECOM benefited from Kelly's work on the Project, including without limitation from the costs, expenses, delays and other impacts suffered by Kelly to progress construction on the Project for the benefit of PG&E and AECOM without proper compensation to Kelly.  It would be unjust for AECOM to retain the benefits of Kelly's work on the Project without proper compensation to Kelly.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

235.   Kelly has claims against AECOM in amounts exceeding the amounts claimed by AECOM in its Counterclaim.  AECOM's recovery, if any, must be reduced by the amount of the offsets of Kelly.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Indemnity)**

236.   Kelly alleges that the damages, if any, suffered by AECOM are the result of the active and primary negligence or fault of other parties, including, but not limited to, PG&E,

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-26-

4:20-CV-05381-HSG

1  AECOM and/or Staub, for which Kelly has no responsibility.  As a result, Kelly is entitled to full

2  and/or partial express, implied and/or equitable indemnification.

3                           **THIRTEENTH AFFIRMATIVE DEFENSE**

4                                    **(Prior Material Breach)**

5         237.    Kelly's duty of performance under the Subcontract was extinguished by

6  AECOM's prior material breach of its obligations under the Subcontract.

7                          **FOURTEENTH AFFIRMATIVE DEFENSE**

8                               **(Violation of Prompt Payment Laws)**

9         238.    AECOM's withholdings from Kelly violate California Business and Professions

10  Code § 7108.5; California Civil Code §§ 8802, 8814 and 8818; and/or other applicable code

11  section(s) of California's prompt payment laws.

12                          **FIFTEENTH AFFIRMATIVE DEFENSE**

13                                  **(Comparative Liability)**

14        239.    Kelly alleges that any damage suffered by AECOM are a result of the negligence

15  or fault of parties other than Kelly including, but not limited to, PG&E, AECOM and/or Staub.

16                          **SIXTEENTH AFFIRMATIVE DEFENSE**

17                         **(Failure to Properly Barricade V-35 Valve)**

18        240.    Kelly alleges that PG&E and/or AECOM failed to properly barricade the V-35

19  valve at the Project site in accordance with 42 C.F.R. § 192.317(b) or otherwise applicable

20  standards, which failure contributed to the damages alleged by AECOM for the Valve Strike

21  incident.

22                         **SEVENTEENTH AFFIRMATIVE DEFENSE**

23                                       **(Contribution)**

24        241.    Kelly alleges that the damages, if any, suffered by Kelly are the result of the active

25  and primary negligence or fault of other parties, including PG&E, AECOM and/or Staub, for

26  which Kelly has no responsibility.  As a result, Kelly is entitled to contribution from those parties

27  that are liable.

28

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                    -27-                    4:20-CV-05381-HSG
111819269.5 0034592- 00012

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

242.    Kelly alleges that AECOM's damages, if any, were sustained as a direct and proximate result of the negligence and/or breaches of contract by AECOM and/or other third parties other than Kelly.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Excuse)

243.    Kelly's performance and obligations under the Subcontract alleged in the Counterclaim were excused by AECOM's conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

244.    The damages suffered by AECOM, if any, were caused in whole or in part by the acts, wrongful or otherwise, and/or omissions of persons and entities other than Kelly.  Further, such acts and omissions constitute an intervening and superseding cause.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Proximate Cause)

245.    AECOM has failed to allege and cannot prove any facts showing that the conduct of Kelly was the proximate cause of any damage alleged in the Counterclaim, or that any conduct of Kelly was the proximate cause of any alleged injury or damage to AECOM.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Disputes Allegedly Involving PG&E)

246.    To the extent AECOM believed that certain change order requests or claims of Kelly were the responsibility of PG&E, in whole or in part, AECOM failed to cooperate with and assist Kelly in presenting such change order requests or claims to PG&E.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Abandonment)

247.    During the course of the Project, AECOM abandoned the Subcontract, including without limitation the contractual change order process and the dispute resolution process, by

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-28-

4:20-CV-05381-HSG

1  fundamentally modifying and increasing Kelly's scope of work on the Project, failing to timely

2  and properly pay undisputed contract amounts, failing to process change order requests according

3  to the Subcontract, and failing to properly and timely proceed in accordance with the dispute

4  resolution provisions in the Subcontract.  As a result, AECOM has abandoned the Subcontract

5  and cannot enforce the same against Kelly.

6                          **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

7                      **("Pay If Paid"/"Pay When Paid" Subcontract Provisions)**

8           248.    To the extent AECOM relies on PG&E's alleged delay in payment to AECOM or

9  PG&E's alleged failure to pay AECOM in support of AECOM's failure to make timely payment

10  to Kelly under the Subcontract, AECOM cannot rely on "pay if paid" provisions in the

11  Subcontract, including, but not limited to, Section 5.4.1, because such provisions are

12  unenforceable under California law.  *See*, *e.g.*, *Wm. R. Clarke Corp. v. Safeco Ins. Co.*, 15 Cal.

13  4th 882 (1997).  AECOM also cannot rely on "pay when paid" provisions in the Subcontract,

14  including, but not limited to, Section 7.2.4, because such provisions require payment within a

15  reasonable time, and AECOM has failed to make payment to Kelly under the Subcontract within

16  a reasonable time.  *See*, *e.g.*, *Crosno Constr., Inc. v. Travelers Cas. & Surety Co. of Am.*, 47 Cal.

17  App. 5th 940 (2020).

18                               **RESERVATION OF RIGHTS**

19          249.    Kelly specifically reserves all rights to supplement and/or amend this Answer with

20  additional denials and/or affirmative defenses as further facts are discovered in this litigation.

21                                **RELIEF REQUESTED**

22          WHEREFORE, having fully answered the Counterclaim and having asserted affirmative

23  defenses, Kelly requests the following relief:

24          1.      For dismissal with prejudice of AECOM's Counterclaim and all claims and causes

25  of action asserted by AECOM against Kelly;

26          2.      For an award of Kelly's costs and attorneys' fees as provided for by contract or

27  allowed by law; and

28

Stoel Rives LLP
Attorneys At Law
Portland

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM
111819269.5 0034592- 00012

-29-

4:20-CV-05381-HSG

1         3.    For all such other relief as the Court deems just and equitable.

2

3 DATED:  August 9, 2021

4                                     STOEL RIVES LLP

5

6                          By:    */s/ Mario R. Nicholas*

7                            ERIC A. GRASBERGER
                           MARIO R. NICHOLAS

8                            Attorneys for Plaintiff

9                            JH Kelly, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM

-30-

4:20-CV-05381-HSG

111819269.5 0034592- 00012

1

### **DEMAND FOR JURY TRIAL**

2        Pursuant to Federal Rule of Civil Procedure 38(b) and Civil L.R. 3-6(a), JH Kelly, LLC

3   hereby demands a jury trial on all issues so triable.

4

    DATED: August 9, 2021

5

6                                        STOEL RIVES LLP

7

8                                        By:    /s/ Mario R. Nicholas
9                                            ERIC A. GRASBERGER
                                             MARIO R. NICHOLAS

10                                           Attorneys for Plaintiff
                                             JH Kelly, LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY'S ANSWER TO AECOM'S
SECOND AMENDED COUNTERCLAIM                     -31-                          4:20-CV-05381-HSG

111819269.5 0034592- 00012

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **JH KELLY LLC'S ANSWER TO AECOM'S SECOND AMENDED COUNTERCLAIM** on the following named person(s) on the date indicated below by

☐   mailing with postage prepaid

☐   hand delivery

☐   overnight delivery

☒   email

☒   notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

Aaron R. Gruber
agruber@rallsgruber.com
Dylan Crosby
dcrosby@rallsgruber.com
Ralls Gruber & Niece LLP
1700 S. El Camino Real, Suite 150
San Mateo, CA 94402

*Attorneys for Pacific Gas and Electric Company*

Henry A. Wirta, Jr.
hwirta@hfdclaw.com
Harrington Foxx Dubrow & Canter, LLP
601 Montgomery Street, Suite 800
San Francisco, CA 94111

*Attorneys for Ed Staub & Sons Petroleum, Inc.*

Marion T. Hack
marion.hack@troutman.com
William M. Taylor
William.Taylor@Troutman.com
Luke Nicholas Eaton
luke.eaton@troutman.com
Troutman Pepper Hamilton Sanders LLP
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

*Attorneys for AECOM Technical Services, Inc.*

DATED:  August 9, 2021.

STOEL RIVES LLP

      */s/ Mario R. Nicholas*
MARIO R. NICHOLAS
Mario.nicholas@stoel.com
Attorneys for JH Kelly, LLC