1    AARON R. GRUBER (CABN 209509)
     agruber@rallsgruber.com
2    DYLAN J. CROSBY (CABN 299536)
     dcrosby@rallsgruber.com
3    Ralls Gruber & Niece LLP
     1700 S. El Camino Real, Suite 150
4    San Mateo, CA 94402
     Telephone:  650.445.0543
5
6    Attorneys for Defendant and Counter-Defendant
     PACIFIC GAS & ELECTRIC COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

| | |
|---|---|
| 11   In Re | Case No. 4:20-cv-05381-HSG (Lead Case) |
| 12   PG&E CORPORATION | (Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and Adv. Proc. No. 19-03008) |
| 13             v. | |
| 14   AECOM TECHNICAL SERVICES, INC. | (Consolidated with Case No. 3:20-cv-08463-EMC) |
| 15 | |
| 16 | **PG&E'S NOTICE OF MOTION AND MOTION FOR RULE 54(b) JUDGMENT AS TO AECOM AND JH KELLY'S MECHANIC'S LIEN CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 17 | |
| 18 | |
| 19 | [Fed. R. Civ. P. 54(b)] |
| 20 | Date:            December 2, 2021 |
| 21 | Time:            2:00 p.m. |
|    | Courtroom:    2, 4th Floor |
| 22 | Judge:            Hon. Haywood S. Gilliam, Jr. |
| 23 | Complaint Filed:  January 25, 2019 |
| 24 | Trial Date:         February 14, 2022 |

25

26

27

28

---

PG&E'S RULE 54(b) MOTION            -1-            CASE NO. 4:20-CV-05381-HSG
FOR JUDGMENT

1

**NOTICE OF MOTION AND MOTION TO DISMISS**

2        Please take notice that on December 2, 2021, at 2:00 p.m., or as soon thereafter as the matter

3  may be heard, in Courtroom 2, 4th Floor, of the above-entitled Court, located at the Ronald V.

4  Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, California

5  94612, Pacific Gas & Electric Company (PG&E) will and hereby does move under Rule 54(b) of

6  the Federal Rules of Civil Procedure for judgement as to AECOM Technical Services, Inc.'s

7  (AECOM) first claim for Determination of Priority and Extent of AECOM's Valid Mechanic's

8  Lien (Dkt. No. 38) and JH Kelly LLC's (JH Kelly) first claim for Foreclosure of Mechanics Lien

9  (Dkt. No. 18).

10       This motion will be based on this notice, the concurrently filed memorandum of points and

11  authorities and declaration of Dylan J. Crosby, the pleadings and papers filed in this action, and

12  any further evidence or argument that the Court may properly receive at or before the hearing.

13

**STATEMENT OF RELIEF – L.R. 7-2(b)(3)**

14       Pursuant to Rule 54(b), PG&E seeks final judgement as to (i) AECOM's first claim for

15  Determination of Priority and Extent of AECOM's Valid Mechanic's Lien and (ii) JH Kelly's first

16  claim for Foreclosure of Mechanics Lien (together, Mechanic's Lien Claims).

17

**STATEMENT OF ISSUES TO BE DECIDED - L.R. 7-4(a)(3)**

18       Whether, pursuant to Rule 54(b), the Court should enter final judgment as to the Mechanic's

19  Lien Claims because (i) the Court's orders dismissing the Claims without leave to amend (Dkt.

20  Nos. 56 & 64) constitute a "final judgment" and (ii) "there is no just reason for delay."

21       Respectfully submitted,

22

23  Dated: August 16, 2021          RALLS GRUBER & NIECE LLP

24

25                    By: _____

26                      AARON R. GRUBER

                       Attorneys for

27                      PACIFIC GAS & ELECTRIC COMPANY

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This action concerns the Burney K2 Replacement Project (Project) located at 37667 Highway 29, Burney, California, 96013 (Property). *See* Dkt. No. 18. The Project involved the "replacement of a natural gas compressor unit at the Burney Compressor Station" and "the performance of various upgrades to the Burney Compressor Station." *Id.* at ¶ 11. The Burney Compressor Station is an integral part of PG&E's "natural gas distribution system that provides service to around 4.2 million customers from Bakersfield, California to the southern border of the State of Oregon." *Id.*

In connection with the Project, both JH Kelly and AECOM improperly recorded mechanic's liens against PG&E's Property in November 2018 and January 2019, respectively. After the parties' disputes were consolidated in this Court, JH Kelly filed a First Amended Complaint stating a claim against PG&E for "Foreclosure of Mechanics Lien" (Dkt. No. 18). AECOM also filed a First Amended Counterclaim stating a claim against PG&E for "Determination of Priority and Extent of AECOM's Valid Mechanic's Lien" (Dkt. No. 38) (together, Mechanic's Lien Claims). PG&E filed Rule 12(b)(6) motions to dismiss each claim on the ground the mechanic's liens recorded against PG&E's Property were void *ab initio* pursuant to Section 851 of the Public Utilities Code. Dkt. Nos. 24 & 48.

The Court granted both of PG&E's motions, dismissing the Mechanic's Lien Claims without leave to amend. Dkt. Nos. 56 & 64 at n. 1. The Court found that both parties liens were "unauthorized encumbrances" and thus, "void." Dkt. No. 54 at 7, n. 3. The Court also found that pursuant to Section 851, both claims failed to state a claim upon which relief can be granted "[b]ecause the Property is necessary and useful for PG&E to perform its duties" and because the mechanic's liens have "not been authorized by the Commission." *Id.* at 7.

Rule 54(b) of the Federal Rules of Civil Procedure provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties." In order to grant final judgment, the Court must determine two distinct issues: (i) whether the Court has rendered a final judgment as to the claims at issue and, if so: (ii) that "there is no just reason for delay" in granting

final judgment. *Curtiss-Wright Corp. v. General Elec*. Co., 446 U.S. 1, 7-10 (1980). This standard is met here.

*As to the first element*, final judgment has been rendered because the Court's dismissed the Mechanic's Lien Claims "without leave to amend." Dkt. Nos. 56 & 64 at 3, n. 1; *see Foreman v. Bank of Am., N.A.*, No. 18-cv-01375-BLF, 2019 U.S. Dist. LEXIS 228680, at *8 (N.D. Cal. Dec. 3, 2019) (counts "dismissed without leave to amend" by the district court were final for the purposes of Rule 54(b)); *Roberts v. C.R. Eng., Inc.*, No. C 11-2586 CW, 2012 U.S. Dist. LEXIS 28826, at *9 (N.D. Cal. Mar. 5, 2012) (same); *Paskenta Band of Nomlaki Indians v. Crosby*, No. 2:15-cv-00538-MCE-CMK, 2016 U.S. Dist. LEXIS 157378, at *5-6 (E.D. Cal. Nov. 14, 2016) (same).

*As to the second element*, there is no just reason for delay because the Court found the Mechanic's Lien Claims present a "discrete legal issue," distinct from the parties' other claims (Dkt. No. 56 at 3); JH Kelly has no remaining claims against PG&E; and AECOM's remaining claims are separable and district – factually and legally – and seek different relief than its mechanic's lien claim. *See Curtiss-Wright*, 446 U.S. at 8 (Factors to consider are whether "the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals).

PG&E respectfully asks that the Court now enter final judgment on the Mechanic's Lien Claims pursuant Rule 54(b) so that AECOM and JH Kelly may either seek appellate review of the Court's Orders without undue delay or discharge the unlawful liens recorded against PG&E's Property.

## BACKGROUND

A.   **The Court's Dismissal of JH Kelly's Mechanic's Lien Claim.**

On November 1, 2018, JH Kelly recorded the mechanic's lien against the Property. Dkt. No. 18, ¶ 54. On January 29, 2021, JH Kelly filed its First Amended Complaint against AECOM and PG&E. Dkt. No. 18. JH Kelly's first claim for relief was for "Foreclosure of Mechanics Lien." *Id*. at ¶¶ 50-56.

On February 1, 2021, PG&E filed a Rule 12(b)(6) motion to dismiss as to JH Kelly's mechanic's lien claim. Dkt. No. 24. On April 30, the Court issued its "Order Granting Motion to Dismiss Claim for Foreclosure of Mechanics Lien," dismissing JH Kelly's claim without leave to amend. Dkt. No. 56. Specifically, the Court found that whether "JH Kelly's mechanics lien against the Property constitutes an unlawful encumbrance of a public utility's property in violation of California Public Utility Code § 851" "presents a discrete legal issue in the midst of an otherwise sprawling construction contract dispute." Dkt. No. 56 at 7. As to that issue, the Court ruled

> the weight of California authority supports the position that an encumbrance on necessary and useful public utility property must first be authorized by the Commission before it may be foreclosed by a court. Because the Property is necessary and useful for PG&E to perform its duties and because JH Kelly's mechanics lien has not been authorized by the Commission, the Court finds that the claim for foreclosure of the mechanics lien fails "to state a claim upon which relief can be granted."

*Id.* at p. 7, citing Fed. R. Civ. P. 12(b)(6). The Court also ruled that "Section 851 provides that an unauthorized encumbrance, like JH Kelly's mechanics lien, is 'void.'" *Id.* at 7, n. 3.

**B.     The Court's Dismissal of AECOM's Mechanic's Lien Claim.**

On January 29, 2019, AECOM recorded a mechanic's lien against the Property. Dkt. No 38, ¶ 78. On March 8, 2021, AECOM filed its First Amended Counterclaim. Dkt. No. 38. AECOM's first claim is for "Determination of Priority and Extent of AECOM's Valid Mechanic's Lien." *Id.*, ¶¶ 79-92.

On March 29, 2021, PG&E filed a Rule 12(b)(6) motion to dismiss as to AECOM's mechanic's lien claim. Dkt. No. 48. On June 28, the Court issued its "Order Granting Motion to Dismiss in Part AECOM's First Amended Counterclaim." Dkt. No. 64. Given the Court's reasoning in its Order as to JH Kelly's mechanic's lien claim, the Court also dismissed, without leave to amend, AECOM's mechanic's lien claim. *Id.* at 3, n. 1.

**C.     Meet and Confer Efforts.**

Following the Court's dismissal of the Mechanic's Lien Claims, PG&E asked whether the parties intended on discharging their liens recorded against the Property. Crosby Decl., Exs. A-E.

1   Both parties declined, purportedly because the Court's Orders were not "final decisions" under 28

2   U.S.C. § 1291, and therefore not subject to appeal.  *Id.*

3      Given AECOM and JH Kelly's refusal, PG&E asked whether they would be willing to

4   stipulate to judgment being entered as to their claims pursuant to Rule 54(b).  Crosby Decl., Exs.

5   F-G.  PG&E reasoned that if AECOM and/or JH Kelly wanted to appeal the Court's discrete ruling,

6   they should do so now – not at the end of the case – because the Court ruled the mechanic's liens

7   were void and PG&E's Property, which is necessary and useful to the public, continues to be

8   adversely affected by the liens.  *Id.*  AECOM responded, without any explanation, that it was "not

9   agreeable to [PG&E's] proposal."  *Id* at Ex. F.  JH Kelly and PG&E discussed the issue but could

10  not reach agreement as to PG&E's request for judgment.  *Id.* at ¶ 8, Ex G.

11  **LEGAL STANDARD**

12     Federal courts of appeal generally only have jurisdiction over appeals from "final decisions"

13  of federal district courts. 28 U.S.C. § 1291; *see Jewel v. NSA*, 810 F.3d 622, 627 (9th Cir. 2015).

14  "Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all

15  parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Carter*

16  *v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999).  However, Rule 54(b) provides an

17  exception by allowing a district court to convert "an order adjudicating less than an entire action to

18  the end that it becomes a 'final' decision over which a court of appeals may exercise jurisdiction

19  under 28 U.S.C. § 1291." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012);

20  *see also Jewel*, 810 F.3d at 627-28.  In relevant part, Rule 54(b) provides:

21          When an action presents more than one claim for relief—whether as a claim,
            counterclaim, crossclaim, or third-party claim—or when multiple parties are
22          involved, the court may direct entry of a final judgment as to one or more, but fewer
            than all, claims or parties only if the court expressly determines that there is no just
23          reason for delay.

24  Rule 54(b) was adopted "specifically 'to avoid the possible injustice' of 'delay[ing] judgment o[n]

25  a distinctly separate claim [pending] adjudication of the entire case[.]'" *Gelboim v. Bank of Am.*

26  *Corp.*, 574 U.S. 405, 405 (2015) (citation omitted).  The Rule is "thus aimed to augment, not

27  diminish, appeal opportunity." *Id*; *see also Elliot*, 682 F.3d at 220 (the Rule "'attempts to strike a

28

1    balance between the undesirability of piecemeal appeals and the need for making review available

2    at a time that best serves the needs of the parties'").

3        "The U.S. Supreme Court has interpreted Rule 54(b) to require a district court facing a Rule

4    54(b) motion, first, to determine whether the motion concerns a final judgment." *In re Cathode*

5    *Ray Tube (CRT) Antitrust Litig.*, No. MDL No. 1917, 2016 U.S. Dist. LEXIS 138974, at *85 (N.D.

6    Cal. Oct. 5, 2016), citing *Curtiss-Wright*, 446 U.S. at 7.  "After a district court has determined

7    whether a judgment is final, it must determine whether, in its discretion, any 'just reason for delay'

8    exists.  The court does so by balancing judicial administrative interests and the equities involved."

9    *Id.*, quoting *Curtiss-Wright*, 446 U.S. at 8-10.  As described below, PG&E has satisfied this

10   standard as to the Mechanic's Lien Claims.

11                                   **DISCUSSION**

12   **A.    The Court Has Rendered Final Judgment as to the Mechanic's Lien Claims.**

13       As to the first element, a district court must "determine that it has rendered a 'final

14   judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the

15   course of a multiple claims action.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005),

16   quoting *Curtiss-Wright*, 466 U.S. at 7.  A decision is final "if it ends the litigation on the merits and

17   leaves nothing for the court to do but execute the judgment." *Arizona State Carpenters Pension*

18   *Tr. Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (internal quotation marks omitted).  "A

19   Rule 54(b) judgment may be entered *inter alia* in connection with the granting of a Rule 56

20   summary judgment motion, [citation], or a ***Rule 12(6) motion to dismiss***. [citation]." *Bever v. Cal-*

21   *Western Reconveyance Corp.*, No. 1:11-CV-1584 AWI SKO, 2014 U.S. Dist. LEXIS 154220, at

22   *27 (E.D. Cal. Oct. 30, 2014) (claims dismissed without leave to amend were final for the purposes

23   of Rule 54(b)) (emphasis added).

24       Here, the Court's dismissed the Mechanic's Lien Claims "without leave to amend."  Dkt.

25   Nos. 56 & 64 at 3, n. 1.  Thus, the Court has rendered a final judgment as to these Claims for the

26   purposes of Rule 54(b).  *See Foreman v. Bank of Am., N.A.*, No. 18-cv-01375-BLF, 2019 U.S. Dist.

27   LEXIS 228680, at *8 (N.D. Cal. Dec. 3, 2019) (counts "dismissed without leave to amend" by the

28

district court were final for the purposes of Rule 54(b)); *Roberts v. C.R. Eng., Inc.*, No. C 11-2586 CW, 2012 U.S. Dist. LEXIS 28826, at *9 (N.D. Cal. Mar. 5, 2012) (finding that Rule 54(b)'s finality "requirement is satisfied because the Court has dismissed Plaintiffs' CFIL claim without leave to amend"); *Paskenta Band of Nomlaki Indians v. Crosby*, No. 2:15-cv-00538-MCE-CMK, 2016 U.S. Dist. LEXIS 157378, at *5-6 (E.D. Cal. Nov. 14, 2016) ("There is no doubt that the dismissal [without leave to amend] of the third-party claims constitutes a final judgment"); *Bever*, 2014 U.S. Dist. LEXIS 154220, at *29 (same).

## B.    There is No Just Reason to Delay Entry of Final Judgment as to the Mechanic's Lien Claims.

If the Court finds that the finality element is satisfied, it must then "determine whether there is any just reason for delay." *Wood*, 422 F.3d at 878.[1]  Factors to consider are whether "the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.  In determining whether there is "no just reason for delay," a "pragmatic approach that focuses on severability and efficient judicial administration" is appropriate.  *Wood*, 422 F.3d at 880.  Here, several factors support a finding that there is no just reason for delay.

*First*, the Mechanic's Lien Claims present discrete legal issues, distinct from the parties' other claims.  *See Gregorian v. Izvestia*, 871 F.2d 1515, 1520 (9th Cir. 1989) (entry of judgment under Rule 54(b) is proper where the remaining claims are "legally and factually distinct" from the

---

[1]The requirement that a district court must "'determine whether there is any just reason for delay,' is not merely formalistic." *Elliot*, 682 F.3d at 220.  "Rule 54(b) makes clear that a district court may direct entry of a final judgment under the rule 'only if the court expressly determines that there is no just reason for delay.'" *Ibid*; *see also Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (district court failed to make the "requisite 'express determination that there is no just reason for delay'").  However, a "mechanical" recitation of the "no just reason for delay" language in the Rule will not suffice.  *Id.* at 221, quoting *Allis–Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975).  The district court must instead, "'clearly articulate the reasons and factors underlying its decision . . . .'" *Elliot*, 682 F.3d at 221, quoting *Allis–Chalmers*, 521 F.2d at 364; *see also Frank Briscoe*, 776 F.2d at 415 ("The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order").

dismissed claims). In ruling on the Claims, the Court specifically found that whether the "mechanics lien against the Property constitutes an unlawful encumbrance of a public utility's property in violation of California Public Utility Code § 851" "presents a ***discrete legal issue*** in the midst of an otherwise sprawling construction contract dispute." Dkt. No. 56 at 7 (emphasis added).

*Second*, the Court's Order fully disposed of the case between JH Kelly and PG&E. JH Kelly's mechanic's lien claim was the only claim it plead against PG&E. *See* Dkt. No. 18; *Sheehan v. Atlanta International Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987) (holding that the "district court did not abuse its discretion in making the Rule 54(b) certification" because the "order and judgment fully dispose of the case between the Sheehans and Atlanta, and will likely aid in the expeditious decision of Integrity's counterclaim").

*Third*, AECOM's remaining fraud, contract, and equity claims are based on different facts and legal theories and seek separate relief than its mechanic's lien claim. For example, AECOM's mechanic's lien claim seeks "a determination of that [sic] AECOM holds a duly perfected first-priority lien and security interest in the Property." Dkt. No. 38, Prayer at 2. Its other claims seek damages, fees, interest, and costs. *Id.* at Prayer at 1, 3-7. Moreover, the facts and legal theories supporting AECOM's claim that it "is entitled to an order or judgment that it holds a duly perfected first-priority lien and security interest on the Property" (Dkt. No. 38, ¶ 92) are distinct from its remaining claims. Thus, here "the adjudicated claims [are] separable from the others and . . . the nature of the claim[s] [are] such that no appellate court would have to decide the same issues more than once." *Wood*, 422 F.3d at 878 n.2.

*Fourth*, final judgment as to the Mechanic's Lien Claims is appropriate because there is a strong public interest in avoiding a delay in the appeal of the Court's Orders. *Quinn v. City of Boston*, 325 F.3d 18, 27 (1st Cir. 2003) ("The most important factor counseling in favor of allowing an immediate appeal in this case is the public interest"). As the Court recognized in dismissing the Claims with prejudice, JH Kelly and AECOM improperly encumbered PG&E's property which "is necessary and useful for PG&E to perform its duties." Dkt. No. 56 at 7; *see also* n. 3 (Section 851 provides that an unauthorized encumbrance, like JH Kelly's mechanics lien, is 'void'"). Specifically, the Property at issue is a compressor station which is an integral part of PG&E's

1  "natural gas distribution system that provides service to around 4.2 million customers from

2  Bakersfield, California to the southern border of the State of Oregon." Dkt. No. 18, ¶ 11. AECOM

3  and JH Kelly's continued unlawful encumbrance of the Property clouds the title on portions of

4  PG&E's gas distribution system to service residents of California. *See* Dkt. No. 24 at 13-14; *Quinn*,

5  325 F.3d at 27 (finding that it is in the "interest of all that appellate review" of "serious issues,

6  namely national security and the preservation of the rights and liberties guaranteed by the United

7  States Constitution" "proceed expeditiously, without further delay"). If judgment is not entered

8  under Rule 54(b), it will likely be a substantial period before this case is completed, given the fact

9  that PG&E has yet to answer AECOM's operative complaint, discovery is in its infancy (i.e., the

10  parties have conducted only limited written discovery and have only taken one deposition), and the

11  trial in this matter is not set to commence until the end of February 2022.

12       Thus, there is no just reason for delay in entering final judgment as to the Mechanic's Lien

13  Claims under Rule 54(b).

**CONCLUSION**

14

15      For the reasons stated above, PG&E asks that this Court grant its motion and enter final

16  judgment pursuant to Rule 54(b) as to the Mechanic's Lien Claims.

17               Respectfully submitted,

18

19  Dated: August 16, 2021                    RALLS GRUBER & NIECE LLP

20

21

22                                            By: _____

23                                               AARON R. GRUBER

24                                            Attorneys for
                                              PACIFIC GAS & ELECTRIC COMPANY

25

26

27

28