Troutman Pepper Hamilton Sanders LLP
Two California Plaza, 350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3427

troutman.com



**Luke N. Eaton**
luke.eaton@troutman.com

**VIA ECF**

August 26, 2021

Honorable Judge Haywood S. Gilliam
United States District Court
Northern District of California
Oakland Courthouse, Courtroom 2 – 4th Floor
1301 Clay Street, Oakland, CA 94612

      Re: JH Kelly, LLC v. AECOM TECHNICAL SERVICES, INC., et al.
      Case No. 4:20-cv-05381-HSG (Lead Case)

Dear Judge Gilliam:

Pursuant to your Civil Standing Order regarding discovery disputes, Defendant and Counter-Claimant AECOM Technical Services, Inc. ("AECOM") and Counter-Claimant and Counter-Defendant Pacific Gas & Electric Company ("PG&E") submit this joint letter regarding a dispute over the production of documents pursuant to AECOM's Request for Production of Documents ("RPD"), Set One Nos. 60-61, 63-68. *See* AECOM's RPD to PG&E, Set One Nos. 60-61, 63-68 (Exhibit 1) and PG&E's Responses to AECOM's RPD, pp. 44-49 (Exhibit 2). Counsel for both AECOM and PG&E met and conferred via e-mail and telephone in good faith prior to the submission of this letter.

## I.    AECOM'S POSITION

PG&E is attempting to hide communications with a non-party design firm about the intended scope of the Burney Compressor Station Project (the "Project"). PG&E's knowing misrepresentation of the Project's scope during the bid stage was the "original sin" of this matter and had a devastating and pervasive impact on the Project's costs and schedule. As shown below, AECOM has consistently sought these communications for well over a year. Thus, PG&E's contention that AECOM is seeking documents in an effort to harass PG&E is flatly incorrect.

PG&E's Request for Proposal ("RFP") included a preliminary design, also known as the 30% design, upon which PG&E instructed bidders to rely to prepare their bids for the Project. The design firm, Gulf Interstate Engineering ("GIE"), prepared the 30% design. Given GIE's role on the Project, AECOM submitted requests for the production of documents related to PG&E's review and approval of GIE's design and drawings. *See* Exhibit 1. AECOM's requests sought, among other things, communications and correspondence between PG&E and GIE, revisions and



comments to the design and drawings that GIE created and provided to PG&E, and minutes relating to any meetings between PG&E and GIE related to these drawings that AECOM ultimately used to prepare its bid. All of these requests relate to, among other things, the allegation that PG&E knew, and failed to disclose, that the 30% design was inadequate and induced AECOM to enter into the EPC Agreement without informing AECOM that substantial design changes would be forthcoming. PG&E's knowledge of, or intent to make, such changes would belie its current refusal to pay AECOM for the additional work scope AECOM executed.

AECOM served a third-party subpoena on GIE seeking the documents described above. GIE objected and threatened to pursue AECOM for the costs associated with production these documents because PG&E already possessed the relevant documents. *See* Exhibit 3. Nevertheless, PG&E objects to each of AECOM's discovery requests. *See* Exhibit 2. Accordingly, AECOM seeks an order compelling PG&E to produce documents responsive to AECOM's RPD, Set One, Numbers 60-61 and 63-68. As explained below, AECOM's RPDs seek information that is directly relevant to the claims asserted in AECOM's Second Amended Counter-Claim ("SACC") against PG&E.

## A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *In re Toys R Us–Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. ML 08-1980 MMM (FMOx), 2010 WL 4942645, *1 (C.D.Cal. Jul. 29, 2010). "[T]he test for discovery is not admissibility, but whether relevant evidence appears reasonably calculated to lead to the discovery of admissible evidence. At the discovery stage, the Court does not decide whether parol evidence will or will not be admitted . . ." *GBTI, Inc. v. Ins. Co. of State of Pa.*, No. 1:09CV01173 LJO DLB, 2010 WL 2942631, at *4 (E.D. Cal. July 23, 2010). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Louisiana P. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). Upon a sufficient showing, the party opposing discovery has the burden of showing that discovery should not be allowed by "clarifying, explaining and supporting its objections with competent evidence." *Id*.

## B. PG&E Must Produce the Requested Documents.

The GIE-PG&E communications that AECOM seeks are critical because they will establish the extent and nature of PG&E's knowing misrepresentation of the Project's scope. It is already clear that PG&E caused AECOM (and, by extension, JH Kelly) to bid on inaccurate and incomplete designs. On November 13, 2014, PG&E's Ted Bestor wrote in an email to PG&E's lead electrical engineer (Khaled Malsen) for the Project that his changes had been withheld from the bid



documents because "Gulf stated that the changes you requested would require a significant amount of rework and be subject to a change order." *See* Exhibit 4. It is, therefore, clear that relevant communications with GIE exist, and that they support AECOM's contention PG&E knowingly misrepresented the Project's scope.

PG&E does not dispute that it possesses documents that are responsive to AECOM's RPDs and that PG&E has not produced the requested documents. Additionally, GIE has confirmed that these documents are in PG&E's possession. PG&E refuses to produce the requested documents because, according to PG&E, communications related to GIE's preliminary design would be "inadmissible parol evidence and/or irrelevant to the contractual dispute between PG&E and AECOM." *See* Exhibit 5. PG&E also claims it has produced many pages of documents and, as a result, should not be required to make a supplemental production. As explained below, PG&E's bases for refusing to produce these records are wrong.

*First*, the parol evidence rule has no bearing on whether evidence is *discoverable*. "Information within [Rule 26's] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. Pro. 26(b)(1). As such, any determination of admissibility is premature and improper at this phase of the litigation. *See GBTI, Inc. v. Ins. Co. of State of Pa.*, No. 1:09CV01173 LJO DLB, 2010 WL 2942631, at *4 (E.D. Cal. July 23, 2010).

*Second*, AECOM's document requests directly relate to AECOM's Breach of the Implied Warranty of Specifications and Plans, Negligent Misrepresentation, and Fraud claims. *See* AECOM SACC Causes of Action ("COA") Nos. 3, 5-6 (Dkt. No. 65). Critical allegations in this matter include that the 30% design was inaccurate, incomplete, and inadequate; PG&E knew the design was inaccurate, incomplete, and inadequate; and AECOM's efforts to rectify these problems contributed to substantial cost overruns and delays. SACC at ¶109. It is essential that AECOM have the evidence to further explore and support these allegations. AECOM made reasonable, narrowly-tailored requests for communications and correspondence between PG&E and GIE related to the design; revisions and comments to the design and drawings that GIE created and provided to PG&E for the Project; and minutes relating to any meetings between PG&E and GIE relating to these drawings. Based on the evidence available thus far, AECOM anticipates that this evidence will shed light on PG&E's intentions, knowledge, and actions related to the 30% design, including whether PG&E intended to significantly change the 30% design without first informing AECOM, and who bears responsibility for such changes.

*Third*, PG&E's claim that it has already produced nearly a million pages of documents is a red herring and does not absolve PG&E of its refusal to produce these relevant and responsive records. PG&E has already identified the relevant documents and should have produced these records in response to JH Kelly's and AECOM's initial subpoenas to PG&E instead of electing to unilaterally withhold these records.[1] Now PG&E complains it should not have to complete a supplemental production despite the fact that PG&E is the sole reason that its initial production was incomplete.

---

[1] Before PG&E joined this matter as a party, both JH Kelly and AECOM served PG&E with third-party subpoenas seeking the documents at issue here. *See* Exhibit 6, AECOM's Subpoena, RFP Nos. 10-11.



## II.    PG&E's POSITION: AECOM Seeks to Compel the Production of Additional, Irrelevant Information.

In direct repose to AECOM's allegations:

- PG&E is not attempting to hide any material from AECOM.  PG&E has been very clear about its productions.  PG&E negotiated productions with AECOM in which both parties stipulated to a reduction in the potential volume of documents to manage the litigation process.  PG&E has supplemented the negotiated scope of documents and produced project documents relevant to the work by GIE on the preliminary design and the Request for Proposal.  PG&E has not agreed to produce, after multiple negotiations over the scope of email productions, yet another batch of emails – this time detailing conversations that may have occurred between PG&E and GIE that cannot be relevant to the contractual dispute between PG&E and AECOM (are not part of the contract between PG&E and AECOM and would be, at most, inadmissible parol evidence).

- The correspondence referenced in Exhibit 4 is an internal discussion related to the potential for changes to the scope of work (a common communication when every owner entity develops a project).  The contract between AECOM and PG&E contains a change provision that sets forth the parameters of the change process (a change provision that was utilized by both parties throughout the project).  To the extent the potential changes referenced in Exhibit 4 (or any changes) were implemented after the contract was executed, they would be resolved under the change provision in the contract.  Any discussion of potential changes is not relevant to the final agreement that dictates the parties' obligations and rights on the Project.

- PG&E's prior productions are not a red herring.  They represent a substantial burden and cost in this litigation – especially after AECOM refused to honor its initial stipulated request for emails and demanded supplemental productions.  PG&E is not the sole reason for this request.  AECOM agreed (twice) to witnesses, terms, and date ranges for emails that did not include irrelevant pre-contractual emails with GIE.

### 1.    PG&E Has Produced Nearly a Million Pages of Documents in Response to AECOM's Serial Requests.

As part of the discovery process, PG&E has already completed, at substantial expense and effort, two comprehensive document productions totaling over 800,000 pages of Project-related documents and several additional smaller productions.  Many of PG&E's productions were in response to supplemental searches conducted at AECOM's request after AECOM's prior counsel negotiated and agreed to an initial set of search protocols.

**Initial Search and Production**.  In response to subpoenas served by JH Kelly and AECOM, each seeking over 40 broad categories of documents, the parties negotiated and eventually stipulated to a set of search protocols and a schedule for the production of a discrete set of documents by all parties for the litigation.  The parties designed the protocols to limit their productions to an appropriate set of documents.  PG&E finished producing documents pursuant to these search protocols in early July 2020.



**First Supplemental Search and Production**.  Shortly after PG&E had already completed its first production at significant time and expense, AECOM's current counsel sent a letter in July 2020, demanding that PG&E conduct a supplemental search for documents.  AECOM proposed an additional 15 custodians and 84 search terms.  After an extensive meet and confer process, the parties reached an agreement concerning a set of supplemental search protocols in December 2020.  The search protocols included 44 additional search terms and 12 of AECOM's 15 proposed custodians.  The supplemental search protocols resulted in several hundred thousand additional documents for PG&E to collect and review.  PG&E completed its supplemental production in March 2021.

**Supplemental Search for and Production of GIE Documents**.  In 2014, PG&E retained Gulf Interstate Engineering (GIE) to prepare the 30% Design Deliverables package for the Burney Project.  The deliverables were included in the Request for Proposal (RFP) that parties, including AECOM, considered in bidding for the Project.  The deliverables were also incorporated into the EPC Agreement entered into between PG&E and AECOM concerning the Project.

In connection with its original production, PG&E produced more than 1,774 GIE-related Project documents that located on the Project server.  At AECOM's request, PG&E agreed to again review its Project files and the files of several custodians responsible for the GIE deliverables for responsive documents in December 2020-January 2021.  However, PG&E made clear that it would not conduct another search for e-mails given its two previous broad searches and the fact that e-mails between PG&E and GIE that pre-date the release of the RFP are not relevant to this dispute.

In February 2021, PG&E made a supplemental production of: (i) relevant documents concerning GIE's work product and the RFP from PG&E's Project server and custodian files; and (ii) a copy of the relevant GIE contractual documents.  In total, PG&E has produced nearly 1,800 GIE-related documents.

**AECOM's Inspection Demands**.  Although PG&E had already agreed to three prior productions at AECOM's request, AECOM served on PG&E an additional 78 requests for production seeking broad categories of documents in March 2021.  PG&E responded to AECOM's requests in April 2021 and agreed to make another supplemental production of documents concerning PG&E's backcharges and affirmative claims.  In response to AECOM's document requests, PG&E produced nearly 4,000 pages of documents in June 2021 and plans on making another supplemental production shortly.

Despite PG&E's exhaustive efforts to search for and produce responsive documents at AECOM's request, AECOM continues to move the goal posts and demand additional documents, many of which are not relevant to this breach of contract action.



### 2.     AECOM's Requests Seek Additional, Irrelevant GIE Documents.

AECOM now seeks to compel PG&E to produce additional GIE documents concerning the Project, many of which are not relevant because they pre-date the release of the RFP for the Project (e.g., RFP Nos. 60-61 and 63-68). PG&E believes that it has already conducted a reasonable search for and production of GIE-related Project documents, excluding e-mails (which are not relevant to this dispute). Thus, it is PG&E's understanding that this dispute concerns whether PG&E is obligated search for and produce PG&E-GIE communications that pre-date the release of the RFP.

PG&E objected to each request on the ground that it sought documents that are not relevant to AECOM's claims or defenses in this action, among other objections.[2] Fed. R. Civ. P. 26(b)(1). Specifically, the e-mails between PG&E and GIE that pre-date the release of the RFP are not relevant to whether any party has breached the EPC Agreement, or any other *valid* claim or defense of AECOM. The GIE documents relevant to this action are its work-product incorporated into the RFP and the EPC Agreement. PG&E has already produced these documents in this litigation.

AECOM argues the outstanding e-mails are relevant to its Negligent Misrepresentation and Fraud claims. However, the Court has already dismissed AECOM's tort claims once, noting that it is "skeptical of AECOM's efforts to transform what appears to be a clear, if complex, breach of contract dispute into a tort case." Dkt. No. 64 at 5, n. 3. Despite the Court's skepticism, AECOM replead its tort claims in its Second Amended Counterclaim in, what appears to be, an attempt to harass PG&E in discovery and create unnecessary work for PG&E. PG&E moved to dismiss AECOM's tort claims, largely on the same grounds as before. Dkt. No. 67. The hearing on PG&E's motion is set for November 18.

AECOM also argues the documents are relevant to its claim for Breach of the Implied Warranty of Specifications and Plans. Specifically, AECOM claims, citing Paragraph 109 of its Second amended Counterclaim, that the documents are relevant to whether "the 30% design was inaccurate, incomplete, and inadequate[.]" Not so. Any PG&E-GIE communications that predate the release of the RFP are not relevant to whether the changes purportedly requested by PG&E while AECOM was completing the design of the Project renders the GIE 30% design "inaccurate, incomplete, and inadequate." AECOM bid only on the GIE work product incorporated into the RFP and EPC Agreement. Nothing more.

In sum, given the fact that: (i) the requested documents are outside the scope of discovery permitted by Rule 26(b)(1); (ii) PG&E has already completed, at AECOM's request, several negotiated and comprehensive productions at significant time and expense to PG&E; and (iii) PG&E has already produced all relevant GIE Project documents, the Court should utilize its inherent authority to control the frequency and extent of discovery and reject AECOM's request to compel PG&E to

---

[2] For example, PG&E objected to certain requests on the following grounds: (i) overly broad and unduly burdensome; (ii) uncertain as to time; (iii) vague and ambiguous; and/or (iv) seek confidential GIE information protected by a non-disclosure agreement entered into between GIE and PG&E.



conduct another search for e-mails.  Fed. R. Civ. P. 26(b)(2).  In the alternative, PG&E asks that the Court order AECOM to reimburse PG&E for any expense related to this additional, supplemental production requested by AECOM.  *Id*. at 26(c)(1)(B).

Without intervention by the Court, it is unclear if AECOM will ever be satisfied by the documents produced by PG&E in this litigation.

***

DATED:  August 26, 2021
**RALLS GRUBER & NIECE LLP**


By:    /s/ Dylan J. Crosby
Aaron R. Gruber
Dylan J. Crosby

*Attorneys for Pacific Gas and Electric Company*
DATED:  August 26, 2021

**TROUTMAN PEPPER HAMILTON SANDERS LLP**


By:    /s/ Luke N. Eaton
Marion T. Hack
Luke N. Eaton
William Taylor


I, Luke Eaton, am the ECF user whose ID and password are being used to file this Joint Letter in compliance with Civil L.R. 5-1(i)(3).  I hereby attest that the concurrence of the filing of this document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this document.

DATED:  August 26, 2021


By:    /s/ Luke N. Eaton

# EXHIBIT 1

1

2   Marion T. Hack (SB #179216)
    marion.hack@troutman.com
3   Luke N. Eaton (SB #280387)
    Luke.eaton@troutman.com
4   **TROUTMAN PEPPER HAMILTON SANDERS LLP**
    350 South Grand Avenue, Suite 3400
5   Los Angeles, CA 90071
    Telephone:  213.928.9800
6   Facsimile:  213.928.9850

7   Attorneys for
    AECOM Technical Services, Inc.

8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                                   **OAKLAND**

12  JH KELLY, LLC
                                              | Case No. 4:20-cv-05381-HSG (Lead
13                    Plaintiff,              | Case)

14         vs.                                | (Reference withdrawn from Bankruptcy
                                              | Case No. 19-30088, Adv. Proc. No. 20-
15  AECOM TECHNICAL SERVICES, INC., et al.    | 03019 and Adv. Proc. No. 19-03008)

16                    Defendant.              | (Consolidated with Case No. 3:20-cv-
                                              | 08463-EMC)
17

18                                            | **AECOM TECHNICAL SERVICES,
                                              | INC.'S REQUEST FOR
19                                            | PRODUCTION OF DOCUMENTS TO
                                              | PG&E, SET ONE**
20

21

22         PROPOUNDING PARTY:        AECOM TECHNICAL SERVICES, INC.

23         RESPONDING PARTY:         PACIFIC GAS AND  ELECTRIC COMPANY

24         SET NO.:                  One

25         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counter-

26  Claimant AECOM Technical Services, Inc. ("AECOM") hereby requests that Defendant and

27  Counter-Defendant Pacific Gas and Electric Company ("PG&E") respond to these requests in

28  writing and produce the requested documents within thirty days via e-mail to

luke.eaton@troutman.com pursuant to the Stipulation re Electronic Discovery or at the office of Troutman Pepper Hamilton Sanders LLP, located at 350 S. Grand, Suite 3400, Los Angeles, California 90071.  The following requests are to be read in accordance with the instructions and definitions below.

## INSTRUCTIONS

A.     These document requests seek documents that are in your possession, custody or control, and documents that are in the possession, custody or control of your employees, agents, representatives, accountants and/or attorneys.

B.     Each document request herein shall be construed separately, and no document request shall be used to construe any other document request more narrowly than it otherwise would be construed.

C.     Pursuant to Fed. R. Civ. P. 34 (b)(1)(C), please produce any ELECTRONICALLY STORED INFORMATION ("ESI") in accordance with the ESI Production Format in the Stipulation re Electronic Discovery entered into in this case.

D.     If, after exercising due diligence to identify and produce the documents, you cannot respond in full to any of the following document requests, please so state and answer to the extent possible, specifying your inability to answer the remainder.  If your response is qualified in any way, please set forth the details of such qualification.

E.     If you wish to assert the attorney-client privilege, attorney work product protection, or any other privilege as to any request or responsive document, in whole or in part, then please identify the document as to which privilege is claimed in a manner such that the Court may determine whether such information is entitled to be accorded privileged status.

F.     If any document is not produced in its entirety or is produced in redacted form, indicate any and all omissions or redactions on the document.  State with particularity the reason(s) that the document was omitted or redacted, and, to the extent possible, describe the content of the document.

G.     Produce the documents either as they are kept in the usual course of business or organized and labeled to correspond to the specific request(s) to which the documents are

responsive.   File folders, labels, and indices identifying documents requested herein shall be produced intact with such documents.  Documents attached to each other shall not be separated.

H.     These document requests are deemed to be continuing to the extent permitted by Federal Rule of Civil Procedure 26(e).  If at any later date you obtain any additional documents different from those produced in response to these document requests, you shall promptly notify us of the existence of such documents and produce them within a reasonable time.

I.     The terms "and" and "or" shall be construed both conjunctively and disjunctively. The plural of any word includes the singular, and the singular includes the plural.  The masculine gender of any word includes the feminine, and the feminine of any word includes the masculine. The past tense of any verb includes the present tense, and the present tense includes the past tense. Each of these instructions is intended to make the request more inclusive.

J.     When a document request uses a defined term or word, each part of the definition is incorporated into the document request.

## DEFINITIONS

1.     The terms "YOU" and "YOUR" mean PG&E, and its agents, employees, officers, directors, attorneys, and/or anyone else acting on its behalf.

2.     The term "JH KELLY" means JH KELLY, LLC and its agents, employees, officers, directors, attorneys, and/or anyone else acting on its behalf.

3.     The term "TULSA" means TULSA INSPECTION RESOURCES, LLC, and its agents, employees, officers, directors, attorneys, and/or anyone else acting on its behalf.

4.     The term "E2" means E2 ENGINEERING CONSULTING ENGINEERS, INC., and its agents, employees, officers, directors, attorneys, and/or anyone else acting on its behalf.

5.     The term "GIE" means GULF INTERSTATE ENGINEERING COMPANY, and its agents, employees, officers, directors, attorneys, and/or anyone else acting on its behalf.

6.     The terms "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, and thus means any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data

compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

7.     The term "COMMUNICATION" or "COMMUNICATIONS" means the transmission, whether orally, electronically, or in writing, by any means of a word, statement, fact, thing, idea, DOCUMENT, instruction, demand or question, and include any DOCUMENTS which abstract, digest, transcribe or record any such communication.

8.     The terms "RELATE TO," "RELATING TO" and "REFERRING TO" mean constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

9.     The term "PROJECT" means the work of improvement that is the subject of the above-entitled action, commonly known as the Burney K2 Replacement Project and generally located at 27667 Highway 299, Burney, California 96013 in Shasta County, California.

10.    Any word not specifically defined herein shall be given its ordinary meaning.

**REQUESTS FOR PRODUCTION AND INSPECTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO the leaking of the GOV-2 Valve and the causes thereof.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO damage to the GOV-2 Valve and the causes thereof.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO YOUR allegation that AECOM failed to clean construction debris out of the gas-line such that the GOV-2 valve is no longer able to properly seal the flow of gas.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING to YOUR estimate that it will cost $3,713,586.40 to replace the GOV-2 Valve.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS YOU have received or sent to any person or entity RELATING TO YOUR estimate that it will cost $3,713,586.40 to replace the GOV-2 Valve.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO any inspections of the allegedly leaking GOV-2 valve.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS RELATING TO damage to the V-35 Valve and the causes thereof.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR claim that YOU have incurred costs of approximately $879,516 in connection with the V-35 Valve.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any inspections of the V-35 Valve.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any damages or costs incurred by YOU RELATING TO the POV-166 (Becker Valve).

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR claim that YOU have incurred $70,288 to repair the POV-166 Valve (Becker Valve).

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any inspections of the POV-166 valve (Becker Valve).

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the repair of the POV-166 Valve (Becker Valve).

1    **REQUEST FOR PRODUCTION NO. 14:**

2        All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR claim that the

3    standby generator "remains unreliable."

4    **REQUEST FOR PRODUCTION NO. 15:**

5        All DOCUMENTS and COMMUNICATIONS RELATING TO any inspections of the

6    standby generator.

7    **REQUEST FOR PRODUCTION NO. 16:**

8        All DOCUMENTS and COMMUNICATIONS RELATING TO any costs or damages

9    incurred by YOU RELATING TO the standby generator.

10   **REQUEST FOR PRODUCTION NO. 17:**

11       All DOCUMENTS and COMMUNICATIONS RELATING TO any attempts to repair or

12   fix the standby generator.

13   **REQUEST FOR PRODUCTION NO. 18:**

14       All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Peterson

15   Power Systems, Inc. RELATING TO the standby generator.

16   **REQUEST FOR PRODUCTION NO. 19:**

17       All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Caterpillar

18   RELATING TO the standby generator.

19   **REQUEST FOR PRODUCTION NO. 20:**

20       All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR claim that the

21   standby generator "was improperly procured."

22   **REQUEST FOR PRODUCTION NO. 21:**

23       All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that

24   "PG&E has incurred costs of $544,841 in connection with … installing a new load bank."

25   **REQUEST FOR PRODUCTION NO. 22:**

26       All DOCUMENTS RELATING TO YOUR conclusion that the standby generator needed

27   a new load bank.

28

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO actions YOU took to address the performance of the standby generator.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that the generator room ventilation is not working properly and needs to be replaced.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any repairs made to the generator room ventilation.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU have incurred costs of $725,101 RELATING TO repairs or replacement of the generator room ventilation.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any inspections of the generator room ventilation.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any repairs made to the generator room ventilation.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any replacement of any parts RELATED TO the generator room ventilation.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR claim that piping penetrations need to be painted.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that it will cost $145,290 to paint piping penetrations.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any inspection of the piping penetrations.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR painting of the piping penetrations.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that fuel gas heaters pursuant to PCOs 0123 and 0170 must be removed.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS RELATED TO the purpose of removing fuel gas heaters pursuant to PCOs 0123 and 0170.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS RELATED TO YOUR claim that it will cost $11,721 to remove the fuel gas heaters pursuant to PCOs 0123 and 0170.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that YOU are entitled to $113,335 in costs paid to AECOM for work on the fuel gas heaters that must be removed pursuant to PCOs 0123 and 0170.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any inspection by any person or entity to the fuel gas heaters pursuant to PCOs 0123 and 0170.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that the demister must be removed.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS RELATED TO issues YOU encountered with the demister.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU have incurred costs of $46,302.96 to remove the demister.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS RELATING TO any inspection of the demister.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS RELATING TO removal of demister.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU have to fix and complete the As-Built Drawings.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that it will cost $452,268.96 to fix and complete the As-Built Drawings.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU are required to complete demolition work that AECOM failed to complete.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that it will cost $452,268.96 to complete demolition work that AECOM failed to complete.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU are entitled to an offset of $444,233.35 claimed by AECOM for demolition work pursuant to PCO-0133.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU were required to install safety bollards that AECOM allegedly failed to install.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

1    incurred $83,804 to install safety bollards AECOM allegedly failed to install.

2    **REQUEST FOR PRODUCTION NO. 51:**

3        All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

4    incurred an estimated $300,000 for compaction testing/inspections on the PROJECT.

5    **REQUEST FOR PRODUCTION NO. 52:**

6        All DOCUMENTS and COMMUNICATIONS RELATED to compaction testing and/or

7    inspection YOU conducted on the PROJECT.

8    **REQUEST FOR PRODUCTION NO. 53:**

9        All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

10   incurred an estimated $25,000 for "failed X-rays" on the PROJECT.

11   **REQUEST FOR PRODUCTION NO. 54:**

12       All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

13   incurred an estimated $37,304 for "foam discharge clean up" on the PROJECT.

14   **REQUEST FOR PRODUCTION NO. 55:**

15       All DOCUMENTS and COMMUNICATIONS RELATING TO the cause of the foam

16   discharge on the PROJECT.

17   **REQUEST FOR PRODUCTION NO. 56:**

18       All DOCUMENTS and COMMUNICATIONS RELATING TO the "foam discharge clean

19   up" on the PROJECT.

20   **REQUEST FOR PRODUCTION NO. 57:**

21       All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

22   incurred an estimated $23,428.50 for "On-Site Spill Clean Up" on the PROJECT.

23   **REQUEST FOR PRODUCTION NO. 58:**

24       All DOCUMENTS RELATING TO the cause of the "On-Site Spill" on the PROJECT.

25   **REQUEST FOR PRODUCTION NO. 59:**

26       All DOCUMENTS and COMMUNICATIONS RELATING TO the "On-Site Spill Clean

27   Up" on the PROJECT.

28

1  **REQUEST FOR PRODUCTION NO. 60:**

2       All GIE pre-bid DOCUMENTS RELATING TO the PROJECT.

3  **REQUEST FOR PRODUCTION NO. 61:**

4       All DOCUMENTS RELATING TO PG&E's approval (or lack thereof) of GIE's design and

5  drawings.

6  **REQUEST FOR PRODUCTION NO. 62:**

7       All agreements YOU entered into with GIE RELATING TO the PROJECT.

8  **REQUEST FOR PRODUCTION NO. 63:**

9       All COMMUNICATIONS between PG&E and GIE regarding the PROJECT.

10 **REQUEST FOR PRODUCTION NO. 64:**

11      All requests for proposals for the PROJECT YOU provided to GIE.

12 **REQUEST FOR PRODUCTION NO. 65:**

13      All proposals to perform work on the PROJECT provided to YOU by GIE.

14 **REQUEST FOR PRODUCTION NO. 66:**

15      All minutes of meetings with GIE RELATED TO the PROJECT.

16 **REQUEST FOR PRODUCTION NO. 67:**

17      All DOCUMENTS exchanged between YOU and GIE RELATING TO the PROJECT.

18 **REQUEST FOR PRODUCTION NO. 68:**

19      All DOCUMENTS with reflect any comments or questions posed by YOU RELATING

20 TO any design or drawings created by GIE for the PROJECT.

21 **REQUEST FOR PRODUCTION NO. 69:**

22      All COMMUNICATIONS and DOCUMENTS exchanged between PG&E and TULSA

23 regarding the PROJECT.

24 **REQUEST FOR PRODUCTION NO. 70:**

25      All reports produced by TULSA RELATING TO the PROJECT.

26 **REQUEST FOR PRODUCTION NO. 71:**

27      All DOCUMENTS which reflect or RELATE TO any services performed by TULSA

28 regarding the PROJECT.

1   **REQUEST FOR PRODUCTION NO. 72:**

2        All COMMUNICATIONS and DOCUMENTS exchanged PG&E and E2 regarding the

3   PROJECT.

4   **REQUEST FOR PRODUCTION NO. 73:**

5        All reports produced by E2 RELATING TO the PROJECT.

6   **REQUEST FOR PRODUCTION NO. 74:**

7        All DOCUMENTS which reflect or RELATE TO any services performed by E2 regarding

8   the PROJECT.

9   **REQUEST FOR PRODUCTION NO. 75:**

10       All DOCUMENTS which supports YOUR contention that "PG&E has had to

11  repair/replace the defective work or will need to repair/replace the defective work earlier than it

12  otherwise would have had to, had the work been completed correctly."

13  **REQUEST FOR PRODUCTION NO. 76:**

14       All COMMUNICATIONS and DOCUMENTS exchanged YOU and ARB, Inc.

15  RELATING TO the PROJECT.

16  **REQUEST FOR PRODUCTION NO. 77:**

17       All DOCUMENTS which reflect or RELATE TO any services performed by ARB, Inc.

18  regarding the PROJECT.

19  **REQUEST FOR PRODUCTION NO. 78:**

20       All DOCUMENTS which reflect YOUR calculation of liquidated damages assessed

21  against AECOM.

22

23  DATED:  March 5, 2021

24

25                                         **TROUTMAN PEPPER HAMILTON
                                            SANDERS LLP**

26

                                            By:___ */s/  Luke N. Eaton*_____
27                                               Marion T. Hack
                                                 Luke N. Eaton
28

AECOM'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PG&E, SET ONE
-12-

1

PROOF OF SERVICE

2

  I am a resident of, or employed in, the County of Los Angeles.  I am over the age of 18 and not a party to this action.  My business address is:  Troutman Pepper Hamilton Sanders LLP, 350 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

3

4

  On **March 5, 2021,** I served the following listed document(s), by method indicated below, on the parties in this action:

5

6

**AECOM TECHNICAL SERVICES, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PG&E, SET ONE**

7

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

8

9

☐  by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

10

11

☐  by submitting the document(s) listed above to ACE Attorney Service, Inc. and causing the documents to be delivered by an ACE Attorney Service, Inc. messenger for delivery to the person(s) set forth below by close of business on March 2, 2020.

12

13

14

☑  by transmitting via e-mail or other electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below:

15

16

☐  by notice of electronic filing using the CM/ECF system (if person(s) is/are registered with CM/ECF system)

17

18

*[SEE ATTACHED SERVICE LIST]*

19

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

20

21

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

  Executed on **March 5, 2021,** at Los Angeles, California.

24

25

26

           JACQUELINE SIMS

27

28

1
PROOF OF SERVICE

1

2

*In re PG&E Corporation v. AECOM TECHNICAL SERVICES, INC.*
Case No. 4:20-cv-05381-HSG (Lead Case)
(consolidated with Case No. 3:20-cv-08463 EMC)

3

**SERVICE LIST**

4

| | | |
|---|---|---|
| Aaron Gruber, Esq.<br>**RALLS GRUBER & NIECE**<br>1700 S. El Camino Real, Suite 150<br>San Mateo, CA 94402 | T: (650) 445-0543<br>**F: (415) 640-1991**<br><br>Email:<br>agruber@rallsgruber.com | Attorneys for<br>Pacific Gas & Electric<br>Company |
| Eric A. Grasberger, Esq.<br>Mario Nicholas, Esq.<br>**STOEL RIVES LLP**<br>760 SW Ninth Avenue, Suite 3000<br>Portland, OR 97205 | T: (213) 277-7226<br><br>Email:<br>Eric.grasberger@stoel.com<br>Mario.nicholas@stoel.com | Attorneys for<br>JH Kelly LLC |
| Henry A. Wirta, Jr.<br>**Harrington Foxx Dubrow &**<br>**Canter, LLP**<br>601 Montgomery Street, Suite 800<br>San Francisco, CA 94111 | hwirta@hfdclaw.com | Attorneys for Ed Staub &<br>Sons Petroleum, Inc. |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT 2

1  AARON R. GRUBER (CABN 209509)
   agruber@rallsgruber.com
2  DYLAN J. CROSBY (CABN 299536)
   dcrosby@rallsgruber.com
3  Ralls Gruber & Niece LLP
   1700 S. El Camino Real, Suite 150
4  San Mateo, CA 94402
   Telephone:  650.445.0543
5
   Attorneys for Counter-Defendant
6  PACIFIC GAS & ELECTRIC COMPANY

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10                     **OAKLAND DIVISION**

| | |
|---|---|
| 11  In Re | Case No. 4:20-cv-05381-HSG (Lead Case) |
| 12  PG&E CORPORATION, | (Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and |
| 13  vs. | Adv. Proc. No. 19-03008) |
| 14  AECOM TECHNICAL SERVICES, INC. | (Consolidated with Case No. 3:20-cv-08463-EMC) |
| 15 | |
| 16 | **PACIFIC GAS & ELECTRIC COMPANY'S RESPONSE TO AECOM's** |
| 17 | **REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

18

19     **PROPOUNDING PARTY**:  AECOM Technical Services, Inc.

20     **RESPONDING PARTY**:      Pacific Gas & Electric Company

21     **SET NO.**:                        One

22

23

24

25

26

27

28

                          - 1 -

1      Pacific Gas & Electric Company, Inc. (PG&E) responds to AECOM Technical Services,

2  Inc.'s (AECOM) Requests for Production of Documents, Set One (Requests) as follows:

3                    **PRELIMINARY STATEMENT**

4      These responses are based on PG&E's investigation to-date, and reflect the current status

5  of PG&E's knowledge, understanding, and belief respecting the Requests.  PG&E's investigation

6  is continuing, and all information contained herein is based solely upon such information and

7  evidence as is presently available and known to PG&E upon information and belief at this time.

8  Further discovery, investigation, research, and analysis may supply additional facts and meaning

9  to currently known information.  PG&E reserves the right to amend any and all responses herein

10  as additional facts are ascertained, legal research is completed, and analysis is undertaken.  The

11  responses made herein are made in a good faith effort to supply as much information as presently

12  known to PG&E.

13      Information contained in any response to these Requests is not an admission or

14  acknowledgement by PG&E that such information is relevant to any claim or defense in this action;

15  is without prejudice to PG&E's right to contend at trial or in any other subsequent proceeding, in

16  this action or otherwise, that such information is inadmissible, irrelevant, immaterial, or not the

17  proper basis for discovery; and is without prejudice to, or waiver of, any objection to any future

18  use of such information that PG&E may be advised to make.

19                    **GENERAL OBJECTIONS**

20      PG&E incorporates the following objections to each response below:

21      1.      PG&E objects to each Request, including without limitation any portion of the

22  definitions and instructions, that imposes duties or obligations or seeks information beyond what is

23  provided or permitted by the Federal Rules of Civil Procedure, the rules of this Court, or any other

24  applicable rules.

25      2.      PG&E further objects to each Request to the extent that it seeks disclosure of facts

26  and information that are protected from discovery by the attorney-client privilege, the work product

27  doctrine, or other privilege or immunity.

28

3.      PG&E objects to each Request to the extent it asks PG&E to collect and produce documents already produced in this matter and/or already in the possession of AECOM based on its participation in the Project.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO the leaking of the GOV-2 Valve and the causes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the cause of the leaking of the GOV-2 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO damage to the GOV-2 Valve and the causes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the cause of the damage to the GOV-2 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the

- 3 -

extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO YOUR allegation that AECOM failed to clean construction debris out of the gas-line such that the GOV-2 valve is no longer able to properly seal the flow of gas.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the damage to the GOV-2 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

- 4 -

responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING to YOUR estimate that it will cost $3,713,586.40 to replace the GOV-2 Valve.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the damage to the GOV-2 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (i) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS YOU have received or sent to any person or entity RELATING TO YOUR estimate that it will cost $3,713,586.40 to replace the GOV-2 Valve.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the damage to the GOV-2 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for

- 5 -

1    the production of documents protected by the attorney-client privilege, attorney work-product

2    protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1).

3    Subject to the foregoing general and special objections, PG&E responds as follows:

4        PG&E will produce all non-privileged documents responsive to this Request, which have

5    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

6    already produced in this litigation or in response to the Deposition Subpoenas for Production of

7    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

8    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

9    responsive to the categories of documents requested by AECOM and will produce such documents,

10   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

11   Discovery and investigation are ongoing.

12   **REQUEST FOR PRODUCTION NO. 6:**

13       All DOCUMENTS RELATING TO any inspections of the allegedly leaking GOV-2 valve.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

15       PG&E objects to this Request to the extent it calls for the premature disclosure of expert

16   materials concerning, for example, opinions or analysis regarding the damage to the GOV-2 Valve.

17   *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for

18   the production of documents protected by the attorney-client privilege, attorney work-product

19   protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1).

20   Subject to the foregoing general and special objections, PG&E responds as follows:

21       PG&E will produce all non-privileged documents responsive to this Request, which have

22   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

23   already produced in this litigation or in response to the Deposition Subpoenas for Production of

24   Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

25   Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

26   responsive to the categories of documents requested by AECOM and will produce such documents,

27   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

28   Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and COMMUNICATIONS RELATING TO damage to the V-35 Valve and the causes thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the damage to the V-35 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR claim that YOU have incurred costs of approximately $879,516 in connection with the V-35 Valve.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the damage to the V-35 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

- 7 -

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any inspections of the V-35 Valve.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" inspections of the V-35 Valve, regardless of relevancy. PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents. PG&E further objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding damage to the V-35 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents,

- 8 -

likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any damages or costs incurred by YOU RELATING TO the POV-166 (Becker Valve).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" damages or costs incurred by PG&E relating to the POV-166 Valve, regardless of relevancy.   PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents.   PG&E further objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding damage to the POV-166 Valve.   *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).   PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.   *See* Fed. R. Civ. P. 26(b)(1).   Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.   PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS RELATING to YOUR claim that YOU have incurred $70,288 to repair the POV-166 Valve (Becker Valve).

- 9 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the damage to the POV-166 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any inspections of the POV-166 valve (Becker Valve).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" inspections of the POV-166 Valve, regardless of relevancy. PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents. PG&E further objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding damage to the POV-166 Valve. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product

- 10 -

1    protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1).

2    Subject to the foregoing general and special objections, PG&E responds as follows:

3          PG&E will produce all non-privileged documents responsive to this Request, which have

4    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

5    already produced in this litigation or in response to the Deposition Subpoenas for Production of

6    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

7    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

8    responsive to the categories of documents requested by AECOM and will produce such documents,

9    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

10   Discovery and investigation are ongoing.

11   **REQUEST FOR PRODUCTION NO. 13:**

12         All DOCUMENTS and COMMUNICATIONS RELATED TO the repair of the POV-166

13   Valve (Becker Valve).

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

15         PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome

16   because calls for the production of "all documents and communications relating to" the repair of

17   the POV-166 Valve, regardless of relevancy.  PG&E also objects to this Request because it is

18   uncertain as to time, in that, it does not define the time-period from which it is seeking documents.

19   PG&E further objects to this Request to the extent it calls for the premature disclosure of expert

20   materials concerning, for example, opinions or analysis regarding damage to the POV-166 Valve.

21   *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for

22   the production of documents protected by the attorney-client privilege, attorney work-product

23   protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1).

24   Subject to the foregoing general and special objections, PG&E responds as follows:

25         PG&E will produce all non-privileged documents responsive to this Request, which have

26   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

27   already produced in this litigation or in response to the Deposition Subpoenas for Production of

28   Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

1    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

2    responsive to the categories of documents requested by AECOM and will produce such documents,

3    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

4    Discovery and investigation are ongoing.

5    **REQUEST FOR PRODUCTION NO. 14:**

6        All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR claim that the

7    standby generator "remains unreliable."

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

9        PG&E objects to this Request to the extent it calls for the premature disclosure of expert

10   materials concerning, for example, opinions or analysis regarding the reliability of the standby

11   generator.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent

12   it calls for the production of documents protected by the attorney-client privilege, attorney work-

13   product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ.

14   P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

15       PG&E will produce all non-privileged documents responsive to this Request, which have

16   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

17   already produced in this litigation or in response to the Deposition Subpoenas for Production of

18   Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

19   Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

20   responsive to the categories of documents requested by AECOM and will produce such documents,

21   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

22   Discovery and investigation are ongoing.

23   **REQUEST FOR PRODUCTION NO. 15:**

24       All DOCUMENTS and COMMUNICATIONS RELATING TO any inspections of the

25   standby generator.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

27       PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome

28   because calls for the production of "all documents and communications relating to" inspections of

- 12 -

the standby generator, regardless of relevancy.  PG&E also objects to this Request because it is

uncertain as to time, in that, it does not define the time-period from which it is seeking documents.

PG&E further objects to this Request to the extent it calls for the premature disclosure of expert

materials concerning, for example, opinions or analysis regarding the unreliability of the standby

generator.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent

it calls for the production of documents protected by the attorney-client privilege, attorney work-

product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ.

P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have

not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

already produced in this litigation or in response to the Deposition Subpoenas for Production of

Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

responsive to the categories of documents requested by AECOM and will produce such documents,

likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any costs or damages

incurred by YOU RELATING TO the standby generator.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome

because calls for the production of "all documents and communications relating to" costs or

damages incurred by PG&E relating to the standby generator, regardless of relevancy.  PG&E also

objects to this Request because it is uncertain as to time, in that, it does not define the time-period

from which it is seeking documents.  PG&E further objects to this Request to the extent it calls for

the premature disclosure of expert materials concerning, for example, opinions or analysis

regarding the standby generator.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this

Request to the extent it calls for the production of documents protected by the attorney-client

- 13 -

1  privilege, attorney work-product protection, or any other relevant state or federal privilege or

2  protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections,

3  PG&E responds as follows:

4      PG&E will produce all non-privileged documents responsive to this Request, which have

5  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

6  already produced in this litigation or in response to the Deposition Subpoenas for Production of

7  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

8  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

9  responsive to the categories of documents requested by AECOM and will produce such documents,

10  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

11  Discovery and investigation are ongoing.

12  **REQUEST FOR PRODUCTION NO. 17:**

13      All DOCUMENTS and COMMUNICATIONS RELATING TO any attempts to repair or

14  fix the standby generator.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16      PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome

17  because calls for the production of "all documents and communications relating to" attempts to

18  repair or fix the standby generator, regardless of relevancy.  PG&E also objects to this Request

19  because it is uncertain as to time, in that, it does not define the time-period from which it is seeking

20  documents.  PG&E further objects to this Request to the extent it calls for the premature disclosure

21  of expert materials concerning, for example, opinions or analysis regarding the standby generator.

22  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further v to this Request to the extent it calls for the

23  production of documents protected by the attorney-client privilege, attorney work-product

24  protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

25  Subject to the foregoing general and special objections, PG&E responds as follows:

26      PG&E will produce all non-privileged documents responsive to this Request, which have

27  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

28  already produced in this litigation or in response to the Deposition Subpoenas for Production of

- 14 -

Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Peterson Power Systems, Inc. RELATING TO the standby generator.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications exchanged between [PG&E] and Peterson Power Systems, Inc. relating to" the standby generator, regardless of relevancy. PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents.  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all documents responsive to this Request, which have not already been produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.  Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and Caterpillar RELATING TO the standby generator.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications exchanged between [PG&E]

- 15 -

and Caterpillar relating to" the standby generator, regardless of relevancy.  PG&E also objects to

this Request because it is uncertain as to time, in that, it does not define the time-period from which

it is seeking documents.  Subject to the foregoing general and special objections, PG&E responds

as follows:

PG&E will produce all documents responsive to this Request, which have not already been

produced in this litigation or in response to the Deposition Subpoenas for Production of Business

Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior

Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive

to the categories of documents requested by AECOM and will produce such documents, likely on

a rolling basis, once it has had an opportunity to review them for privilege and relevance.  Discovery

and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR claim that the

standby generator "was improperly procured."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert

materials concerning, for example, opinions or analysis regarding the procurement of the standby

generator.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent

it calls for the production of documents protected by the attorney-client privilege, attorney work-

product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ.

P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have

not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

already produced in this litigation or in response to the Deposition Subpoenas for Production of

Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

responsive to the categories of documents requested by AECOM and will produce such documents,

1   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

2   Discovery and investigation are ongoing.

3   **REQUEST FOR PRODUCTION NO. 21:**

4       All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that

5   "PG&E has incurred costs of $544,841 in connection with … installing a new load bank."

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

7       PG&E objects to this Request to the extent it calls for the premature disclosure of expert

8   materials concerning, for example, opinions or analysis regarding the load bank.  *See* Fed. R. Civ.

9   P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production

10  of documents protected by the attorney-client privilege, attorney work-product protection, or any

11  other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the

12  foregoing general and special objections, PG&E responds as follows:

13      PG&E will produce all non-privileged documents responsive to this Request, which have

14  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

15  already produced in this litigation or in response to the Deposition Subpoenas for Production of

16  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

17  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

18  responsive to the categories of documents requested by AECOM and will produce such documents,

19  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

20  Discovery and investigation are ongoing.

21  **REQUEST FOR PRODUCTION NO. 22:**

22      All DOCUMENTS RELATING TO YOUR conclusion that the standby generator needed

23  a new load bank.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

25      PG&E objects to this Request to the extent it calls for the premature disclosure of expert

26  materials concerning, for example, opinions or analysis regarding the load bank.  *See* Fed. R. Civ.

27  P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production

28  of documents protected by the attorney-client privilege, attorney work-product protection, or any

- 17 -

other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS RELATING TO actions YOU took to address the performance of the standby generator.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the performance of the standby generator.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that the generator room ventilation is not working properly and needs to be replaced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the generator room ventilation. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any repairs made to the generator room ventilation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" repairs made to the generator room ventilation, regardless of relevancy. PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents. PG&E further objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the generator room

- 19 -

ventilation.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU have incurred costs of $725,101 RELATING TO repairs or replacement of the generator room ventilation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the generator room ventilation. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

- 20 -

1   responsive to the categories of documents requested by AECOM and will produce such documents,

2   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

3   Discovery and investigation are ongoing.

4   **REQUEST FOR PRODUCTION NO. 27:**

5       All DOCUMENTS and COMMUNICATIONS RELATING TO any inspections of the

6   generator room ventilation.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

8       PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome

9   because calls for the production of "all documents and communications relating to" inspections of

10  the generator room ventilation, regardless of relevancy.  PG&E also objects to this Request because

11  it is uncertain as to time, in that, it does not define the time-period from which it is seeking

12  documents.  PG&E further objects to this Request to the extent it calls for the premature disclosure

13  of expert materials concerning, for example, opinions or analysis regarding the generator room

14  ventilation.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent

15  it calls for the production of documents protected by the attorney-client privilege, attorney work-

16  product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ.

17  P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

18      PG&E will produce all non-privileged documents responsive to this Request, which have

19  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

20  already produced in this litigation or in response to the Deposition Subpoenas for Production of

21  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

22  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

23  responsive to the categories of documents requested by AECOM and will produce such documents,

24  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

25  Discovery and investigation are ongoing.

26  **REQUEST FOR PRODUCTION NO. 28:**

27      All DOCUMENTS and COMMUNICATIONS RELATING TO any repairs made to the

28  generator room ventilation.

- 21 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" repairs made to the generator room ventilation, regardless of relevancy.  PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents. PG&E further objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding repairs made to the generator room ventilation.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any replacement of any parts RELATED TO the generator room ventilation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" replacement of generator room ventilation parts, regardless of relevancy.  PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking

- 22 -

1   documents.  PG&E further objects to this Request to the extent it calls for the premature disclosure

2   of expert materials concerning, for example, opinions or analysis regarding repairs made to the

3   generator room ventilation.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this

4   Request to the extent it calls for the production of documents protected by the attorney-client

5   privilege, attorney work-product protection, or any other relevant state or federal privilege or

6   protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections,

7   PG&E responds as follows:

8          PG&E will produce all non-privileged documents responsive to this Request, which have

9   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

10  already produced in this litigation or in response to the Deposition Subpoenas for Production of

11  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

12  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

13  responsive to the categories of documents requested by AECOM and will produce such documents,

14  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

15  Discovery and investigation are ongoing.

16  **REQUEST FOR PRODUCTION NO. 30:**

17         All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR claim that piping

18  penetrations need to be painted.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

20         PG&E objects to this Request to the extent it calls for the premature disclosure of expert

21  materials concerning, for example, opinions or analysis regarding the piping penetrations.  *See* Fed.

22  R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the

23  production of documents protected by the attorney-client privilege, attorney work-product

24  protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

25  Subject to the foregoing general and special objections, PG&E responds as follows:

26         PG&E will produce all non-privileged documents responsive to this Request, which have

27  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

28  already produced in this litigation or in response to the Deposition Subpoenas for Production of

- 23 -

Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that it will cost $145,290 to paint piping penetrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the piping penetrations.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any inspection of the piping penetrations.

- 24 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" inspections of the piping penetrations, regardless of relevancy.  PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents. PG&E further objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the piping penetrations.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR painting of the piping penetrations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" PG&E's painting of the piping penetrations, regardless of relevancy.  PG&E also objects to this Request because it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents.  PG&E further objects to this Request to the extent it calls for the premature disclosure

- 25 -

of expert materials concerning, for example, opinions or analysis regarding the piping penetrations. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that fuel gas heaters pursuant to PCOs 0123 and 0170 must be removed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the fuel gas heaters.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

- 26 -

1  responsive to the categories of documents requested by AECOM and will produce such documents,

2  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

3  Discovery and investigation are ongoing.

4  **REQUEST FOR PRODUCTION NO. 35:**

5  　　　All DOCUMENTS and COMMUNICATIONS RELATED TO the purpose of removing

6  fuel gas heaters pursuant to PCOs 0123 and 0170.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

8  　　　PG&E objects to this Request to the extent it calls for the premature disclosure of expert

9  materials concerning, for example, opinions or analysis regarding the fuel gas heaters.  *See* Fed. R.

10  Civ. P. 26(b)(4)(B)-(C).   PG&E further objects to this Request to the extent it calls for the

11  production of documents protected by the attorney-client privilege, attorney work-product

12  protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

13  Subject to the foregoing general and special objections, PG&E responds as follows:

14  　　　PG&E will produce all non-privileged documents responsive to this Request, which have

15  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

16  already produced in this litigation or in response to the Deposition Subpoenas for Production of

17  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

18  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

19  responsive to the categories of documents requested by AECOM and will produce such documents,

20  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

21  Discovery and investigation are ongoing.

22  **REQUEST FOR PRODUCTION NO. 36:**

23  　　　All DOCUMENTS RELATED TO YOUR claim that it will cost $11,721 to remove the

24  fuel gas heaters pursuant to PCOs 0123 and 0170.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

26  　　　PG&E objects to this Request to the extent it calls for the premature disclosure of expert

27  materials concerning, for example, opinions or analysis regarding the fuel gas heaters.  *See* Fed. R.

28  Civ. P. 26(b)(4)(B)-(C).   PG&E further objects to this Request to the extent it calls for the

- 27 -

1  production of documents protected by the attorney-client privilege, attorney work-product

2  protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1).

3  Subject to the foregoing general and special objections, PG&E responds as follows:

4      PG&E will produce all non-privileged documents responsive to this Request, which have

5  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

6  already produced in this litigation or in response to the Deposition Subpoenas for Production of

7  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

8  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

9  responsive to the categories of documents requested by AECOM and will produce such documents,

10  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

11  Discovery and investigation are ongoing.

12  **REQUEST FOR PRODUCTION NO. 37:**

13      All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR allegation that

14  YOU are entitled to $113,335 in costs paid to AECOM for work on the fuel gas heaters that must

15  be removed pursuant to PCOs 0123 and 0170.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

17      PG&E objects to this Request to the extent it calls for the premature disclosure of expert

18  materials concerning, for example, opinions or analysis regarding the fuel gas heaters.  *See* Fed. R.

19  Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the

20  production of documents protected by the attorney-client privilege, attorney work-product

21  protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1).

22  Subject to the foregoing general and special objections, PG&E responds as follows:

23      PG&E will produce all non-privileged documents responsive to this Request, which have

24  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

25  already produced in this litigation or in response to the Deposition Subpoenas for Production of

26  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

27  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

28  responsive to the categories of documents requested by AECOM and will produce such documents,

1  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

2  Discovery and investigation are ongoing.

3  **REQUEST FOR PRODUCTION NO. 38:**

4      All DOCUMENTS and COMMUNICATIONS RELATING TO any inspection by any

5  person or entity to the fuel gas heaters pursuant to PCOs 0123 and 0170.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

7      PG&E objects to this Request to the extent it calls for the premature disclosure of expert

8  materials concerning, for example, opinions or analysis regarding the fuel gas heaters.  *See* Fed. R.

9  Civ. P. 26(b)(4)(B)-(C).   PG&E further objects to this Request to the extent it calls for the

10  production of documents protected by the attorney-client privilege, attorney work-product

11  protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

12  Subject to the foregoing general and special objections, PG&E responds as follows:

13      PG&E will produce all non-privileged documents responsive to this Request, which have

14  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

15  already produced in this litigation or in response to the Deposition Subpoenas for Production of

16  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

17  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

18  responsive to the categories of documents requested by AECOM and will produce such documents,

19  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

20  Discovery and investigation are ongoing.

21  **REQUEST FOR PRODUCTION NO. 39:**

22      All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that the

23  demister must be removed.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

25      PG&E objects to this Request to the extent it calls for the premature disclosure of expert

26  materials concerning, for example, opinions or analysis regarding the demister.  *See* Fed. R. Civ. P.

27  26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of

28  documents protected by the attorney-client privilege, attorney work-product protection, or any

- 29 -

1   other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the

2   foregoing general and special objections, PG&E responds as follows:

3   PG&E will produce all non-privileged documents responsive to this Request, which have

4   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

5   already produced in this litigation or in response to the Deposition Subpoenas for Production of

6   Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

7   Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

8   responsive to the categories of documents requested by AECOM and will produce such documents,

9   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

10  Discovery and investigation are ongoing.

11  **REQUEST FOR PRODUCTION NO. 40:**

12  All DOCUMENTS and COMMUNICATIONS RELATED TO issues YOU encountered

13  with the demister.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

15  PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome

16  because calls for the production of "all documents and communications relating to" issues PG&E

17  encountered with the demister, regardless of relevancy.  PG&E also objects to this Request because

18  it is uncertain as to time, in that, it does not define the time-period from which it is seeking

19  documents.  PG&E further objects to this Request to the extent it calls for the premature disclosure

20  of expert materials concerning, for example, opinions or analysis regarding the demister.  *See* Fed.

21  R. Civ. P. 26(b)(4)(B)-(C).  PG&E further to this Request to the extent it calls for the production

22  of documents protected by the attorney-client privilege, attorney work-product protection, or any

23  other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the

24  foregoing general and special objections, PG&E responds as follows:

25  PG&E will produce all non-privileged documents responsive to this Request, which have

26  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

27  already produced in this litigation or in response to the Deposition Subpoenas for Production of

28  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

- 30 -

1    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

2    responsive to the categories of documents requested by AECOM and will produce such documents,

3    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

4    Discovery and investigation are ongoing.

5    **REQUEST FOR PRODUCTION NO. 41:**

6        All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

7    have incurred costs of $46,302.96 to remove the demister.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9        PG&E objects to this Request to the extent it calls for the premature disclosure of expert

10   materials concerning, for example, opinions or analysis regarding the demister.  *See* Fed. R. Civ. P.

11   26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of

12   documents protected by the attorney-client privilege, attorney work-product protection, or any

13   other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the

14   foregoing general and special objections, PG&E responds as follows:

15       PG&E will produce all non-privileged documents responsive to this Request, which have

16   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

17   already produced in this litigation or in response to the Deposition Subpoenas for Production of

18   Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

19   Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

20   responsive to the categories of documents requested by AECOM and will produce such documents,

21   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

22   Discovery and investigation are ongoing.

23   **REQUEST FOR PRODUCTION NO. 42:**

24       All DOCUMENTS RELATING TO any inspection of the demister.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

26       PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome

27   because calls for the production of "all documents relating to" inspections of the demister,

28   regardless of relevancy.  PG&E also objects to this Request because it is uncertain as to time, in

- 31 -

1  that, it does not define the time-period from which it is seeking documents.  PG&E further objects

2  to this Request to the extent it calls for the premature disclosure of expert materials concerning, for

3  example, opinions or analysis regarding the demister.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E

4  further objects to this Request to the extent it calls for the production of documents protected by

5  the attorney-client privilege, attorney work-product protection, or any other relevant state or federal

6  privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special

7  objections, PG&E responds as follows:

8       PG&E will produce all non-privileged documents responsive to this Request, which have

9  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

10  already produced in this litigation or in response to the Deposition Subpoenas for Production of

11  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

12  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

13  responsive to the categories of documents requested by AECOM and will produce such documents,

14  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

15  Discovery and investigation are ongoing.

16  **REQUEST FOR PRODUCTION NO. 43:**

17       All DOCUMENTS RELATING TO removal of demister.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

19       PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome

20  because calls for the production of "all documents and communications relating to" removal of the

21  demister, regardless of relevancy.  PG&E also objects to this Request because it is uncertain as to

22  time, in that, it does not define the time-period from which it is seeking documents.  PG&E further

23  objects to this Request to the extent it calls for the premature disclosure of expert materials

24  concerning, for example, opinions or analysis regarding the demister.  *See* Fed. R. Civ. P.

25  26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of

26  documents protected by the attorney-client privilege, attorney work-product protection, or any

27  other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the

28  foregoing general and special objections, PG&E responds as follows:

1   PG&E will produce all non-privileged documents responsive to this Request, which have

2   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

3   already produced in this litigation or in response to the Deposition Subpoenas for Production of

4   Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

5   Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

6   responsive to the categories of documents requested by AECOM and will produce such documents,

7   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

8   Discovery and investigation are ongoing.

9   **REQUEST FOR PRODUCTION NO. 44:**

10   All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

11   have to fix and complete the As-Built Drawings.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

13   PG&E objects to this Request to the extent it calls for the premature disclosure of expert

14   materials concerning, for example, opinions or analysis regarding the As-Built Drawings.  *See* Fed.

15   R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the

16   production of documents protected by the attorney-client privilege, attorney work-product

17   protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

18   Subject to the foregoing general and special objections, and PG&E responds as follows:

19   PG&E will produce all non-privileged documents responsive to this Request, which have

20   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

21   already produced in this litigation or in response to the Deposition Subpoenas for Production of

22   Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

23   Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

24   responsive to the categories of documents requested by AECOM and will produce such documents,

25   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

26   Discovery and investigation are ongoing.

27

28

- 33 -

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that it will cost $452,268.96 to fix and complete the As-Built Drawings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the As-Built Drawings. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU are required to complete demolition work that AECOM failed to complete.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding remaining demolition work. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

- 34 -

1    PG&E will produce all non-privileged documents responsive to this Request, which have

2    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

3    already produced in this litigation or in response to the Deposition Subpoenas for Production of

4    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

5    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

6    responsive to the categories of documents requested by AECOM and will produce such documents,

7    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

8    Discovery and investigation are ongoing.

9    **REQUEST FOR PRODUCTION NO. 47:**

10   All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that it will

11   cost $452,268.96 to complete demolition work that AECOM failed to complete.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

13   PG&E objects to this Request to the extent it calls for the premature disclosure of expert

14   materials concerning, for example, opinions or analysis regarding the demolition work.  *See* Fed.

15   R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the

16   production of documents protected by the attorney-client privilege, attorney work-product

17   protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

18   Subject to the foregoing general and special objections, PG&E responds as follows:

19   PG&E will produce all non-privileged documents responsive to this Request, which have

20   not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

21   already produced in this litigation or in response to the Deposition Subpoenas for Production of

22   Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

23   Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

24   responsive to the categories of documents requested by AECOM and will produce such documents,

25   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

26   Discovery and investigation are ongoing.

27

28

1   **REQUEST FOR PRODUCTION NO. 48:**

2      All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU are

3   entitled to an offset of $444,233.35 claimed by AECOM for demolition work pursuant to PCO-

4   0133.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

6      PG&E objects to this Request to the extent it calls for the premature disclosure of expert

7   materials concerning, for example, opinions or analysis regarding the demolition work. *See* Fed.

8   R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the

9   production of documents protected by the attorney-client privilege, attorney work-product

10  protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1).

11  Subject to the foregoing general and special objections, PG&E responds as follows:

12     PG&E will produce all non-privileged documents responsive to this Request, which have

13  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

14  already produced in this litigation or in response to the Deposition Subpoenas for Production of

15  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

16  Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents

17  responsive to the categories of documents requested by AECOM and will produce such documents,

18  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

19  Discovery and investigation are ongoing.

20  **REQUEST FOR PRODUCTION NO. 49:**

21     All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

22  were required to install safety bollards that AECOM allegedly failed to install.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

24     PG&E objects to this Request to the extent it calls for the premature disclosure of expert

25  materials concerning, for example, opinions or analysis regarding the safety bollards. *See* Fed. R.

26  Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the

27  production of documents protected by the attorney-client privilege, attorney work-product

28

- 36 -

1  protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

2  Subject to the foregoing general and special objections, PG&E responds as follows:

3      PG&E will produce all non-privileged documents responsive to this Request, which have

4  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

5  already produced in this litigation or in response to the Deposition Subpoenas for Production of

6  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

7  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

8  responsive to the categories of documents requested by AECOM and will produce such documents,

9  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

10  Discovery and investigation are ongoing.

11  **REQUEST FOR PRODUCTION NO. 50:**

12      All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

13  incurred $83,804 to install safety bollards AECOM allegedly failed to install.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

15      PG&E objects to this Request to the extent it calls for the premature disclosure of expert

16  materials concerning, for example, opinions or analysis regarding the safety bollards.  *See* Fed. R.

17  Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the

18  production of documents protected by the attorney-client privilege, attorney work-product

19  protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

20  Subject to the foregoing general and special objections, PG&E responds as follows:

21      PG&E will produce all non-privileged documents responsive to this Request, which have

22  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

23  already produced in this litigation or in response to the Deposition Subpoenas for Production of

24  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

25  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

26  responsive to the categories of documents requested by AECOM and will produce such documents,

27  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

28  Discovery and investigation are ongoing.

- 37 -

1  **REQUEST FOR PRODUCTION NO. 51:**

2  All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

3  incurred an estimated $300,000 for compaction testing/inspections on the PROJECT.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

5  PG&E objects to this Request to the extent it calls for the premature disclosure of expert

6  materials concerning, for example, opinions or analysis regarding compaction testing/inspections.

7  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for

8  the production of documents protected by the attorney-client privilege, attorney work-product

9  protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

10  Subject to the foregoing general and special objections, PG&E responds as follows:

11  PG&E will produce all non-privileged documents responsive to this Request, which have

12  not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

13  already produced in this litigation or in response to the Deposition Subpoenas for Production of

14  Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

15  Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

16  responsive to the categories of documents requested by AECOM and will produce such documents,

17  likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

18  Discovery and investigation are ongoing.

19  **REQUEST FOR PRODUCTION NO. 52:**

20  All DOCUMENTS and COMMUNICATIONS RELATED to compaction testing and/or

21  inspection YOU conducted on the PROJECT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

23  PG&E objects to this Request to the extent it calls for the premature disclosure of expert

24  materials concerning, for example, opinions or analysis regarding compaction testing/inspection.

25  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for

26  the production of documents protected by the attorney-client privilege, attorney work-product

27  protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

28  Subject to the foregoing general and special objections, PG&E responds as follows:

- 38 -

1    PG&E will produce all non-privileged documents responsive to this Request, which have

2    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

3    already produced in this litigation or in response to the Deposition Subpoenas for Production of

4    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

5    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

6    responsive to the categories of documents requested by AECOM and will produce such documents,

7    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

8    Discovery and investigation are ongoing.

9    **REQUEST FOR PRODUCTION NO. 53:**

10    All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU

11    incurred an estimated $25,000 for "failed X-rays" on the PROJECT.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

13    PG&E objects to this Request to the extent it calls for the premature disclosure of expert

14    materials concerning, for example, opinions or analysis regarding failed X-rays.  *See* Fed. R. Civ.

15    P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production

16    of documents protected by the attorney-client privilege, attorney work-product protection, or any

17    other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the

18    foregoing general and special objections, PG&E responds as follows:

19    PG&E will produce all non-privileged documents responsive to this Request, which have

20    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

21    already produced in this litigation or in response to the Deposition Subpoenas for Production of

22    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

23    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

24    responsive to the categories of documents requested by AECOM and will produce such documents,

25    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

26    Discovery and investigation are ongoing.

27

28

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU incurred an estimated $37,304 for "foam discharge clean up" on the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the foam discharge. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the cause of the foam discharge on the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the foam discharge. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

- 40 -

1    PG&E will produce all non-privileged documents responsive to this Request, which have

2    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

3    already produced in this litigation or in response to the Deposition Subpoenas for Production of

4    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

5    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

6    responsive to the categories of documents requested by AECOM and will produce such documents,

7    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

8    Discovery and investigation are ongoing.

9    **REQUEST FOR PRODUCTION NO. 56:**

10    All DOCUMENTS and COMMUNICATIONS RELATING TO the "foam discharge clean

11    up" on the PROJECT.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

13    PG&E objects to this Request to the extent it calls for the premature disclosure of expert

14    materials concerning, for example, opinions or analysis regarding the foam discharge.  *See* Fed. R.

15    Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the

16    production of documents protected by the attorney-client privilege, attorney work-product

17    protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).

18    Subject to the foregoing general and special objections, and PG&E responds as follows:

19    PG&E will produce all non-privileged documents responsive to this Request, which have

20    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

21    already produced in this litigation or in response to the Deposition Subpoenas for Production of

22    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

23    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

24    responsive to the categories of documents requested by AECOM and will produce such documents,

25    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

26    Discovery and investigation are ongoing.

27

28

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS and COMMUNICATIONS RELATED TO YOUR claim that YOU incurred an estimated $23,428.50 for "On-Site Spill Clean Up" on the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the spill clean-up. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS RELATING TO the cause of the "On-Site Spill" on the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the on-site spill. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

- 42 -

1    PG&E will produce all non-privileged documents responsive to this Request, which have

2    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

3    already produced in this litigation or in response to the Deposition Subpoenas for Production of

4    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

5    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

6    responsive to the categories of documents requested by AECOM and will produce such documents,

7    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

8    Discovery and investigation are ongoing.

9    **REQUEST FOR PRODUCTION NO. 59:**

10    All DOCUMENTS and COMMUNICATIONS RELATING TO the "On-Site Spill Clean

11    Up" on the PROJECT.

12    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

13    PG&E objects to this Request to the extent it calls for the premature disclosure of expert

14    materials concerning, for example, opinions or analysis regarding the on-site spill.  *See* Fed. R. Civ.

15    P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production

16    of documents protected by the attorney-client privilege, attorney work-product protection, or any

17    other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the

18    foregoing general and special objections, PG&E responds as follows:

19    PG&E will produce all non-privileged documents responsive to this Request, which have

20    not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii)

21    already produced in this litigation or in response to the Deposition Subpoenas for Production of

22    Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County

23    Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents

24    responsive to the categories of documents requested by AECOM and will produce such documents,

25    likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

26    Discovery and investigation are ongoing.

27    **REQUEST FOR PRODUCTION NO. 60:**

28    All GIE pre-bid DOCUMENTS RELATING TO the PROJECT.

- 43 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

PG&E objects to this Request on the grounds that it is vague and ambiguous as to the term "pre-bid." For example, PG&E is unsure whether AECOM understands "pre-bid" to mean internal GIE documents concerning its bid to prepare the preliminary design for the Project, construct the Project, or otherwise. PG&E also objects to this Request on the ground that it seeks documents that are not relevant to AECOM's claims or defenses in this action. Fed. R. Civ. P. 26(b)(1). For example, GIE's "pre-bid" documents concerning the Project are not relevant to whether any party has breached the EPC Agreement, or any other claim or defense of AECOM. Subject to the foregoing general and special objections, and to the extent PG&E understands the Request, PG&E responds as follows:

PG&E has made a reasonable and diligent search of its Project files for documents related to GIE's work on the Project and has previously produced from those files all non-privileged documents related to GIE's work on the Project (e.g., the Request for Proposal that was incorporated into the EPC Agreement). The GIE documents relevant to this action are its work-product incorporated into both the Request for Proposal for the Project and the EPC Agreement, both of which are maintained in, and were produced as part of, PG&E's Project files.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS RELATING TO PG&E's approval (or lack thereof) of GIE's design and drawings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

PG&E objects to this Request on the grounds that it is overbroad and unduly burdensome because calls for the production of "all documents and communications relating to" PG&E's approval (or lack thereof) of GIE's design and drawings, regardless of project or relevancy. PG&E also objects to this Request on the ground that it is uncertain as to time, in that, it does not define the time-period from which it is seeking documents. GIE has contracted with PG&E for many projects over the years. PG&E also objects to this Request on the ground that it seeks documents that are not relevant to AECOM's claims or defenses in this action. Fed. R. Civ. P. 26(b)(1). For example, documents concerning PG&E's approval (or lack thereof) of GIE's design and drawings

- 44 -

1    are not relevant to whether any party has breached the EPC Agreement, or any other claim or

2    defense of AECOM.  PG&E further objects to this Request to the extent it calls for the production

3    of documents protected by the attorney-client privilege, attorney work-product protection, or any

4    other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the

5    foregoing general and special objections, PG&E responds as follows:

6         PG&E has made a reasonable and diligent search of its Project files for documents related

7    to GIE's work on the Project and has previously produced from those files all non-privileged

8    documents related to GIE's work on the Project (e.g., the Request for Proposal that was

9    incorporated into the EPC Agreement).  The GIE documents relevant to this action are its work-

10   product incorporated into both the Request for Proposal for the Project and the EPC Agreement,

11   both of which are maintained in, and were produced as part of, PG&E's Project files.

12   **REQUEST FOR PRODUCTION NO. 62:**

13        All agreements YOU entered into with GIE RELATING TO the PROJECT.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

15        PG&E objects to this Request on the ground that it seeks documents that are not relevant to

16   AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, not all GIE's

17   "agreements" with PG&E concerning the Project are relevant to whether any party has breached

18   the EPC Agreement, or any other claim or defense of AECOM.  Subject to the foregoing general

19   and special objections, PG&E responds as follows:

20        PG&E has already produced all relevant, non-privileged documents responsive to this

21   Request.  The only GIE agreements relative to this action are the GIE Master Services Agreement

22   (PG&E Contract No.4400005097) and the Contract Work Authorization concerning the Project

23   (No. 2501024732), both of which have already been produced to AECOM.

24   **REQUEST FOR PRODUCTION NO. 63:**

25        All COMMUNICATIONS between PG&E and GIE regarding the PROJECT.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

27        PG&E objects to this Request on the ground that it seeks documents that are not relevant to

28   AECOM's claims or defenses in this action.   Fed. R. Civ. P. 26(b)(1).   For example,

communications between PG&E and GIE (i) concerning the GIE pre-bid materials for the Project and/or (ii) pre-dating the release of the RFP for the Project are not relevant to whether any party has breached the EPC Agreement, or any other claim or defense of AECOM.   Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E has made a reasonable and diligent search of its Project files for documents related to GIE's work on the Project and has previously produced from those files all non-privileged documents related to GIE's work on the Project (e.g., the Request for Proposal that was incorporated into the EPC Agreement).   The GIE documents relevant to this action are its work-product incorporated into both the Request for Proposal for the Project and the EPC Agreement, both of which are maintained in, and were produced as part of, PG&E's Project files.

**REQUEST FOR PRODUCTION NO. 64:**

All requests for proposals for the PROJECT YOU provided to GIE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

PG&E objects to this Request on the ground that it seeks documents that are not relevant to AECOM's claims or defenses in this action.   Fed. R. Civ. P. 26(b)(1).   For example, requests for proposals provided by PG&E to GIE concerning the Project are not relevant to whether any party has breached the EPC Agreement, or any other claim or defense of AECOM.   Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E has made a reasonable and diligent search of its Project files for documents related to GIE's work on the Project and has previously produced from those files all non-privileged documents related to GIE's work on the Project (e.g., the Request for Proposal that was incorporated into the EPC Agreement).   The GIE documents relevant to this action are its work-product incorporated into both the Request for Proposal for the Project and the EPC Agreement, both of which are maintained in, and were produced as part of, PG&E's Project files.

**REQUEST FOR PRODUCTION NO. 65:**

All proposals to perform work on the PROJECT provided to YOU by GIE.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

2          PG&E objects to this Request on the ground that it seeks documents that are not relevant to

3    AECOM's claims or defense in this action.  Fed. R. Civ. P. 26(b)(1).  For example, proposals to

4    perform work on the Project provided by PG&E to GIE are not relevant to whether any party has

5    breached the EPC Agreement, or any other claim or defense of AECOM.  PG&E also objects to

6    this Request seeks confidential GIE information protected by a non-disclosure agreement entered

7    into between GIE and PG&E.  GIE submitted a bid in response to the request for proposal issued

8    for the Project.  The information contained in GIE's bid is likely protected trade secreted and and/or

9    proprietary or confidential business information and can only be obtained from GIE.  Subject to the

10   foregoing general and special objections, PG&E responds as follows:

11         PG&E has made a reasonable and diligent search of its Project files for documents related

12   to GIE's work on the Project and has previously produced from those files all non-privileged

13   documents related to GIE's work on the Project (e.g., the Request for Proposal that was

14   incorporated into the EPC Agreement).  The GIE documents relevant to this action are its work-

15   product incorporated into both the Request for Proposal for the Project and the EPC Agreement,

16   both of which are maintained in, and were produced as part of, PG&E's Project files.

17   **REQUEST FOR PRODUCTION NO. 66:**

18         All minutes of meetings with GIE RELATED TO the PROJECT.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

20         PG&E objects to this Request on the ground that it seeks documents that are not relevant to

21   AECOM's claims or defense in this action.  Fed. R. Civ. P. 26(b)(1).  For example, minutes of

22   meetings with GIE (i) concerning the GIE pre-bid materials for the Project and/or (ii) pre-dating

23   the release of the RFP for the Project are not relevant to whether any party has breached the EPC

24   Agreement, or any other claim or defense of AECOM.  Subject to the foregoing general and special

25   objections, PG&E responds as follows:

26         PG&E has made a reasonable and diligent search of its Project files for documents related

27   to GIE's work on the Project and has previously produced from those files all non-privileged

28   documents related to GIE's work on the Project (e.g., the Request for Proposal that was

- 47 -

1  incorporated into the EPC Agreement).  The GIE documents relevant to this action are its work-
2  product incorporated into both the Request for Proposal for the Project and the EPC Agreement,
3  both of which are maintained in, and were produced as part of, PG&E's Project files.

4  **REQUEST FOR PRODUCTION NO. 67:**

5  All DOCUMENTS exchanged between YOU and GIE RELATING TO the PROJECT.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

7  PG&E objects to this Request on the ground that it seeks documents that are not relevant to
8  AECOM's claims or defense in this action.  Fed. R. Civ. P. 26(b)(1).  For example, documents
9  exchanged between PG&E and GIE (i) concerning the GIE pre-bid materials for the Project and/or
10  (ii) pre-dating the release of the RFP for the Project are not relevant to whether any party has
11  breached the EPC Agreement, or any other claim or defense of AECOM.  Subject to the foregoing
12  general and special objections, PG&E responds as follows:

13  PG&E has made a reasonable and diligent search of its Project files for documents related
14  to GIE's work on the Project and has previously produced from those files all non-privileged
15  documents related to GIE's work on the Project (e.g., the Request for Proposal that was
16  incorporated into the EPC Agreement).  The GIE documents relevant to this action are its work-
17  product incorporated into both the Request for Proposal for the Project and the EPC Agreement,
18  both of which are maintained in, and were produced as part of, PG&E's Project files.

19  **REQUEST FOR PRODUCTION NO. 68:**

20  All DOCUMENTS with reflect any comments or questions posed by YOU RELATING TO
21  any design or drawings created by GIE for the PROJECT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

23  PG&E objects to this Request on the ground that it seeks documents that are not relevant to
24  AECOM's claims or defense in this action.  Fed. R. Civ. P. 26(b)(1).  For example, documents and
25  communications which reflect comments or questions posed by PG&E concerning GIE's design or
26  drawings that are not contained the RFP for the Project or the EPC Agreement are not relevant to
27  whether any party has breached the EPC Agreement, or any other claim or defense of AECOM.
28  PG&E further objects to this Request to the extent it calls for the production of documents protected

- 48 -

1    by the attorney-client privilege, attorney work-product protection, or any other relevant state or

2    federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and

3    special objections, PG&E responds as follows:

4        PG&E has made a reasonable and diligent search of its Project files for documents related

5    to GIE's work on the Project and has previously produced from those files all non-privileged

6    documents related to GIE's work on the Project (e.g., the Request for Proposal that was

7    incorporated into the EPC Agreement).  The GIE documents relevant to this action are its work-

8    product incorporated into both the Request for Proposal for the Project and the EPC Agreement,

9    both of which are maintained in, and were produced as part of, PG&E's Project files.

10   **REQUEST FOR PRODUCTION NO. 69:**

11       All COMMUNICATIONS and DOCUMENTS exchanged between PG&E and TULSA

12   regarding the PROJECT.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO.69:**

14       PG&E objects to this Request to the extent it seeks documents that are not relevant to

15   AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, documents

16   and communications exchanged between PG&E and Tulsa (i) concerning GIE's pre-bid materials

17   and/or (ii) prior to the release of the RFP for the Project are not relevant to whether any party has

18   breached the EPC Agreement, or any other claim or defense of AECOM.  Subject to the foregoing

19   general and special objections, PG&E responds as follows:

20       PG&E believes it has already produced all documents responsive to this Request in response

21   to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly

22   on PG&E in connection with Shasta County Superior Court, Case No. 192600, including the scope

23   of production negotiated between the parties, and AECOM's supplemental requests.  To the extent

24   additional responsive documents exist outside of this range, PG&E requests that AECOM provide

25   specific information justifying the expansion of the scope and time period previously agreed to by

26   the parties, as supplemented by AECOM.

27   **REQUEST FOR PRODUCTION NO. 70:**

28       All reports produced by TULSA RELATING TO the PROJECT.

- 49 -

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

2         PG&E objects to this Request to the extent it seeks documents that are not relevant to

3    AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, reports

4    prepared by Tulsa (i) concerning GIE's pre-bid materials and/or (ii) prior to the release of the RFP

5    for the Project are not relevant to whether any party has breached the EPC Agreement, or any other

6    claim or defense of AECOM.  Subject to the foregoing general and special objections, PG&E

7    responds as follows:

8         PG&E believes it has already produced all documents responsive to this Request in response

9    to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly

10   on PG&E in connection with Shasta County Superior Court, Case No. 192600, including the scope

11   of production negotiated between the parties, and AECOM's supplemental requests.  To the extent

12   additional responsive documents exist outside of this range, PG&E requests that AECOM provide

13   specific information justifying the expansion of the scope and time period previously agreed to by

14   the parties, as supplemented by AECOM.

15   **REQUEST FOR PRODUCTION NO. 71:**

16        All DOCUMENTS which reflect or RELATE TO any services performed by TULSA

17   regarding the PROJECT.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

19        PG&E objects to this Request to the extent it seeks documents that are not relevant to

20   AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, documents

21   concerning services performed by Tulsa (i) regarding GIE's pre-bid materials and/or (ii) prior to

22   the release of the RFP for the Project are not relevant to whether any party has breached the EPC

23   Agreement, or any other claim or defense of AECOM.  PG&E also objects to this Request to the

24   extent it calls for the premature disclosure of expert materials concerning, for example, opinions or

25   analysis concerning any reports prepared by Tulsa.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E

26   further objects to this Request to the extent it calls for the production of documents protected by

27   the attorney-client privilege, attorney work-product protection, or any other relevant state or federal

28

1  privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special

2  objections, PG&E responds as follows:

3        PG&E believes it has already produced all documents responsive to this Request in response

4  to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly

5  on PG&E in connection with Shasta County Superior Court, Case No. 192600, including the scope

6  of production negotiated between the parties, and AECOM's supplemental requests.  To the extent

7  additional responsive documents exist outside of this range, PG&E requests that AECOM provide

8  specific information justifying the expansion of the scope and time period previously agreed to by

9  the parties, as supplemented by AECOM.

10 **REQUEST FOR PRODUCTION NO. 72:**

11       All COMMUNICATIONS and DOCUMENTS exchanged PG&E and E2 regarding the

12 PROJECT.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

14       PG&E objects to this Request to the extent it seeks documents that are not relevant to

15 AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, documents

16 and communications exchanged between PG&E and E2 (i) concerning GIE's pre-bid materials

17 and/or (ii) prior to the release of the RFP for the Project are not relevant to whether any party has

18 breached the EPC Agreement, or any other claim or defense of AECOM.  Subject to the foregoing

19 general and special objections, PG&E responds as follows:

20       PG&E believes it has already produced all documents responsive to this Request in response

21 to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly

22 on PG&E in connection with Shasta County Superior Court, Case No. 192600, including the scope

23 of production negotiated between the parties, and AECOM's supplemental requests.  To the extent

24 additional responsive documents exist outside of this range, PG&E requests that AECOM provide

25 specific information justifying the expansion of the scope and time period previously agreed to by

26 the parties, as supplemented by AECOM.

27 **REQUEST FOR PRODUCTION NO. 73:**

28       All reports produced by E2 RELATING TO the PROJECT.

- 51 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

PG&E objects to this Request to the extent it seeks documents that are not relevant to AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, reports prepared by E2 (i) concerning GIE's pre-bid materials and/or (ii) prior to the release of the RFP for the Project are not relevant to whether any party has breached the EPC Agreement, or any other claim or defense of AECOM.  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E believes it has already produced all documents responsive to this Request in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600, including the scope of production negotiated between the parties, and AECOM's supplemental requests.  To the extent additional responsive documents exist outside of this range, PG&E requests that AECOM provide specific information justifying the expansion of the scope and time period previously agreed to by the parties, as supplemented by AECOM

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS which reflect or RELATE TO any services performed by E2 regarding the PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

PG&E objects to this Request to the extent it seeks documents that are not relevant to AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, documents concerning services performed by E2 (i) regarding GIE's pre-bid materials and/or (ii) prior to the release of the RFP for the Project are not relevant to whether any party has breached the EPC Agreement, or any other claim or defense of AECOM.  PG&E also objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis concerning any reports prepared by Tulsa.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal

privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E believes it has already produced all documents responsive to this Request in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600, including the scope of production negotiated between the parties, and AECOM's supplemental requests. To the extent additional responsive documents exist outside of this range, PG&E requests that AECOM provide specific information justifying the expansion of the scope and time period previously agreed to by the parties, as supplemented by AECOM.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS which supports YOUR contention that "PG&E has had to repair/replace the defective work or will need to repair/replace the defective work earlier than it otherwise would have had to, had the work been completed correctly."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding the defective work. *See* Fed. R. Civ. P. 26(b)(4)(B)-(C). PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection. *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600. PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents, likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance. Discovery and investigation are ongoing.

- 53 -

1    **REQUEST FOR PRODUCTION NO. 76:**

2    All COMMUNICATIONS and DOCUMENTS exchanged YOU and ARB, Inc.

3    RELATING TO the PROJECT.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

5    PG&E objects to this Request to the extent it seeks documents that are not relevant to

6    AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, documents

7    and communications exchanged between PG&E and ARB (i) concerning GIE's pre-bid materials

8    and/or (ii) prior to the release of the RFP for the Project are not relevant to whether any party has

9    breached the EPC Agreement, or any other claim or defense of AECOM.  Subject to the foregoing

10   general and special objections, PG&E responds as follows:

11   PG&E believes it has already produced all documents responsive to this Request in response

12   to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly

13   on PG&E in connection with Shasta County Superior Court, Case No. 192600, including the scope

14   of production negotiated between the parties, and AECOM's supplemental requests.  To the extent

15   additional responsive documents exist outside of this range, PG&E requests that AECOM provide

16   specific information justifying the expansion of the scope and time period previously agreed to by

17   the parties, as supplemented by AECOM.

18   **REQUEST FOR PRODUCTION NO. 77:**

19   All DOCUMENTS which reflect or RELATE TO any services performed by ARB, Inc.

20   regarding the PROJECT.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

22   PG&E objects to this Request to the extent it seeks documents that are not relevant to

23   AECOM's claims or defenses in this action.  Fed. R. Civ. P. 26(b)(1).  For example, documents

24   concerning services performed by ARB (i) regarding GIE's pre-bid materials and/or (ii) prior to

25   the release of the RFP for the Project are not relevant to whether any party has breached the EPC

26   Agreement, or any other claim or defense of AECOM.  PG&E also objects to this Request to the

27   extent it calls for the premature disclosure of expert materials concerning, for example, opinions or

28   analysis concerning any reports prepared by Tulsa.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E

- 54 -

further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1).  Subject to the foregoing general and special objections, PG&E responds as follows:

PG&E believes it has already produced all documents responsive to this Request in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600, including the scope of production negotiated between the parties, and AECOM's supplemental requests.  To the extent additional responsive documents exist outside of this range, PG&E requests that AECOM provide specific information justifying the expansion of the scope and time period previously agreed to by the parties, as supplemented by AECOM**.**

**REQUEST FOR PRODUCTION NO. 78:**

All DOCUMENTS which reflect YOUR calculation of liquidated damages assessed against AECOM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

PG&E objects to this Request to the extent it calls for the premature disclosure of expert materials concerning, for example, opinions or analysis regarding liquidated damages.  *See* Fed. R. Civ. P. 26(b)(4)(B)-(C).  PG&E further objects to this Request to the extent it calls for the production of documents protected by the attorney-client privilege, attorney work-product protection, or any other relevant state or federal privilege or protection.  *See* Fed. R. Civ. P. 26(b)(1). Subject to the foregoing general and special objections, and PG&E responds as follows:

PG&E will produce all non-privileged documents responsive to this Request, which have not been (i) been prepared by any expert in the course of forming any opinion or analysis and (ii) already produced in this litigation or in response to the Deposition Subpoenas for Production of Business Records served by AECOM and JH Kelly on PG&E in connection with Shasta County Superior Court, Case No. 192600.  PG&E is in the process of collecting the relevant documents responsive to the categories of documents requested by AECOM and will produce such documents,

1   likely on a rolling basis, once it has had an opportunity to review them for privilege and relevance.

2   Discovery and investigation are ongoing.

3

4   Dated: April 15, 2021                          RALLS GRUBER & NIECE LLP

5

6                                                  By: _____

7                                                       AARON R. GRUBER

8                                                  Attorneys for Counter-Defendant

9                                                  PACIFIC GAS & ELECTRIC COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3

**Lee, Cindy J.**

---

**From:**          Jerry Hoover <jhoover@gie.com>
**Sent:**          Thursday, April 1, 2021 11:50 AM
**To:**            Eaton, Luke Nicholas
**Cc:**             Christian Rider; Jerry Hoover
**Subject:**       FW: CONFIDENTIAL Service of Process (J.H. Kelley v. AECOM)
**Attachments:**    166216.pdf

**EXTERNAL SENDER**

Luke; acknowledging receipt of your Subpoena in the referenced matter.

Your broad request will require the retrieval of archived information and the search for the emails based on the criteria listed in the Service of Process that will take longer than expected. We will need additional time to recover the files and convert into a usable format. Additionally, the broad search categories needed to meet the request of the Subpoena has identified over 50,000 emails, due to Gulfs history of work with PG&E, most of which are not applicable to this request, so additional time will be required to review and sort out. Lastly, as previously mentioned, there are confidential and proprietary Gulf Interstate files you are requesting, so I will need to review the Protective Order that you previously mentioned you have in place in this case. Please forward for my review and comment. This email should not be interpreted as waiving any prior objections Gulf Interstate has made regarding your request for documents. Jerry

P.S. We will keep track of our time responding to your Subpoena request, and will be invoicing your firm for the time and expenses of same.

**W. Jerry Hoover, Esq.**
*General Counsel*

Gulf Interstate Engineering

16010 Barkers Point Lane, Suite 600
Houston, TX 77079-9000 USA

O 713-297-3010 | www.gie.com

1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

JH Kelly, LLC
    *Plaintiff*
      v.
AECOM Technical Services, Inc.
    *Defendant*

)
)
)
)
)
)

Civil Action No. 20-cv-05381-HSG

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Gulf Interstate Engineering Company c/o Registered Agent Solutions, Inc.
1220 S. Street, Suite 150, Sacramento, CA 95811

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Schedule A.

| Place: Troutman Pepper Hamilton Sanders LLP<br>Three Embarcadero Center, Suite 800<br>San Francisco CA 94111 | Date and Time:<br>April 3, 2021, 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 8, 2021

   *CLERK OF COURT*
           OR     _L. Eaton_

  *Signature of Clerk or Deputy Clerk*     *Attorney's signature*
              Luke N. Eaton

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
AECOM Technical Services, Inc. _____ , who issues or requests this subpoena, are:
Marion T. Hack, Luke N. Eaton, 350 S. Grand Avenue, Suite 3400, Los Angeles, CA 90071, (213) 928-9800,
luke.eaton@troutman.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-05381-HSG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

   ☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

   ☐  I returned the subpoena unexecuted because: _____

_____

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

     $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

     I declare under penalty of perjury that this information is true.

Date: _____

                                           _____
                                              *Server's signature*

                                           _____
                                            *Printed name and title*

                                           _____
                                            *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

## SCHEDULE A

The following document requests are to be read in accordance with the instructions and definitions below.

## INSTRUCTIONS

A.      These document requests seek documents that are in your possession, custody or control, and documents that are in the possession, custody or control of your employees, agents, representatives, accountants and/or attorneys.

B.      Each document request herein shall be construed separately, and no document request shall be used to construe any other document request more narrowly than it otherwise would be construed.

C.      You shall produce any ELECTRONICALLY STORED INFORMATION ("ESI") in accordance with the ESI Production Format attached as **Exhibit A**, unless otherwise agreed to in writing by the parties.

D.      If, after exercising due diligence to identify and produce the documents, you cannot respond in full to any of the following document requests, please so state and answer to the extent possible, specifying your inability to answer the remainder.  If your response is qualified in any way, please set forth the details of such qualification.

E.      If you wish to assert the attorney-client privilege, attorney work product protection, or any other privilege as to any request or responsive document, in whole or in part, then please identify the document as to which privilege is claimed in a manner such that the Court may determine whether such information is entitled to be accorded privileged status.

F.      If any document is not produced in its entirety or is produced in redacted form, indicate any and all omissions or redactions on the document.  State with particularity the reason(s) that the document was omitted or redacted, and, to the extent possible, describe the content of the document.

G.      Produce the documents either as they are kept in the usual course of business or organized and labeled to correspond to the specific request(s) to which the documents are

1

responsive. File folders, labels, and indices identifying documents requested herein shall be produced intact with such documents. Documents attached to each other shall not be separated.

H.      The terms "and" and "or" shall be construed both conjunctively and disjunctively. The plural of any word includes the singular, and the singular includes the plural. The masculine gender of any word includes the feminine, and the feminine of any word includes the masculine. The past tense of any verb includes the present tense, and the present tense includes the past tense. Each of these instructions is intended to make the request more inclusive.

I.      When a document request uses a defined term or word, each part of the definition is incorporated into the document request.

## DEFINITIONS

1.      The terms "YOU" and "YOUR" mean Gulf Interstate Engineering Company, your agents, employees, officers, directors, attorneys, and anyone else acting on your behalf.

2.      The term "PG&E" means Pacific Gas and Electric Company, its agents, employees, officers, directors, attorneys, and anyone else acting on its behalf.

3.      The term "PROJECT" means the construction project that is the subject of the underlying lawsuit, commonly known as the Burney K2 Replacement Project and generally located at 37667 Highway 299, Burney, California 96013 in Shasta County.

4.      The term "ACTION" means the lawsuit entitled *JH Kelly, LLC v. AECOM Technical Services, Inc., et al.,* United States District Court, Northern District of California, Case No. 20-cv-05381-HSG.

5.      The terms "DOCUMENT" and "DOCUMENTS" shall be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, and thus means any designated documents or electronically stored information— including writings, drawings, graphs, charts, photographs, sound recordings, images, and other

2

data or data compilations—stored in any medium. The term "DOCUMENT," as used herein, specifically includes, without limitation, text messages, facebook messengers, and electronic mail messages (both in electronic and printed form).

6.     The term "COMMUNICATION" or "COMMUNICATIONS" means the transmission, whether orally, electronically, or in writing, by any means of a word, statement, fact, thing, idea, DOCUMENT, instruction, demand or question, and include any DOCUMENTS which abstract, digest, transcribe or record any such communication. This specifically includes text messages,

7.     The terms "RELATING TO" and "REFERRING TO" mean constituting or evidencing and directly or indirectly mentioning, describing, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

8.     Any word not specifically defined herein shall be given its ordinary meaning.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS RELATING TO the PROJECT.

**REQUEST NO. 2:**

All COMMUNICATIONS RELATING TO the PROJECT.

**REQUEST NO. 3:**

All DOCUMENTS RELATING TO any contract(s) for the PROJECT, including but not limited to contract(s) with PG&E.

**REQUEST NO. 4:**

All DOCUMENTS RELATING TO inspection(s) of the PROJECT, including but not limited to inspection report(s) RELATING TO the PROJECT.

**REQUEST NO. 5:**

All COMMUNICATIONS by, between, or among YOU and PG&E RELATING TO the PROJECT.

3

112840344

**REQUEST NO. 6:**

     All DOCUMENTS REFERRING TO JH KELLY'S work on the PROJECT.

**REQUEST NO. 7:**

     All DOCUMENTS REFERRING TO AECOM's work on the PROJECT.

**REQUEST NO. 8:**

     All DOCUMENTS RELATING TO bids YOU submitted for the PROJECT.

**REQUEST NO. 9:**

     All DOCUMENTS RELATING TO YOUR preliminary design for the PROJECT.

**REQUEST NO. 10:**

     All DOCUMENTS REFERRING TO YOUR meeting with PG&E for the PROJECT.

4

## EXHIBIT A

### ESI Production Format

**Format of Production:**

Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below. Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated document information and metadata for each document. The original native files shall be preserved.

ESI shall be collected in a manner that preserves metadata to the extent reasonably possible. ESI shall be produced in a format that is reasonably usable to same extent as the original native file. Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only. A duplicate custodian field ["DupCustodian"] shall be provided that identifies each custodian from whom the document was collected, but not produced because it was removed as a duplicate. Any duplicate ESI that is not produced shall be preserved.

Specific technical production format details are outlined below:

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a Party shall produce color images for selected documents. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

112840344

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows: Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059)

<u>Document Information and Metadata To Be Produced</u>

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| Dup Custodian | Text – paragraph | | All names of people the document was collected from even if | All names of people the document was collected from even |

6

| | | | | |
|---|---|---|---|---|
| | Separate entries with ";" | | removed from production as a duplicate | if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |

7

| Field | Type | | Description | Description |
|---|---|---|---|---|
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

112840344

# EXHIBIT 4

| From: | Bestor, Ted </O=PG&E/OU=CORPORATE/CN=RECIPIENTS/CN=T2BK> |
|---|---|
| To: | Malsen, Khaled; Ayala, Raul; Bernedo, Alex; Kaupanger, Kristofer; Harrington, Dale C (GT&D); Eglian, Charles (GE&O); Cruz, Joseph |
| Sent: | 11/13/2014 9:31:31 AM |
| Subject: | RE: Project 1687: Burney K-2 Replacement - Revised Mechanical IFU Drawings |

Khaled,

Gulf stated that the changes you requested would require a significant amount of rework and be subject to a change order.  We can pick up the changes when the project moves forward to the detailed design phase.  Your markups will be kept in the PSRS Subdirectory for access when needed.

Thanks, Ted.

**From:** Malsen, Khaled
**Sent:** Wednesday, November 12, 2014 12:54 PM
**To:** Bestor, Ted; Ayala, Raul; Bernedo, Alex; Kaupanger, Kristofer; Harrington, Dale C (GT&D); Eglian, Charles (GE&O); Cruz, Joseph
**Subject:** RE: Project 1687: Burney K-2 Replacement - Revised Mechanical IFU Drawings

Ted,

Why GIE didn't incorporate my comments in Electric load calculation doc. 1687-000-CA-4001-00-Rev1 and DWG's. 3806892s1, 3806892s5.

Thx,
Khaled

**From:** Bestor, Ted
**Sent:** Wednesday, November 12, 2014 11:55 AM
**To:** Ayala, Raul; Bernedo, Alex; Kaupanger, Kristofer; Harrington, Dale C (GT&D); Malsen, Khaled; Eglian, Charles (GE&O); Cruz, Joseph
**Subject:** FW: Project 1687: Burney K-2 Replacement - Revised Mechanical IFU Drawings

The updated drawings have been copied to here: \\gasofp01\cgt\cleanup\PSRS_Subdirectories\004782\Design-Drawings Engineering\3 ENGINEERING\30% DRAWINGS\ (GIE 30% Drawings 11-04-14 folder).

The files with newer dates have replaced the versions originally placed in this folder.

Alex and I will make one last review of these drawings and request updates from GIE.  Review by other Team members at this point is optional, but we will include any comments received in our transmittal to Gulf.

Thanks, Ted.

**From:** Elena Horndt [mailto:ehorndt@gie.com]
**Sent:** Tuesday, November 11, 2014 2:06 PM
**To:** Cruz, Joseph; Bestor, Ted
**Cc:** Carroll Teschendorf; Bill Sullivan; Brandy Wallace; Ayala, Raul
**Subject:** Project 1687: Burney K-2 Replacement - Revised Mechanical IFU Drawings

Mr. Joe Cruz and Mr. Ted Bestor,

Attached is the Transmittal 1687-TD-GIE-000026.  You may also view the documents on the Project Web Page under **20 Revised Mechanical IFU 11-11-14.**

CONFIDENTIAL

BURNEY000693177

Thank you,

Elena Horndt

Gulf Interstate Engineering

16010 Barkers Point Lane, Suite 600
Houston, TX 77079-9000

O 713-850-3481

---

Privileged, Proprietary and/or Confidential Information may be contained in this electronic message. If you are not the intended recipient, you should not copy it, re-transmit it, use it or disclose its contents, but should kindly return to the sender immediately and delete your copy from your system.
Gulf Interstate Engineering Company does not accept responsibility for changes made to this electronic message or its attachments.

CONFIDENTIAL

BURNEY000693178

# EXHIBIT 5

**From:** Eaton, Luke Nicholas
**Sent:** Friday, July 23, 2021 6:58 AM
**To:** 'Dylan J. Crosby' <dcrosby@rallsgruber.com>; Nicholas, Mario R. <mario.nicholas@stoel.com>; Hack, Marion T. <Marion.Hack@Troutman.com>; Taylor, William M. <William.Taylor@Troutman.com>; Grasberger, Eric <eric.grasberger@stoel.com>
**Cc:** Aaron Gruber <agruber@rallsgruber.com>
**Subject:** RE: Burney: Rule 30(b)(6) Deposition Notices [SR-ACTIVE.FID4341114]

Dylan –

We have explained to you numerous times the relevance of the GIE documents.  Among other things, as you know from the Second Amended Complaint, AECOM contends that PG&E knew or should have known that it intended to make significant changes to the design, but make a representation otherwise.  PG&E's communications with GIE, in emails, meetings and otherwise, relating to the preliminary design are relevant to these issues.  If PG&E withheld information from AECOM at the time of bid, we are entitled to know that.

This is a simple issue, but unfortunately it appears that we are at an impasse and will have to file a motion.

Please let me know if you are willing to reconsider your position.

Thank you,

**Luke N. Eaton**
**Partner**

1

**troutman** pepper
Direct: 213.928.9838 | Internal: 816-9838
luke.eaton@troutman.com

---

**From:** Dylan J. Crosby <dcrosby@rallsgruber.com>
**Sent:** Thursday, July 22, 2021 4:48 PM
**To:** Eaton, Luke Nicholas <Luke.Eaton@troutman.com>; Nicholas, Mario R. <mario.nicholas@stoel.com>; Hack, Marion T. <Marion.Hack@Troutman.com>; Taylor, William M. <William.Taylor@Troutman.com>; Grasberger, Eric <eric.grasberger@stoel.com>
**Cc:** Aaron Gruber <agruber@rallsgruber.com>; Dylan J. Crosby <dcrosby@rallsgruber.com>
**Subject:** RE: Burney: Rule 30(b)(6) Deposition Notices [SR-ACTIVE.FID4341114]

## EXTERNAL SENDER

Luke,

Based on your prior requests, PG&E has already produced: (i) relevant documents concerning the GIE work product and the Request for Proposal (RFP) for the Project; and (ii) a copy of the relevant GIE contractual documents.  As stated previously, the RFP, which includes GIE's preliminary design for the Project and is incorporated into he fully integrated EPC Agreement, is the only GIE document relevant to this dispute.  Any communications concerning GIE's preliminary design prior to the release of the RFP would be inadmissible parole evidence and/or irrelevant to the contractual dispute between PG&E and AECOM.

Without valid justification for PG&E to spend significant resources on a fourth supplemental search for and production of records, we see no valid reason to provide e-mails related to the GIE scope of work.  Moreover, to date, AECOM has failed to provide a sufficient explanation as to why the additional documents AECOM seeks are relevant to this litigation.  AECOM only bid on the GIE work product incorporated into the RFP.  Nothing more.

Regards,
Dylan

Dylan J. Crosby
**Ralls Gruber & Niece LLP**
1700 S. El Camino Real, Suite 150
San Mateo, CA 94402
Direct: 707.315.4248
Email:  dcrosby@rallsgruber.com

---

**From:** Eaton, Luke Nicholas <Luke.Eaton@troutman.com>
**Sent:** Friday, July 16, 2021 10:14 AM
**To:** Dylan J. Crosby <dcrosby@rallsgruber.com>; Nicholas, Mario R. <mario.nicholas@stoel.com>; Hack, Marion T. <Marion.Hack@Troutman.com>; Taylor, William M. <William.Taylor@Troutman.com>; Grasberger, Eric <eric.grasberger@stoel.com>
**Cc:** Aaron Gruber <agruber@rallsgruber.com>
**Subject:** RE: Burney: Rule 30(b)(6) Deposition Notices [SR-ACTIVE.FID4341114]
**Importance:** High

Dylan –

Is PG&E still refusing to produce GIE records and produce a 30(b)(6) witness related thereto?  If so, we will likely have to go to motion on this.  Please advise today as this directly affects our ability to schedule the depositions.

Thank you,

**Luke N. Eaton**
**Partner**
**troutman** pepper
Direct: 213.928.9838 | Internal: 816-9838
luke.eaton@troutman.com

---

**From:** Dylan J. Crosby <dcrosby@rallsgruber.com>
**Sent:** Wednesday, July 7, 2021 4:51 PM
**To:** Nicholas, Mario R. <mario.nicholas@stoel.com>; Hack, Marion T. <Marion.Hack@Troutman.com>; Eaton, Luke
Nicholas <Luke.Eaton@troutman.com>; Taylor, William M. <William.Taylor@Troutman.com>; Grasberger, Eric
<eric.grasberger@stoel.com>
**Cc:** Aaron Gruber <agruber@rallsgruber.com>; Dylan J. Crosby <dcrosby@rallsgruber.com>
**Subject:** RE: Burney: Rule 30(b)(6) Deposition Notices [SR-ACTIVE.FID4341114]

**EXTERNAL SENDER**

Counsel,

Subject to the same reservations as JH Kelly, PG&E responds to AECOM and JH Kelly's Rule 30(b)(6) deposition notices as
follows:

*As to AECOM's* Rule 30(b)(6) Depo Notice, PG&E objects to producing any witness/testimony concerning the following
categories/topics:
- 18. Preparation, review, and approval of PG&E request for proposal for PROJECT, including all amendments and
clarifications to request for proposal and design basis, risk assessment and cost assessment for request for
proposal.
- 19. PG&E costs and financing for PROJECT.
- 20. PG&E review and assessment of bids submitted on the PROJECT.
- 21. PG&E review and approval of Gulf Interstate's 30% design for the project and changes thereto.

Among other objections, PG&E's preparation of the RFP, including approval of GIE's 30% Preliminary Design, financing,
and assessment of bids other than AECOM's bid for the Project, is outside the scope of discovery permitted by Rule
26(b)(1). Additionally, testimony concerning PG&E's review and assessment of Project bids other than AECOM's bid
would violate proprietary, confidential, and/or trade secret protections afforded to third parties. Lastly, the EPC
Agreement is a fully executed document – facts related to the RFP are not relevant to a dispute over the obligations in
the Agreement and the financing of the Project is not at issue in the litigation.

*As to JH Kelly's* Rule 30(b)(6) Depo Notice, PG&E objects to producing any witness/testimony concerning the following
categories/topics:
- 4. Project Budget and Funding.

Among other objections, PG&E's budget and funding for the Project is outside the scope of discovery permitted by Rule
26(b)(1).

Mario – as to your request to meet and confer, we do not believe there is any need in light of: (i) our objections to JH
Kelly's 30(b)(6) category concerning PG&E's budget; and (ii) the fact that we have already produced relevant cost
information for our affirmative claims and are in the process of collecting and producing e-mails concerning the same.

Please let me know if you have any questions. If not, we look forward to speaking with everyone on July 15.

Regards,
Dylan

Dylan J. Crosby
**Ralls Gruber & Niece LLP**
1700 S. El Camino Real, Suite 150
San Mateo, CA 94402
Direct: 707.315.4248
Email:  dcrosby@rallsgruber.com

---

**From:** Nicholas, Mario R. <mario.nicholas@stoel.com>
**Sent:** Wednesday, July 7, 2021 11:26 AM
**To:** Aaron Gruber <agruber@rallsgruber.com>; Dylan J. Crosby <dcrosby@rallsgruber.com>; Hack, Marion T.
<Marion.Hack@Troutman.com>; Eaton, Luke Nicholas <Luke.Eaton@troutman.com>; Taylor, William M.
<William.Taylor@Troutman.com>
**Cc:** Grasberger, Eric <eric.grasberger@stoel.com>
**Subject:** RE: Burney: Rule 30(b)(6) Deposition Notices [SR-ACTIVE.FID4341114]

Counsel:

JH Kelly responds to the draft 30(b)(6) notices circulated this past Friday as follows:

- Subject to JH Kelly's reservation of rights regarding form/further objections when the final 30(b)(6) notices are served, JH Kelly does not object to the general description of categories in the draft 30(b)(6) notices directed to JH Kelly.
- Some of the topics may require designation of more than one client representative and we reserve the right to designate more than one witness per topic.
- JH Kelly plans to join in topics 28-33 (Defective Work by JH Kelly) in PG&E's 30(b)(6) notice to AECOM. JH Kelly reserves its right to join in other topics designated by AECOM or PG&E as our review is continuing.
- **We request to meet and confer this week** regarding PG&E's and AECOM's production of financial information / job cost information as that information relates to topics designated by all parties. I have previously conferred with Will regarding AECOM's job cost information. AECOM recently produced an additional spreadsheet regarding its job cost information, but we believe further information is necessary as AECOM does not appear to have produced its job cost estimates / budgets or interim updates to its job cost estimates / budgets. To the best of our knowledge PG&E has not produced its budget or costs incurred against its budget.

We also reiterate our prior request that AECOM and PG&E provide its witnesses dates of availability in advance of the July 15 call so we're adequately prepared to discuss scheduling.

Thank you,

Mario R. Nicholas | Associate
STOEL RIVES LLP | 760 SW Ninth Avenue, Suite 3000 | Portland, OR 97205
Direct: (503) 294-9510 | Mobile: (818) 397-9203 | Fax: (530) 220-2480

mario.nicholas@stoel.com | Bio | vCard | www.stoel.com
This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient.  Any unauthorized review, use, or distribution is prohibited and may be unlawful.

---

**From:** Nicholas, Mario R.
**Sent:** Friday, July 2, 2021 3:00 PM
**To:** 'Aaron Gruber' <agruber@rallsgruber.com>; 'Dylan J. Crosby' <dcrosby@rallsgruber.com>; 'Hack, Marion T.'
<Marion.Hack@Troutman.com>; 'Eaton, Luke Nicholas' <Luke.Eaton@troutman.com>; 'Taylor, William M.'
<William.Taylor@Troutman.com>

**Cc:** Grasberger, Eric <eric.grasberger@stoel.com>
**Subject:** Burney: Rule 30(b)(6) Deposition Notices

Counsel:

Attached please find JH Kelly's proposed 30(b)(6) notices to PG&E and AECOM.

Thank you,

**Mario R. Nicholas** | Associate
**STOEL RIVES LLP** | 760 SW Ninth Avenue, Suite 3000 | Portland, OR 97205
Direct: (503) 294-9510 | Mobile: (818) 397-9203 | Fax: (530) 220-2480

mario.nicholas@stoel.com | Bio | vCard | www.stoel.com
This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient.  Any unauthorized review, use, or distribution is prohibited and may be unlawful.

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

# EXHIBIT 6

Reference Number: 4252443

# Attn: Custodian of Records

Facility: PG&E

Regarding records pertaining to: Burney K2 Replacement Project 37667 Hwy 200 Burney CA

Expectations for document delivery, contact, and explanation of our policies.

If you have any questions, please contact us at 530-224-9980 or by email at info@accuratedocumentimaging.com.

Accurate Document Imaging
1734 West Street #A
Redding, CA 96001

**SUBP-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Carr & Kennedy<br>Randall C Nelson<br>420 Redcliff Drive<br>Redding, CA 96002<br>    TELEPHONE NO.: 530-222-2100         FAX NO.:<br>    E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):*  Aecom Technical Services, Inc | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Shasta | |
|---|---|
| STREET ADDRESS:  1500 Court St | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE:  Redding, 96001 | |
| BRANCH NAME:  Shasta County Superior Court | |

| PLAINTIFF/PETITIONER:  JH Kelly, LLC a Washington limited liability company |
|---|
| DEFENDANT/RESPONDENT:  AECOM TECHNICAL SERVICES, INC., a purported California corporation |

| DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>192600 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
PG&E, 77 Beale Street 24th Floor, San Francisco, CA 94105

1.   **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS** described in item 3, as follows:

| To *(name of deposition officer):*  Accurate Document Imaging | |
|---|---|
| On *(date):*  03/02/2020 | At *(time):*  10:00 AM |
| Location *(address):*  1734 West Street #A Redding CA 96001 | |

> Do not release the requested records to the deposition officer prior to the date and time stated above.

a.  [X]  by delivering a true, legible, and durable copy of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

b.  [ ]  by delivering a true, legible, and durable copy of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

c.  [X]  by making the original business records described in item 3 available for inspection at your business address by the attorney's representative and permitting copying at your business address under reasonable conditions during normal business hours.

2.   *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3.   The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*
Regarding records pertaining to: Burney K2 Replacement Project 37667 Hwy 200 Burney CA
     [X]  Continued on Attachment 3.

4.   IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, AND CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued:  02/04/2020

Randall C Nelson                                                    /s/
_____                    _____
        (TYPE OR PRINT NAME)                                (SIGNATURE OF PERSON ISSUING SUBPOENA)

                                                           Attorney For: Aecom Technical Services, Inc
                                                                         (TITLE)

*(Proof of service on reverse)*                                                       Page 1 of 2

| DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS | Code of Civil Procedure, §§ 2020.410-2020.440;<br>Government Code, § 68097.1<br>www.courts.ca.gov

## ATTACHMENT 3 TO DEPOSITION SUBPOENA
## FOR PRODUCTION OF BUSINESS RECORDS

**A.     DEFINITIONS**

Unless conclusively negated by the context of the questions, the following is to be considered applicable to all Interrogatories and Requests for Production contained herein.

1.     "Additional Work" means the labor, materials, equipment and services furnished by AECOM on the Project for which AECOM has requested $3,432,000 in additional compensation as detailed in the attached Table 1.

2.     "AECOM" means Defendant AECOM Technical Services, Inc.

3.     "And" or "or" means "and/or", with the singular form being deemed to include the plural and vice versa.

4.     "Communication" or "Communications" means any act of communicating between or among any person, including telephonic conversations, face-to-face conversations, text messaging, email correspondence, or any other correspondence embodied in writing.

5.     "Complaint" means Plaintiff JH Kelly, Inc.'s Complaint filed Shasta County Superior Court Case No. 192600

6.     "Document" or "Documents" means writing of every kind and character in whatever form, including electronic, physical, photographic, or recorded in any manner or media, pertaining to the designated subject matter, including, without limitation, the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financial statement, audit, tax return, articles of incorporation, bylaws, stock book, minute book, agreement, contract, deed, security agreement, mortgage, deed of trust, title or other insurance policy, report, record, study, handwritten note, map,

drawing, working paper, chart, paper, draft, index, tape, microfilm, data sheet, data processing card, computer printout, computer program, check bank statement, passbook, or any other written, typed, printed, photocopied, dittoed, mimeographed, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced, to which You have nor have not had access.

       7.      "EPC Agreement" means Contract No. 2501335149 entered into by PG&E and AECOM, dated February 11, 2016.

       8.      "Identify" means:

(a)     When used with reference to a natural person, to state his or her full name, present home address, present business address, present home and business telephone number, present or last known position and business affiliation at the time in question.

(b)     When used with reference to an entity, such as a partnership (either general or limited), joint venture, trust or corporation, to state the full legal name of such entity, each name under which such entity does business, the entity's telephone number and the identity of the chief operating officer, manager, trustee, or other principal representative.

(c)     When used with reference to Documents, to state specifically:

     (i)     The type of Document involved (e.g., letter, interoffice memorandum, etc.), together with information sufficient to enable the location of the Document such as its date, the name of any addressee and the name of any signor, the title or the heading of the Document and its approximate number of pages; and

     (ii)    The identity of the custodian or other person last known to have possession of the Document, together with the present or last known location of the Document.

       9.      "JH Kelly" means JH Kelly, Inc., and any of its affiliates.

      10.     "PG&E" means Pacific Gas and Electric Company, and any of its affiliates.

11.     "Plant Operational Assistance" means the labor, materials, equipment and services furnished by AECOM on the Project for which AECOM has requested $1,367,000 in additional compensation as detailed in the attached Table 2.

12.     "Project," means the construction project that is the subject of the above-captioned lawsuit, commonly known as the Burney K2 Replacement Project, located at 37667 Highway 200, Burney, CA 96013 in Shasta County, California.

13.     "Proposed Change Order No. 7" means the proposed change order submitted by AECOM to PG&E, on or around November 26, 2018, for an increase to the EPC Agreement price in the amount of $4,142,761.23.

14.     "Relating to" means pertinent, relevant or material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with, considering or otherwise relating in any manner whatsoever to the subject matter of the inquiry.

15.     "RFP" refers to the Request for Proposal issued by PG&E on or around August 3, 2015 for the purpose of soliciting bids for the Project.

16.     The terms "You", "Your" or "PG&E" means Pacific Gas & Electric Company, and each and every of its agents and or representatives.

**B.     INSTRUCTIONS**

1.      Unless otherwise stated, these Requests for Production cover the period from January 1, 2014 to present.  However, these Requests for Production are deemed to be continuing in nature, and in the event that You discover further information that is responsive, You are to supplement the answers by supplemental pleading.

2.      If You claim that response, either in whole or in part, to any Request for Production or portion thereof, is subject to any privilege or otherwise objectionable or protected from discovery, You are to identify the subject matter, the answer to which such privilege, objection or protection is thought to apply, and state the ground or basis for each such claim, objection, privilege or protection. All portions of such a Request for Production

not regarded as calling for a protected or objectionable response are to be answered and/or responded to in full.

3.      You must produce Documents without any concealment, redaction, or other form of alteration, and produce Documents in the same form, order and system that You maintain the Documents in Your regular course of business prior to service of this demand. Unless otherwise indicated in the requests below, physical segregation of Documents into the separate categories set forth below is not required.

4.      You are to produce all responsive Documents in Your possession, custody, or control including those Documents reasonably available to You, Your representatives, agents and attorneys.

5.      If the production of any Document, or any portion thereof, is properly objected to, You shall still produce the remaining Documents, or portions therefore, for which no proper objection is made.

6.      If a request seeks documents or communications relating to a specific entity, the request shall be construed to include any affiliates, agents, subsidiaries, or representatives of the identified entity.

## C.      DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:** Produce all Communications between You and JH Kelly that relate to the Project.

**REQUEST FOR PRODUCTION NO. 2:** Produce all Documents that You shared or otherwise provided to JH Kelly that relate to the Project.

**REQUEST FOR PRODUCTION NO. 3:** Produce all Documents and Communications that relate to the procurement of the Solar compressor unit for the Project, including, but not limited to, Documents and Communications relating to the selection, testing, or delivery of the compressor unit.

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents and Communications that relate to the procurement, delivery, reprioritization, or diversion of materials for the Project that were manufactured, furnished, or delivered by MRC Global.

4

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and Communications that relate to the procurement, delivery, reprioritization, or diversion of materials for the Project that were manufactured, furnished, or delivered by Baker Hughes Company.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and Communications that relate to the procurement, delivery, reprioritization, or diversion of materials for the Project that were manufactured, furnished, or delivered by Cameron International Corp.

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents and Communications that relate to the procurement, delivery, reprioritization, or diversion of materials for the Project that were manufactured, furnished, or delivered by Emerson Electric Co.

**REQUEST FOR PRODUCTION NO. 8:** Produce all Documents and Communications that relate to the selection, procurement, testing or delivery of the stand-by generator for the Project, including, but not limited to, all communications with Caterpillar, Inc.

**REQUEST FOR PRODUCTION NO. 9:** Produce all Documents and Communications that relate to any labor, equipment, materials, or services furnished for the Project by Barry-Wehmiller-Design Group, Inc.

**REQUEST FOR PRODUCTION NO. 10** Produce all Communications and Documents that relate to the drafting, preparation, and issuance of the RFP.

**REQUEST FOR PRODUCTION NO. 11:** Produce all Documents and Communications prepared by or exchanged with Gulf Interstate Engineering from 2010 to 2017 that relate to the Project or the Project site.

**REQUEST FOR PRODUCTION NO. 12:** Produce all Communications and Documents that relate to PG&E's assessment of liquidated damages in the amount of $1,500,000 against AECOM.

**REQUEST FOR PRODUCTION NO. 13:** Produce all Communications and Documents that relate to any and all withholdings, actual, threatened or otherwise, by PG&E from amounts invoiced by AECOM relating to the Project.

**REQUEST FOR PRODUCTION NO. 14:** Produce all Documents and Communications that relate to the electrical design for the Project, including but not limited to any drafts or revisions thereof.

**REQUEST FOR PRODUCTION NO. 15:** Produce all Communications and Documents that relate to each design review meeting(s) attended by PG&E for the Project.

**REQUEST FOR PRODUCTION NO. 16:** Produce all Communications and Documents that relate to all modifications to the Project's hazardous materials storage building ("Hazmat Building").

**REQUEST FOR PRODUCTION NO. 17:** Produce all Communications and Documents that relate to all modifications to the Project's auxiliary building design.

**REQUEST FOR PRODUCTION NO. 18:** Produce all Communications and Documents that relate to the 30%, 60% and 90% design deliverables submitted by AECOM during the Project.

**REQUEST FOR PRODUCTION NO. 19:** Produce all Communications and Documents that relate to Your contention that PG&E incurred $777,000 in costs to repair the valve stem that was damaged on or around October 14, 2017, also referred to as the "Valve Strike Incident," including, but not limited to, all cost documentation, cost estimates, claims, invoices, receipts, timesheets or timecards.

**REQUEST FOR PRODUCTION NO. 20:** Produce all Communications and Documents that relate to Your contention in the letter from Evan Stark to Pete Holland, dated January 23, 2019, that the GOV-2 valve was improperly installed, procured or is otherwise defective, including, but not limited to, all Communications and Documents relating to the testing, analysis, or inspection of GOV-2.

**REQUEST FOR PRODUCTION NO. 21:** Produce all Communications and Documents that relate to the alleged damages that PG&E has or will incur for the repair, correction or replacement of GOV-2, including, but not limited to, all cost documentation, cost estimates, invoices, receipts, timesheets or timecards.

**REQUEST FOR PRODUCTION NO. 22:** Produce all Communications and Documents that relate to Your contention in the letter from Evan Stark to Pete Holland, dated January 23, 2019, that the stand-by generator was improperly installed, procured or is otherwise defective, including, but not limited to, all Communications and Documents relating to the testing, analysis, or inspection of the stand-by generator.

**REQUEST FOR PRODUCTION NO. 23:** Produce all Communications and Documents that relate to the alleged damages that PG&E has or will incur for the repair or correction of the stand-by generator, including, but not limited to, all cost documentation, cost estimates, invoices, receipts, timesheets or timecards.

**REQUEST FOR PRODUCTION NO. 24:** Produce all Communications and Documents that relate to Your contention that the Generator Room ventilation was improperly installed, procured or is otherwise defective and/or requires repair, including, but not limited to, all Communications and Documents relating to the testing, analysis, or inspection of the Generator Room ventilation.

**REQUEST FOR PRODUCTION NO. 25:** Produce all Communications and Documents that relate to the alleged damages that PG&E has or will incur for the repair or correction of the Generator Room ventilation, including, but not limited to, all cost documentation, cost estimates, invoices, receipts, timesheets or timecards.

**REQUEST FOR PRODUCTION NO. 26:** Produce all Communications and Documents that relate to Your contention in the letter from Evan Stark to Pete Holland, dated January 23, 2019, that valve POV-166 was improperly installed, procured or is otherwise defective, including, but not limited to, all Communications and Documents relating to the testing, analysis, or inspection of valve POV-166.

**REQUEST FOR PRODUCTION NO. 27:** Produce all Communications and Documents that relate to the alleged damages that PG&E has or will incur for the repair or correction of valve POV-166, including, but not limited to, all cost documentation, cost estimates, invoices, receipts, timesheets or timecards.

**REQUEST FOR PRODUCTION NO. 28:** Produce all Communications and Documents that relate to Your contention in the letter from Evan Stark to Pete Holland, dated January 23, 2019, that the Fuel Gas Heater was improperly installed, procured or is otherwise defective, including, but not limited to, all Communications and Documents relating to the testing, analysis, or inspection of the Fuel Gas Heater.

**REQUEST FOR PRODUCTION NO. 29:** Produce all Communications and Documents that relate to the alleged damages that PG&E has or will incur for the repair or correction of the Fuel Gas Heater, including, but not limited to, all cost documentation, cost estimates, invoices, receipts, timesheets or timecards.

**REQUEST FOR PRODUCTION NO. 30:** Produce all Communications and Documents that relate to any work that You contend that AECOM did not complete and was within AECOM's scope of work under the EPC Agreement, including, but not limited to, all alleged demolition work, Bollard installation.

**REQUEST FOR PRODUCTION NO. 31:** Produce all Communications and Documents that relate to any damages that You contend that PG&E incurred to complete AECOM's scope of work under the EPC Agreement, including, but not limited to, all cost documentation, cost estimates, invoices, receipts, timesheets or timecards.

**REQUEST FOR PRODUCTION NO. 32:** Produce all Communications and Documents that relate to any damages that You contend that PG&E incurred to correct or repair work performed by AECOM pursuant to the EPC Agreement, including, but not limited to, all cost documentation, cost estimates, invoices, receipts, timesheets or timecards.

**REQUEST FOR PRODUCTION NO. 33:** Produce all Documents and Communications that relate to Your valuation of the Additional Work performed by AECOM on the Project..

**REQUEST FOR PRODUCTION NO. 34:** Produce all Documents and Communications that relate to Your valuation of the Plant Operational Assistance performed by AECOM on the Project.

**REQUEST FOR PRODUCTION NO. 35:** Produce all Documents and Communications that relate to any excavation work, including mechanical excavation work and hydro vacuum excavation work, performed by others on the Project.

**REQUEST FOR PRODUCTION NO. 36:** Produce all Documents and Communications that relate to the presence of boulders, large rocks, or other obstructions at the Project.

**REQUEST FOR PRODUCTION NO. 37:** Produce all Documents and Communications that relate to Proposed Change Order No 7.

**REQUEST FOR PRODUCTION NO. 38:** Produce all Documents and Communications that relate to Change Order No 6.

**REQUEST FOR PRODUCTION NO. 39:** Produce all Documents and Communications that relate to PG&E's evaluation, processing, and/or analysis of any and all applications for payment submitted by AECOM.

**REQUEST FOR PRODUCTION NO. 40:** Produce all Documents and Communications that relate to PG&E's evaluation, processing, and/or analysis of any and all Requests for Information (RFIs) and Potential Change Orders (PCOs) submitted by AECOM.

**REQUEST FOR PRODUCTION NO. 41:** Produce all Documents and Communications that relate to AECOM's request for a temporary shutdown of work ("Winter Shutdown") during the winter of 2017/2018.

**REQUEST FOR PRODUCTION NO. 42:** Produce all Documents and Communications that relate to AECOM's request(s) for an extension of time for the Project, including, but not limited to, all evaluations, schedule analyses, and critical path analyses relating to such requests.

**REQUEST FOR PRODUCTION NO. 43:** Produce all Documents and Communications that relate to any time impact analyses and/or critical path analyses prepared by or for PG&E for the Project.

| PCO Number | RFI Number | Description | PG&E Amount | AECOM Amount |
|---|---|---|---|---|
| PCO-0032 | 51 | Duplicate x-ray film for valve pups | $0.00 | $ 6,000 |
| PCO-0033 | 52 | PLC hardware | $0.00 | $ 339,000 |
| | 55 | AECOM labor to obtain material codes | | $ 10,000 |
| | 150 | Compressor Roll-up Door Control Conduits | | $ 6,000 |
| PCO-0104 | 151 | PB-38 Demo and Conduit Re-Route | $28,245.16 | $ 28,000 |
| | 155 | EPC of larger FWPH for foam system | | $ 114,000 |
| | 164 | Relocate Comp Bldg Temp Transmitter | | $ 8,000 |
| | 165 | Control Valve Tubing Modifications | | $ 5,000 |
| | 186 | Regulators for Air Actuators | | $ 12,000 |
| PCO-0155 | 193 | Supply, Install, and Commission new CP system | $1,777,384.19 | $ 62,000 |
| PCO-0123 | 196 | Standby Generator Fuel Gas Heaters control scheme | $93,398.32 | $ 93,000 |
| PCO-0139 | 212 | Install Beacon for Hydrogen Monitor Alarm | $16,051.80 | $ 16,000 |
| | 226 | Meyers RFI#6-Fuel Gas Tank | | $ 9,000 |
| | 235 | Existing Control Building Fire Detection - Bell | | $ 14,000 |
| | 243 | Relief Vents On Actuator Supply tubing | | $ 15,000 |
| PCO-0161 | 250 | Electrical PCO supplements | $63,825.30 | $ 64,000 |
| | 251 | Existing Panel B Circuit Breakers & Connector Kits | | $ 8,000 |
| | 257 | Additional Electrical Excavation Costs | | $ - |
| | 262 | Extra excavation for PG&E GC (RFI 0125) | | $ 109,000 |
| PCO-0172 | 263 | PG&E programming revision requests | $6,565.28 | $ 7,000 |
| | 268 | Burney Tap L-401 Excavation - Piping - Coating | | $ 9,000 |
| | 269 | Extra drainage costs due to late paving change | | $ 49,000 |
| PCO-0170 | 270 | AECOM labor for FG heaters | $29,277.06 | $ 29,000 |
| PCO-0176 | 271 | update Fire Pre Plan Visio files | $9,570.20 | $ 10,000 |
| PCO-0181 | 278 | Update to Burney Tap for audited Barnard costs | $9,246.30 | $ 9,000 |
| | 279 | Additional Electrical Excavation Costs | | $ 865,000 |
| | 287 | PENDING - Conduit Seal Log | | $ 13,000 |
| | 292 | Rework for as-Found Conditions in Valve Nest | | $ 13,000 |
| | | Added Conduit Seals at Gas Cooler Pull Boxes | | $ 15,000 |
| | | Storage Building IFC Electrical Changes - COR 1 | | $ 117,000 |
| | | Site Grading Rework | | $ 29,000 |
| | | PSV | | $ 53,000 |
| | | Electrical reconciliation bid vs IFC dated 9/12/17 | | $ 1,296,000 |
| Total | | | $2,033,564 | $ 3,432,000 |

Table 2 (Plant Operational Assistance) to Attachment 3 to Deposition Subpoena for Production of Business Records

| PCO Number | RFI Number | Description | PG&E Amount | AECOM Amount |
|---|---|---|---|---|
| PCO-0061 | 92 | Access to piping components in the Fuel Gas Bldg | $152,611.30 | $ 153,000 |
| PCO-0062 | 93 | Access to air compressors in Aux Bldg | $0.00 | $ 18,000 |
| PCO-0057 | 104 | PSVs and H70 Rework | $0.00 | $ 131,000 |
| PCO-0064 | 108 | VOID RENEGOTIATE - Supplemental H-70 work | $0.00 | $ 7,000 |
| | 162 | Remove and Replace Valves for PG&E Inspection | | $ 44,000 |
| | 170 | Valve Nest Rework | | $ 42,000 |
| PCO-0145 | 229 | supplemental site supervision and OH allocations | $31,494.06 | $ 33,000 |
| PCO-0174 | 256 | Leaking Valve Repairs | $0.00 | $ 13,000 |
| | 267 | POV-6 and POV-32 leaking packing replacement | | $ 12,000 |
| | 289 | Attempted Repair of POV-166 | | $ 27,000 |
| PCO-0185 | 290 | Sealweld Summit 7030 procedure for GOV-2 | $0.00 | $ 11,000 |
| | 294 | Field Coating Repairs - AECOM Coatings Wrong Spec E- | | $ 713,000 |
| | | Leaking valves - O | | $ 4,000 |
| | | HVAC Aux Bldg | | $ 78,000 |
| | | Commissioning Assistance | | $ 81,000 |
| | | | $ 184,105 | $ 1,367,000 |

SUBP-010

| PLAINTIFF/PETITIONER: JH Kelly, LLC a Washington limited liability company | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: AECOM TECHNICAL SERVICES, INC., a purported California corporation | 192600 |

### PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:
   a. Person served *(name)*: PG&E
   b. Address where served:
      77 Beale Street 24th Floor, San Francisco, CA 94105
   c. Date of delivery:
   d. Time of delivery:
   e. (1) ☐ Witness fees were paid.
           Amount: .................................. $ _____
      (2) ☐ Copying fees were paid.
           Amount: $ _____
   f. Fee for service: .................................. _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☒ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:
      Duane Shoemaker
      117
      1734 West Street #A
      Redding, CA 96001
      530-224-9980

| I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | (For California sheriff or marshal use only) I certify that the foregoing is true and correct. |
|---|---|
| Date: | Date: |
| /s/ _____ (SIGNATURE) | _____ (SIGNATURE) |

**SUBP-025**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Carr & Kennedy<br>Randall C Nelson<br>420 Redcliff Drive<br>Redding, CA 96002<br>    TELEPHONE NO.: 530-222-2100           FAX NO.:<br>    E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):*  Aecom Technical Services, Inc | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Shasta<br>  STREET ADDRESS:  1500 Court St<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Redding, 96001<br>  BRANCH NAME:  Shasta County Superior Court | |
| PLAINTIFF / PETITIONER:  JH Kelly, LLC a Washington limited liability company<br>DEFENDANT / RESPONDENT:  AECOM TECHNICAL SERVICES, INC., a purported California corporation | CASE NUMBER:<br>192600 |
| NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION<br>(Code Civ. Proc., §§ 1985.3, 1985.6) | |

## NOTICE TO CONSUMER OR EMPLOYEE

TO *(name):*  Burney K2 Replacement Project 37667 Hwy 200 Burney CA

Regarding records pertaining to: Burney K2 Replacement Project 37667 Hwy 200 Burney CA

1.  PLEASE TAKE NOTICE THAT REQUESTING PARTY *(name)* Aecom Technical Services, Inc
    SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on *(specify date):* 03/02/2020
    The records are described in the subpoena directed to witness*(specify name and address of person or entity from whom records are sought):* PG&E,

2.  IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED. IN ITEM a. OR b.
    BELOW:

    a.  If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify
        the subpoena and give notice of that motion to the witness and the deposition officer named in the subpoena at least five days before the
        date set for production of the records.

    b.  If you are not a party to this action, you must serve on the requesting party and on the witness, before the date set for production of the
        records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form
        below to object and state the grounds for your objection. You must complete the Proof of Service on the reverse side indicating whether you
        personally served or mailed the objection. The objection should not be filed with the court. **WARNING: IF YOUR OBJECTION IS NOT RECEIVED
        BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.**

3.  YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the
    scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD
    CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date:  Feb 04 2020

Randall C Nelson                      /s/

_____      _____
        (TYPE OR PRINT NAME)            (SIGNATURE OF ☐ REQUESTING PARTY ☒ ATTORNEY)

## OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS

1.  ☐  I object to the production of all of my records specified in the subpoena.

2.  ☐  I object only to the production of the following specified records:

3.  The specific grounds for my objection are as follows:

Date:

_____      _____
        (TYPE OR PRINT NAME)                  (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-025 [Rev. January 1, 2008]    **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION**    Code of Civil Procedure,<br>§§ 1985.3, 1985.6,<br>2020.010-2020.510<br>*www.courtinfo.ca.gov*

| PLAINTIFF / PETITIONER: JH Kelly, LLC a Washington limited liability company | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: AECOM TECHNICAL SERVICES, INC., a purported California corporation | 192600 |

## PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
### (Code Civ. Proc., §§ 1985.3,1985.6)
☐ Personal Service  [ X ] Mail

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. I served a copy of the *Notice to Consumer or Employee and Objection* as follows *(check either a or b)*:

   a. ☐   Personal service. I personally delivered the *Notice to Consumer or Employee and Objection* as follows:

      (1) Name of person served:                         (3) Date served:

      (2) Address where served:                       (4) Time served:

   b. [ X ]   Mail. I deposited the *Notice to Consumer or Employee and Objection* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:

      (1) Name of person served:   Mario R Nicholas Esq.; Eric Grasberger Esq. (Stoel   (3) Date served: Rives LLP)

      (2) Address where served:     760 SW Ninth Ave. #3000 Portland, OR 97205    (4) Time served:

      (5) I am a resident of or employed in the county where the *Notice to Consumer or Employee and Objection* was mailed.

   c. My residence or business address is *(specify)*:   1734 West Street #A, Redding, CA 96001

   d. My phone number is *(specify)*:   530-224-9980

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   February 4 2020

Duane Shoemaker                         /s/

_____           _____
    (TYPE OR PRINT NAME OF PERSON WHO SERVED)            (SIGNATURE OF PERSON WHO SERVED)

## PROOF OF SERVICE OF OBJECTION TO PRODUCTION OF RECORDS
### (Code Civ. Proc., §§ 1985.3,1985.6)
☐ Personal Service  ☐ Mail

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. I served a copy of the *Objection to Production of Records* as follows *(complete either a or b)*:

   a. ON THE REQUESTING PARTY

     (1). ☐   Personal service. I personally delivered the *Objection to Production of Records* as follows:

        (1) Name of person served:                    (3) Date served:

        (2) Address where served:                   (4) Time served:

     (2). ☐   Mail. I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:

        (1) Name of person served:                    (3) Date served:

        (2) Address where served:                   (4) Time served:

   a. ON THE WITNESS

     (1). ☐   Personal service. I personally delivered the *Objection to Production of Records* as follows:

        (1) Name of person served:                    (3) Date served:

        (2) Address where served:                   (4) Time served:

     (2). ☐   Mail. I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:

        (1) Name of person served:                    (3) Date served:

        (2) Address where served:                   (4) Time served:

3. My residence or business address is *(specify)*:

4. My phone number is *(specify)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____           _____
    (TYPE OR PRINT NAME OF PERSON WHO SERVED)            (SIGNATURE OF PERSON WHO SERVED)

Reference Number: 4252443

| Attorney      Telephone No:   530-222-2100 | For Court Use Only |
|---|---|
| Carr & Kennedy | |
| Randall C Nelson | |
| Bar Number: 138298 | |
| 420 Redcliff Drive | |
| Redding, CA. 96002 | |
| Carr & Kennedy, Law Office | |
| 420 Redcliff Drive Redding, CA 96002 | |
| Attorney for:   Aecom Technical Services, Inc | |

Insert name of Court and Judicial District and Branch Court:
Shasta County Superior Court

Plaintiff:   JH Kelly, LLC a Washington limited liability company
Defendant:   AECOM TECHNICAL SERVICES, INC., a purported California corporation

| **DECLARATION OF** **CUSTODIAN OF RECORDS** | Case Number: 192600 |
|---|---|

The Custodian of Records, or other qualified witness, for:
PG&E

**Declares as shown below in response to the Subpoena Duces Tecum for deposition scheduled as follows:**

| To:   Accurate Document Imaging, 530-224-9980, FAX: 530-224-9989 , On: 03/02/2020 , At: 10:00 AM |
|---|
| Location:   1734 West Street #A Redding CA 96001 |

**Regarding records pertaining to: Burney K2 Replacement Project 37667 Hwy 200 Burney CA**

1. ☐   CERTIFICATION OF RECORDS *(Custodian's Initials* _____ )

     a.   I am a duly authorized Custodian of Records, or other qualified witness, for the above named business. As such I have the authority to certify these records.

     b.   The photocopied records submitted herewith are true copies of all the records described in the Subpoena Duces Tecum, Deposition Subpoena, or Authorization for Records.

     c.   To the best of my knowledge, all such records were prepared or compiled by the personnel of the above-named business in the ordinary course of business, at or near the time of the acts, conditions, or events recorded.

     d.   No documents have been withheld in order to avoid their being photocopied. If we have only part of the records described in the Subpoena Duces Tecum, Deposition Subpoena, or Authorization for Records, such records as are available are provided.

2. ☐   CERTIFICATION OF **NO** RECORDS *(Custodian's initials* _____ )

     Reason for NO RECORDS _____

     a.   A thorough search has been made for the documents described in the Subpoena Duces Tecum, Deposition Subpoena, or Authorization for Records and, based on the information provided to me for identification, no such records were found.

     b.   It is understood that such records could exist under another spelling, name or classification, but with the information furnished to our office, and to the best of our knowledge, no such records exist in our files.

3. ☐   CERTIFICATION OF X-RAY(S), MRI(S), OR CAT SCANS *(Custodian's initials:* _____ )

4. ☐   CERTIFICATION OF **NO** X-RAY(S), MRI(S), OR CAT SCANS *(Custodian's initials:* _____ )

     Reason for NO X-RAYS, MRI(S), or CAT Scans _____

I declare under penalty of perjury that the foregoing is true and correct, and this declaration was

executed on (date): _____   at (place) _____

Print Name _____   Signature _____

## AFFIDAVIT OF PROFESSIONAL PHOTOCOPIER

### Pursuant to Section 22462 of Business and Professions Code

I declare that I am the attorney's representative and that the attached records are complete and true copy of the records delivered to me by the Custodian of Records of the within named location and will be distributed to the authorized persons or entities. The method of Reproduction was: **Copied Originals.**

Date _____   Signature _____

1   ERIC A. GRASBERGER (Admitted *Pro Hac Vice*)
    eric.grasberger@stoel.com
2   MARIO R. NICHOLAS (SB #273122)
    mario.nicholas@stoel.com
3   STOEL RIVES LLP
    760 SW Ninth Avenue, Suite 3000
4   Portland, OR  97205
    Telephone:  503.224.3380
5   Facsimile:  503.220.2480

6   Attorneys for Plaintiff
    JH Kelly, LLC
7

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF SHASTA

11   JH KELLY, LLC, a Washington limited         CASE NO. 192600
     liability company,
12                                               **NOTICE OF DEPOSITION SUBPOENA**
                    Plaintiff,                   **FOR PRODUCTION OF BUSINESS**
13                                               **RECORDS TO PACIFIC GAS AND**
                                                 **ELECTRIC COMPANY**
           v.
14
                                                 Production Deadline:
15   AECOM TECHNICAL SERVICES, INC., a
     purported California corporation; and       Date:        November 22, 2019
16   DOES 1 through 10, inclusive,               Time:        9:00 a.m.
                                                 Location:    500 Capitol Mall, Suite 1600
17                  Defendants.                               Sacramento, CA  95814

18
                                                 Complaint Filed:  January 29, 2019
19                                               Trial Date: July 28, 2020

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

                              -1-

NOTICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS TO PACIFIC
            GAS AND ELECTRIC COMPANY - CASE NO. 192600

104146457.1 0034592-00012

1  TO EACH PARTY AND THEIR ATTORNEY OF RECORD IN THIS ACTION:

2       YOU ARE HEREBY NOTIFIED THAT, pursuant to the attached Deposition Subpoena

3  for Production of Business Records ("Subpoena"), Plaintiff JH Kelly, LLC ("JH Kelly")

4  requests that third-party Pacific Gas and Electric Company ("PG&E") deliver the business

5  records identified in the Subpoena on November 22, 2019, at 9:00 a.m., to Mario Nicholas,

6  Stoel Rives LLP, 500 Capitol Mall, Suite 1600, Sacramento, CA  95814, or at such other date

7  and time as may be mutually agreed by JH Kelly and PG&E.  A true and correct copy of the

8  Subpoena is attached hereto as Exhibit A and incorporated by reference herein.

9       DATED:  October 29, 2019                STOEL RIVES LLP

10

11                                         By: _____

12                                             ERIC A. GRASBERGER
                                             MARIO R. NICHOLAS
                                             Attorneys for Plaintiff JH KELLY, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-2-

**NOTICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS TO PACIFIC GAS AND ELECTRIC COMPANY - CASE NO. 192600**

104146457.1 0034592-00012

**EXHIBIT A**

**SUBP-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mario R. Nicholas  (SB #273122)<br>Stoel Rives LLP<br>760 SW Ninth Avenue, Suite 3000, Portland, OR  97205<br>TELEPHONE NO.: 503-224-3380   FAX NO.: 503-220-2480<br>E-MAIL ADDRESS: mario.nicholas@stoel.com<br>ATTORNEY FOR *(Name):* Plaintiff JH Kelly, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SHASTA
STREET ADDRESS:   1500 Court Street  Room 319
MAILING ADDRESS:   1500 Court Street  Room 319
CITY AND ZIP CODE:   Redding  96001
BRANCH NAME:   Redding Main Courthouse

PLAINTIFF/PETITIONER:  JH Kelly, LLC

DEFENDANT/RESPONDENT:  AECOM Technical Services, Inc.; and DOES 1-10

| DEPOSITION SUBPOENA<br>FOR PRODUCTION OF BUSINESS RECORDS | CASE NUMBER:<br>192600 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known):*
Pacific Gas and Electric Company, 77 Beale Street, 24th Floor, San Francisco, CA  94105

1. **YOU ARE ORDERED TO PRODUCE THE BUSINESS RECORDS** described in item 3, as follows:

To *(name of deposition officer):* **Mario Nicholas**
On *(date):* **November 22, 2019**     At *(time):* **9:00 a.m.**
Location *(address):* **Stoel Rives LLP, 500 Capitol Mall, Suite 1600, Sacramento, CA  95814**
**Do not release the requested records to the deposition officer prior to the date and time stated above.**

a. [✓] by delivering a true, legible, and durable **copy** of the business records described in item 3, enclosed in a sealed inner wrapper with the title and number of the action, name of witness, and date of subpoena clearly written on it. The inner wrapper shall then be enclosed in an outer envelope or wrapper, sealed, and mailed to the deposition officer at the address in item 1.

b. [ ] by delivering a true, legible, and durable **copy** of the business records described in item 3 to the deposition officer at the witness's address, on receipt of payment in cash or by check of the reasonable costs of preparing the copy, as determined under Evidence Code section 1563(b).

c. [ ] by making the **original** business records described in item 3 available for inspection at your business address by the attorney's representative and permitting **copying** at your business address under reasonable conditions during normal business hours.

2. *The records are to be produced by the date and time shown in item 1 (but not sooner than 20 days after the issuance of the deposition subpoena, or 15 days after service, whichever date is later). Reasonable costs of locating records, making them available or copying them, and postage, if any, are recoverable as set forth in Evidence Code section 1563(b). The records shall be accompanied by an affidavit of the custodian or other qualified witness pursuant to Evidence Code section 1561.*

3. The records to be produced are described as follows *(if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified):*

[✓] Continued on Attachment 3.

4. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: 10-29-2019

Mario R. Nicholas
(TYPE OR PRINT NAME)          (SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Plaintiff JH Kelly, LLC
(TITLE)

(Proof of service on reverse)          Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-010 [Rev. January 1, 2012]

**DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

Code of Civil Procedure, §§ 2020.410–2020.440;
Government Code, § 68097.1
www.courts.ca.gov

SUBP-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: JH Kelly, LLC | CASE NUMBER: |
| DEFENDANT/RESPONDENT: AECOM Technical Services, Inc.; and DOES 1- | 192600 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR
## PRODUCTION OF BUSINESS RECORDS

1. I served this *Deposition Subpoena for Production of Business Records* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. (1) ☐ Witness fees were paid.
       Amount: . . . . . . . . . . . . . $ _____
      (2) ☐ Copying fees were paid.
       Amount: . . . . . . . . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

| | |
|---|---|
| **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | **(For California sheriff or marshal use only)** **I certify** that the foregoing is true and correct. |
| Date: | Date: |
| ▶ _____ | ▶ _____ |
| (SIGNATURE) | (SIGNATURE) |

SUBP-010 [Rev. January 1, 2012]

**DEPOSITION SUBPOENA FOR PRODUCTION
OF BUSINESS RECORDS**

Page 2 of 2

*JH Kelly, LLC v. AECOM Technical Services, Inc., et al.*
Shasta County Superior Court Case No. 192600

<u>Attachment 3 To Deposition Subpoena for Production of Business Records</u>

## DEFINITIONS

1. "PROJECT" means the construction project that is the subject of this lawsuit, commonly known as the Burney K2 Replacement Project and generally located at 37667 Highway 299, Burney, CA 96013, APN 028-370-001 (the "PROPERTY"), in Shasta County, California.

2. The terms "DOCUMENTS" and/or "WRITINGS" mean pursuant to Evidence Code Section 250 any "handwriting, typewriting, printing, Photostatting, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored." DOCUMENTS and/or WRITINGS shall include all drafts and non-identical separate versions, including handwritten or other markings or notations of any kind on a DOCUMENT and/or WRITING.

3. The terms "COMMUNICATION" and "COMMUNICATIONS" means the act or fact of communicating between or among ANY person, including telephone conversations, meetings, or any correspondence embodied in WRITINGS.

4. "YOU" or "YOUR" means Pacific Gas and Electric Company, and any affiliates or related companies.

5. "AECOM" means Defendant AECOM Technical Services, Inc. and any affiliates or related companies.

6. "JH KELLY" means Plaintiff JH Kelly, LLC.

7. The term "CONCERN" or "CONCERNING" means referring to, alluding to, responding to, relating to, regarding, discussing, involving, describing, or constituting.

8. The term "ALL" means both "ALL" and "ANY." The term "ANY" means both "ANY" and "ALL."

9. The term "INCLUDING" or "INCLUDE" means "including but not limited to."

## INSTRUCTIONS

1. You must produce documents and writings without masking, redaction, obliteration or alteration of any sort and in the same form, order and system (including file folders, tabs, and indices) as maintained in the regular course of

1

*JH Kelly, LLC v. AECOM Technical Services, Inc., et al.*
Shasta County Superior Court Case No. 192600

Attachment 3 To Deposition Subpoena for Production of Business Records

business prior to service of this demand.  Physical segregation of documents and writings into the separate categories set forth below is neither requested nor required.

2.  If the production of any document or writing (or portion thereof) is properly objected to, production nonetheless shall be made of those remaining documents and writings or portions thereof as to which no proper objection is logged.

3.  You must identify with particularity each document that is not produced because of an objection.  The nature and basis for each objection must be stated.

4.  You are to produce all responsive documents in your possession, custody, or control including those documents reasonably available to you, your representative, agents and attorneys.

## DOCUMENT REQUESTS

1.  ALL DOCUMENTS CONCERNING the PROJECT.

2.  ALL COMMUNICATIONS CONCERNING the PROJECT.

3.  ALL DOCUMENTS CONCERNING any contract for the PROJECT, INCLUDING any contract(s) with AECOM.

4.  ALL COMMUNICATIONS by, between, or among YOU and AECOM CONCERNING the PROJECT.

5.  ALL COMMUNICATIONS by, between, or among YOU and JH KELLY CONCERNING the PROJECT.

6.  ALL COMMUNICATIONS YOU received or sent CONCERNING the PROJECT with any person or entity.

7.  ALL of YOUR email COMMUNICATIONS CONCERNING the PROJECT, both in hardcopy and electronic form.

8.  ALL DOCUMENTS CONCERNING ANY request for proposal for the PROJECT, INCLUDING JH KELLY's proposal number 15000.77.505 to perform work on the PROJECT.

9.  ALL bid DOCUMENTS for the PROJECT.

2

103807689.1 0034592-00012

*JH Kelly, LLC v. AECOM Technical Services, Inc., et al.*
Shasta County Superior Court Case No. 192600

Attachment 3 To Deposition Subpoena for Production of Business Records

10.    ALL COMMUNICATIONS or other DOCUMENTS CONCERNING the bid DOCUMENTS for the PROJECT.

11.    ALL DOCUMENTS CONCERNING any change order requests (or "COR(s)") CONCERNING the PROJECT.

12.    ALL COMMUNICATIONS YOU received or sent CONCERNING any change order requests (or "COR(s)") for the PROJECT.

13.    ALL DOCUMENTS CONCERNING any requests for information (or "RFI(s)") CONCERNING the PROJECT.

14.    ALL COMMUNICATIONS YOU received or sent CONCERNING any requests for information (or "RFI(s)") for the PROJECT.

15.    ALL DOCUMENTS or COMMUNICATIONS CONCERNING AECOM's staffing for the PROJECT, INCLUDING any changes in AECOM's staff for the PROJECT.

16.    ALL DOCUMENTS CONCERNING the electrical design for the PROJECT, INCLUDING all issued-for-construction and issued-for-bid electrical design DOCUMENTS and COMMUNICATIONS.

17.    ALL COMMUNICATIONS YOU received or sent CONCERNING any electrical drawings, INCLUDING issued-for-construction electrical drawings, CONCERNING the PROJECT.

18.    ALL DOCUMENTS CONCERNING any delays with the delivery of materials or the progress of work on the PROJECT.

19.    ALL COMMUNICATIONS YOU received or sent CONCERNING any delays with the delivery of materials or the progress of work on the PROJECT.

20.    ALL DOCUMENTS CONCERNING any permit(s) for the PROJECT.

21.    ALL COMMUNICATIONS YOU received or sent CONCERNING any permit(s) for the PROJECT.

22.    ALL DOCUMENTS CONCERNING AECOM's procurement of materials, INCLUDING AECOM's procurement of coated piping, mechanical materials, steel building materials, and fabricated materials, for the PROJECT.

*JH Kelly, LLC v. AECOM Technical Services, Inc., et al.*
Shasta County Superior Court Case No. 192600

<u>Attachment 3 To Deposition Subpoena for Production of Business Records</u>

23.   ALL COMMUNICATIONS YOU received or sent CONCERNING AECOM's procurement of materials, INCLUDING AECOM's procurement of coated piping, mechanical materials, steel building materials, and fabricated materials, for the PROJECT.

24.   ALL DOCUMENTS or COMMUNICATIONS CONCERNING the fire coating or fireproofing of materials in connection with the PROJECT.

25.   ALL DOCUMENTS CONCERNING any excavation work, INCLUDING mechanical excavation work and hydro vacuum excavation work, CONCERNING the PROJECT.

26.   ALL COMMUNICATIONS YOU received or sent CONCERNING any excavation work, INCLUDING mechanical excavation work and hydro vacuum excavation work, CONCERNING the PROJECT.

27.   ALL invoices, payment requests or applications, INCLUDING change order requests (or "COR(s)"), from JH KELLY submitted to YOU CONCERNING the PROJECT.

28.   ALL COMMUNICATIONS CONCERNING invoices or payment requests or applications, INCLUDING change order requests (or "COR(s)"), from JH KELLY submitted to YOU CONCERNING the PROJECT.

29.   ALL DOCUMENTS CONCERNING payments YOU made to AECOM for work on the PROJECT.

30.   ALL DOCUMENTS CONCERNING any assessment of liquidated damages by YOU in connection with the PROJECT.

31.   ALL COMMUNICATIONS YOU received or sent CONCERNING any assessment of liquidated damages in connection with the PROJECT.

32.   ALL DOCUMENTS CONCERNING investigations, analyses, negotiations, communications, discussions, or determinations made by YOU in connection with any demands for payment by AECOM on the PROJECT.

33.   ALL notes, meeting minutes, personal journals, or daily job diaries, kept by YOU CONCERNING the PROJECT.

103807689.1 0034592-00012

*JH Kelly, LLC v. AECOM Technical Services, Inc., et al.*
Shasta County Superior Court Case No. 192600

<u>Attachment 3 To Deposition Subpoena for Production of Business Records</u>

34.  ALL notes, meeting minutes, reports or other DOCUMENTS CONCERNING PG&E's internal reporting CONCERNING AECOM's performance on the PROJECT.

35.  ALL daily reports and monthly reports for the PROJECT, including Prolog reports and Unifier reports (hard copies as well as copies in electronic form), in all available versions, drafts and forms.

36.  ALL DOCUMENTS from the Unifier project management system CONCERNING the PROJECT (hard copies as well as copies in electronic form), in all available versions, drafts and forms.

37.  ALL DOCUMENTS from the ProjectWise project management system CONCERNING the PROJECT (hard copies as well as copies in electronic form), in all available versions, drafts and forms.

38.  ALL draft, final and updated schedules for the PROJECT (hard copies as well as copies in electronic form), in all available versions, drafts and forms.

39.  ALL COMMUNICATIONS or other DOCUMENTS CONCERNING the acceleration of the schedule for the PROJECT.

40.  ALL interviews, statements, or notes CONCERNING JH KELLY'S goods, materials or work provided in connection with the PROJECT.

41.  ANY complaints YOU made regarding the quality of JH KELLY's goods, materials or work provided in connection with the PROJECT.

42.  ALL DOCUMENTS CONCERNING any actual or threatened withholding of funds from AECOM by YOU.

43.  ALL COMMUNICATIONS or other DOCUMENTS CONCERNING JH KELLY's mechanic's lien on the PROPERTY.

44.  ALL COMMUNICATIONS or other DOCUMENTS CONCERNING AECOM's mechanic's lien on the PROPERTY.

45.  ALL COMMUNICATIONS or other DOCUMENTS CONCERNING AECOM's request(s) for an extension of time or additional compensation CONCERNING the PROJECT.

103807689.1 0034592-00012

*JH Kelly, LLC v. AECOM Technical Services, Inc., et al.*
Shasta County Superior Court Case No. 192600

<u>Attachment 3 To Deposition Subpoena for Production of Business Records</u>

46.     ALL COMMUNICATIONS or other DOCUMENTS CONCERNING AECOM's presentation to YOU of AECOM's requests for an extension of time or additional compensation on the PROJECT.

47.     ALL COMMUNICATIONS or other DOCUMENTS CONCERNING JH KELLY's requests for an extension of time or additional compensation CONCERNING the PROJECT.

48.     ALL COMMUNICATIONS or other DOCUMENTS CONCERNING AECOM's presentation to YOU of JH KELLY's requests for an extension of time or additional compensation on the PROJECT.

103807689.1 0034592-00012

1

## DECLARATION OF SERVICE

2          I declare that I am over the age of 18 years and not a party to this action.  I am employed
in the City of Portland and County of Multnomah and my business address is 760 SW Ninth
3     Avenue, Suite 3000, Portland, Oregon  97205.

4          On October 29, 2019, at Portland, Oregon, I served the attached document(s):

5     **NOTICE OF DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS
      RECORDS TO PACIFIC GAS AND ELECTRIC COMPANY - Case No. 192600**
6
      on the following parties:
7
8          Stanley J. Terry (PHV) (Attorney)          terry@carneylaw.com
           Elliott C. Copenhaver (Attorney)            copenhaver@carneylaw.com
           Patti Saiden (Legal Asst.)                  saiden@carneylaw.com
9          Ann Durkin (Legal Asst.)                    durkin@carneylaw.com

10         Carney Badley Spellman, P.S.

11         Robert M. Harding (Attorney)                RHarding@ckpf.com
           Randy C. Nelson (Attorney)                  RNelson@ckpf.com
12         Patrick M. Hensleigh (Attorney)            PHensleigh@ckpf.com
           Randi Diem (Legal Asst.)                    Rdiem@ckpf.com
13
14         Carr, Kennedy, Peterson & Frost

15         **Attorneys for Defendant/Cross-Complainant AECOM Technical Services, Inc.**

16    ☒    **BY EMAIL:**  Pursuant to the email service agreement between the parties, on the date written above, I emailed
           a copy of the attached documents to the addressee, as shown on the service list above.
17
18         I declare under penalty of perjury under the laws of the State of California that the
      foregoing is true and correct and that this document was executed on October 29, 2019, at
19    Portland, Oregon.

20                                                    _____
                                                      Cherie Clark
21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

CERTIFICATE OF SERVICE

104146457.1 0034592-00012