Marion T. Hack (SB #179216)
marion.hack@troutman.com
Luke N. Eaton (SB #280387)
luke.eaton@troutman.com
William Taylor (*admitted pro hac vice*)
William.taylor@troutman.com
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Fax: 213.928.9850

Attorneys for
AECOM Technical Services, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JH KELLY, LLC<br><br>Plaintiff,<br><br>vs.<br><br>AECOM TECHNICAL SERVICES, INC., et al.<br><br>Defendant. | Case No. 4:20-cv-05381-HSG (Lead Case)<br><br>(Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and Adv. Proc. No. 19-03008)<br><br>(Consolidated with Case No. 3:20-cv-08463-EMC)<br><br>**AECOM TECHNICAL SERVICES, INC.'S OPPOSITION TO PG&E'S MOTION FOR RULE 54(b) JUDGMENT AS TO AECOM'S MECHANIC'S LIEN CLAIM** |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................... 5

II. BACKGROUND ...................................................................................................... 6

III. LEGAL STANDARD ............................................................................................... 7

IV. ARGUMENT ............................................................................................................ 8

    A. Rule 54(b) Certification is Not Available Because Only Part -- and Not All -- of AECOM's Claim Against PG&E Has Been Decided ..................................... 8

    B. Rule 54(b) Certification Is Not Appropriate Because it Would Result in an Inefficient and Wasteful Piecemeal Appeal Without any Pressing Need ............. 10

V. CONCLUSION ....................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abdo v. Fitzsimmons*, No. 17-CV-00851-TSH, 2021 WL 3493169 (N.D. Cal., May 17, 2021) ..................................................................................................................... 7, 11

*Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038 (9th Cir. 1991) ........................................................................................................................ 7, 8, 9

*Braswell Shipyards v. Beazer E., Inc.*, 2 F.3d 1331 (4th Cir. 1993) ................................. 8

*CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695 (9th Cir. 1961) ...................... 7, 9

*In re Collins*, No. 3:16-cv-03112-BEN-WVG, 2017 WL 4162336 (S.D. Cal., Sep. 19, 2017) .................................................................................................................... 5, 10

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980) .................................... 8, 10

*In re CWS Enterprises, Inc.*, CIV. 2:11-1833 WBS, 2011 WL 3875989 (E.D. Cal., Aug. 31, 2011) ............................................................................................................. 6, 10

*Jewel v. National Sec. Agency*, 810 F.3d 622 (9th Cir. 2015) .......................................... 13

*Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976) .................................................... 9

*Lopez v. Youngblood*, No. 1:07CV0474 DLB, 2009 WL 1924788 (E.D. Cal., Jul. 1, 2009) ("[A] judgment is not final as to one entire claim under . . . Fed. .R. Civ. P. 54(b) if it decides only liability and leaves open the question of relief.") ............... 6, 10

*McGlinchey v. Shell Chemical Co.*, No. C-84-0474-SC, 1985 WL 688 (N.D. Cal. Mar. 1, 1985) ..................................................................................................................... 10

*Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962 (9th Cir. 1981) ............................ 10

*Pinnacle Processing Group, Inc. v. Hartford Casualty Co.*, No. C10-1126-RSM, 2011 WL 6013804 (W.D. Wash., Dec. 2, 2011) ........................................................ 11

*Sierra Club v. Department of Transp.*, 948 F.2d 568 (9th Cir. 1991) ............................... 9

*SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176 (S.D. Cal. 2012) .................... 13

*Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005) .............................. 6, 8, 10, 11, 12, 13

**STATUTES**

Rule 1 ................................................................................................................... 8, 10, 13

FRCP Rule 54(b) ................................................................................5, 6, 7, 8, 9, 10, 11, 12, 13

# I. INTRODUCTION

On April 30, 2021, this Court granted PG&E's motion to dismiss JH Kelly's first cause of action for the foreclosure of its mechanic's lien against PG&E. (Dkt. No. 56). Accordingly, and pursuant to a stipulation entered into between AECOM and PG&E, this Court also dismissed AECOM's first cause of action for the determination of priority and extent of AECOM's mechanic's lien against PG&E ("AECOM's Mechanic's Lien COA"). (Dkt. No. 64). Subsequent to the Court's dismissal, PG&E sought AECOM's (and JH Kelly's) agreement to a stipulated judgment on AECOM's first cause of action. AECOM objected because the proposed stipulation would trigger the need for AECOM to immediately file an appeal of the Court's order rather than after the resolution of all pending claims in the fast-approaching trial in this matter. Having failed to reach an agreement, and despite the Ninth Circuit's admonition against piecemeal appeals, PG&E elected to force the issue by filing a Federal Rule of Civil Procedure 54(b) motion for entry of final judgment on AECOM's Mechanic's Lien COA. PG&E's pending motion should be denied for at least two reasons.

First, entry of judgment under Rule 54(b) is only available if and when an entire claim -- not part of a claim -- is finally determined. For Rule 54(b) purposes, AECOM's "claim" against PG&E is not solely one cause of action in its complaint. Rather, a "claim" in this context refers to the set of facts giving rise to AECOM's right to relief -- not to each legal theory based on those facts. AECOM's claim against PG&E is based on PG&E's failure to compensate AECOM for the outstanding contract balance and substantial cost increases that AECOM incurred as a direct result of PG&E's actions. While this Court has decided AECOM's Mechanic's Lien COA, AECOM's other pending causes of action for damages that underpin AECOM's first cause of action remain undecided. Simply because AECOM's mechanic's lien claim seeks different relief does not change the fact that it remains part and parcel of the set of facts that give rise to AECOM's remaining claims. As a result, because AECOM's claim against PG&E has not finally determined, PG&E's motion should be denied. *See, e.g., In re Collins*, No. 3:16-cv-03112-BEN-WVG, 2017 WL 4162336, at **3-4 (S.D. Cal., Sep. 19, 2017) (holding that absent a specific certification from the lower court, a court's dismissal of a cause of action related to a party's right

to a lien was not a final judgment for purposes of Rule 54(b)); *In re CWS Enterprises, Inc.*, CIV. 2:11-1833 WBS, 2011 WL 3875989, at *2 (E.D. Cal., Aug. 31, 2011) (same); *Lopez v. Youngblood*, No. 1:07CV0474 DLB, 2009 WL 1924788, at *3 (E.D. Cal., Jul. 1, 2009) ("[A] judgment is not final as to one entire claim under . . . Fed. .R. Civ. P. 54(b) if it decides only liability and leaves open the question of relief.").

Second, and more significantly, this is the typical case that should be reviewed as a single dispute -- not piecemeal. If an immediate appeal of the Court's dismissal of AECOM's Mechanic's Lien COA were required as a result of an entry of final judgment, a second appeal concerning AECOM's other pending claims for damages (whether AECOM's claims are successful or not) would be nearly inevitable. PG&E offers no pressing need to interrupt these proceedings in favor of a piecemeal appeal apart from a vague reference to a "strong public interest." Yet PG&E fails to explain how AECOM's mechanic's lien interferes with PG&E's ability to operate the Burney Compressor Station. Further, PG&E's efforts to force a piecemeal appeal are all the more striking in light of the fact that this case is ultimately scheduled to go to trial very soon (February 2022). *See, e.g.*, *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882-83 (9th Cir. 2005) ("Duplication of proceedings and overall delay in final disposition of the action implicate sound judicial administration. … The reality is that if this case had gone to trial in the ordinary course, it would long since have been over and done with.") Judicial economy would not be served by granting the motion. For these reasons, too, the motion should be denied.

## II. BACKGROUND

On January 25, 2019, AECOM recorded a mechanic's lien against the Burney K2 Replacement Project (the "Project") located at 37667 Highway 29, Burney, California (the "Property"). (Dkt. No. 38, ¶ 85). The mechanic's lien against the Property totaled $23,535,812.39, plus interest, for the unpaid balance and direct costs PG&E still owed AECOM for labor and services AECOM furnished in connection with the Project.

Following the initiation of these proceedings, AECOM filed its First Amended Counterclaim against PG&E on March 8, 2021. The first cause of action contained in AECOM's First Amended Counterclaim concerned a "Determination of Priority and Extent of AECOM's

Valid Mechanic's Lien Against All Counter-Defendants." (Dkt. No. 38, ¶¶ 79-92). AECOM's first cause of action relied on the same legal theory AECOM's subcontractor, JH Kelly, relied on to pursue the foreclosure of a separate mechanic's Lien that JH Kelly recorded on the Property on November 1, 2018.

In early 2021, PG&E sought to dismiss both JH Kelly's and AECOM's mechanic's lien causes of action in two separate motions to dismiss. (Dkt. Nos. 24, 48). As part of this process, AECOM stipulated with PG&E to the dismissal of AECOM Mechanic's Lien COA if the Court dismissed JH Kelly's cause of action for the foreclosure of its mechanic's lien. On April 30, 2021, this Court dismissed JH Kelly's cause of action for the foreclosure of its mechanic's lien (Dkt. No. 56) and, pursuant to AECOM's stipulation with PG&E, the Court subsequently dismissed AECOM's Mechanic's Lien COA. (Dkt. No. 64).

Following the Court's dismissal of JH Kelly's and AECOM's mechanics' lien causes of action, PG&E sought to reach agreement on a stipulation for judgment on both counts. AECOM declined because PG&E's stipulation would trigger an immediate obligation to appeal the Court's order before the Court resolved the remaining causes of action.

## III. LEGAL STANDARD

"[G]ranting certifications under Rule 54(b) is the disfavored exception rather than the rule." *Abdo v. Fitzsimmons*, No. 17-CV-00851-TSH, 2021 WL 3493169, at *3 (N.D. Cal., May 17, 2021). However, Rule 54(b) provides that "[w]hen an action presents more than one claim for relief … [a district] court may direct the entry of a final judgment as to one or more, but fewer than all, claims … only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Accordingly, determining whether a partial final judgment may properly be certified under Rule 54(b) is a two-step analysis.

First, the district court must determine that it has finally decided at least one claim. *Id*. Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable." *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991). The word "claim" in Rule 54(b) "refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts." *CMAX, Inc. v. Drewry*

*Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Arizona State Carpenters Pension Trust Fund*, 938 F.2d at 1039. The "partial adjudication of a single claim is not appealable, despite a rule 54(b) certification." *Id.* at 1040.

Second, if the district court determines that it has finally decided at least one claim -- not merely part of a claim -- the district court must then determine that there is no "just reason for delay" in certifying its decision as final and immediately appealable since "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The district court must act as a "dispatcher," taking into account "judicial administrative interests as well as the equities involved" to "assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id*. (Internal quotations omitted). "Absent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood*, 422 F.3d at 883.

The "burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Braswell Shipyards v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

IV. **ARGUMENT**

    A. **Rule 54(b) Certification is Not Available Because Only Part -- and Not All -- of AECOM's Claim Against PG&E Has Been Decided**

As an initial matter, PG&E's motion should be denied because the Court only determined *part* of AECOM's claim against PG&E. While the Court's ruling disposed of the legal basis of AECOM's mechanic's lien, it did not finally dispose of AECOM's claim against PG&E such that it can be said that there is nothing left to do but execute on the "judgment."

PG&E's reliance on the notion that each count in AECOM's counterclaim is a separate "claim" is misplaced. The word "claim" in this context refers to the "set of facts giving rise to

legal rights in the claimant, not to legal theories of recovery based upon those facts." *CMAX,* 295 F.2d at 697. Where, as here, the counts in the complaint simply request different relief based on the same set of facts, an adjudication of less than all such counts generally cannot be made appealable by certification under Rule 54(b). *See Id.* (court concluded that the "judgment" from which the appeal was taken was not final and not appealable where the trial court had resolved only one of multiple counts premised on the same basic facts); *Arizona State Carpenters Pension Trust Fund*, 938 F.2d at 1040 (court concluded that order dismissing claim for punitive damages could not be made appealable under Rule 54(b) where claim for compensatory damages arising from the same conduct was not resolved; "It is plain that the … punitive damage count and their compensatory damages counts are 'inextricably intertwined.' Both the basic theories of recovery and the core set of operative facts comprising the primary proof on the compensatory and punitive damages counts would be the same. The punitive damages count would only require proof of an additional aggravating factor and perhaps additional evidence relevant to assessing damages; thus, the punitive damage count is not a separate claim.").

Here, AECOM's Mechanic's Lien COA and other counts for compensatory relief arise out of the same operative facts. AECOM's Mechanic's Lien COA is premised on the understanding that AECOM is still owed millions of dollars in payment from PG&E for which AECOM requires security. (Dkt. No. 38, ¶¶ 79-92). While this Court dismissed that count based on the stipulation that AECOM agreed to with PG&E, AECOM's remaining causes of action are still pending. An order granting relief on one cause of action while the claimant still pursues further relief generally cannot be made an appealable judgment under Rule 54(b). *See, e.g., Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742 (1976) ("Had respondents sought only a declaratory judgment, and no other form of relief, we would of course have a different case. But even if we accept respondents' contention that the District Court's order was a declaratory judgment on the issue of liability, it nonetheless left unresolved respondents' requests for … damages …"); *see also Sierra Club v. Department of Transp.*, 948 F.2d 568, 571-72 (9th Cir. 1991) (order that adjudicates liability without an assessment of damages or other requested relief generally cannot

be made appealable by certification under Rule 54(b)); *Collins*, 2017 WL 4162336, at **3-4; *CWS Enterprises, Inc.*, 2011 WL 3875989, at *2; *Lopez*, 2009 WL 1924788, at *3.

Because the Court's Ruling only granted PG&E partial relief on AECOM's claim and the remaining relief requested is not yet decided, PG&E's motion should be denied.

### B. Rule 54(b) Certification Is Not Appropriate Because it Would Result in an Inefficient and Wasteful Piecemeal Appeal Without any Pressing Need

In any event, even if AECOM's mechanic's lien cause of action were considered a claim or claims separate from AECOM's remaining reimbursement counts, PG&E's motion should be denied because, absent "a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood*, 422 F.3d at 883. Judgments under Rule 54(b) "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). This is not that "unusual case" and, contrary to what PG&E suggests, there is sound reason to delay the entry of final judgment here.

When determining whether the entry of final judgment under Rule 54(b) is appropriate, the Court of Appeals will "scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright*, 446 U.S. at 10. Given the interrelatedness between the issues previously adjudicated and the remainder of the case, this case is hardly "unusual," and the lack of any "seriously important" or "pressing" need for an immediate appeal means that this matter plainly should be reviewed, if at all, in a single appeal after trial. *McGlinchey v. Shell Chemical Co.*, No. C-84-0474-SC, 1985 WL 688, at *3 (N.D. Cal. Mar. 1, 1985) ("They merely complain that the case will be tried without the claims that were previously dismissed. Such does not constitute an 'unusual case' justifying entry of judgment pursuant to Rule 54(b). It is commonplace for the court to streamline and dismiss claims prior to trial. Thus,

AECOM'S OPPOSITION TO PG&E'S MOTION FOR RULE 54(B) JUDGMENT AS TO AECOM'S
MECHANIC'S LIEN CLAIM                                                                                    -10-
Case No. 4:20-cv-05381-HSG

plaintiffs' motion for entry of final judgment is denied."). Indeed, the determinations made in this Court's prior rulings concerning JH Kelly's and AECOM's mechanics' liens are interrelated with AECOM's remaining claims for compensatory relief. For example, as explained in AECOM's First Amended Counterclaim: "In its Claim of Lien, AECOM asserted a mechanic's lien against the Property in the amount of $23,535,812.39, plus interest, *which represents the principal unpaid balance then owed to AECOM under the EPC Agreement for the direct costs to complete the Project.*" (Dkt. No. 38, ¶ 86) (emphasis added). There can be no dispute that AECOM's ability to foreclose on a mechanic's lien hinges on this Court's determination of AECOM's remaining claims against PG&E.

An immediate appeal of the Court's dismissal of AECOM's mechanic's lien cause of action before trial would not aid an expeditious decision of the case, but instead would result in delay and piecemeal appeals. *See Abdo*, 2021 WL 3493169, at 3 (holding that on a Rule 54(b) Motion, the Court considers "judicial concerns," such as avoiding "piecemeal appeals" in cases that "should be reviewed only as single units," and "equitable factors such as prejudice and delay."). If an appeal of the Court's decision were required now – no matter the outcome of that appeal – there would almost inevitably be a second appeal following trial on the remaining issues in the case – issues that are intertwined with the same set of facts. This is a case in which the "similarity of legal or factual issues [weighs] heavily against entry of judgment under [Rule 54(b)]." *Wood*, 422 F.3d at 882 (italics added); *see also Pinnacle Processing Group, Inc. v. Hartford Casualty Co.*, No. C10-1126-RSM, 2011 WL 6013804, at *2 (W.D. Wash., Dec. 2, 2011) ("the Court is particularly concerned about the threat of piecemeal litigation should it enter the parties' proposed order for Rule 54(b) certification. Presumably, if this Court's order were reversed on appeal and [the insured] were to subsequently prevail on the non-coverage issues, the Plaintiff could seek to appeal the ruling on those non-coverage issues. The appeals court, then, would be required to visit this matter twice. This appears to be precisely the concern regarding entry of judgment as to less than all of the claims … [S]ince both parties seek the relief requested, it would seem that neither party would be prejudiced by this Court simply entering the parties' proposed order. However, the standard for certification under Rule 54(b) is clear, and the parties

have not persuaded the Court that they present the exception to the rule that the final judgment not be entered as to less than all the claims in a single action.")

As the Ninth Circuit cautioned in *Wood*: "[t]he greater the overlap the greater the chance that the court will have to review the same facts – spun only slightly differently – in a successive appeal. The caseload of this court is already huge. More than fifteen thousand appeals were filed in the last year. We cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood*, 422 F.3d at 882.

PG&E offers no "seriously important reason." Instead, PG&E vaguely alludes to a "strong public interest in avoiding a delay in the appeal of the Court's orders" and asserts that AECOM's mechanic's lien "clouds the title on portions of PG&E's gas distribution system to service residents in California." (Dkt. No. 68, pp. 9-10). This is a non-sequitur. There is no dispute that PG&E has been operating the Burney Compressor Station and servicing its customers for several years. PG&E fails to show that the existence of the lien has affected PG&E's ability to distribute gas to the residents of California.

Further, PG&E contends that "[i]f judgment is not entered under Rule 54(b), it will likely be a substantial period before this case is completed, given the fact that PG&E has yet to Answer AECOM's operative complaint, discovery is in its infancy (i.e., the parties have conducted only limited written discovery and have only taken one deposition), and the trial in this matter is not set to commence until the end of February 2022." (Dkt. No. 68, p. 10). However, by PG&E's own admission, AECOM's remaining causes of action will be resolved in a matter of months. There is no reason why PG&E should rush to enter final judgment on AECOM's Mechanic's Lien COA and require the parties to engage in piecemeal appeals, when the entire case will be decided in relatively short order.

Moreover, PG&E's description of the present status of this case is fundamentally misleading. PG&E actually complained about the large volume of document discovery that has taken place thus far (Dkt. No. 71, pp. 4-5), argued that this case is so far advanced that AECOM should not be able to plead an alternative claim for quantum meruit (Dkt. No. 67, p. 26), and

omits the fact that more than a dozen different depositions have been scheduled in the month of September 2021.  PG&E cannot have it both ways.

In fact, it is highly unlikely that the Ninth Circuit would decide any appeal of the Court's dismissal of AECOM's Mechanic's Lien COA before the resolution of AECOM's remaining claims.  Introducing the potential for two separate appeals -- one of which would have to be briefed and potentially argued during the course of a trial -- would cause further delay rather than expedite the resolution of this case.  *See, e.g., Wood*, at 882-83 ("Duplication of proceedings and overall delay in final disposition of the action implicate sound judicial administration.  The first of the Federal Rules of Civil Procedure mandates construing the rest of the rules 'to secure the just, speedy, and inexpensive determination of every action.'  Fed. R. Civ. P. 1.  The reality is that if this case had gone to trial in the ordinary course, it would long since have been over and done with."); *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1201 (S.D. Cal. 2012) ("SkinMedica has not presented any compelling reason to incite piecemeal appeals of this case down the road.  The trial is set to commence in six months, at which point it is very unlikely the Federal Circuit will have heard any appeal of the Court's prior summary judgment ruling. …. [I]ntroducing the potential for two separate appeals and two separate trials, or for one party to request a stay of the remaining state law claims, would more likely cause further delay of these proceedings which have already encountered too much delay.  Many issues remain to be tried, and, in all likelihood, appealed.  Thus, immediate appeal will not aid the efficient resolution of this entire case."); *Jewel v. National Sec. Agency*, 810 F.3d 622, 630 (9th Cir. 2015) ("It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below.").  At this stage, the driving factor should be the elimination of delays caused by interlocutory appeals.

For these reasons also, the PG&E's motion should be denied.

///

///

///

///

## V. CONCLUSION

For the foregoing reasons, AECOM respectfully requests that the PG&E's Rule 54(b) motion be denied.

DATED: August 30, 2021

Respectfully submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ William Taylor
William Taylor
Marion T. Hack
Luke N. Eaton

*Attorneys for Defendant and Counterclaimant AECOM Technical Services, Inc.*

1  I, Luke N. Eaton, am the ECF user whose ID and password are being used to file this
2  Stipulation in compliance with Civil L.R. 5-1(i)(3).  I hereby attest that the concurrence of the
3  filing of this document has been obtained from each of the other signatories indicated by a
4  conformed signature (/s/) within this document.

DATED:  August 30, 2021

By:   */s/  Luke N. Eaton*
      Luke N. Eaton