ERIC A. GRASBERGER (admitted *pro hac vice*)
eric.grasberger@stoel.com
MARIO R. NICHOLAS (SB #141663)
mario.nicholas@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

Attorneys for Plaintiff
JH Kelly, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION<br><br>v.<br><br>AECOM TECHNICAL SERVICES, INC. | Case No. 4:20-cv-05381-HSG (Lead Case)<br><br>(Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019, and Adv. Proc. No. 19-03008)<br><br>(Consolidated with Case No. 3:20-cv-08463-EMC)<br><br>**JH KELLY, LLC'S OPPOSITION TO PACIFIC GAS AND ELECTRIC COMPANY'S MOTION FOR RULE 54(b) JUDGMENT AS TO AECOM AND JH KELLY'S MECHANIC'S LIEN CLAIMS**<br><br>Hearing Date: December 2, 2021<br>Hearing Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

JH KELLY, LLC'S OPPOSITION TO MOTION FOR RULE 54(B) JUDGMENT AS TO AECOM AND JH KELLY'S MECHANIC'S LIEN CLAIMS

-1-

4:20-CV-05381-HSG

112091020.9 0034592-00012

## I. INTRODUCTION

JH Kelly, LLC ("Kelly") opposes Pacific Gas & Electric Company's ("PG&E") motion for entry of a final judgment under Federal Rule of Civil Procedure 54(b) (Dkt. No. 68) (the "Motion") on a single alternative remedial procedure invoked by Kelly and AECOM Technical Services, Inc. ("AECOM"). PG&E moves for a final judgment because the Court granted its Motion to Dismiss as to claims for foreclosure of mechanic's liens filed by Kelly and AECOM, even though the full merits of this construction dispute remain pending and are scheduled for trial in February 2022. Binding precedent from the Ninth Circuit Court of Appeals makes clear that a judgment under Rule 54(b) is inappropriate where, as here, entry of judgment would result only in piecemeal appeals that do not bring this litigation closer to its conclusion, and the resolved claims are factually intertwined with unresolved claims. In such circumstances, "the parties' and judicial resources would be better spent obtaining a final judgment on all of the claims, instead of detouring to the court of appeals for a piecemeal resolution of but one sliver of the case." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 631 (9th Cir. 2015).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Rule 54(b) also states that such an order "does not end the action as to any of the claims or parties." *Id.* The party seeking to obtain a Rule 54(b) judgment bears the burden of demonstrating that it is warranted. *Foreman v. Bank of Am., N.A.*, No. 18-CV-01375-BLF, 2019 WL 8137145, at *2 (N.D. Cal. Dec. 3, 2019).

In assessing a motion under Rule 54(b), the Court "must first determine that it has rendered a 'final judgment.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). In this case, there is no dispute that the Court's order dismissing Kelly and AECOM's mechanic's lien claims is a "final judgment" as to those claims. But the Court must still determine "whether there is any just reason

for delay." *Id.* The Court is to make this determination "'in the interest of sound judicial administration,'" *id.* (quoting *Curtiss-Wright*, 446 U.S. at 8), using a two-pronged analysis.

Under the first prong, the Court must "evaluat[e] . . . such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright*, 446 U.S. at 10; *see also Jewel*, 810 F.3d at 628. "Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests 'is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."'" *Wood*, 422 F.3d at 878 (quoting *Curtiss-Wright*, 446 U.S. at 8).

To that end, the Ninth Circuit reviews a district court's "'juridical concerns' determination" *de novo*, "first asking whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to this court on the same set of facts.'" *Jewel*, 810 F.3d at 628 (quoting *Wood*, 422 F.3d at 879 (alteration in original)). Claims that are not "completely distinct from the rest of the action" may only be subject to a Rule 54(b) judgment "'so long as resolving the claims would 'streamline the ensuing litigation.'" *Id.* (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)). A Rule 54(b) judgment is generally inappropriate when the resolved claim has "inter-connected factual allegations" with unresolved claims. *Id.* at 629–30.

In addition, a Rule 54(b) judgment is ordinarily appropriate only where the resolved claims involve all parties or resolve all claims as to any party. *Id.* at 630 (citing *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 44 (1st Cir. 1988)). "It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." *Spiegel*, 843 F.2d at 44 (quoted with approval by *Jewel*, 810 F.3d at 630). Where such considerations are present, "the practical effect of certifying the . . . issues . . . is to deconstruct . . . [the] action so as to allow piecemeal appeals with respect to the same set of facts." *Wood*, 422 F.3d at 880; *see also Jewel*, 810 F.3d at 630 (same).

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO
DISMISS KELLY'S FIRST CLAIM FOR -3- 4:20-CV-05381-HSG
FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

Turning to the second prong, "once such juridical concerns have been met" (*Curtiss-Wright*, 446 U.S. at 10), the Court conducts an "equitable analysis" under which it "'determine[s] the appropriate time when each final decision in a multiple claims action is ready for appeal.'" *Jewel*, 810 F.3d at 628 (internal quotation marks omitted) (quoting *Wood*, 422 F.3d at 878). With respect to this prong, the resolution of a claim that is factually related to unresolved claims also fails to satisfy the "no just reason for delay" requirement of Rule 54(b) because the Court of Appeals' "consideration of the single issue served up for interlocutory review is more likely to cause additional delay than it is to ameliorate delay problems." *Id.* at 630.

## III. ARGUMENT

As noted, Kelly does not dispute that the Court's order dismissing Kelly and AECOM's mechanic's lien claims is a "final judgment" as to those claims. Accordingly, the analysis focuses on the two-pronged determination on whether there is "no just reason for delay." Here, there is reason for delay. PG&E requests a Rule 54(b) judgment in precisely the circumstances the Ninth Circuit has repeatedly held are inappropriate. Not only is trial close at hand, but the mechanic's lien claim is simply a remedial claim intertwined with the many remaining claims involving the same construction project (the "Project") and the same parties. Certifying the lien claim for immediate appeal would not advance this litigation as required by Rule 54(b). It would do the opposite, creating exactly the type of piecemeal appeals for claims dependent on the same set of facts that the Supreme Court and the Ninth Circuit have rejected repeatedly.

In the end, PG&E cannot demonstrate that issuance of a Rule 54(b) judgment satisfies the dispositive juridical concerns or that immediate judgment as to the mechanic's lien claims is appropriate under the equities of this case.

**A. Juridical Concerns Render Entry of a Rule 54(b) Judgment Inappropriate Because Doing So Would Result in Piecemeal Appeals Among the Same Parties of Factually Intertwined Claims and Would Not Advance This Litigation.**

The juridical concerns that the Ninth Circuit and the Supreme Court have expressed are paramount in determining whether a Rule 54(b) judgment is appropriate. These concerns weigh against entering a partial judgment in this case. The dismissed mechanic's lien claims are only

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO
DISMISS KELLY'S FIRST CLAIM FOR                -4-                    4:20-CV-05381-HSG
FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

one claim seeking one remedy among the "sprawling construction contract dispute" (Dkt. No. 56 at 7) between PG&E, AECOM, and Kelly, the merits of which remain pending before this Court and will be tried in February 2022.

### 1. Entry of a Rule 54(b) judgment as to the mechanic's lien claims is inappropriate because all parties on appeal to those claims remain parties in this action.

The Ninth Circuit has embraced the principle that "[i]t will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." *Spiegel*, 843 F.2d at 44 (quoted with approval by *Jewel*, 810 F.3d at 630). In *Jewel*, the Ninth Circuit concluded that the fact the appeal did not resolve all claims even as to any single party was a juridical concern that weighed against entry of a Rule 54(b) judgment. *Jewel*, 810 F.3d at 630. Relying on *Jewel* and *Spiegel*, courts in this District have denied Rule 54(b) motions when the same party is simultaneously an appellate and a litigant below. *See Iglesia Ni Cristo v. Cayabyab*, No. 18-CV-00561-BLF, 2020 WL 3833281, at *7 (N.D. Cal., July 8, 2020) ("The Ninth Circuit has recognized the complications that result from entry of a Rule 54(b) judgment when the same party is simultaneously an appellant and a litigant below."); *see also Foreman*, 2019 WL 8137145, at *4 (same).

Here, the Court dismissed Kelly and AECOM's mechanic's lien claims, which go to remedy, not the merits. As Kelly's First Amended Complaint makes clear, the claim is based on the same nonpayment of amounts owed to Kelly for materials and construction work on the Project as Kelly's other claims. (Dkt. No. 18 ¶¶ 50–56.) Numerous claims among the parties as to the merits remain. Even though Kelly's sole claim against PG&E was its mechanic's lien claim, Kelly and PG&E remain crucial and indispensable parties in a dispute with intertwined claims between PG&E (as the owner of the Project), AECOM (as the prime contractor), and Kelly (as a subcontractor).

Moreover, Kelly's claims against AECOM, AECOM's claims against Kelly, AECOM's claims against PG&E, and PG&E's claims against AECOM all involve the same set of facts from which the mechanic's lien claims arose. As such, if the Court entered a Rule 54(b) judgment in

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO
DISMISS KELLY'S FIRST CLAIM FOR -5- 4:20-CV-05381-HSG
FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

this case, the "contestants on appeal" would "remain, simultaneously, contestants below." *Spiegel*, 843 F.2d at 44. In the absence of some extraordinary urgency in seeking appellate review of the mechanic's lien claims, the Ninth Circuit has been clear that this fact by itself is enough to preclude entry of a Rule 54(b) judgment. *Jewel*, 810 F.3d at 630.

PG&E attempts to skirt this issue by arguing that the dismissal of the mechanic's lien claims resolved all claims directly between Kelly and PG&E. (Motion at 9.) That argument, however, ignores the reality of this litigation that all relevant parties—PG&E, Kelly, and AECOM—remain deep in the central dispute about who is entitled to payments related to the Project. The fact that Kelly's remaining claims are against AECOM are inescapably intertwined with AECOM's claims against PG&E and PG&E's counterclaims against AECOM establishes that the "contestants on appeal" of the mechanic's lien claims would "remain, simultaneously, contestants below." *Spiegel*, 843 F.2d at 44.

While PG&E may desire to expedite resolution of a portion of this case, a Rule 54(b) judgment will not advance this litigation in part or in whole. As the Ninth Circuit observed in *Jewel*, "[w]e are sympathetic to the Jewel plaintiffs' desire to bring at least part of this case to a close. But awaiting a decision on a single claim, which is not a linchpin claim either factually or legally, does not advance this result." 810 F.3d at 630. The situation is no different here. For this reason, entry of a Rule 54(b) judgment is inappropriate in this matter.

**2. Entry of a Rule 54(b) judgment is also inappropriate because the mechanic's lien claims are factually interrelated with the remainder of the claims in this dispute, and the result would be piecemeal appeals on the same set of facts.**

*Jewel* also highlights another juridical concern. If this Court issued a Rule 54(b) judgment as to only the mechanic's lien claims, the result would be exactly the type of "'piecemeal appeals with respect to the same set of facts.'" *Id.* at 630 (quoting *Wood*, 422 F.3d at 880). Absent exceptions that are not present here, Rule 54(b) certification is not appropriate in such circumstances.

Like *Jewel*, all of Kelly's claims, including its lien foreclosure claim, rely "on interconnected factual allegations," *id.* at 629, as demonstrated by the fact that Kelly's First Amended

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO
DISMISS KELLY'S FIRST CLAIM FOR                -6-                    4:20-CV-05381-HSG
FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

Complaint contains a lengthy section devoted to factual allegations that are related to all counts (Dkt. No. 18 ¶¶ 10–50). In *Jewel*, the Ninth Circuit concluded that under such circumstances, the case "'would inevitably come back to this court on the same set of facts.'" *Id*. (quoting *Wood*, 422 F.3d at 879); *see also Wood*, 422 F.3d at 882 ("The greater the overlap the greater the chance that this court will have to revisit the same facts—spun only slightly differently—in a successive appeal.").

The exceptions that justify Rule 54(b) certification in the face of piecemeal appeals on intersecting facts are not present here. In *Wood*, the Ninth Circuit noted that there are some circumstances in which claims with some overlapping facts may be separable for purposes of Rule 54(b). For example, Rule 54(b) may be appropriate when "counterclaims are involved that arise out of the same transaction or occurrence as the certified claim," or when "the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims." *Wood*, 422 F.3d at 881. These circumstances are not present here: the remaining claims are not counterclaims to Kelly's and AECOM's lien claims (in fact, the remaining claims soundly predominate over the resolved claims), and there is no "controlling legal issue" that the Court resolved in dismissing the mechanic's lien claims that cuts across or curtails a number of claims. *Id.*

Courts in this District have reached a similar result in similar circumstances. In *Foreman*, the plaintiffs brought claims against Bank of America ("BOA") under various legal theories on the basis that a fee that BOA charged in order to stop recurring fund transfers was unlawful. 2019 WL 8137145, at *1. One plaintiff brought an individual claim on the basis that he paid the stop-payment fee, but BOA failed to honor the stop-payment order. *Id*. The court dismissed all the collective claims (the "Dismissed Counts") with prejudice but the individual claim survived. *Id*. The plaintiffs moved for entry of a Rule 54(b) judgment as to the Dismissed Counts. *Id*.

Although the court concluded that the dismissal of the claims constituted a "final judgment," relying on *Jewel*, the court declined to enter a Rule 54(b) judgment. *Id*. at *4. The court reasoned that (1) "the legal and factual issues underlying the Dismissed Counts overlap with

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO
DISMISS KELLY'S FIRST CLAIM FOR              -7-                    4:20-CV-05381-HSG
FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

the legal and factual issues of the pending claim"; (2) one party to the Dismissed Counts remained involved in the active litigation; and (3) "because of the overlap in facts supporting the Dismissed Counts and the pending claims, applying Rule 54(b) may lead to multiple appeals and piecemeal litigation." *Id.* at \*3–\*4; *see also Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 7635883, at \*3 (N.D. Cal. June 27, 2016) (denying a Rule 54(b) judgment because the "dismissed FLSA claim and the still pending claims, 'stem[ ] largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts'" (alteration in original) (quoting *Jewel*, 810 F.3d at 630)); *Axis Reinsurance Co. v. Telekenex, Inc.*, No. 12-2979 SC, 2013 WL 1789705, at \*3 (N.D. Cal. Apr. 26, 2013) (denying a 54(b) judgment where claims were factually intertwined, but legally distinct claims remained).

The close factual relationship between the mechanic's lien claims and the remainder of this construction payment dispute renders entry of a Rule 54(b) judgment inappropriate.

### 3. PG&E does not explain why entry of a Rule 54(b) judgment would not result in piecemeal appeals when it remains a party and there are numerous related claims remaining.

PG&E makes little mention of the juridical concerns inherent in piecemeal appeals in its motion even though they have been paramount to the Ninth Circuit's and lower courts' assessment of the appropriateness of a Rule 54(b) judgment. As a basis for a Rule 54(b) judgment, PG&E makes passing reference to the fact that the mechanic's lien claims present discrete legal issues that the other claims do not. (Motion at 8–9.) But some discrete legal consideration is *always* present where a court dismisses some but not all claims or one of multiple parties.

Accepting PG&E's argument would make a Rule 54(b) judgment appropriate whenever a court partially grants any motion to dismiss or motion for summary judgment. That is emphatically not the law. As *Wood* explained, "[i]t is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial. At least in our experience, requesting—or

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO
DISMISS KELLY'S FIRST CLAIM FOR                -8-                                4:20-CV-05381-HSG
FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

granting a request for—certification in ordinary situations such as this is not routine. We believe it should not become so." 422 F.3d at 879.

In any event, although the procedural basis on which the Court dismissed the mechanic's lien claims was unique to those claims,[1] the mechanic's lien claims share other important common elements with the other claims in this case; that is, of course, Kelly and AECOM could only maintain a mechanic's lien on the property to the extent that they demonstrated they are entitled to payment related to the Project. Indeed, the relief related to the mechanic's lien claims (*i.e.*, perfection of the mechanic's liens) is merely an alternative procedure for serving the same purpose as much of the other relief sought in this case: recovery of amounts owed for construction of the Project. The mechanic's lien claims are not factually and legally distinct from the remainder of the claims related to payment for construction on the Project.

PG&E tries a different spin on this argument when it contends that AECOM's remaining claims "are based on different facts and legal theories and seek separate relief." (Motion at 9.) While PG&E does not explain how the remaining claims are "based on different facts" (they, of course, are not), all of AECOM's and Kelly's claims relate to payment for construction on the Project. Slicing off the mechanic's lien claims will do nothing to advance this case when the claims are not essential and the numerous claims that remain are related to a common set of facts.

Entering a Rule 54(b) judgment in this case would result in piecemeal appeals of the factually interconnected claims brought among PG&E, AECOM, and Kelly related to payment for construction on the Project. The law is clear that a Rule 54(b) judgment is inappropriate in such circumstances. Accordingly, the Court should deny PG&E's Motion for entry of a Rule 54(b) judgment as to AECOM and Kelly's mechanic's lien claims.

**B.     PG&E Fails to Point to Any Other Basis to Find There Is No Just Reason to Delay Entry of a Rule 54(b) Judgment.**

The juridical concerns above are dispositive. In any event, PG&E fails to point to any reason why a piecemeal appeal of one claim in this complex dispute should proceed immediately.

---

[1] Kelly preserves its objection to the Court's ruling and its right to appeal that ruling at the appropriate time.

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO
DISMISS KELLY'S FIRST CLAIM FOR                -9-                4:20-CV-05381-HSG
FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

1   The only argument that PG&E even attempts to muster on this point is its contention that the
2   encumbrance on the Burney Compressor Station property will remain in place until resolution of
3   all claims in this case. But PG&E does not articulate any real-world prejudice that will accrue if
4   appeal of the Court's dismissal of the mechanic's lien claims awaits final judgment. Indeed, it
5   cannot. PG&E waited *over two years* after Kelly recorded its mechanic's lien on November 1,
6   2018, to raise the validity of that lien despite ample opportunity to do so. (Dkt. No. 18 ¶ 54.)

7      Moreover, trial on the merits is just around the corner, beginning in February 2022. Thus
8   certification under Rule 54(b) will not expedite release of the encumbrances against PG&E's
9   property. Trial will conclude far earlier than any interlocutory appeal might conclude, and
10  satisfaction of any judgment or payment of any settlement would likely obviate Kelly's need to
11  maintain the lien regardless of its validity. PG&E also disregards that trial or other resolution
12  may moot the need for an appeal. *See SPS Techs., LLC v. Briles Aerospace, Inc.*, No. CV 18-
13  9536-MWF (ASX), 2020 WL 3050773, at *3 (C.D. Cal., Apr. 14, 2020) ("Because Plaintiff's
14  interlocutory appeal could very well be mooted, the Court determines that there is a just reason
15  for delay." (citing *Wood*, 422 F.3d at 882)); *see also Cont'l Airlines, Inc. v. Goodyear Tire &
16  Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (noting that "Rule 54(b) certification is
17  ordinarily disfavored" when the resolved claims did not eliminate any party and an appeal thereof
18  may be mooted by subsequent proceedings, but nonetheless affirming entry of a Rule 54(b)
19  judgment because it "carv[ed] out threshold claims," "streamline[d] further litigation," and
20  "shortened any subsequent trial *by months*" (emphasis added)).

21     To be sure, an immediate appeal of the mechanic's lien claims would not expedite or
22  streamline the resolution of these proceedings. Such an immediate, piecemeal appeal would only
23  serve to open another battlefront in this "sprawling construction contract dispute." (Dkt. 56 at 7.)
24  And regardless of the outcome, an immediate appeal will not advance this litigation. Even if the
25  Ninth Circuit ruled today on the validity of Kelly and/or AECOM's mechanic's liens, this Court
26  must still address the numerous remaining claims regarding the parties' entitlements to payment
27  for construction on the Project.
28

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO
DISMISS KELLY'S FIRST CLAIM FOR                -10-                4:20-CV-05381-HSG
FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

Because a piecemeal appeal of the mechanic's lien claims will not advance this litigation, it would only serve to delay and complicate the action and needlessly consume the Court of Appeals' resources. The law is clear that entry of a Rule 54(b) judgment is inappropriate in such circumstances.

### IV. CONCLUSION

PG&E has failed to carry its burden to demonstrate that it is entitled to entry of a Rule 54(b) judgment on the mechanic's lien claims raised by Kelly and AECOM. PG&E's Motion should be denied in its entirety.

DATED: August 30, 2021

          STOEL RIVES LLP

By:  /s/Eric A. Grasberger
ERIC A. GRASBERGER
MARIO R. NICHOLAS

Attorneys for Plaintiff
*JH Kelly, LLC*

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

KELLY'S OPPOSITION TO PG&E'S MOTION TO DISMISS KELLY'S FIRST CLAIM FOR FORECLOSURE OF MECHANIC'S LIEN
112091020.9 0034592-00012

-11-

4:20-CV-05381-HSG