AARON R. GRUBER (CABN 209509)
agruber@rallsgruber.com
DYLAN J. CROSBY (CABN 299536)
dcrosby@rallsgruber.com
Ralls Gruber & Niece LLP
1700 S. El Camino Real, Suite 150
San Mateo, CA 94402
Telephone: 650.445.0543

Attorneys for Defendant and Counter-Defendant
PACIFIC GAS & ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION<br><br>v.<br><br>AECOM TECHNICAL SERVICES, INC. | Case No. 4:20-cv-05381-HSG (Lead Case)<br><br>(Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and Adv. Proc. No. 19-03008)<br><br>(Consolidated with Case No. 3:20-cv-08463-EMC)<br><br>**PG&E'S REPLY BRIEF IN SUPPORT OF MOTION FOR RULE 54(b) JUDGMENT AS TO AECOM AND JH KELLY'S MECHANIC'S LIEN CLAIMS**<br><br>[Fed. R. Civ. P. 54(b)]<br><br>Date: December 2, 2021<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr.<br><br>Complaint Filed: January 25, 2019<br>Trial Date: February 14, 2022 |

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 4
DISCUSSION ........................................................................................................................... 4
    A.    The Court Has Rendered Final Judgment as to the Mechanic's Lien Claims. ............................................................................................................ 5
    B.    There Is No Just Reason to Delay Entry of Final Judgment as to the Mechanic's Lien Claims. ................................................................................. 7
CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038 (9th Cir. 1991) .............. 5, 6

*Bever v. Cal-Western Reconveyance Corp.*, No. 1:11-CV-1584 AWI SKO, 2014 U.S. Dist. LEXIS 154220 (E.D. Cal. Oct. 30, 2014) ................................................................................ 5

*CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695 (9th Cir. 1961) ..................................... 5, 6

*Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987) ........... 10

*Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980) ..................................................... 4, 8

*Foreman v. Bank of Am., N.A.*, No. 18-cv-01375-BLF, 2019 U.S. Dist. LEXIS 228680 (N.D. Cal. Dec. 3, 2019) ........................................................................................................ 5, 9

*Hanlon v. Eshleman*, 169 Cal.200 (1915) ........................................................................................ 11

*In Re Application of Sierra Pacific Power Company,* 2001 Cal. PUC LEXIS 210 (Cal. P.U.C. March 15, 2001) ........................................................................................................ 11

*In Re Golconda Utilities Company*, 65 P.U.C.; Cal. P.U.C., Dec. No. 16-01-035 (January 28, 2016) (2016 Cal. PUC LEXIS 50, *12) ........................................................................ 11

*Landis v. North American Co.*, 299 U.S. 248 (1936) ...................................................................... 12

*Matek v. Murat,* 638 F. Supp. 775 (C.D. Cal. 1986) ....................................................................... 12

*Mayfield v. County of Merced*, No. 1:13-cv-01619 LJO BAM, 2015 U.S. Dist. LEXIS 12120 (E.D. Cal. Feb. 2, 2015) .............................................................................................. 12

*Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Ready Pac Foods, Inc.*, No. CV 09-3220 RSWL (MANx), 2011 U.S. Dist. LEXIS 54100, (C.D. Cal. May 9, 2011) ......................... 12

*Paskenta Band of Nomlaki Indians v. Crosby*, No. 2:15-cv-00538-MCE-CMK, 2016 U.S. Dist. LEXIS 157378 (E.D. Cal. Nov. 14, 2016) ........................................................................ 5

*Quinn v. City of Boston*, 325 F.3d 18 (1st Cir. 2003) ..................................................................... 10

*Richfield Oil Corp. v. Public Utilities Com.*, 54 Cal.2d 419 (1960) ............................................... 11

*Roberts v. C.R. Eng., Inc.*, No. C 11-2586 CW, 2012 U.S. Dist. LEXIS 28826 (N.D. Cal. Mar. 5, 2012) .......................................................................................................................... 5

*Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465 (9th Cir. 1987) ..................................................... 10

*Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150 (3d Cir. 1990) .......................................... 6

*TSYS Acquiring Solutions, LLC v. Elec. Payment Sys., LLC*, No. CV-09-00155-PHX-JAT) 2011 U.S. Dist. LEXIS 11647, D. Ariz. Jan. 28, 2011) .................................................................... 12

**STATUTES**

California Public Utility Code § 851 ........................................................................................ 8

PG&E submits this brief in reply to the oppositions filed by AECOM (Dkt. No. 74) and JH Kelly (Dkt. No. 75) to its Rule 54(b) motion for judgment as to the Mechanic's Lien Claims.

**INTRODUCTION**

The Court has ruled that the Property AECOM and JH Kelly has unlawfully liened "is an integral part of PG&E's natural gas distribution system and therefore necessary and useful in the performance of PG&E's duties to the public." Dkt No. 56 at 3, 7. Any disruption to PG&E's gas distribution system could have substantial consequences for the people that rely on PG&E's services to heat their homes and prepare their food. Despite the Court's ruling that the mechanic's liens were "void" (*Id*. at 7, n. 3), both parties have refused to release/discharge their liens improperly encumbering PG&E's Property.

Accordingly, PG&E seeks final judgment under Rule 54(b) as to the Mechanic's Lien Claims because there "is no just reason for delay" in having the Court of Appeal resolve the "discrete legal issue" concerning whether the mechanic's liens constituted an improper encumbrance of PG&E's property under Section 851. *Id*. at 7. The mere possibility that PG&E's ability to provide gas distribution services to California may be impaired is a "seriously important reason" (*Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005)) "counseling in favor of allowing an immediate appeal in this case" (*Quinn v. City of Boston*, 325 F.3d 18, 27 (1st Cir. 2003)). Any concerns that AECOM or JH Kelly may have regarding the possibility that entry of a Rule 54(b) judgment as to the Mechanic's Lien Claims may result in piecemeal appeals is without merit. And, regardless, those concerns do not counsel against entry of judgment given the important public interests at issue.

For these reasons, and as described in more detail below and in PG&E's opening brief, PG&E asks that the Court grant this motion and enter Rule 54(b) Judgment as to the Mechanic's Lien Claims.

**DISCUSSION**

All parties agree that in order to grant final judgment under Rule 54(b) "as to one or more, but fewer than all, claims or parties[,]" the Court must determine two distinct issues: (i) whether the Court has rendered a final judgment as to the claims at issue and, if so: (ii) that "there is no just

reason for delay" in granting final judgment. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-10 (1980); *see* AECOM Opp'n at 7-8, JHK Opp'n at 2-4. Accordingly, the only issue before this Court is whether entry of a Rule 54(b) judgment as to the Mechanic's Lien Claims is proper under this standard. The facts and law support the conclusion that it would be.

**A.     The Court Has Rendered Final Judgment as to the Mechanic's Lien Claims.**

As to the first element, JH Kelly "does not dispute the Court's order dismissing Kelly and AECOM's mechanic's lien claims is a 'final judgment' as to those claims." JHK Opp'n at 4. Therefore, JH Kelly acknowledges the Court's analysis should focus on whether "there is 'no just reason for delay.'" *Id.* PG&E agrees.

However, AECOM is advancing the novel position that the Court has not rendered a final judgment as to its mechanic's lien claim because "the Court only determined *part* of AECOM's claim against PG&E." AECOM Opp'n at 8 (emphasis in original). Specifically, AECOM argues that the Court only "disposed of the legal basis of AECOM's mechanic's lien, it did not finally dispose of AECOM's claim." *Id*. AECOM's argument is not supported by the facts or the pleadings in this matter.

For example, AECOM admits in its introduction that "***this Court has decided AECOM's Mechanic's Lien [Cause of Action]***." AECOM Opp'n at 5 (emphasis added). AECOM's admission makes sense in light of the Court's ruling "**DISMISS[ING] WITHOUT LEAVED TO AMEND** AECOM's mechanics' lien claim." Dkt No. 64 at 3, n. 1 (emphasis in original). As discussed in PG&E's opening brief, a dismissal without leave to amend constitutes a final judgment for the purposes of Rule 54(b). Op'n Br. at 7-8,[1] citing *Bever v. Cal-Western Reconveyance Corp.*, No. 1:11-CV-1584 AWI SKO, 2014 U.S. Dist. LEXIS 154220, at *27 (E.D. Cal. Oct. 30, 2014); *Foreman v. Bank of Am., N.A.*, No. 18-cv-01375-BLF, 2019 U.S. Dist. LEXIS 228680, at *8 (N.D. Cal. Dec. 3, 2019); *Roberts v. C.R. Eng., Inc.*, No. C 11-2586 CW, 2012 U.S. Dist. LEXIS 28826, at *9 (N.D. Cal. Mar. 5, 2012); *Paskenta Band of Nomlaki Indians v. Crosby*, No. 2:15-cv-00538-

---

[1] PG&E's Opening Brief can be found at Dkt. No. 68.

MCE-CMK, 2016 U.S. Dist. LEXIS 157378, at *5-6 (E.D. Cal. Nov. 14, 2016). AECOM failed address this line of cases.

**AECOM's Mechanic's Lien Claim Is Not Identical to Its Other Claims**. AECOM cites to *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961) and *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1040 (9th Cir. 1991). Neither case lends any support to AECOM's argument. For example, in *CMAX*, the district court granted defendant judgment as to the second of plaintiff's two claims concerning $12,696,09 in improper charges. In its judgment of dismissal as to the second claim, the court stated "'that there is no just reason for delay in rendering and entering'" final judgment, and plaintiff appealed. 295 F.2d at 697. Ninth Circuit dismissed the appeal, holding that the entry of judgment under Rule 54(b) was improper because even though the claims "present[ed] two legal theories of recovery," they were substantively "identical." *Id*.

In *Arizona State Carpenters Pension Trust Fund*, the Ninth Circuit's holding was limited to the following: "'when liability rests on the same transaction or series of transactions, a count for punitive damages, although of a different order than compensatory damages, does not constitute a separate claim under Rule 54(b).'" 938 F.2d 1040, quoting *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1155 (3d Cir. 1990). There, in "Counts 1 through 7 of the Second Amended Complaint, [plaintiffs] sought compensatory damages, rescission and attorney fees under the Employee Retirement Income Security Act of 1974 ('ERISA')[.]" *Id*. at 1039. "In Count 8, [plaintiffs] sought punitive damages for 'wanton, malicious, cruel and callous' breaches of fiduciary duty under ERISA." *Id*. The district court "dismissed Count 8 as to all defendants on the ground that ERISA does not permit recovery of punitive damages," entered final judgments pursuant to Rule 54(b). *Id*. Consolidated appeals followed.

Ninth Circuit dismissed the appeals, finding that plaintiffs' "punitive damage count and their compensatory damage counts are 'inextricably intertwined.'" *Arizona State Carpenters Pension Trust Fund*, 938 F.2d at 1040, citation omitted. The Court determined that "the basic theories of recovery and the core set of operative facts comprising the primary proof on the compensatory and punitive damage counts would be the same." *Id*. "The punitive damage count

would only require proof of an additional aggravating factor and perhaps additional evidence relevant to assessing damages[.]" *Id*. In contrast to *CMAX* and *Arizona State Carpenters Pension Trust Fund*, AECOM is not seeking to recover (i) the same remedy under alternate legal theories or (ii) alternate remedies under the same legal theory. Instead, AECOM's mechanic's lien claim and other claims seek to recover different remedies (i.e., a mechanic's lien foreclosure vs. contractual damages) under different legal theories (i.e., mechanic's lien laws vs. contract and/or tort laws).

**AECOM's Mechanic's Lien Claim and Other Claims Arise Out of Different Operative Facts**. AECOM also claims that final judgment was not entered as to its mechanic's lien claim because its claim "and other counts for compensatory relief arise out of the same operative facts." AECOM Opp'n at 9.[2] Not so. The operative facts supporting AECOM's mechanic's lien claim concern whether AECOM "satisfied all procedural and notice requirements provided in the California Civil Code" to perfect its lien. Dkt No. 38 at ¶ 90. Its other claims concern whether PG&E breached the EPC Agreement or committed some other wrongful conduct.

Given the above, and the fact that the Court dismissed the Mechanic's Lien Claims "without leave to amend," it is clear that the Court has entered "final judgment" as to those claims.

**B.    There is No Just Reason to Delay Entry of Final Judgment as to the Mechanic's Lien Claims.**

AECOM and JH Kelly argue the "no just reason for delay" element has not been satisfied because final judgment as to the Mechanic's Lien Claims: (i) would result in piecemeal appeals; (ii) does not serve the public interest; and (iii) will not expedite the discharge/release of the mechanic's liens given the February 2022 trial date in this matter. These arguments lack merit.

**Final Judgment Would Not Result in Piecemeal Appeals of the Same Issues**. AECOM and JH Kelly argue that final judgment should not be entered as to the Mechanic's Lien Claims

---

[2] The cases cited as authority by AECOM in support of its position are inapposite. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743 (1976) (Rule 54(b) judgment as to issue of declaratory relief was not proper where "respondents set forth but a single claim" based on a "single legal theory" and "prayed for several different types if relief"); *Sierra Club v. DOT*, 948 F.2d 568, 571 (9th Cir. 1991) (finding that it did not have "jurisdiction over Sierra Club's cross-appeal on the funding issue" because the district "court explicitly declined to resolve the funding issue"); *Collins v. Wolf* (In re Collins), No. 3:16-cv-03112-BEN-WVG, 2017 U.S. Dist. LEXIS 152190, at *7-9 (S.D.Cal. Sep. 18, 2017 (dismissing appeal because the district court failed to provide "express direction for entry of final judgment and statement that there is no just reason for delay an appeal").

because it would result in piecemeal appeals. Specifically, AECOM appears to state that it intends to appeal any ruling at trial adverse to its interests regardless of the merit of the factfinder's decision. AECOM Opp'n at 6 (a second appeal concerning AECOM's other pending claims for damages (whether AECOM's claims are successful or not) would be nearly inevitable"), 11. If the losing party's refusal to accept a district court's ruling at trial was the standard, final judgment under Rule 54(b) would likely never be appropriate because it would almost certainly result in piecemeal appeals. That cannot be (and is not) the standard by which to decide this issue.[3]

"The Court must determine whether there is any just reason for delay, 'tak[ing] into account judicial administrative interests as well as the equities involved.'" *Axis Reinsurance Co. v. Telekenex, Inc.*, No. 12-2979 SC, 2013 U.S. Dist. LEXIS 60113, at *7 (N.D. Cal. Apr. 24, 2013), quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). "This step is necessary to preserve the long-standing policy against piecemeal appeals." *Id*. "Accordingly, the Court may properly 'consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined ***was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals***.'" *Id*., quoting *Curtiss-Wright*, 446 U.S. at 8 (emphasis added). Thus, the standard is not whether entry of a Rule 54(b) judgment would result in piecemeal appeals, but whether it would result in subsequent appeals of the same issues. *See CMAX*, 295 F.2d at 697 (contrary to good judicial administration "to have both [the Ninth Circuit] and the district court simultaneously passing upon what is in substance the identical claim, [the Ninth Circuit] dealing with one theory, but basically the same facts"). The facts provide that it would not.

Here, AECOM argues that entry of final judgment as to its mechanic's lien claim would result in piecemeal appeals because its mechanic's lien claim and "remaining claims for compensatory relief" are "interrelated[.]" AECOM Opp'n at 11. Specifically, AECOM argues,

---

[3] AECOM relies on *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) to support its position. That case is no longer good law. The Ninth Circuit has ruled that *Morrison-Knudsen* "is an outdated and overly restrictive view of the appropriateness of Rule 54(b) certification." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (upholding certification even though the certified claims and remaining counterclaims required proof of the same facts where the district court's rulings separated the legal from the factual questions and certain theories of recovery were eliminated).

without citation to any provision of its First Amended Complaint or any supporting argument, that "[t]here can be no dispute that AECOM's ability to foreclose on a mechanic's lien hinges on this Court's determination of AECOM's remaining claims against PG&E." *Id.* Not so.

The Court in dismissing without leave to amend JH Kelly's mechanic's lien claim found that whether "JH Kelly's mechanics lien against the Property constitutes an unlawful encumbrance of a public utility's property in violation of California Public Utility Code § 851" "***presents a discrete legal issue*** in the midst of an otherwise sprawling construction contract dispute." Dkt. No. 56 at 7 (emphasis added). In ruling on this discrete legal issue, the Court found that JH Kelly and AECOM's mechanic's liens against PG&E's Property were an unlawful encumbrance and thus "void." Dkt. No. 54 at 7, n. 3. Thus, the only question on appeal would be whether Section 851 renders the mechanic's liens recorded against PG&E's property "void" – *the appeals would not address the factual basis concerning the amount of the liens*.

Moreover, whether "AECOM is entitled to an order and/or judgment that it holds a duly perfected first-priority lien and security interest on the Property" does not "hinge" on the any determination as to the merits of its remaining claims. AECOM's mechanic's lien claim is asking for a determination concerning whether it has met the procedural requirements to perfect its mechanic's lien against the Property, Civil Code §§ 8000, *et seq* (e.g., notice and service requirements). It's remaining claims against PG&E concern whether PG&E breached and/or abandoned the the EPC Agreement (second, third, fourth, and seventh claims), committed tortious conduct (fifth and sixth claims), violated California's prompt payment statutes (eight claim), or is required to indemnify AECOM against JH Kelly's claims (ninth and seventeenth claims). There is no merit to AECOM's argument that its mechanic's lien claim and other claims are "based on interlocking facts" such that they would result in successive appeals of the same issues. *Wood*, 422 F.3d at 883.

JH Kelly advances a similar argument. It claims that entry of Rule 54(b) judgment as to its mechanic's lien claim would result in piecemeal appeals because its mechanic's lien claim "is based on the same nonpayment of amounts owed to Kelly for materials and construction work on the Project as Kelly's other claims." JH Kelly Opp'n at 5. As discussed previously, JH Kelly's

argument lacks merit because (i) the Court already ruled the Mechanic's Lien Claims present a "discrete legal issue" unrelated to the parties' other claims (Dkt. No. 56 at 7) and (ii) JH Kelly has plead no other claim against PG&E. Accordingly, the "legal and factual issues underlying" JH Kelly's mechanic's lien claim do not "overlap with the legal and factual issues" of its remaining claims against AECOM. *Foreman v. Bank of Am., N.A.*, No. 18-cv-01375-BLF, 2019 U.S. Dist. LEXIS 228680, at *9 (N.D. Cal. Dec. 3, 2019).

**Important Public Interests Support Entry of Final Judgment**. AECOM and JH Kelly contend that the entry of Rule 54(B) judgment as to the Mechanic's Lien Claims is not in the public interest. Specifically, AECOM argues that PG&E's public interest concerns are a "non-sequitur" because "PG&E fails to show that the existence of the lien has affected PG&E's ability to distribute gas to the residents of California." AECOM Opp'n at 12. Likewise, JH Kelly argues that PG&E failed to "articulate any real-world prejudice that will accrue if appeal of the Court's dismissal of the mechanic's lien claims awaits final judgment." JH Kelly Opp'n at 10. AECOM and JH Kelly miss the point.

The fact that the mechanic's liens have *not yet* disrupted PG&E's ability to distribute gas to the residents of California does not negate the important public interest "counseling in favor of allowing an immediate appeal in this case[.]" *Quinn*, 325 F.3d at 27. Rule 54(b) final judgment is proper if there is a "seriously important reason[,]" regardless of whether it will result in piecemeal appeals. *Wood*, 422 F.3d at 883.

Here, JH Kelly acknowledged, and this Court found that the "Property is an integral part of PG&E's natural gas distribution system and therefore necessary and useful in the performance of PG&E's duties to the public." Dkt No. 56 at 3, 7. Any disruption to PG&E's gas distribution system could have disastrous consequences for the members of the California public that rely on PG&E's services to heat their homes and prepare their food. *See Richfield Oil Corp. v. Public Utilities Com.*, 54 Cal.2d 419, 424 (1960) ("It may be assumed that the public interest in such an important natural resource as natural gas would justify under the United States Constitution comprehensive legislation regulating all phases of its production and use"). This is the precise reason behind Section 851 of the Public Utilities Code. "Section 851 is designed 'to prevent the

impairment of the public service of a utility by the transfer of its property into the hands of agencies or persons incapable of performing an adequate service at reasonable rates or upon terms which will bring about the same undesirable result.'" *In Re Application of Sierra Pacific Power Company*, 2001 Cal. PUC LEXIS 210, *18 (Cal. P.U.C. March 15, 2001). "The commission's power is to be exercised for the protection of the rights of the public interested in the service, and to that end alone." *Hanlon v. Eshleman*, 169 Cal. 200, 202-203 (1915); *see also In Re Golconda Utilities Company*, 65 P.U.C. at 175-76; Cal. P.U.C., Dec. No. 16-01-035 (January 28, 2016) (2016 Cal. PUC LEXIS 50, *12) (same).

In sum, the mere possibility that PG&E's ability to provide gas distribution services to California may be impaired is a "seriously important reason" (*Wood*, 422 F.3d at 883) "counseling in favor of allowing an immediate appeal in this case" (*Quinn*, 325 F.3d at 27), regardless of whether it could eventually result in piecemeal appeals.

**The February 2022 Trial Date Does Not Weigh Against Entering Final Judgment**. Both AECOM and JH Kelly argue the motion should be denied because the jury trial in this matter is scheduled to commence in February 2022. AECOM Opp'n at 12; JH Kelly Opp'n at 10. This argument does not counsel against entering final judgment as to the Mechanic's Lien Claims. As the parties well know, many factors could affect the ability of this case to proceed to trial as scheduled (e.g., a pandemic, status of pleadings, etc.). For this reason alone, there is no just reason for delay in entering final judgment as to the Mechanic's Lien Claims so that the appeals can be processed as soon as possible.

AECOM also argues, without any analysis whatsoever, that entering a Rule 54(b) judgment as to the Mechanic's Lien Claims would "result in delay" of this litigation. AECOM Opp'n at 11. Presumedly, AECOM is alluding to fact that these proceedings may be stayed until any appeals from the Court's judgment are resolved. That is not necessarily the case. "A district court has discretionary power to stay proceedings in its own court." *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Ready Pac Foods, Inc*., No. CV 09-3220 RSWL (MANx), 2011 U.S. Dist. LEXIS 54100, at *14 (C.D. Cal. May 9, 2011) (granting stay of "further proceedings in this case pending resolution of any appeal taken from the Rule 54(b) Judgment"), citing *Landis v. North American Co.*, 299

U.S. 248, 254 (1936). "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id*. "In exercising this judgment, the court must 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id*.; *see also Matek v. Murat,* 638 F. Supp. 775, 784 (C.D. Cal. 1986) (stay of proceedings pending Rule 54(b) appeal appropriate if efficiency and fairness are served). "In doing so, the Court must weigh competing interests and maintain an even balance." *Id*.

PG&E does not believe that a stay of the district court proceedings is necessary while any appeals are pending given the Court's finding that whether the mechanic's liens constituted an improper encumbrance of PG&E's property under Section 851 presents a "discrete legal issue." Dkt. No. 56 at 7; *see Mayfield v. County of Merced*, No. 1:13-cv-01619 LJO BAM, 2015 U.S. Dist. LEXIS 12120, at *9 (E.D. Cal. Feb. 2, 2015) (denying request for stay because "the orderly course of justice is served by not staying the case because the separate proceedings would address different issue"); *TSYS Acquiring Solutions, LLC v. Elec. Payment Sys., LLC*, No. CV-09-00155-PHX-JAT) 2011 U.S. Dist. LEXIS 11647, at *23 D. Ariz. Jan. 28, 2011) (denying request to stay proceedings following entry of Rule 54(b) judgment).

## **CONCLUSION**

For the reasons stated above and in PG&E's opening brief, PG&E asks that this Court grant its motion and enter final judgment pursuant to Rule 54(b) as to the Mechanic's Lien Claims.

Respectfully submitted,

Dated: September 7, 2021

RALLS GRUBER & NIECE LLP

By: _____
AARON R. GRUBER

Attorneys for
PACIFIC GAS & ELECTRIC COMPANY