ERIC A. GRASBERGER (*admitted pro hac vice*)
eric.grasberger@stoel.com
MARIO R. NICHOLAS (SB #273122)
mario.nicholas@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

Attorneys for Plaintiff
*JH Kelly, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION,<br><br>        v.<br><br>AECOM TECHNICAL SERVICES, INC. | Case No. 4:20-CV-05381-HSG (Lead Case)<br><br>(Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and Adv. Proc. No. 19-03008)<br><br>(Consolidated with Case No. 3:20-cv-08463-EMC)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERIC A. GRASBERGER**<br><br>Date:            January 13, 2022<br>Time:           2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:          Hon. Haywood S. Gilliam, Jr.<br><br>Complaint Filed:  January 25, 2019<br>Trial Date:          February 14, 2022 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 13, 2022, at 2:00 p.m., or as soon as the matter may be heard before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, 94612, Plaintiff JH Kelly LLC ("Kelly") will and hereby does move this Court for an order granting leave to amend its complaint.

Kelly's Motion for Leave to Amend is made pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure ("FRCP") on the grounds that leave to amend should be liberally granted. Because the Court has not issued any pre-trial scheduling order stating a deadline to amend any pleadings, the more liberal standard of FRCP 15 should apply. Further, Kelly's motion is not made in bad faith, is not made with undue delay, will not prejudice the opposing party, and is not futile.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Eric A. Grasberger, the Proposed Second Amended Complaint and its exhibits, any reply memorandum, the other pleadings and files in this action, and such other information as may be presented at or before the hearing.

DATED: September 17, 2021

        STOEL RIVES LLP


By:  */s/ Mario R. Nicholas*
    ERIC A. GRASBERGER
    MARIO R. NICHOLAS
    Attorneys for Plaintiff
    *JH Kelly, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

JH Kelly, LLC ("Kelly") respectfully moves this Court for leave to file its Second Amended Complaint ("SAC") against AECOM Technical Services, Inc. ("AECOM"). Kelly's amended allegations are based on investigation and developments that have occurred since Kelly filed its original complaint. The proposed SAC is attached in clean and redlined form to the supporting declaration to this motion. *See* Declaration of Eric Grasberger ("Grasberger Decl."), at Exs. A-B. The proposed SAC is timely, necessary, and proper because it adds facts and allegations relating to the controversy at issue in this case.

The primary purpose of the proposed amendments are twofold: first, to strike the First Claim for Relief for Foreclosure on Mechanic's Lien against PG&E and AECOM while preserving that issue for appeal; and second, to amend and submit additional factual allegation in support of Kelly's Sixth Claim for Relief for *Quantum Meruit*/Abandonment against AECOM in response to the Court's Order granting Pacific Gas and Electric Company's ("PG&E") motion to dismiss AECOM's *quantum meruit*/abandonment claim. ECF No. 64.

The other parties to this action cannot demonstrate that they would be prejudiced by an amendment to the complaint. Kelly's claims remain substantially the same, and the parties have had notice of Kelly's allegations since the filing of the initial complaint. Kelly sought AECOM's written consent to file the SAC under Federal Rule of Civil Procedure ("FRCP") 15(a)(2) and AECOM declined to provide its consent. As the Court has not issued any pre-trial scheduling order stating a deadline to amend any pleadings, the more liberal standard of FRCP 15 should apply. Kelly respectfully requests that the Court grant Kelly leave to file the SAC for the reasons stated herein.

### II. RELEVANT PROCEDURAL HISTORY

On January 29, 2021, Kelly filed its First Amended Complaint ("FAC") against AECOM and PG&E. ECF No. 18. Kelly's First Claim for Relief is for Foreclosure of Mechanic's Lien against PG&E and AECOM. FAC, ¶¶ 50-56. The FAC likewise prays for judgment on Kelly's mechanic's lien claim. FAC, ¶ 2(a)-(b), (d). On February 1, 2021, PG&E filed a motion to dismiss

Kelly's Foreclosure of Mechanic's Lien cause of action, which the Court granted on April 30, 2021, without leave to amend. ECF Nos. 24, 56.

On February 1, 2021, AECOM filed its Counterclaim, which it amended on March 8, 2021, that alleged sixteen causes of action, including contractual and tort claims against both PG&E and Kelly. ECF Nos. 21, 38. On June 28, 2021, the Court granted PG&E's motion to dismiss AECOM's non-contractual claims against PG&E, specifically AECOM's claims for negligent misrepresentation (5th), fraudulent concealment (6th), quantum meruit (7th), implied contractual indemnity (8th), and contribution/apportionment (16th). ECF Nos. 48, 64. The Court also granted AECOM leave to amend its claims. ECF No. 64.

On July 19, 2021, AECOM filed its Second Amended Counterclaim against Kelly and PG&E. ECF No. 65. AECOM's Second Amened Counterclaim provides further detail on its claims against PG&E, to which PG&E has filed a motion to dismiss set to be heard on November 4, 2021. ECF No. 69.

### III. ARGUMENT

FRCP 15(a) provides in relevant part that a "party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) [] by freely granting leave to amend when justice so requires. The purpose of pleadings is 'to facilitate a proper decision on the merits,' and not to erect formal and burdensome impediments in the litigation process." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (citations omitted). Thus, the Ninth Circuit has held that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curium)).

In considering whether to grant a motion to amend, district courts consider four factors: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, the factors are not of equal weight. *Id*. "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of*

*Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[T]his determination [to grant or deny leave to amend] should be performed with all inferences in favor of granting the motion." *William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n. 8 (9th Cir. 2009). The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at 186; *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith")). Here, these factors all favor Kelly's motion for leave to amend.

### A. The Proposed SAC Will Not Prejudice the Parties

Allowing Kelly to amend its FAC at this stage of the litigation will not prejudice the other parties. A court might consider there to be prejudice to a defendant where there are "specific shortcomings in discovery" presented by a new claim or where a defendant had "compromised its position" by focusing on an old claim. *See Hurn v. Ret. Fund Trust of the Plumbing, Heating and Piping Indus. of S. Calif.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (allowing plaintiff to amend to state an additional claim for relief based upon the same "operative facts"). But where a defendant is "fully prepared to litigate the substantive issues of the claim," a court will not find prejudice. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013).

The SAC does not inject any new claims for relief. The chief purpose of the amendments in the SAC is to add factual allegations to bolster Kelly's already pled claim for abandonment against AECOM in response to the Court's analysis of AECOM's claim for abandonment. ECF No. 64. Notably, the "operative facts" underlying Kelly's claims remain substantially the same. As AECOM recently filed its Second Amended Counterclaim to similarly bolster its claims, Kelly's proposed SAC will not prejudice the parties at this stage of the proceedings.[1] *See* ECF No. 65.

---

[1] Although Kelly's proposed amendments address some of the Court's reasoning in its Order dismissing AECOM's claim for *quantum meruit*/abandonment, Kelly's abandonment claim is not tied to AECOM's abandonment claim. Kelly's abandonment claim is distinguishable from AECOM's abandonment claim because Kelly's claim focuses on AECOM's conduct as it relates to Kelly, while AECOM's claim focuses on PG&E's conduct as it relates to AECOM. Kelly's

Moreover, discovery in this case is in the beginning stages. Only three depositions have been started, none are finished, and most fact witnesses are scheduled for depositions in later September and October. *See* Grasberger Decl. at ¶ 4. The parties also will not be required to engage in additional discovery or face any burden of 'restarting' the case, particularly since no Kelly witness deposition has been completed to date (and only one has started). Finally, sufficient time remains to address the merits before the discovery cut-off dates on November 16, 2021 (fact discovery) and December 16, 2021 (expert discovery). *See* ECF No. 17. In short, the amendment will not disrupt the course of proceedings and the parties cannot show that leave to amend would cause any prejudice.

### B.    There Has Been No Undue Delay by Kelly

"[D]elay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. When considering undue delay, the Court must keep in mind that "[u]ndue delay by itself ... is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey*, 481 F.2d at 1190-91. In *Howey* the Ninth Circuit held it was an abuse of discretion to deny a motion to amend even though the motion was made five years after the original complaint was filed. *Id*.

The parties cannot show that there has been any undue delay in the context of this lawsuit. Courts hold that "[t]o show undue delay, the opposing party must at least show delay past the point of initiation of discovery." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp.2d 1081, 1086 (S.D. Cal. 2002); *see also Jackson*, 902 F.2d at 1388 (eight month delay from time of obtaining facts until filing amended complaint unreasonable); *Zivkovic v. S. Calif. Edison Co.*, 302 F.3d 1080, 1087

---

abandonment claim against AECOM is also viable under California law even if AECOM's abandonment claim against PG&E is not viable. *See Sehulster Tunnels/Pre-Con v. Traylor Bros./Obayashi Corp.*, 111 Cal. App. 4th 1328, 1344 (2003). Accordingly, Kelly has properly plead a claim for abandonment against AECOM regardless of the outcome of the Court's ruling on PG&E's pending Amended Motion to Dismiss/Strike Re: AECOM's Second Amended Counterclaim. ECF No. 69.

(9th Cir. 2002) (denying plaintiff's motion to amend because it was filed only several days before the discovery cut-off and less than three months before trial was to commence).

Even after commencement of discovery, a court will find no "undue delay" where there is some reasonable explanation for the delay. *DCD Programs*, 833 F.2d at 189. Kelly timely files this Motion after the Court's dismissal of its Mechanic's Lien claim and the Court's dismissal of AECOM's abandonment cause of action. The thrust of Kelly's amendments is made in response to the Court's Order dismissing, with leave to amend, AECOM's abandonment claim, and Kelly, like AECOM, should be granted leave to amend its claims for relief based on continuing investigation and developments in the case. Kelly's proposed amendments are also made after only two depositions have taken place and months before the discovery cut-off deadlines. In fact, the parties have not finished any deposition of Kelly's witnesses and can depose Kelly's witnesses on the factual allegations added to the proposed SAC. Moreover, PG&E continues to provide responsive documents in response to discovery requests, with its latest productions dated August 24, 31 and September 13, 2021. *See* Grasberger Decl. at ¶ 5. Any delay in seeking leave is not "undue" given discovery is still at its preliminary stages and no prior discovery will be deemed unnecessary.

### C. There is No Evidence of Bad Faith

In cases where a defendant asserts that a plaintiff has in fact acted in bad faith, the burden is on the defendant to make an "affirmative showing of ... bad faith." *Richardson*, 841 F.2d at 999. "Bad faith" generally means dilatory litigation tactics, such as seeking to add a defendant merely to destroy diversity jurisdiction. *Sorosky v. Burroughs Corp*., 826 F.2d 794, 805 (9th Cir. 1987).

Here, there is no evidence of bad faith. Kelly conferred with AECOM regarding its SAC and AECOM did not raise any allegations of bad faith. The parties have not engaged in any unneeded discovery or dilatory litigation tactics, and the amendment will not require any additional discovery, as Kelly's proposed SAC adds no new additional parties or claims. To the contrary, Kelly's amendments provide additional facts and detail that should assist the parties in narrowing and targeting their remaining discovery efforts in this case. The other parties to this action cannot meet their burden to show bad faith.

### D. The Proposed Amendments Are Not Futile

A proposed amendment is futile "[w]here the legal basis for a cause of action is tenuous," *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (relying on *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)), or when the amendment is "clearly frivolous." *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Ins. Corp. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990); *see also SAES Getters S.p.A.*, 219 F. Supp. at 1086 (amendment futile "only if it would clearly be subject to dismissal."). Kelly's proposed SAC updates Kelly's existing claims by adding factual allegations that fortify the legal basis of Kelly's existing claims. The proposed SAC also preserves for appeal Kelly's Foreclosure of Mechanic's Lien claim in response to the Court granting PG&E's motion to dismiss. ECF No. 56. Accordingly, the SAC is not futile and the Court should grant leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Kelly respectfully requests leave to file its second amended complaint in the form attached as Exhibit B to the Declaration of Eric Grasberger.

DATED: September 17, 2021

STOEL RIVES LLP

By: /s/ Mario R. Nicholas
ERIC A. GRASBERGER
MARIO R. NICHOLAS
Attorneys for Plaintiff
*JH Kelly, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MOTION FOR LEAVE TO AMEND on the following named person(s) on the date indicated below by:

☒ mailing with postage prepaid

☐ hand delivery

☐ overnight delivery

☒ email

☐ notice of electronic filing using the CM/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

| | |
|---|---|
| Aaron R. Gruber<br>agruber@rallsgruber.com<br>Dylan J. Crosby<br>dcrosby@rallsgruber.com<br>Ralls Gruber & Niece LLP<br>1700 S. El Camino Real, Suite 150<br>Dan Mateo, CA 94402<br><br>Attorneys for *Pacific Gas and Electric Company*<br><br>Henry A. Wirta, Jr<br>hwirta@hfdclaw.com<br>Harrington Foxx Dubrow & Canter, LLP<br>601 Montgomery Street, Suite 800<br>San Francisco, CA 94111<br><br>Attorneys for *Ed Staub & Sons Petroleum, Inc.* | Luke Nicholas Eaton<br>luke.eaton@troutman.com<br>Marion T. Hack<br>marion.hack@troutman.com<br>William M. Taylor<br>William.taylor@troutman.com<br>Troutman Pepper Hamilton Sanders LLP<br>350 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br><br>Attorneys for *AECOM Technical Services, Inc.* |

DATED: September 17, 2021

          STOEL RIVES LLP

By:   */s/ Mario R. Nicholas*
  ERIC A. GRASBERGER (*admitted pro hac vice*)
  MARIO R. NICHOLAS (SB #273122)

Attorneys for Plaintiff
*JH Kelly, LLC*

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

CERTIFICATE OF SERVICE     -10-     CASE NO. 4:20-CV-05381-HSG

112277581.5 0034592-00012