ERIC A. GRASBERGER (*admitted pro hac vice*)
eric.grasberger@stoel.com
MARIO R. NICHOLAS (SB #273122)
mario.nicholas@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

Attorneys for Plaintiff
*JH Kelly, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In Re<br><br>PG&E CORPORATION,<br><br>     v.<br><br>AECOM TECHNICAL SERVICES, INC. | Case No. 4:20-CV-05381-HSG (Lead Case)<br><br>(Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and Adv. Proc. No. 19-03008)<br><br>(Consolidated with Case No. 3:20-cv-08463-EMC)<br><br>**JH KELLY, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:            November 4, 2022<br>Time:           2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:          Hon. Haywood S. Gilliam, Jr.<br><br>Complaint Filed:  January 25, 2019<br>Trial Date:           February 14, 2022 |

## I.     INTRODUCTION

AECOM Technical Services, Inc. ("AECOM") opposes JH Kelly, LLC's ("Kelly") Kelly's Motion for Leave to File Second Amended Complaint ("Motion to Amend") on the limited grounds that Kelly's proposed amendments to its sixth claim for relief for quantum meruit/abandonment ("Abandonment Claim") "may be futile" depending on the Court's ruling on Pacific Gas and Electric Company's ("PG&E") pending Motion to Dismiss/Strike AECOM's

Second Amended Complaint (Dkt. No. 67) ("Motion to Dismiss/Strike").  *See* AECOM's Opposition to Kelly's Motion to Amend ("Opp.") (Dkt. No. 86) at pp.1-3 (emphasis in original).  AECOM's position is flawed because its quantum meruit claim and Kelly's Abandonment Claim are not "nearly identical," as alleged by AECOM.  Whether PG&E and AECOM abandoned the prime contract is a separate and distinct factual question from whether AECOM and Kelly abandoned the subcontract, and the changes imposed upon Kelly by AECOM that differ substantially from the changes imposed upon AECOM by PG&E.  Accordingly, Kelly should be granted leave to file its proposed Second Amended Complaint ("SAC") (redline comparison attached as Dkt. No. 83-2) in its entirety as none of its proposed amendments are futile.

## II. ARGUMENT

### A. The Majority of Kelly's Proposed Amendments Are Unopposed and Leave Should Be Granted for Those Amendments

AECOM opposes Kelly's Motion to Amend "solely" on the basis that Kelly's proposed amendments to its Abandonment Claim "may" be futile based on the Court's ruling on PG&E's Motion to Dismiss/Strike.  *See* Dkt. No. 86 at pp. 2-3.  Kelly's proposed amendments to its Abandonment Claim are limited to paragraphs 72 through 78 of Kelly's proposed SAC.  *See* SAC at pp. 25-26.  Neither AECOM nor any other party opposes Kelly's remaining amendments.  Accordingly, at a minimum, the Court should grant Kelly leave to file its SAC for all unopposed edits.  *See* FRCP 15(a)(2); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

### B. Kelly's Abandonment Claim Is Not "Nearly Identical" to AECOM's Quantum Meruit Claim, and Kelly's Proposed Amendments to Its Abandonment Claim Are Not Futile

In attempting to bootstrap its quantum meruit claim against PG&E to Kelly's Abandonment Claim against AECOM, AECOM ignores that it has a separate contract with Kelly and the changes imposed by AECOM upon Kelly differ substantially from the changes and impacts imposed by PG&E upon AECOM.  Whether PG&E and AECOM abandoned the EPC prime contract is a separate question from whether AECOM and Kelly abandoned the subcontract,

because these are separate contracts with different contracting parties and with vastly different scopes of work.

Under the "EPC" prime contract between PG&E and AECOM, AECOM was responsible for all engineering and procurement (the "E" and "P" in the title), while AECOM subcontracted most of the construction work (the "C" under the title) to Kelly. Accordingly, AECOM and Kelly had entirely different scopes of work and the changes imposed upon each of them by their contracting partners are not the same, let alone "nearly identical" as alleged by AECOM.

As acknowledged by the Court, "'when an owner imposes upon the contractor an excessive number of changes such that it can fairly be said that the scope of the work under the original contract has been altered, an abandonment of contract properly may be found.'" Order Granting PG&E's Motion to Dismiss in Part (Dkt. No. 64) at p. 6 (quoting *C. Norman Peterson Co. v. Container Corp. of Am.*, 172 Cal. App. 3d 628, 640 (1985)). Here, AECOM imposed upon Kelly an excessive number of changes and drastically altered Kelly's scope of work in ways that differ materially from the changes and impacts imposed upon AECOM by PG&E. For example:

**Change Order Procedures**: AECOM generally alleges that PG&E failed to properly and timely respond to an unspecified number of pending change orders, referred to as "PCOs." *See, e.g.*, AECOM's Second Amended Counterclaims (Dkt. No. 65) ¶¶ 65, 83-89. In PG&E's reply brief (Dkt. No. 91), PG&E alleges that PG&E and AECOM "negotiated seven change orders and executed six over the course of the Project," with "[t]he last change order . . . executed only 6 months before AECOM alleges it achieved substantial completion of the Project." Dkt. No. 91 at 13. In contrast, Kelly alleges that AECOM's handling of Kelly's change orders requests ("CORs") changed drastically when AECOM switched construction managers midstream, around July 2017, and replaced most of its project team with a "Recovery Team." SAC ¶ 42(o). Kelly alleges with specificity that (i) 199 "CORs, valued at over $9.5 million, are unresolved by AECOM, (ii) 193 of the 199 CORs were first submitted to AECOM after AECOM's new Recovery Team took over the project (roughly a year before Kelly demobilized), and (iii) 68 of the 199 CORs (totaling over $7 million) were never even responded to by AECOM's Recovery Team. *Id.* ¶¶ 44(a)-(d). As alleged by Kelly, AECOM's Recovery Team "largely stopped the

approval of pending change orders for Kelly, which change orders had resulted from the additional and changed work directed by AECOM." *Id.* ¶ 42(o). Accordingly, Kelly's Abandonment Claim stands apart from AECOM's quantum meruit claim because of AECOM's new Recovery Team's handling of Kelly's pending CORs with a bludgeon.

**Scope of Work**: As stated above, Kelly performed the majority of the construction work on the project while AECOM had overall responsibility for the project, including all engineering and procurement responsibility. As a result of the parties' different scopes of work, the changes experienced by Kelly as a subcontractor differ drastically from the changes experienced by AECOM as the designer and prime contractor. Multiple specific examples of the severe impacts to Kelly's construction work as a result of changes on the project are detailed in sub-paragraphs 43(a) through 43(r) of the SAC. *See*, *e.g.*, SAC ¶ 43 (design changes, mismanagement and maladministration of the project, lack of transparency, late and incomplete permits, late procurement of materials, and procurement of defective materials). AECOM cannot claim to have suffered the same changes and impacts to its scope of work. For example, AECOM also had *sole responsibility* for the procurement of construction permits and construction materials for the project, and its failure to properly and timely procure permits and materials significantly impacted and changed Kelly's scope of work on the project.[1] As Kelly's Abandonment Claim is based on different facts than AECOM's quantum meruit claim, the two claims should not be bucketed together by the Court.

The case *Sehulster Tunnels/Pre-Con v. Traylor Bros./Obayashi Corp.*, 111 Cal. App. 4th 1328, 1344 (2003), is instructive. In *Sehulster*, a city and a general contractor entered into a prime contract to build a tunnel. Thereafter, the contractor, "TBO," and the subcontractor, "Sehulster," entered into a contract for the manufacture of tunnel rings specified in the prime contract. Sehulster was required to perform additional work and filed a complaint against TBO and the city alleging breach of contract and abandonment of contract. *Id*. at 1333-35. Relying on *Amelco Electric v. City of Thousand Oaks*, 27 Cal. 228, 235 (2002), TBO asserted that because

---

[1] Specifically, 17 of 22 building permits were late by an average of 79 days each (SAC 43(f)) and 100% of the pipe, valve and fitting material procured by AECOM was late (SAC ¶ 43(c)).

the city could not be held liable on an abandonment theory because the prime contract was for a "public works" project, TBO (which was entitled to indemnity from the city) should also not be liable for abandonment damages to Sehulster. *Sehulster*, 111 Cal. App. 4th at 1343. The court disagreed and distinguished *Amelco* on the basis that the city's lack of liability to TBO for abandonment "does not shelter TBO from liability to Sehulster under an abandonment theory." *Id*. at 1344.

The *Sehulster* court reasoned as follows:

> TBO's suggestion that it essentially "stands in the shoes" of City on the abandonment claim and that it would be unfair to permit Sehulster to recover against it for abandonment where that recovery could not be obtained from City is unpersuasive. Sehulster's purchase order was with TBO, not City. TBO, not City, was found by the jury to have breached and abandoned *that* agreement. Indeed, TBO could have renegotiated its purchase order with Sehulster, but elected not to and simply imposed the new design on Sehulster without formal changes to the purchase order, thus leading to its abandonment.

*Id*. (emphasis in original).

Here, as in *Sehulster*, AECOM does not stand in the shoes of PG&E and AECOM's imposition of changes on Kelly under the subcontract is a separate factual issue from PG&E's imposition of changes on AECOM under the prime contract. Also, like *Sehulster*, AECOM could have renegotiated its subcontract with Kelly but elected not to and instead imposed additional and changed work on Kelly without formal changes, leading to abandonment of the subcontract.

As Kelly does not assert an "identical claim" against AECOM, Kelly's proposed amendments to its Abandonment Claim are not futile and the Court should grant Kelly leave to file its proposed SAC in its entirety.[2] The Court's ruling on PG&E's Motion to Dismiss/Strike does not foreshadow how the Court might rule if a separate motion to dismiss were filed by

---

[2] Further distinguishing AECOM's and Kelly's amendments, PG&E seeks to dismiss AECOM's quantum meruit claim on the basis that "AECOM's Quantum Meruit claim expressly incorporates the allegations of the preceding 153 paragraphs, many of which contradict AECOM's claim the parties intended to abandon the EPC Agreement." Motion to Dismiss/Strike at p. 25. Kelly, by contrast, does not incorporate all preceding paragraphs in its Abandonment Claim. SAC ¶ 72.

AECOM against Kelly, and the Court should address that separate motion to dismiss the SAC if and when it is filed by AECOM.

### III. CONCLUSION

For the reasons stated above, Kelly respectfully requests that the Court grant Kelly's Motion to Amend in its entirety. Alternatively, and at a minimum, all of Kelly's proposed amendments except for the amendments to its Abandonment Claim (in paragraphs 72 through 78) should be permitted as those amendments are unopposed.

DATED: October 8, 2021

STOEL RIVES LLP

By: */s/ Eric A. Grasberger*
ERIC A. GRASBERGER
MARIO R. NICHOLAS
Attorneys for Plaintiff
*JH Kelly, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **JH KELLY, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** on the following named person(s) on the date indicated below by:

☒  mailing with postage prepaid

☐  hand delivery

☐  overnight delivery

☒  email

☐  notice of electronic filing using the CM/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

| | |
|---|---|
| Aaron R. Gruber<br>agruber@rallsgruber.com<br>Dylan J. Crosby<br>dcrosby@rallsgruber.com<br>Michael Squeri<br>msqueri@rallsgruber.com<br>Ralls Gruber & Niece LLP<br>1700 S. El Camino Real, Suite 150<br>San Mateo, CA 94402<br><br>Attorneys for *Pacific Gas and Electric Company*<br><br>Henry A. Wirta, Jr<br>hwirta@hfdclaw.com<br>Harrington Foxx Dubrow & Canter, LLP<br>601 Montgomery Street, Suite 800<br>San Francisco, CA 94111<br><br>Attorneys for *Ed Staub & Sons Petroleum, Inc.* | Luke Nicholas Eaton<br>luke.eaton@troutman.com<br>Marion T. Hack<br>marion.hack@troutman.com<br>William M. Taylor<br>William.taylor@troutman.com<br>Cindy J. Lee<br>Cindy.Lee@Troutman.com<br>Zachary R. Torres-Fowler<br>zach.torres-fowler@troutman.com><br>Troutman Pepper Hamilton Sanders LLP<br>350 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br><br>Attorneys for *AECOM Technical Services, Inc.* |

DATED: October 8, 2021

STOEL RIVES LLP

By: */s/ Eric A. Grasberger*
 ERIC A. GRASBERGER (*admitted pro hac vice*)
 MARIO R. NICHOLAS (SB #273122)

 Attorneys for Plaintiff
 *JH Kelly, LLC*