UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JH KELLY, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AECOM TECHNICAL SERVICES, INC..,<br>et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-05381-HSG<br><br>**ORDER DENYING MOTION FOR RULE 54(B) JUDGMENT AS TO JH KELLY'S MECHANICS LIEN CLAIM**<br><br>Re: Dkt. No. 68 |

Pending before the Court is Pacific Gas & Electric Company's ("PG&E") motion under Rule 54(b) of the Federal Rules of Civil Procedure for judgment as to JH Kelly LLC's (JH Kelly) first claim for Foreclosure of Mechanic's Lien. *See* Dkt. No. 68 ("Mot."). The motion is fully briefed.[1] *See* Dkt. No. 75 ("Opp.") and 77 ("Reply"). For the reasons explained below, the motion is **DENIED.**

I.　**BACKGROUND**

This construction dispute arises out of the Burney K2 Replacement Project ("Project"), which involved the replacement of a natural gas compressor unit and various upgrades at the compressor station near Burnley, California. Dkt. No. 18 ("FAC") ¶ 11. The Burney Compressor Station is part of PG&E's natural gas distribution system that supplies natural gas to the surrounding area and allows compressed gas to continue traveling through pipelines from Oregon to consumers in California. *Id.* PG&E's natural gas distribution system provides service to around 4.2 million customers from Bakersfield, California to the Oregon border. *Id.*

In February 2016, PG&E contracted with AECOM Technical Services, Inc. ("AECOM")

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

to act as the prime contractor for the Project. *Id.* ¶ 19. AECOM then contracted with JH Kelly to perform certain construction work related to the Project for a contract price of $14,341,281. *Id.* ¶¶ 15, 25. According to the FAC, the Project was characterized by delays and mismanagement. *Id.* ¶¶ 29-47. JH Kelly demobilized from the Project site on June 28, 2018 and now alleges that AECOM owes it approximately $37,504,464.95 for invoiced contract amounts, pending change order requests, and various other impacts and damages. *Id.* ¶¶ 48, 49. Following its demobilization, JH Kelly recorded a mechanic's lien against the Project property, generally located at 37667 Highway 299, Burney, CA 96013 (the "Property"). *Id.* ¶ 51, 54. The Property is owned by PG&E. *Id.* ¶¶ 1, 51. JH Kelly claimed a mechanic's lien of $15,881,776.21 on the Property and brought a claim for foreclosure of the mechanic's lien against PG&E and AECOM. *Id.* ¶¶ 50-56. JH Kelly also brought breach of contract and other claims against AECOM. *Id.* ¶¶ 57-90.

AECOM also filed a First Amended Counterclaim stating, among other things, a claim against PG&E for "Determination of Priority and Extent of AECOM's Valid Mechanic's Lien." Dkt. No. 38. PG&E filed Rule 12(b)(6) motions to dismiss each claim on the ground that the mechanic's liens recorded against PG&E's Property were void ab initio pursuant to Section 851 of the Public Utilities Code. Dkt. Nos. 24, 48. The Court granted both of PG&E's motions, dismissing the Mechanic's Lien Claims without leave to amend. Dkt. Nos. 56, 64 at n. 1.

On August 16, 2021, PG&E filed the pending Motion for Rule 54(b) Judgment as to AECOM and JH Kelly's Mechanic's Lien Claims. Dkt. No. 68. However, on October 18, 2021, PG&E and AECOM filed a Joint Notice of Settlement as to PG&E and AECOM, only. Dkt. No. 93. PG&E's pending motion accordingly only seeks judgment as to JH Kelly's Mechanics Lien Claim. *See* Dkt. No. 103.

## II.  LEGAL STANDARD

Appellate courts generally only have jurisdiction to hear appeals from final orders. *See* 28 U.S.C. § 1291. Rule 54(b) of the Federal Rules of Civil Procedure allows for a narrow exception to this final judgment rule, permitting courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just

reason for delay." Entry of judgment under Rule 54(b) requires: (1) a final judgment; and (2) a determination that there is no just reason for delay of entry. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)). A final judgment is "a decision upon a cognizable claim for relief" that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)).

As to the second requirement, the Ninth Circuit has explained that "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Accordingly, an explanation of findings "should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Id.* at 965. "The greater the overlap the greater the chance that [the Court of Appeals] will have to revisit the same facts—spun only slightly differently—in a successive appeal." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005). "[P]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id.* at 879 (internal citations and quotation marks omitted).

### III. DISCUSSION

The parties do not dispute that the Court's order dismissing JH Kelly's and AECOM's mechanic's lien claims is a "final judgment" as to those claims. *See* Opp. at 4. Accordingly, the Court's analysis focuses on whether there is "no just reason for delay."

PG&E contends that there is no just reason for delay because (1) the Court found that the Mechanic's Lien Claims present a "discrete legal issue" that is distinct from the parties' other claims; (2) JH Kelly has no remaining claims against PG&E; and (3) AECOM's remaining claims seek different relief than its mechanic's lien claim. *See* Mot. at 4. JH Kelly responds that certifying the dismissal of its lien claim for immediate appeal would create the type of "piecemeal

appeals" of claims dependent on the same set of facts that the U.S. Supreme Court and the Ninth Circuit have rejected repeatedly. *See* Opp. at 3.

The Court agrees with JH Kelly. The Ninth Circuit has explained that, absent "a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." *Wood*, 422 F.3d at 883. Because all of JH Kelly's claims rely on common factual allegations, *see* FAC ¶¶ 10–50, early certification of their Mechanic's Lien Claim would force the Court of Appeals to address factual issues that are similar to the underlying claims still pending here. *See Morrison-Knudsen Co.*, 655 F.2d at 965. Moreover, PG&E has failed to persuade the Court that this is the "unusual case" where the costs of overcrowding the appellate docket are outbalanced by pressing needs of the litigants− particularly since AECOM and JH Kelly are currently set to soon conclude this case with a trial in February 2022. *See* Dkt. No. 17. At bottom, the Court finds that "the parties' and judicial resources would be better spent obtaining a final judgment on all of the claims, instead of detouring to the court of appeals for a piecemeal resolution of but one sliver of the case." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 631 (9th Cir. 2015). PG&E's Motion for Rule 54(b) Judgment is accordingly **DENIED.**

## IV. CONCLUSION

PG&E's Motion for Rule 54(b) Judgment is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 2, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge