Marion T. Hack (State Bar No. 179216)
marion.hack@troutman.com
Luke N. Eaton (State Bar No. 280387)
luke.eaton@troutman.com
William Taylor (*admitted pro hac vice*)
william.taylor@troutman.com
**TROUTMAN PEPPER HAMILTON
SANDERS LLP**
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone:  213.928.9800
Facsimile:  213.928.9850

Attorneys for
AECOM Technical Services, Inc.

Eric A. Grasberger (admitted *pro hac vice*)
eric.grasberger@stoel.com
Edward C. Duckers (SB #242113)
ed.duckers@stoel.comMario R.
Nicholas (SB #273122)
mario.nicholas@stoel.com
**STOEL RIVES LLP**
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for JH Kelly, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JH KELLY, LLC<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>AECOM TECHNICAL SERVICES, INC., et al.<br><br>　　　　　　　　Defendant. | Case No. 4:20-cv-05381-HSG (Lead Case)<br><br>(Reference withdrawn from Bankruptcy Case No. 19-30088, Adv. Proc. No. 20-03019 and Adv. Proc. No. 19-03008)<br><br>(Consolidated with Case No. 3:20-cv-08463-EMC)<br><br>**ORDER ON STIPULATION TO BIFURCATE AECOM'S THIRTEENTH AND FOURTEENTH CAUSES OF ACTION FOR INDEMNITY AND JH KELLY'S CLAIMS FOR COSTS, ATTORNEY FEES, INTEREST, AND STATUTORY PENALTIES** |

　　　Plaintiff and Counterclaim Defendant JH Kelly, LLC ("JHK") and Defendant and Counterclaim Plaintiff AECOM Technical Services, Inc. ("AECOM") (collectively, the "Parties"), by and through their respective counsel, stipulate as follows:

///

///

1    WHEREAS, the Parties met and conferred pursuant to the Honorable Judge Gilliam's Pre-

2    Trial Order to clarify and narrow the contested issues for trial.

3    WHEREAS, the Parties agree that AECOM's Thirteenth Cause of Action for Express

4    Indemnity and Fourteenth Cause of Action for Equitable Indemnity as they apply to AECOM's

5    claims of duty to defend against JHK and resulting damages for the claim of failure to defend,

6    involve a legal issue for the Court to determine, and therefore are not appropriate for the jury.

7    *See Centex Homes v. R-Help Constr. Co.*, 32 Cal. App. 5th 1230, 1232 (2019).  Furthermore,

8    evidence of damages for these causes of action consists of AECOM's legal bills which, if

9    provided to the jury, would be prejudicial to AECOM in potentially revealing legal strategy for

10   the remaining claims and defenses at issue in the trial.

11   WHEREAS, pursuant to Federal Rule of Civil Procedure 42, for convenience, to avoid

12   unfair prejudice, and to expedite and economize the trial, the Parties seek to bifurcate AECOM's

13   Thirteenth and Fourteenth Causes of Action, as they pertain to the duty to defend and defense fees

14   and costs only, to be heard by the Court, following the jury trial on the remaining claims.

15   WHEREAS, the Parties agree that AECOM will not introduce, mention, or refer to

16   evidence of its damages related to the claim that JH Kelly failed to defend AECOM, during the

17   pendency of the jury trial.

18   WHEREAS, the Parties also agree that JHK's Seventh Claim for Relief for Violation of

19   California Prompt Payment Laws against AECOM and JHK's requests for litigation costs,

20   attorney fees and contractual and statutory interest, are to be determined by the Court after the

21   jury has rendered a verdict.  *See* Fed. R. Civ. Proc. § 54(d) (discussing costs and fees); *see Radio*

22   *Television Espanola S.A. v. New World Entertainment, Ltd.* (9th Cir. 1999) 183 F.3d 922, 929

23   (bill of costs filed after entry of judgment); *Port of Stockton v. Western Bulk Carrier KS*, 371 F.3d

24   1119, 1120-21 (9th Cir. 2004) (fee request made by post-trial motion); *United Riggers &*

25   *Erectors, Inc. v. Coast Iron & Steel Co.*, 4 Cal. 5th 1082, 1086 (2018) (discussing prompt

26   payment penalties awarded to prevailing party); *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th

27   Cir. 2013) (District court has discretion to determine interest after jury renders a verdict).

28

1    WHEREAS, pursuant to Federal Rules of Civil Procedure 42, for convenience, to avoid

2   prejudice, and to expedite and economize the trial, the Parties seek to bifurcate JHK's Seventh

3   Claim for Relief for Violation of California Prompt Payment Laws against AECOM as well as

4   JHK's requests for litigation costs, attorney fees and contractual and statutory interest, to be

5   determined by the Court, after a jury verdict has been rendered.

6    WHEREAS, the Parties agree that JHK will not introduce, mention, or refer to its Seventh

7   Claim for Relief for Violation of California Prompt Payment Laws against AECOM or introduce

8   evidence of its related damages including litigation costs, attorney fees, or contractual or statutory

9   interest during the pendency of the jury trial.

10    NOW THEREFORE, in consideration of the foregoing, the Parties, by and through their

11   respective counsel, hereby STIPULATE and AGREE as follows:

12    1.    AECOM's Thirteenth Cause of Action for Express Indemnity and Fourteenth

13   Cause of Action for Equitable Indemnity as they apply to AECOM's claims of duty to defend

14   against JHK and resulting damages for the claim of failure to defend against JHK shall be

15   bifurcated to be decided by the Court following the conclusion of the jury trial; however, the

16   remaining factual issues in these Causes of Action shall not be bifurcated.

17    2.    JHK's Seventh Claim for Relief for Violation of California Prompt Payment Laws

18   against AECOM and JHK's requests for litigation costs, attorney fees and contractual and

19   statutory interest, shall be bifurcated to be decided by the Court, after the jury has rendered a

20   verdict in the trial.

21

22   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23

24   DATED:    1/13/2022

25   By: _Haywood S. Gill Jr._

26   HAYWOOD S. GILLIAM, JR.
     United Stated District Judge

27

28