UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JH KELLY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AECOM TECHNICAL SERVICES, INC.,<br><br>    Defendant. | Case No. 20-cv-05381-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 234 |

    JH Kelly, LLC ("JH Kelly") asks the Court for leave to file a motion to reconsider its Order granting AECOM's Motion for Partial Summary Judgment. Dkt. Nos. 229 ("Order"), 234 ("Mot."). Civil Local Rule 7-9(b)(3) allows a party to seek reconsideration of an order if the court manifestly failed to consider material facts or dispositive legal arguments. JH Kelly contends that the Court did so when it granted summary judgment on JH Kelly's claims for labor and material furnished through September 12, 2018. *See* Order at 10-15. The Court largely disagrees and **DENIES** JH Kelly's motion, except for the limited issue identified below.

    The Court will not repeat the full underlying facts and procedural posture of this motion and instead refers the parties to its previous Order. Basically, the Court found that JH Kelly waived all its claims for labor and material furnished through September 12, 2018 by executing a document that said "[T]his document will become effective to release and relinquish pro tanto any and all claims and lien rights [JH Kelly] may have for and in connection with the above-referenced project for said labor performed and materials furnished through such date." *See* Order at 10-15. JH Kelly claims that, in so holding, the Order "failed to consider" four categories of arguments. The Court will briefly address JH Kelly's contentions below, but the short of it is that JH Kelly simply disagrees with the Court's legal analysis, which is not an appropriate basis for seeking

reconsideration. *See Campbell v. City of Milpitas*, No. 13-CV-03817-BLF, 2015 WL 3396809, at *5 (N.D. Cal. May 22, 2015) ("At the end of the day, Plaintiffs simply disagree with the Court's legal analysis, which is not an appropriate basis for seeking reconsideration.").

JH Kelly first argues that the Court "failed to consider the Conditional Partial Lien Waiver as a whole, including the title ('Conditional Partial Lien Waiver') and the use of the term 'Lien Waiver' in the first sentence." Mot. at 4. This is wrong. The Court was aware of the document's title and repeatedly referred to it as a either a "lien waiver" or a "partial lien waiver." *See, e.g.*, Order at 11 ("Instead of using the form lien waivers required by California law, however, JH Kelly repeatedly sent its own lien waivers along with its invoices."); *id.* at 13 ("JH Kelly makes two attempts to limit the effect of its partial lien waivers."). To the extent JH Kelly contends that a document titled a lien waiver cannot release claims other than lien claims, the Court disagrees, and the Order cited authority to the contrary. *See id.* at 12, n.7.

Second, JH Kelly argues that the Court "failed to consider extrinsic evidence demonstrating that the parties did not intend or understand the Conditional Partial Lien Waiver to constitute a release of all claims for labor and materials furnished through September 12, 2018." Mot. at 4. But to begin, the Court was not required to consider extrinsic evidence because, as shown below, it made a finding based on the clear and plain language of the Conditional Partial Lien Waiver:

> This Court concurs and finds as a matter of law that the clear and plain language of JH Kelly's waiver releases "any and all claims" for labor and materials through the release date. This outcome is consistent with California law, under which written contracts are generally governed by their plain terms, and written release agreements bar any claim covered by the release's terms, absent evidence of fraud, deception, misrepresentation, duress, or undue influence.

Order at 12. Again, this finding is consistent with California's "objective theory of contracts," under which "it is the objective intent, as evidenced by the words of the contract, rather than the subjective intent of one of the parties, that controls interpretation," and under which "[t]he parties' undisclosed intent or understanding is irrelevant to contract interpretation." *Reilly v. Inquest*

2

*Tech., Inc.*, 218 Cal. App. 4th 536, 554, 160 Cal. Rptr. 3d 236, 249 (2013) (cleaned up).[1]

And in any event, it is unclear what "extrinsic evidence" JH Kelly thinks the Court should have considered but failed to. Its present motion argues that the Order "gives only passing consideration to AECOM's January 3, 2022 payment of $11,000,439.28, more than $10 million of which was for amounts presumably waived based on the Court's interpretation of the September 19, 2018 Conditional Partial Lien Waiver." Mot. at 4. This argument acknowledges that the Court considered the impact of AECOM's untimely payment. But unlike JH Kelly, the Court found it dispositive that "nothing in the waivers or the Subcontract says that untimely payment renders JH Kelly's waivers unenforceable." Order at 13. JH Kelly did not present any other "extrinsic evidence" in its Opposition and certainly cannot do so now on reconsideration. *See Iglesia Ni Cristo v. Cayabyab*, No. 18-CV-00561-BLF, 2020 WL 3833281, at *4 (N.D. Cal. July 8, 2020) ("And, because the asserted judicial admissions were not brought to the Court's attention previously, there was no 'manifest failure' to consider them, as required under Rule 7-9(b)(3).") (N.D. Cal. July 8, 2020).

Of course, JH Kelly may disagree with the Court's ruling, and its position is preserved for appeal. But nothing in its motion persuades this Court to revisit this issue. *See Rupert v. Bond*, No. 12-CV-05292-BLF, 2015 WL 78739, at *2 (N.D. Cal. Jan. 6, 2015), *aff'd*, 771 F. App'x 777 (9th Cir. 2019) ("A manifest error of law is not merely one in which the party disagrees with the Court, but instead is the wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court.") (citations omitted).

Third, JH Kelly argues that the Order "also acknowledged that the 'pro tanto' language in the Conditional Partial Lien Waiver was ambiguous on its face, but it failed to undertake any analysis to resolve the ambiguity." Mot. at 4. This is also wrong. The Court did not find the "pro tanto" language to be ambiguous. It instead explained, as the *Halbert's Lumber* court did, that the

---

[1] *See also* Cal. Civ. Code § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible[.]"); *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 777 (9th Cir. 2003) ("If the court finds that the contract is not susceptible to alternative meanings, then it may proceed to determine the issue based on the plain meaning of the contract language.").

3

"pro tanto" language was not particularly relevant to the question at hand, which was what, if anything, limited the scope of JH Kelly's waivers:

> Contrary to JH Kelly's view, the Court does not find the "pro tanto" language in the waivers to be very helpful. Pro tanto is a Latin phrase that means "only to that extent," or more colloquially, "as far as it goes." *Halbert's Lumber, Inc. v. Lucky Stores, Inc.*, 6 Cal. App. 4th 1233, 1247, 8 Cal. Rptr. 2d 298, 306 (1992). So when a waiver releases claims pro tanto, to emphasize the words "pro tanto" is simply to beg the question: "For so much as what? For as much as what may be? As far as what goes?" *Id.*

Order at 14, n.9. The Court reviewed the waivers and found "that the scope of JH Kelly's releases, by their plain terms, are only limited by the effective date, not by the amount of corresponding payment." Order at 13-14. Here again, nothing in JH Kelly's motion persuades the Court to revisit this issue.

Relatedly, JH Kelly claims that the Order failed to consider *Supreme Foodservice GmbH v. Fluor Intercontinental, Inc.*, No. 2:11-CV-08803-SVW-FFM, 2013 WL 12122579 (C.D. Cal. Jan. 15, 2013), in which a district court held that a waiver that released *pro tanto* both lien claims and non-lien claims was effective to release the non-lien claims only to the extent of payment. Mot. at 5. But JH Kelly cites no authority for the proposition that a district court's decision not to consider an unpublished, non-binding decision from another district court warrants the "extraordinary remedy" of reconsideration, and the Court is aware of none. *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Fourth, JH Kelly argues that the Order "incorrectly concluded that AECOM's January 3, 2022 payment of the September 19, 2018 invoice (which was only partially paid, considering the accrued interest) was only four days late," when the payment "was actually more than three years past due under the Subcontract, which required AECOM to pay Kelly no later than 30 days of the invoice date." Mot. at 6. JH Kelly also argues that the Order "disregarded that the lengthy delay in payment also violated California's prohibition on pay-if-paid provisions or pay-when-paid provisions that unreasonably delay payment." *Id.*

To begin with, the first point mischaracterizes what the Order actually said. The Order said that AECOM's January 3, 2022 payment was four days late in response to JH Kelly's

4

argument that that payment "also was likely not timely under Subcontract section 7.2.1, which requires payment within *seven days after AECOM was paid by PG&E*." Dkt. No. 226 at 15 (emphasis added). JH Kelly then explained the following:

> On January 14, 2022, AECOM's counsel stated that AECOM received payment from PG&E on or around December 24, 2021. Kelly, on the other hand, did not receive payment from AECOM until January 3, 2022. Based on this timeline, more than seven days passed between when AECOM received payment from PG&E and when it paid Kelly.

*Id.* at 15, n.10. To summarize, JH Kelly argued that AECOM's payment was more than seven days late because AECOM was paid on December 24, 2021 but did not pay JH Kelly until January 3, 2022. *Id.* Seven days from December 24, 2021 would have been December 31, 2021. AECOM paid JH Kelly on January 3, 2022. From and including Friday, December 31, 2021 to, but not including Monday, January 3, 2022 is three days. The Court included both Friday and Monday and arrived at four days. But in any event, nothing about this distinction affected the Order's reasoning. Again, the Court considered the full impact of AECOM's untimely payment and found it dispositive that "nothing in the waivers or the Subcontract says that untimely payment renders JH Kelly's waivers unenforceable." Order at 13.

Finally, JH Kelly contends that "it is unclear from the Court's Order whether the Court intended for its ruling to apply to Kelly's quantum meruit/abandonment claim, which is a claim in equity seeking the reasonable value of Kelly's services and the avoidance of unjust enrichment of AECOM." Mot. at 5. In response, AECOM says that JH Kelly failed to argue that the Conditional Partial Lien Waiver cannot be a bar to JH Kelly's quantum meruit/abandonment claim because JH Kelly submitted it as a requirement of the Subcontract and cannot do so for the first time now. Dkt. No. 238 at 11.

The Court agrees that JH Kelly did not raise this specific argument in its original brief, and that alone would be enough to deny JH Kelly's request to raise it now. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) ("Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs.") (citing

*Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–6 (9th Cir. 1988)); *Gray v. Golden Gate Nat. Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011) (same). But JH Kelly did make the broader argument (in another context) that a waiver in a provision of the Subcontract cannot bar JH Kelly from recovering damages as part of its abandonment claim, and then included the following footnote that applies that argument to any other provision of the Subcontract:

> This same argument applies to AECOM's other motions that are premised on provisions in the Subcontract. Those provisions are not applicable to Kelly's abandonment claim. To avoid redundancy, Kelly hereby incorporates this argument into its responses to the other motions.

Dkt. No. 226 at 5, n.5. Read in the light most charitable to JH Kelly, the Court finds that this broad argument arguably (if obliquely) preserved JH Kelly's present distinction between its legal and quantum meruit claims and was not addressed by the Order.

AECOM argues that, in any event, JH Kelly's argument does not apply to JH Kelly's claims for labor and materials because JH Kelly waived those claims as part of the lien waivers, which were *not* premised on provisions of the Subcontract. Dkt. No. 238 at 11. The Court will not resolve this issue in the first instance on a motion for leave to file a motion for reconsideration.

The Court accordingly **DIRECTS** both parties to submit by 3:00 p.m. on May 30, 2022, simultaneous supplemental briefs of no more than five pages addressing only whether JH Kelly's Conditional Partial Lien Waiver also released JH Kelly's quantum meruit/abandonment claim, accepting the Court's prior analysis of that Waiver. The briefs must not repeat arguments made in the parties' prior filings. No further responsive briefs are permitted, and the matter will stand submitted once the parties file their simultaneous briefs.

Other than as to this limited issue (and only barely), JH Kelly's motion plainly seeks leave to "ask the Court to rethink what it has already thought." *Gray*, 866 F. Supp. 2d at 1132 (citations omitted). This is improper, and JH Kelly's request is **DENIED**, except for the question identified above. JH Kelly's other arguments are preserved for appeal, but the Court has ruled on them and will not reconsider those rulings.

**IT IS SO ORDERED.**

Dated: May 29, 2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge