UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JH KELLY, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AECOM TECHNICAL SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 20-cv-05381-HSG<br><br>**ORDER ON MOTION FOR CLARIFICATION RE JH KELLY, LLC'S QUANTUM MERUIT/ABANDONMENT CLAIM** |

　　　　The Court's Order granting AECOM Technical Services, Inc.'s ("AECOM") Motion for Partial Summary Judgment ("Order") found that JH Kelly, LLC ("JH Kelly") waived all its claims for labor and material furnished through September 12, 2018 by executing a document that said "[T]his document will become effective to release and relinquish pro tanto any and all claims and lien rights [JH Kelly] may have for and in connection with the above-referenced project for said labor performed and materials furnished through such date." *See* Dkt. No. 229 at 10-15. As part of JH Kelly's motion to reconsider that Order, JH Kelly argued that "it is unclear . . . whether the Court intended for its ruling to apply to Kelly's quantum meruit/abandonment claim." Dkt. No. 234 at 5. The Court construes this request to be one for clarification that does not require a "substantive change of mind by the court." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (internal citation and quotation marks omitted); *see also Wahl v. Am. Sec. Ins. Co.*, No. 08-CV-0555-RS, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010) ("A court may clarify its order for any reason.").

　　　　The Order did not address the extent to which JH Kelly's lien waivers also released its *quantum meruit*/abandonment claim. That claim alleges that the Subcontract is no longer applicable because the parties intended to "abandon" it. *See* Dkt. No. 179 at 6-9; *Amelco Elec. v.*

*City of Thousand Oaks*, 27 Cal. 4th 228, 238, 38 P.3d 1120 (2002). The parties did not raise, and the Order thus did not address, the issue of whether a finding that the Subcontract is abandoned would mean that JH Kelly's lien waivers—which JH Kelly contends were either part of the Subcontract or at least submitted as a requirement of the Subcontract—are also abandoned and inapplicable. The Court accordingly confirms that the Order's grant of partial summary judgment based on JH Kelly's lien waivers did not apply to JH Kelly's *quantum meruit/*abandonment claim.

The Court directed the parties to file supplemental briefs on this novel issue, but their briefs failed to identify controlling authority and instead raised even more new substantive arguments. *See* Dkt. Nos. 245, 246. The dispositive motion hearing deadline and the pretrial conference have passed. The appropriate time to raise and resolve core dispositive disputes in advance of trial was months ago, as required by the Court's original schedule. The Court will not entertain any further motion for reconsideration, clarification, or their equivalent with respect to this issue.

**IT IS SO ORDERED.**

Dated: 6/1/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge